1  JOHN W. FOWLER, Bar No. 037463
   MARC G. VAN NIEKERK, Bar No. 201329
2  BERGESON, LLP
   303 Almaden Boulevard, Suite 500
3  San Jose, CA 95110-2712
   Telephone: (408) 291-6200
4  Telecopy:  (408) 297-6000

5  Attorneys for Plaintiff
   BAY SALES, INC.

ENDORSED FILED
2007 JUN 19 P 3: 56

SUPERIOR COURT STATE OF CALIFORNIA

COUNTY OF SANTA CLARA

107CV088218

| BAY SALES, INC, a California Corporation, | Case No. _____ |
|---|---|
| Plaintiff, | **COMPLAINT FOR BREACH OF CONTRACT, PROMISSORY ESTOPPEL, FRAUD AND DECEIT,** *QUANTUM MERUIT***, VIOLATION OF THE INDEPENDENT WHOLESALE SALES REPRESENTATIVES CONTRACTUAL RELATIONS ACT OF 1990 AND ACCOUNTING** |
| vs. | |
| TRIPOD TECHNOLOGY CORPORATION, a Taiwanese Corporation, and DOES 1-10, inclusive, | |
| Defendant. | |

COMPLAINT FOR BREACH OF CONTRACT, etc.

For its Complaint, plaintiff Bay Sales, Inc. ("Bay Sales") alleges as follows:

## NATURE OF THE ACTION

1. Defendant Tripod Technology Corporation ("Tripod") is a Taiwan-based manufacturer of printed circuit boards that in mid-2002 sought to penetrate the high tech manufacturing market and retained Bay Sales as a sales representative to assist it in achieving this goal. Bay Sales' only compensation was to be commissions on Tripod's sales revenues.

2. Over a period of some four years, Bay Sales worked diligently to sign up top high tech companies such as Dell, nVidia, SanDisk, Motorola and Jabil to purchase Tripod products. During the course of the relationship, Bay Sales, at Tripod's request exchanged its rights to certain sales Territories in return for Tripod's promises assuring Bay Sales exclusive rights to another Territory.

3. Once Tripod had achieved penetration into the high tech market as a result of Bay Sales' investment of its services and money, Tripod wrongfully terminated its agreements with Bay Sales and refused and continues to refuse to pay Bay Sales substantial commissions due to it. Moreover, Bay Sales has learned that when Tripod made various promises to Bay Sales to induce Bay Sales to relinquish certain Territories, Tripod had no intention of honoring those promises.

4. As a result of Tripod's wrongful conduct, Bay Sales has suffered substantial damages. Despite demand therefore, Tripod has wrongfully failed to pay commissions to Bay Sales and this lawsuit follows.

## THE PARTIES

5. Bay Sales is a California corporation with its principal offices in Santa Clara. Bay Sales business includes acting as the representative of manufacturers selling at wholesale electronic components, including printed circuit board products.

6. Tripod is a Taiwanese corporation with its principal offices located at No. 21 Kung-Yeh 5th Road, Ping-Jen Industrial Park, Taoyuan Hsien, Taiwan ROC. Tripod is a manufacturer of printed circuit boards ("PCB") for the electronics products industry and has substantial sales in California.

//

7. Bay Sales does not know the true names and capacities, whether individual, partnership, corporate, associate, or otherwise, of defendants Does 1 through 10, inclusive, and on that basis designates said defendants herein by such fictitious names. As the true names and capacities of defendants Does 1 through 10, inclusive, or any of them, become known, Bay Sales will seek leave to amend this Complaint to state their true names and capacities. Bay Sales is informed and believes, and on that basis alleges, that each of the defendants designated herein as Does 1 through 10, inclusive, is in some way liable, responsible or indebted to Bay Sales in connection with the events and/or transactions referred to in this Complaint.

8. Bay Sales is informed and believes, and on that basis alleges, that except where otherwise explicitly alleged, each of the defendants, including Does 1 through 10, inclusive, is, and at all relevant times herein mentioned was, the agent, partner, joint venturer, employee, and/or conspirator of the remaining defendants, and is, and at all relevant times herein mentioned was, in performing and failing to perform the acts and conduct hereinafter alleged, acting within the course and scope of such agency, partnership, joint venture, employment, and/or conspiracy. Bay Sales is further informed and believes, and on that basis alleges, that the acts and conduct of each of the defendants were known to, and authorized and ratified by, the remaining defendants, and that each of the defendants is legally responsible for the conduct and damages herein alleged.

## JURISDICTION AND VENUE

9. This Court has jurisdiction of this matter pursuant to California Code of Civil Procedure ("CCP") section 410.10 and California Civil Code section 1738.14.

10. Venue is proper in this court pursuant to CCP § 395 because the contract at issue was made in, or is to be performed, or the breach has occurred in, Santa Clara County and the other wrongs of Tripod alleged herein occurred in Santa Clara County.

## FACTUAL ALLEGATIONS

11. On or about June 11, 2002, Bay Sales and Tripod entered into a written Sales Representation Agreement (the "SRA") pursuant to which Bay Sales was appointed as Tripod's sales representative to solicit orders for Tripod PCB products.

//

12. Pursuant to the SRA, Bay Sales agreed to sell and promote, at its own expense, the sale of Tripod's PCBs to prospective customers identified by Tripod. Also Tripod reserved the right to terminate Bay Sales authority to sell its products to prospective customers in which case Tripod agreed to pay commissions to Bay Sales on purchase orders placed by customers for a period of 30 days from the termination date for which Tripod received payment in 120 days.

13. Pursuant to the SRA, Tripod was to pay Bay Sales 5% (five percent) commission, or such other commission as was agreed upon by the parties, on the net invoice price to Bay Sales' customers by the 15th day following the close of the month during which Tripod received invoice payment.

14. The SRA also provided for the establishment of Bay Sales' "Territories" and for payment of the commission to Bay Sales for all sales within each Territory. A Bay Sales Territory would be established whenever an authorized prospective customer 1) placed a purchase order with Tripod and 2) Tripod accepted the purchase order. Bay Sales' rights to commissions on Tripod's sales in an established Territory could not be terminated under the agreement except pursuant to paragraph 2(b) of the SRA, i.e., if there was no activity within the Territory for six months. As a result of Bay Sales efforts, Tripod accepted purchase orders under the SRA from four authorized prospective customers, SanDisk, nVidia, Dell and Jabil, thereby establishing each as a Bay Sales Territory worldwide.

15. In addition, the parties selected California law to govern the SRA and all remedies thereunder.

16. In the first addendum to the SRA, Tripod listed SanDisk and Qualcomm as authorized prospective customers. Over the years, Tripod assigned in writing additional prospective customers to Bay Sales, and also agreed in writing to reserve some of them as Bay Sales' exclusive prospective customers even though they had not yet became established Territories.

17. One of the exclusive prospective customers assigned to Bay Sales was Jabil. Jabil became a Bay Sales Territory under the SRA thereby entitling Bay Sales to commissions. In early

//

- 4 -
COMPLAINT FOR BREACH OF CONTRACT, etc.

2005, Leo Chiang, an Executive Vice President of Tripod, promised Don Phillips, the president of Bay Sales, that Bay Sales would have the exclusive right to Dell and Motorola as its Territories if Bay Sales would agree to give up commissions for the Jabil Territory. In reliance on this promises, Bay Sales agreed to give up the Jabil Territory.

18. Motorola, by written addendum, was reserved to Bay Sales as its exclusive "reserved" prospective customer. In reliance on this reservation Bay Sales invested substantial services and money developing the Motorola business for of Tripod. In late 2005, Leo Chiang promised Don Phillips that Tripod would pay Bay Sales commissions for all sales to Dell and that Dell would always be a Bay Sales Territory if Bay Sales would agree to give up Motorola. In reliance on this promise, Mr. Phillips so agreed on behalf of Bay Sales. In further reliance on Tripod's promise, Bay Sales continued to expend substantial services and money developing the Dell business for Tripod, including hiring an employee to work in Austin to serve the Dell Territory. In 2006, after learning that Dell's purchases from Tripod would be increasing dramatically, Tripod told Bay Sales that Tripod would not pay any future commissions for the Dell Territory, thereby breaching the SRA and its subsequent agreements and promises.

19. Tripod served a notice of termination on Bay Sales on April 28, 2006. Prior to the notice, Tripod authorized Bay Sales in writing to sell to the following companies under the SRA:

| | |
|---|---|
| Delphi Automotive | Lucent |
| Discera | Plantronics |
| Good Technology | Lucent |
| Hitachi / IBM | Research In Motion (RIM) |
| HP Fort Collins | Roche Diagnostics |
| HP Houston | Solectron USA & Europe |
| IBM | Trimble Navigation |
| Kyocera / QualComm | |

Bay Sales made written demand for payment of the agreed upon commissions of 5% on purchase orders placed by the above companies within 30 days from termination, for which Tripod received payment in 120 days.

- 5 -
COMPLAINT FOR BREACH OF CONTRACT, etc.

20. The SRA required Tripod to provide internal sales orders and invoices weekly to Bay Sales, and to pay commissions in full within 15 days of the close of the month during which Tripod received invoice payment. Bay Sales has requested these documents and the commissions but Tripod has wrongfully refused to provide them.

21. The agreed upon and unpaid commission for the Bay Sales Territories established under the SRA and subsequent written modifications are as follows:

SanDisk

    5% on all Tripod products

nVidia

    2.5% on all Tripod 4L / 6L products

    2.5% on all Tripod products sold to nVidia design licensees (regardless of the sales channel)

    3% on all Tripod PB17/P347 products

    5% on all Tripod 8L and above products

    5% on all other Tripod products

Dell

    1.5% on all Tripod products for desktops

    5% on all other Tripod products

Jabil Worldwide

    5% on all Tripod Products

## FIRST CAUSE OF ACTION

(Breach of Contract: SRA)

22. Bay Sales realleges paragraphs 1-21 above as though fully set forth herein

23. Bay Sales has performed all of its obligations under the SRA except those obligations which have been waived or excused.

//

//

- 6 -
COMPLAINT FOR BREACH OF CONTRACT, etc.

24. Tripod, without justification, has breached the SRA by, inter alia: refusing to pay commissions on purchase orders by prospective customers placed up to 30 days after notice of termination and paid within 120 days; refusing to pay the agreed upon commissions on sales to San Disk, nVidia and Dell through the date of this Complaint and in the future; and refusing to provide records of sales orders, invoices and collections and other information received from the customers and Territories.

25. As a result of the Tripod's breach of the SRA, Bay Sales has been damaged in an amount to be proven at trial, plus interest and costs of suit.

**WHEREFORE**, Bay Sales prays for judgment against Tripod as more fully set forth below.

## SECOND CAUSE OF ACTION

(Promissory Estoppel)

26. Bay Sales realleges paragraphs 1- 25 above as though fully set forth herein.

26. In 2005, at Tripod's request, Bay Sales also gave up one of its exclusive reserved customers, Motorola, and its Jabil Territory in return for Tripod's repeated promises that Bay Sales would receive commissions on all sales of Tripod PCBs to Dell. Bay Sales also further relied on these promises to its detriment by expending substantial services and money pursuing Dell business for Tripod.

27. The reliance by Bay Sales on Tripod's promises was reasonable.

28. In April 2006, Tripod breached its agreements and reneged on its promises when it informed Bay Sales that Tripod unilaterally had decided to oust Bay Sales from the Dell Territory and would no longer pay the promised commissions.

29. As a result of the Tripod's breach of it agreements and promises, Bay Sales has been damaged in an amount to be proven at trial.

**WHEREFORE**, Bay Sales prays for judgment against Tripod as more fully set forth below.

//
//

- 7 -
COMPLAINT FOR BREACH OF CONTRACT, etc.

## THIRD CAUSE OF ACTION

(Fraud & Deceit)

30. Bay Sales realleges paragraphs 1- 30 above as though fully set forth herein.

31. In 2005, at Tripod's request, Bay Sales gave up its exclusive reserved customers, Motorola, and its Jabil Territory, in return for Tripod's repeated promises that Bay Sales would receive commissions on all future sales of Tripod PCBs to Dell.

32. At the time Tripod made each of these above promises to Bay Sales, it had no intention of honoring the promise, and made the promise to induce Bay Sales to relinquish its exclusive reserved customer, Motorola, and the Jabil Territory.

33. In reasonable reliance upon each of Tripod's promises, Bay Sales relinquished its exclusive reserved customer, Motorola, and its Jabil Territory, and continued to invest services and money to develop sales in the Dell Territory, all to Bay Sales' detriment. Had it not been for Tripod's promises, Bay Sales would not have relinquished its exclusive reserved customer, Motorola, and its Jabil Territory, and would not have pursued continued to develop sales in the Dell Territory.

34. As a result of the Tripod's fraud and deceit, Bay Sales has been damaged in an amount to be proven at trial, including interest and costs of suit.

35. As a result of the Tripod's fraud and deceit, Bay Sales is also entitled to punitive damages pursuant to Civil Code Section 3294(a).

**WHEREFORE**, Bay Sales prays for judgment against Tripod as more fully set forth below.

## FOURTH CAUSE OF ACTION

(Quantum Meruit)

36. Bay Sales realleges paragraphs 1- 36 above as though fully set forth herein.

37. Bay sales believed that it had a written contract with Tripod, as set forth in detail above. In addition, this contract was modified orally and in writing. Bay Sales is informed and believes and thereon alleges that Tripod received payments as a result of sales leads and contacts
//

generated by Bay Sales efforts which resulted in the qualifications of Tripod products for purchase by manufactures including SanDisk, nVidia, Dell and Jabil.

38. Regardless of whether the agreements were written or oral contracts, Tripod operated as though a written contract was in force. Tripod performed under the terms of the contract, as modified from time to time, and represented to Bay Sales that there was an existing contract between the parties.

39. Bay Sales has performed and at all times stood ready to perform all the obligations to Tripod which Bay Sales undertook in the written contract and under the written and/or oral modifications of that contract.

40. Tripod has breached the written contract and the oral and/or written modifications of that contract by failing, and refusing to compensate Bay Sales in full for the services provided to Tripod under the written contract and the modifications. Tripod further failed or refused to fully perform its other obligations under the written contract and the oral and written modifications of that contract.

41. The fair and reasonable value of these services is in excess of $20,000,000 and in an amount according to proof.

42. Bay Sales has repeatedly demanded payment from Tripod, but Tripod has failed to pay the full amount owed to Bay Sales. Bay Sales, therefore, has suffered damages as a direct and foreseeable result of defendants' breach of the written contract, and the written and/or oral modifications of that contract, in an amount in excess of $20,000,000 and according to proof.

**WHEREFORE**, Bay Sales prays for judgment against Tripod as more fully set forth below.

### FIFTH CAUSE OF ACTION

(Violation of the Independent Wholesale Sales Representatives

Contractual Relations Act of 1990)

43. Bay Sales realleges paragraphs 1- 43 above as though fully set forth herein.

//

//

44. At all times material hereto, Bay Sales was a wholesale sales representative as defined in California Civil Code Section 1738.12(e).

45. As set forth in detail above, Tripod has willfully failed to enter into a written contract as required by Civil Code Section 1738.13(a) and/or willfully failed and refused to pay commissions as agreed.

46. As a result of the Tripod's willful violation of the Wholesales Sales Representatives Contractual Relations Act, Bay Sales is also entitled to treble damages and attorneys fees pursuant to Civil Code sub-sections 1738.16 and 1738.17.

**WHEREFORE**, Bay Sales prays for judgment against Tripod as more fully set forth below.

## SIXTH CAUSE OF ACTION

(Accounting)

47. Bay Sales realleges paragraphs 1- 47 above as though fully set forth herein.

48. Tripod owed Bay Sales fiduciary duties of loyalty, good faith, candor and fair dealing.

49. Tripod controls the maintenance of Tripod's financial books and records and Bay Sales has no access to Tripod's records.

50. Bay Sales is entitled to commission on sales of Tripod products to customers who placed purchase orders within 30 days of April 28, 2006 which were paid within 120 days thereafter.

51. The amount owed to Bay Sales by Tripod is unknown and cannot be ascertained without an accounting of all order invoices and payments, through September 25, 2006, with respect to the companies listed in paragraph 19 above and through the date of trial with respect to the SanDisk, nVidia, Dell and Jabil Territories.

52. Tripod has failed and refused, and continues to fail and refuse to render such an accounting.

//

//

53. The foregoing entitles Bay Sales to an accounting against Tripod to determine the commissions owed to it now and in the future

WHEREFORE, Bay Sales prays for judgment against Tripod as more fully set forth below.

## PRAYER

WHEREFORE, Bay Sales prays for judgment against Tripod as follows:

a. For damages according to proof at trial, but in no event less than $20,000,000;

b. For an order requiring Tripod to provide an accounting of all purchase orders, invoices and payments with respect to:

    1. the Companies listed in paragraph 19 above, through September 25, 2006; and

    2. Dell, nVidia, Jabil and San Disk, through the date of this complaint and monthly thereafter by the 15th day following the close of each month;

c. For treble damages and attorneys fees pursuant to Civil Code Sections 1738.10-1738.17;

d. For punitive damages;

e. For pre-judgment interest at the legal rate;

f. For attorneys' fees for costs of suit;

g. For such other and further relief as this Court deems just and proper.

Dated: June 19, 2007

BERGESON, LLP

By: _____
JOHN W. FOWLER

Attorneys for Plaintiff
BAY SALES

- 11 -
COMPLAINT FOR BREACH OF CONTRACT, etc.

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Tripod Technology Corporation, a Taiwanese Corporation, and Does 1-10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Bay Sales, Inc. a California Corporation

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

ENDORSED FILED

2007 JUN 19 P 3:56



KIRI TORRE, CLERK OF THE SUPERIOR COURT
COUNTY OF SANTA CLARA, CALIFORNIA
BY: C. FUJIHARA
    DEPUTY CLERK

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court State of California<br>Downtown Superior Court<br>191 N. First St.<br>San Jose, CA 95113 | CASE NUMBER:<br>*(Número del Caso):*<br>**107CV088218** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
John W. Fowler, Bar No. 037463                                  (408) 291-6200
Bergeson, LLP
303 Almaden Blvd., Suite 500
San Jose,

DATE: JUN 19 2007         Kiri Torre      Clerk, by _C. FUJIHARA_____, Deputy
*(Fecha)*                                  *(Secretario)*                    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010)*.)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☒ on behalf of *(specify)*: Tripod Technology Corporation

   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:

4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| John W. Fowler, Bar No. 037463<br>Bergeson, LLP<br>303 Almaden Blvd., Suite 500<br>San Jose, CA 95110<br>TELEPHONE NO.: (408)291-6200   FAX NO.: (408)297-6000<br>ATTORNEY FOR (Name): Bay Sales, Inc. | ENDORSED<br>FILED<br>2007 JUN 19 P 3:56<br>[Clerk stamp]<br>BY: _____ DEPUTY CLERK |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara
STREET ADDRESS: 191 N. First St.
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME: Downtown Superior Court

CASE NAME: Bay Sales, Inc. vs. Tripod Technology Corp.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited   [ ] Limited<br>(Amount            (Amount<br>demanded     demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 107CV088218<br>JUDGE:<br>DEPT: |

*Items 1-5 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [x] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400-3.403) |
| [ ] Uninsured motorist (46) | [ ] Collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Construction defect (10) |
| | [ ] Other contract (37) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | **Real Property** | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Eminent domain/Inverse condemnation (14) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Wrongful eviction (33) | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Other real property (26) | |
| **Non-PI/PD/WD (Other) Tort** | **Unlawful Detainer** | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Commercial (31) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | [ ] Residential (32) | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Drugs (38) | [ ] RICO (27) |
| [ ] Fraud (16) | **Judicial Review** | [ ] Other complaint (not specified above) (42) |
| [ ] Intellectual property (19) | [ ] Asset forfeiture (05) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | [ ] Petition re: arbitration award (11) | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Writ of mandate (02) | [ ] Other petition (not specified above) (43) |
| **Employment** | [ ] Other judicial review (39) | |
| [ ] Wrongful termination (36) | | |
| [ ] Other employment (15) | | |

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve        in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence     f. [ ] Substantial postjudgment judicial supervision
3. Type of remedies sought (check all that apply):
   a. [x] monetary   b. [x] nonmonetary; declaratory or injunctive relief   c. [x] punitive
4. Number of causes of action (specify): 6
5. This case [ ] is [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: June 19, 2007

John W. Fowler, Bar No. 037463
(TYPE OR PRINT NAME)                                        ▶ /s/ John W. Fowler
                                                            (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2007]

**CIVIL CASE COVER SHEET**

Legal Solutions Plus

Cal. Rules of Court, rules 3.220, 3.400–3.403;
Standards of Judicial Administration, § 19

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers**

If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 5 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. You do not need to submit a cover sheet with amended papers. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Complex Cases**

In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)—Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice–Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach—Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case—Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400-3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief from Late Claim
  - Other Civil Petition

# CIVIL LAWSUIT NOTICE

**Superior Court of California, County of Santa Clara**
**191 N. First St., San Jose, CA 95113**

CASE NUMBER: 107CV088218  ATTACHMENT A

### READ THIS ENTIRE FORM

**PLAINTIFFS** (the person(s) suing): Within 60 days after filing the lawsuit, you must serve each defendant with the *Complaint, Summons,* an *Alternative Dispute Resolution (ADR) Information Sheet,* and a copy of this *Civil Lawsuit Notice,* and you must file written proof of such service.

> **DEFENDANTS** (the person(s) being sued): **You must do each of the following to protect your rights:**
> 1. You must file a **written response** to the Complaint, in the clerk's office of the Court, within **30 days** of the date the *Summons* and *Complaint* were served on you;
> 2. You must send a copy of your written response to the plaintiff; and
> 3. You must attend the first Case Management Conference.
>
> **Warning: If you do not do these three things, you may automatically lose this case.**

**RULES AND FORMS:** You must follow the California Rules of Court (CRC) and the Santa Clara County Superior Court Local Civil Rules and use proper forms. You can get legal information, view the rules and get forms, free of charge, from the Self-Service Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), or from:

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: www.sccsuperiorcourt.org/civil/rule1toc.htm
- Rose Printing, 49 N. First St., San Jose (408-293-8177)

For other local information, visit the Court's Self-Service website www.scselfservice.org and select "Civil."

**CASE MANAGEMENT CONFERENCE (CMC):** You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC. You or your attorney must appear at the CMC. You may ask to appear by telephone – see Local Civil Rule 8.

Your Case Management Judge is: Kevin McKenney    DEPT: 16

The first CMC is scheduled as follows: (Completed by Clerk of Court)
   Date: 10-30-07   Time: 2:15 PM   Dept.: 16

The next CMC is scheduled as follows: (Completed by party if the first CMC was continued or has passed)
   Date: _____   Time: _____   Dept.: _____

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2156) for a list of ADR providers and their qualifications, services, and fees.

**WARNING:** Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

Form CV-5012
Rev. 1/01/04

CIVIL LAWSUIT NOTICE

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
## ALTERNATIVE DISPUTE RESOLUTION
## INFORMATION SHEET / CIVIL DIVISION

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

*What is ADR?*

ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

*What are the advantages of choosing ADR instead of litigation?*

ADR can have a number of advantages over litigation:

- **ADR can save time.** A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

- **ADR can save money.** Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

- **ADR provides more participation.** Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

- **ADR provides more control and flexibility.** Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

- **ADR can reduce stress.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

*What are the main forms of ADR offered by the Court?*

- **Mediation** is an informal, confidential process in which a neutral party (the mediator) assists the parties in understanding their own interests, the interests of the other parties, and the practical and legal realities they all face. The mediator then helps the parties to explore options and arrive at a mutually acceptable resolution of the dispute. The mediator does not decide the dispute. The parties do.

- Mediation may be appropriate when:
    - The parties want a non-adversary procedure
    - The parties have a continuing business or personal relationship
    - Communication problems are interfering with a resolution
    - There is an emotional element involved
    - The parties are interested in an injunction, consent decree, or other form of equitable relief

*-over-*

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| John W. Fowler, Bar No. 037463<br>Bergeson, LLP<br>303 Almaden Blvd., Suite 500<br>San Jose, CA 95110<br><br>TELEPHONE NO.: (408)291-6200    FAX NO. (Optional): (408)297-6000<br>E-MAIL ADDRESS (Optional): jfowler@be-law.com<br>ATTORNEY FOR (Name): Bay Sales, Inc. | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Santa Clara
STREET ADDRESS: 191 N. First St.
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME: Downtown Superior Court

PLAINTIFF/PETITIONER: Bay Sales, Inc.

DEFENDANT/RESPONDENT: Tripod Technology Corporation

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: |
|---|---|

TO (insert name of party being served): Tripod Technology Corporation

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: June 19, 2007

John Fowler
(TYPE OR PRINT NAME)    ► (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of (to be completed by sender before mailing):
1. [x] A copy of the summons and of the complaint.
2. [ ] Other: (specify): Civil Case Cover Sheet; Notice of Case Management Conference with attached Case Management Statement and ADR Information.

(To be completed by recipient):
Date this form is signed: June    , 2007

►

(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,    (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)    ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1
Form Adopted for Mandatory Use    **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**    Legal    Code of Civil Procedure,
Judicial Council of California    Solutions    §§ 415.30, 417.10
POS-015 [Rev. January 1, 2005]    Plus

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| John W. Fowler, Bar No. 037463<br>Bergeson, LLP<br>303 Almaden Blvd., Suite 500<br>San Jose, CA 95110<br><br>TELEPHONE NO.: (408)291-6200   FAX NO. (Optional): (408)297-6000<br>E-MAIL ADDRESS (Optional): jfowler@be-law.com<br>ATTORNEY FOR (Name): Bay Sales, Inc. | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara
STREET ADDRESS: 191 N. First St.
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME: Downtown Superior Court

PLAINTIFF/PETITIONER: Bay Sales, Inc.

DEFENDANT/RESPONDENT: Tripod Technology Corporation

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: |
|---|---|

TO (insert name of party being served): Tripod Technology Corporation

## NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: June 19, 2007

John Fowler
(TYPE OR PRINT NAME)

▶ _[signature]_
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of (to be completed by sender before mailing):
1. [x] A copy of the summons and of the complaint.
2. [ ] Other: (specify): Civil Case Cover Sheet; Notice of Case Management Conference with attached Case Management Statement and ADR Information.

(To be completed by recipient):
Date this form is signed: June    , 2007

▶

(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED)   (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Legal Solutions Plus | Code of Civil Procedure,<br>§§ 415.30, 417.10 |

# CERTIFICATE OF SERVICE

I, Michael K. Maher, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to the above entitled litigation. I am an active member of the State Bar of California and of the bar of this United States District Court. My office is located in the County of Orange, State of California. My business address is 4175 E. La Palma Ave., Suite 205, Anaheim, CA 92807.

On July 17, 2007, I served the following document(s) on the parties in this action:

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441 (b) DIVERSITY**

by enclosing the above referenced document in a sealed envelope addressed as follows:

John W. Fowler Esq.         Attorney for Plaintiff Bay Sales Inc.
Bergeson LLP
303 Almaden Blvd. Suite 500
San Jose, CA 95110

__X__ (BY MAIL) I sealed the envelope containing the document(s) referenced above and deposited it in the U.S. Mail at Anaheim, California with first class postage fully prepaid on the date set forth above.

_____ (BY PERSONAL SERVICE) I caused such document to be personally served on the above individual at the address listed above.

_____ (BY OVERNIGHT COURIER) I sealed the envelope containing the document(s) referenced above and deposited them on the date set forth above with FedEx, an overnight courier service with whom this firm maintains an account, Tracking Number____, with directions for delivery the next business day.

__X__ (BY FACSIMILE) I caused the above document(s) to be sent by facsimile transmission to (408) 297-6000 and obtained a written confirmation that such facsimile transmission was received at that number

_____ (BY ELECTRONIC TRANSMISSION/E-MAIL) I caused the above referenced document(s) to be transmitted to the above individual as an attachment to an e-mail sent on the date set forth above to the e-mail address for the individual identified above which is set forth on the pleadings in this matter.

Executed on July 17, 2007 at Anaheim, California.

I declare that I am, or am employed by, a member of the bar of this court at whose direction this service was made.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Michael K. Maher