John W. Fowler, Esq., Bar No. 037463, jfowler@be-law.com
Marc van Niekerk, Bar No., 201329, mvanniekerk@be-law.com
BERGESON, LLP
303 Almaden Boulevard, Suite 500
San Jose, CA 95110-2712
Telephone: (408) 291-6200
Facsimile: (408) 297-6000

Attorneys for Plaintiff
BAY SALES, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| BAY SALES, INC., a California corporation<br><br>    Plaintiff,<br><br>    vs.<br><br>TRIPOD TECHNOLOGY CORPORATION, a Taiwanese corporation and DOES 1 to 10,<br><br>    Defendants. | Case No.  C 07 03702 PVT<br><br>**PROOF OF SERVICE OF SUMMONS AND COMPLAINT**<br><br>Complaint Filed:    June 19, 2007<br>Trial Date Set:       N/A |

1    Attached hereto as Exhibit "A" is a true and correct copy of the Summons and Complaint

2  that was filed in the Santa Clara County Superior Court on June 19, 2007.  Also attached as

3  Exhibit "B" is a Federal Summons In A Civil Action that has not been filed with the Court as of

4  this date.

5

6  Dated:  August 10, 2007                          BERGESON, LLP

7

8                                         By:_____

9                                              Marc van Niekark
                                              Attorneys for Plaintiff
10                                             BAY SALES, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# SUMMONS
## *(CITACION JUDICIAL)*

**SUM-100**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Tripod Technology Corporation, a Taiwanese
Corporation, and Does 1-10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Bay Sales, Inc. a California Corporation

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

ENDORSED
FILED

2007 JUN 19 P 3 56

KIRI TORRE, CLERK OF THE SUPERIOR COURT
COUNTY OF SANTA CLARA, CALIFORNIA
BY_____
DEPUTY CLERK

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya una formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* **1 07 CV 088 218** |
|---|---|

Superior Court State of California
Downtown Superior Court
191 N. First St.
San Jose, CA 95113

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
John W. Fowler, Bar No. 037463                    (408)291-6200
Bergeson, LLP                                       C. FUJIHARA
303 Almaden Blvd., Suite 500
San Jose, ~~JUN 15 2007~~

| DATE: JUN 19 2007 | Kiri Torre | Clerk, by _____ | , Deputy |
|---|---|---|---|
| *(Fecha)* | | *(Secretario)* | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Tripod Technology Corporation

under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465


EXHIBIT A

1  JOHN W. FOWLER, Bar No. 037463
   MARC G. VAN NIEKERK, Bar No. 201329
2  BERGESON, LLP
   303 Almaden Boulevard, Suite 500
3  San Jose, CA 95110-2712
   Telephone:  (408) 291-6200
4  Telecopy:   (408) 297-6000

5  Attorneys for Plaintiff
   BAY SALES, INC.
6

7

8              SUPERIOR COURT STATE OF CALIFORNIA

9                  COUNTY OF SANTA CLARA

10                    **107CV088218**

11  BAY SALES, INC, a California Corporation,        Case No. _____

12                                                   **COMPLAINT FOR BREACH OF**
                                     Plaintiff,      **CONTRACT, PROMISSORY ESTOPPEL,**
13                                                   **FRAUD AND DECEIT, *QUANTUM***
         vs.                                         ***MERUIT*, VIOLATION OF THE**
14                                                   **INDEPENDENT WHOLESALE SALES**
    TRIPOD TECHNOLOGY CORPORATION, a                 **REPRESENTATIVES**
15  Taiwanese Corporation, and DOES 1-10,            **CONTRACTUAL RELATIONS ACT OF**
    inclusive,                                       **1990 AND ACCOUNTING**
16
                                     Defendant.
17

18

19

20

21

22

23

24

25

26

27

28

ENDORSED
FILED

2007 JUN 19 P 3:56

KIRI TORRE, CLERK OF THE SUPERIOR COURT
COUNTY OF SANTA CLARA, CALIFORNIA
BY:_____ BUIHARA
        DEPUTY CLERK

1   For its Complaint, plaintiff Bay Sales, Inc. ("Bay Sales") alleges as follows:

2                              **NATURE OF THE ACTION**

3       1.      Defendant Tripod Technology Corporation ("Tripod") is a Taiwan-based

4   manufacturer of printed circuit boards that in mid-2002 sought to penetrate the high tech

5   manufacturing market and retained Bay Sales as a sales representative to assist it in achieving this

6   goal. Bay Sales' only compensation was to be commissions on Tripod's sales revenues.

7       2.      Over a period of some four years, Bay Sales worked diligently to sign up top high

8   tech companies such as Dell, nVidia, SanDisk, Motorola and Jabil to purchase Tripod products.

9   During the course of the relationship, Bay Sales, at Tripod's request exchanged its rights to certain

10  sales Territories in return for Tripod's promises assuring Bay Sales exclusive rights to another

11  Territory.

12      3.      Once Tripod had achieved penetration into the high tech market as a result of Bay

13  Sales' investment of its services and money, Tripod wrongfully terminated its agreements with

14  Bay Sales and refused and continues to refuse to pay Bay Sales substantial commissions due to it.

15  Moreover, Bay Sales has learned that when Tripod made various promises to Bay Sales to induce

16  Bay Sales to relinquish certain Territories, Tripod had no intention of honoring those promises.

17      4.      As a result of Tripod's wrongful conduct, Bay Sales has suffered substantial

18  damages. Despite demand therefore, Tripod has wrongfully failed to pay commissions to Bay

19  Sales and this lawsuit follows.

20                              **THE PARTIES**

21      5.      Bay Sales is a California corporation with its principal offices in Santa Clara. Bay

22  Sales business includes acting as the representative of manufacturers selling at wholesale

23  electronic components, including printed circuit board products.

24      6.      Tripod is a Taiwanese corporation with its principal offices located at No. 21

25  Kung-Yeh 5th Road, Ping-Jen Industrial Park, Taoyuan Hsien, Taiwan ROC. Tripod is a

26  manufacturer of printed circuit boards ("PCB") for the electronics products industry and has

27  substantial sales in California.

28  //

1    7.    Bay Sales does not know the true names and capacities, whether individual,

2  partnership, corporate, associate, or otherwise, of defendants Does 1 through 10, inclusive, and on

3  that basis designates said defendants herein by such fictitious names.  As the true names and

4  capacities of defendants Does 1 through 10, inclusive, or any of them, become known, Bay Sales

5  will seek leave to amend this Complaint to state their true names and capacities.  Bay Sales is

6  informed and believes, and on that basis alleges, that each of the defendants designated herein as

7  Does 1 through 10, inclusive, is in some way liable, responsible or indebted to Bay Sales in

8  connection with the events and/or transactions referred to in this Complaint.

9    8.    Bay Sales is informed and believes, and on that basis alleges, that except where

10  otherwise explicitly alleged, each of the defendants, including Does 1 through 10, inclusive, is,

11  and at all relevant times herein mentioned was, the agent, partner, joint venturer, employee, and/or

12  conspirator of the remaining defendants, and is, and at all relevant times herein mentioned was, in

13  performing and failing to perform the acts and conduct hereinafter alleged, acting within the

14  course and scope of such agency, partnership, joint venture, employment, and/or conspiracy.  Bay

15  Sales is further informed and believes, and on that basis alleges, that the acts and conduct of each

16  of the defendants were known to, and authorized and ratified by, the remaining defendants, and

17  that each of the defendants is legally responsible for the conduct and damages herein alleged.

18                                    **JURISDICTION AND VENUE**

19    9.    This Court has jurisdiction of this matter pursuant to California Code of Civil

20  Procedure ("CCP") section 410.10 and California Civil Code section 1738.14.

21    10.    Venue is proper in this court  pursuant to CCP § 395 because the contract at issue

22  was made in, or is to be performed, or the breach has occurred in, Santa Clara  County and the

23  other wrongs of Tripod alleged herein occurred in Santa Clara County.

24                                    **FACTUAL ALLEGATIONS**

25    11.    On or about June 11, 2002, Bay Sales and Tripod entered into a written Sales

26  Representation Agreement (the "SRA") pursuant to which Bay Sales was appointed as Tripod's

27  sales representative to solicit orders for Tripod PCB products.

28  //

12.    Pursuant to the SRA, Bay Sales agreed to sell and promote, at its own expense, the sale of Tripod's PCBs to prospective customers identified by Tripod. Also Tripod reserved the right to terminate Bay Sales authority to sell its products to prospective customers in which case Tripod agreed to pay commissions to Bay Sales on purchase orders placed by customers for a period of 30 days from the termination date for which Tripod received payment in 120 days.

13.    Pursuant to the SRA, Tripod was to pay Bay Sales 5% (five percent) commission, or such other commission as was agreed upon by the parties, on the net invoice price to Bay Sales' customers by the 15th day following the close of the month during which Tripod received invoice payment.

14.    The SRA also provided for the establishment of Bay Sales' "Territories" and for payment of the commission to Bay Sales for all sales within each Territory. A Bay Sales Territory would be established whenever an authorized prospective customer 1) placed a purchase order with Tripod and 2) Tripod accepted the purchase order. Bay Sales' rights to commissions on Tripod's sales in an established Territory could not be terminated under the agreement except pursuant to paragraph 2(b) of the SRA, i.e., if there was no activity within the Territory for six months. As a result of Bay Sales efforts, Tripod accepted purchase orders under the SRA from four authorized prospective customers, SanDisk, nVidia, Dell and Jabil, thereby establishing each as a Bay Sales Territory worldwide.

15.    In addition, the parties selected California law to govern the SRA and all remedies thereunder.

16.    In the first addendum to the SRA, Tripod listed SanDisk and Qualcomm as authorized prospective customers. Over the years, Tripod assigned in writing additional prospective customers to Bay Sales, and also agreed in writing to reserve some of them as Bay Sales' exclusive prospective customers even though they had not yet became established Territories.

17.    One of the exclusive prospective customers assigned to Bay Sales was Jabil. Jabil became a Bay Sales Territory under the SRA thereby entitling Bay Sales to commissions. In early

//

1 | 2005, Leo Chiang, an Executive Vice President of Tripod, promised Don Phillips, the president of
2 | Bay Sales, that Bay Sales would have the exclusive right to Dell and Motorola as its Territories if
3 | Bay Sales would agree to give up commissions for the Jabil Territory. In reliance on this
4 | promises, Bay Sales agreed to give up the Jabil Territory.

5 |      18.    Motorola, by written addendum, was reserved to Bay Sales as its exclusive
6 | "reserved" prospective customer. In reliance on this reservation Bay Sales invested substantial
7 | services and money developing the Motorola business for of Tripod. In late 2005, Leo Chiang
8 | promised Don Phillips that Tripod would pay Bay Sales commissions for all sales to Dell and that
9 | Dell would always be a Bay Sales Territory if Bay Sales would agree to give up Motorola. In
10 | reliance on this promise, Mr. Phillips so agreed on behalf of Bay Sales. In further reliance on
11 | Tripod's promise, Bay Sales continued to expend substantial services and money developing the
12 | Dell business for Tripod, including hiring an employee to work in Austin to serve the Dell
13 | Territory. In 2006, after learning that Dell's purchases from Tripod would be increasing
14 | dramatically, Tripod told Bay Sales that Tripod would not pay any future commissions for the
15 | Dell Territory, thereby breaching the SRA and its subsequent agreements and promises.

16 |      19.    Tripod served a notice of termination on Bay Sales on April 28, 2006. Prior to the
17 | notice, Tripod authorized Bay Sales in writing to sell to the following companies under the SRA:

| | |
|---|---|
| Delphi Automotive | Lucent |
| Discera | Plantronics |
| Good Technology | Lucent |
| Hitachi / IBM | Research In Motion (RIM) |
| HP Fort Collins | Roche Diagnostics |
| HP Houston | Solectron USA & Europe |
| IBM | Trimble Navigation |
| Kyocera / QualComm | |

26 | Bay Sales made written demand for payment of the agreed upon commissions of 5% on purchase
27 | orders placed by the above companies within 30 days from termination, for which Tripod received
28 | payment in 120 days.

20. The SRA required Tripod to provide internal sales orders and invoices weekly to Bay Sales, and to pay commissions in full within 15 days of the close of the month during which Tripod received invoice payment. Bay Sales has requested these documents and the commissions but Tripod has wrongfully refused to provide them.

21. The agreed upon and unpaid commission for the Bay Sales Territories established under the SRA and subsequent written modifications are as follows:

SanDisk

5% on all Tripod products

nVidia

2.5% on all Tripod 4L / 6L products

2.5% on all Tripod products sold to nVidia design licensees

(regardless of the sales channel)

3% on all Tripod PB17/P347 products

5% on all Tripod 8L and above products

5% on all other Tripod products

Dell

1.5% on all Tripod products for desktops

5% on all other Tripod products

Jabil Worldwide

5% on all Tripod Products

## FIRST CAUSE OF ACTION

(Breach of Contract: SRA)

22. Bay Sales realleges paragraphs 1-21 above as though fully set forth herein

23. Bay Sales has performed all of its obligations under the SRA except those obligations which have been waived or excused.

//

//

- 6 -

COMPLAINT FOR BREACH OF CONTRACT, etc.

1    24.    Tripod, without justification, has breached the SRA by, inter alia: refusing to pay

2    commissions on purchase orders by prospective customers placed up to 30 days after notice of

3    termination and paid within 120 days; refusing to pay the agreed upon commissions on sales to

4    San Disk, nVidia and Dell through the date of this Complaint and in the future; and refusing to

5    provide records of sales orders, invoices and collections and other information received from the

6    customers and Territories.

7    25.    As a result of the Tripod's breach of the SRA, Bay Sales has been damaged in an

8    amount to be proven at trial, plus interest and costs of suit.

9    **WHEREFORE**, Bay Sales prays for judgment against Tripod as more fully set forth

10    below.

11    ## SECOND CAUSE OF ACTION

12    (Promissory Estoppel)

13    26.    Bay Sales realleges paragraphs 1- 25 above as though fully set forth herein.

14    26.    In 2005, at Tripod's request, Bay Sales also gave up one of its exclusive reserved

15    customers, Motorola, and its Jabil Territory in return for Tripod's repeated promises that Bay

16    Sales would receive commissions on all sales of Tripod PCBs to Dell.  Bay Sales also further

17    relied on these promises to its detriment by expending substantial services and money pursuing

18    Dell business for Tripod.

19    27.    The reliance by Bay Sales on Tripod's promises was reasonable.

20    28.    In April 2006, Tripod breached its agreements and reneged on its promises when it

21    informed Bay Sales that Tripod unilaterally had decided to oust Bay Sales from the Dell Territory

22    and would no longer pay the promised commissions.

23    29.    As a result of the Tripod's breach of it agreements and promises, Bay Sales has

24    been damaged in an amount to be proven at trial.

25    **WHEREFORE**, Bay Sales prays for judgment against Tripod as more fully set forth

26    below.

27    //

28    //

COMPLAINT FOR BREACH OF CONTRACT, etc.

## THIRD CAUSE OF ACTION

(Fraud & Deceit)

30.   Bay Sales realleges paragraphs 1- 30 above as though fully set forth herein.

31.   In 2005, at Tripod's request, Bay Sales gave up its exclusive reserved customers, Motorola, and its Jabil Territory, in return for Tripod's repeated promises that Bay Sales would receive commissions on all future sales of Tripod PCBs to Dell.

32.   At the time Tripod made each of these above promises to Bay Sales, it had no intention of honoring the promise, and made the promise to induce Bay Sales to relinquish its exclusive reserved customer, Motorola, and the Jabil Territory.

33.   In reasonable reliance upon each of Tripod's promises, Bay Sales relinquished its exclusive reserved customer, Motorola, and its Jabil Territory, and continued to invest services and money to develop sales in the Dell Territory, all to Bay Sales' detriment. Had it not been for Tripod's promises, Bay Sales would not have relinquished its exclusive reserved customer, Motorola, and its Jabil Territory, and would not have pursued continued to develop sales in the Dell Territory.

34.   As a result of the Tripod's fraud and deceit, Bay Sales has been damaged in an amount to be proven at trial, including interest and costs of suit.

35.   As a result of the Tripod's fraud and deceit, Bay Sales is also entitled to punitive damages pursuant to Civil Code Section 3294(a).

**WHEREFORE**, Bay Sales prays for judgment against Tripod as more fully set forth below.

## FOURTH CAUSE OF ACTION

(Quantum Meruit)

36.   Bay Sales realleges paragraphs 1- 36 above as though fully set forth herein.

37.   Bay sales believed that it had a written contract with Tripod, as set forth in detail above. In addition, this contract was modified orally and in writing. Bay Sales is informed and believes and thereon alleges that Tripod received payments as a result of sales leads and contacts

//

1  generated by Bay Sales efforts which resulted in the qualifications of Tripod products for purchase

2  by manufactures including SanDisk, nVidia, Dell and Jabil.

3      38.    Regardless of whether the agreements were written or oral contracts, Tripod

4  operated as though a written contract was in force.  Tripod performed under the terms of the

5  contract, as modified from time to time, and represented to Bay Sales that there was an existing

6  contract between the parties.

7      39.    Bay Sales has performed and at all times stood ready to perform all the obligations

8  to Tripod which Bay Sales undertook in the written contract and under the written and/or oral

9  modifications of that contract.

10      40.    Tripod has breached the written contract and the oral and/or written modifications

11  of that contract by failing, and refusing to compensate Bay Sales in full for the services provided

12  to Tripod under the written contract and the modifications.  Tripod further failed or refused to

13  fully perform its other obligations under the written contract and the oral and written

14  modifications of that contract.

15      41.    The fair and reasonable value of these services is in excess of $20,000,000 and in

16  an amount according to proof.

17      42.    Bay Sales has repeatedly demanded payment from Tripod, but Tripod has failed to

18  pay the full amount owed to Bay Sales.  Bay Sales, therefore, has suffered damages as a direct and

19  foreseeable result of defendants' breach of the written contract, and the written and/or oral

20  modifications of that contract, in an amount in excess of $20,000,000 and according to proof.

21      **WHEREFORE**, Bay Sales prays for judgment against Tripod as more fully set forth

22  below.

23  ### FIFTH CAUSE OF ACTION

24  (Violation of the Independent Wholesale Sales Representatives

25  Contractual Relations Act of 1990)

26      43.    Bay Sales realleges paragraphs 1- 43 above as though fully set forth herein.

27  //

28  //

1      44.    At all times material hereto, Bay Sales was a wholesale sales representative as

2  defined in California Civil Code Section 1738.12(e).

3      45.    As set forth in detail above, Tripod has willfully failed to enter into a written

4  contract as required by Civil Code Section 1738.13(a) and/or willfully failed and refused to pay

5  commissions as agreed.

6      46.    As a result of the Tripod's willful violation of the Wholesales Sales

7  Representatives Contractual Relations Act, Bay Sales is also entitled to treble damages and

8  attorneys fees pursuant to Civil Code sub-sections 1738.16 and 1738.17.

9      **WHEREFORE**, Bay Sales prays for judgment against Tripod as more fully set forth

10  below.

11  **SIXTH CAUSE OF ACTION**

12  (Accounting)

13      47.    Bay Sales realleges paragraphs 1- 47 above as though fully set forth herein.

14      48.    Tripod owed Bay Sales fiduciary duties of loyalty, good faith, candor and fair

15  dealing.

16      49.    Tripod controls the maintenance of Tripod's financial books and records and Bay

17  Sales has no access to Tripod's records.

18      50.    Bay Sales is entitled to commission on sales of Tripod products to customers who

19  placed purchase orders within 30 days of April 28, 2006 which were paid within 120 days

20  thereafter.

21      51.    The amount owed to Bay Sales by Tripod is unknown and cannot be ascertained

22  without an accounting of all order invoices and payments, through September 25, 2006, with

23  respect to the companies listed in paragraph 19 above and through the date of trial with respect to

24  the SanDisk, nVidia, Dell and Jabil Territories.

25      52.    Tripod has failed and refused, and continues to fail and refuse to render such an

26  accounting.

27  //

28  //

- 10 -
COMPLAINT FOR BREACH OF CONTRACT, etc.

1    53.    The foregoing entitles Bay Sales to an accounting against Tripod to determine the

2    commissions owed to it now and in the future

3    **WHEREFORE**, Bay Sales prays for judgment against Tripod as more fully set forth

4    below.

5    ### PRAYER

6    **WHEREFORE**, Bay Sales prays for judgment against Tripod as follows:

7    a.    For damages according to proof at trial, but in no event less than $20,000,000;

8    b.    For an order requiring Tripod to provide an accounting of all purchase orders,

9    invoices and payments with respect to:

10    1.    the Companies listed in paragraph 19 above, through September 25,

11    2006; and

12    2.    Dell, nVidia, Jabil and San Disk, through the date of this complaint and

13    monthly thereafter by the 15th day following the close of each month;

14    c.    For treble damages and attorneys fees pursuant to Civil Code Sections 1738.10-

15    1738.17;

16    d.    For punitive damages;

17    e.    For pre-judgment interest at the legal rate;

18    f.    For attorneys' fees for costs of suit;

19    g.    For such other and further relief as this Court deems just and proper.

20

21    Dated:    June 19, 2007                    BERGESON, LLP

22                                By: _____

23                                    JOHN W. FOWLER

24

25                                Attorneys for Plaintiff
                                BAY SALES

26

27

28

- 11 -

AO 440 (Rev. 10/93)  Summons in a Civil Action

# United States District Court

**DISTRICT OF** <u>Bay Sales, Inc. vs. Tripod Technol</u>

Bay Sales, Inc., a California Corporation

## SUMMONS IN A CIVIL ACTION

v.

CASE NUMBER: C 07 03702 PVT

Tripod Technology Corporation, a Taiwanese
Corporation, and Does 1-10, inclusive

**TO:** (Name and address of defendant)
Tripod Technology Corporation, a Taiwanese Corporation, and Does 1-10, inclusive
No. 21 Kung-Yeh 5th Road, Ping-Jen Industrial Park, Taoyuan Hsien, Taiwan ROC,
c/o Michael K. Maher, Esq., Maher, Renzi & Maher, 4175 E. La Palma Avenue, Suite
205, Anaheim, CA, 92807

**YOU ARE HEREBY SUMMONED** and required to serve upon **PLAINTIFF'S ATTORNEY**  (name and address)

Bay Sales, Inc., a California Corporation, c/o John W. Fowler, Esq., Bergeson
LLP, 303 Almaden Boulevard, Suite 500, San Jose, CA, 95110

an answer to the complaint which is herewith served upon you, within <u>20                          </u> days after
service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken
against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a
reasonable period of time after service.

CLERK

DATE

(BY) DEPUTY CLERK



EXHIBIT
B

AO-440

AO 440 (Rev. 10/93)  Summons in a Civil Action

## RETURN OF SERVICE

| Service of the Summons and Complaint was made by me [1] | DATE |
|---|---|
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐  Served personally upon the defendant.  Place where served: _____

_____

☐  Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: _____

☐  Returned unexecuted: _____

_____

☐  Other *(specify)*: _____

_____

_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United Stated of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____    _____
                        *Date*                                            *Signature of Server*


_____
*Address of Server*

---

1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

## PROOF OF SERVICE

I, Carrie Grenon, declare as follows:

I am an employee in Santa Clara County, the county in which the service described below occurs. My business address is 303 Almaden Boulevard, Suite 500, San Jose, California 95110. I am over the age of eighteen (18) years and am not a party to the cause for which I am serving the document named below.

On August 10, 2007, I served the within:

**SUMMONS AND COMPLAINT**

X    BY MAIL: I caused such envelope to be deposited in the mail at San Jose, California.    I am readily familiar with Bergeson, LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, correspondence would be deposited with the United States Postal Service on this day. C.C.P. Section 1013(a).

Michael K. Maher, Esq.
Maher, Renzi & Meher
4175 E. La Palma Ave., Suite 205
Anaheim, CA 92807
Tel:    (714) 986-1600
Fax:    (714) 998-6961

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on August 10, 2007, at San Jose, California.

Carrie Grenon