1  JOHN W. FOWLER, Bar No. 037463
   jfowler@be-law.com
2  DONALD P. GAGLIARDI, Bar No. 138979
   dgagliardi@be-law.com
3  BERGESON, LLP
   303 Almaden Boulevard, Suite 500
4  San Jose, CA 95110-2712
   Telephone: (408) 291-6200
5  Facsimile:  (408) 297-6000

6  Attorneys for Plaintiff
   BAY SALES, INC.
7
   MICHAEL K. MAHER, Esq. (SBN 064355)
8  mmaher@maherlaw.com
   MAHER, RENZI & MAHER
9  4175 E. La Palma Avenue, #205
   Anaheim, CA 92807
10 Tel:    (714) 986-1600
   Fax:    (714) 998-6961
11
   Attorneys for Defendant
12 TRIPOD TECHNOLOGY CORPORATION

13                    UNITED STATES DISTRICT COURT

14                   NORTHERN DISTRICT OF CALIFORNIA

15                           SAN JOSE DIVISION

16

17  BAY SALES, INC., a California corporation          Case No. C 07 03702 JW

18        Plaintiff,                                   **JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] DISCOVERY PLAN**

19        vs.

20  TRIPOD TECHNOLOGY CORPORATION, a
    Taiwanese corporation and DOES 1 to 10,
21
          Defendants.
22

Pursuant to Civil L.R. 16-9(a), the parties to the above entitled action certify that they met and conferred as required by Rule 26(f) of the Federal Rules of Civil Procedure, on October 18, 2007, and subsequently, by telephone conference, to discuss the preparation of a Joint Case Management Statement, and to develop a proposed discovery plan.  Accordingly, the parties to the above-entitled action submit this Joint Preliminary Case Management Conference Statement and [Proposed] Discovery Plan.

**1.  Jurisdiction and Service:**

**Plaintiff's Statement re Jurisdiction:**

This Court has personal jurisdiction over Defendant Tripod Technology Corporation ("Tripod") because of Tripod's continuous, systematic, and substantial contacts with the State of California.  Tripod sells and offers to sell products in California, including the Northern District of California.

Service was affected by service on Tripod's attorneys who consented to such service. Venue in this district is proper because the contract was made in, was to be preformed in and was breached by Tripod in Santa Clara County.

**Defendant's Statement re Jurisdiction/Service:**

This action was originally filed in the Superior Court of the State of California for the County of Santa Clara. Defendant Tripod caused the action to be removed to this Court. This court has original jurisdiction under 28 U.S.C. § 1332 and it is one which may be removed to this Court by defendant pursuant to the provisions of 28 U.S.C. § 1441 (b) in that it is a civil action between plaintiff corporation, which is a citizen of a state of the United States of America, to wit, California, and defendant, which is a citizen of a foreign state, to wit, The Republic of China (Taiwan) and, further, because the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs as is set forth in Paragraph 41 of the complaint and the prayer thereof, both of which seek damages in excess of $20,000,000.

Pursuant to F.R.C.P. 4, Defendant Tripod, which has no offices, employees or assets in California, waived formal service of the Complaint and, through its attorneys of record, signed a Waiver of Service of Summons which has previously been filed with this Court.

**2.     Facts:**

**Plaintiff's Statement:**

Tripod is a Taiwan-based manufacturer of printed circuit boards that in mid-2002 sought to penetrate the high tech manufacturing market and retained Bay Sales as a sales representative to assist it in achieving this goal.  Bay Sales' only compensation was to be commissions on Tripod's sales revenues.

Over a period of some four years, Bay Sales worked diligently to sign up top high tech companies to purchase Tripod products and secure orders from companies such as Dell, nVidia, SanDisk, Motorola and Jabil.  During the course of the relationship, Bay Sales, at Tripod's request, exchanged its rights to certain sales Territories in return for Tripod's promises assuring Bay Sales exclusive rights to another Territory.

Once Tripod had achieved penetration into the high tech market as a result of Bay Sales' investment of its services and money, Tripod wrongfully terminated its agreements with Bay Sales and refused and continues to refuse to pay Bay Sales commissions due to it.  Moreover, Bay Sales has learned that when Tripod made promises to Bay Sales to induce Bay Sales to relinquish certain Territories, Tripod had no intention of honoring those promises.

As a result of Tripod's wrongful and fraudulent conduct, Bay Sales has suffered substantial damages.  Despite demand therefore, Tripod has wrongfully failed to pay commissions to Bay Sales.

**Defendant's Statement:**

Tripod is a manufacturer of printed circuit boards which has its principal place of business in the Republic of China (Taiwan). Tripod entered into a written Sales Representation Agreement with plaintiff Bay Sales Inc on June 11, 2002. Pursuant to the express terms of the agreement, which was either prepared and/or reviewed by legal counsel for plaintiff, plaintiff was appointed as a "non exclusive' sales agent (Section 1) to be paid on a commission only basis. (Section 4) Further, the agreement expressly provided that the agency relationship could be terminated at will and without any good cause "by either party in writing, by fax, or e-mail, at any time from the signing of the agreement." (Section 9). The agreement further provided that Bay Sales was entitled

to be paid commissions on approved purchase orders subject to the agreement which were placed within 30 days after termination. (Section 10) After the agreement had been in effect for almost 4 years, Tripod decided to terminate same and gave Bay Sales written notice of termination on April 28, 2006. Bay Sales does not dispute that it received this notice of termination. Tripod paid all the commissions owing through the specified post termination date referenced above. More importantly, despite plaintiff's contention to the contrary in the complaint, Tripod received no written objection to the termination or written demand for allegedly unpaid commissions until April 27, 2007, almost a year to the day after the termination. This lawsuit was filed shortly thereafter.

Although Tripod was not required to have good cause to terminate the agreement, the evidence will show that it was reasonably dissatisfied with sales and performance under the agreement.

Plaintiff is now attempting to undermine and contradict the written agreement between the parties with alleged oral statements and promises. Defendant denies that these statements and/or promises were made and respectfully submits that promises to pay for commissions "forever" on sales made years after termination are nonsensical from a business perspective.

**3.   Legal Issues:**

**Plaintiff's Statement:**

The terms and conditions of the agreement(s) between Bay Sales and Tripod.

Bay Sales' entitlement to treble damages and attorneys fees under California Wholesale Representative Contractual Relations Act, California Civil Code Sections 1738.12 – 1738.17.

**Defendant's Statement:**

Whether the oral promises/statements alleged by plaintiff which are at variance with the express written terms of the contract, which contains an integration clause, are in violation of the parol evidence rule and/or the statute of frauds.

Whether the California Wholesale Representative Act Contractual Relations applies to the parties and/or transactions here and, if it is, whether the statute is constitutional.

**4.    Motions:**

**Plaintiff's Statement:**

There have been no motions, none are pending and none are anticipated unless Tripod fails to comply with discovery.

**Defendant's Statement:**

No motions are currently pending. Defendant Tripod reserves the right to file the following motions;

(1) a motion to strike plaintiff's jury demand as being untimely (FRCP 38);

(2) if the preceding motion is not granted, a motion to sever the equitable claims for relief ( for example, the Sixth Claim for an Accounting) and to try them to the court before impaneling a jury;

(3) a motion to appoint a special master to make calculations as to any alleged accounting issues;

(4) a motion to bifurcate the issue(s) of whether there were any terms to the written contract which were not contained in the writing itself;

(5) a motion for summary judgment/summary adjudication

**5.    Amendment of Pleadings:**

The parties do not currently expect to seek amendment to any pleading and agree on a deadline of December 31, 2007 for any amendments.

**6.    Evidence Preservation:**

**Plaintiff's Statement:**

Plaintiff has preserved all documentary evidence including its financial records and emails. There were no voicemails to preserve.

**Defendant's Statement:**

Defendant has searched its files, both electronic and hard media, and has assembled and printed in hard copy all e-mails and other written communications which relate to this matter. Defendant has not intentionally destroyed any documents or evidence relevant to this matter and is

not currently aware of any documents or evidence relevant to this matter which have been inadvertently lost or destroyed.

**7.   Disclosures:**

No disclosures have been made by either party as of this date. However, the parties have stipulated in their Rule 26 conference to exchange initial disclosures by November 5, 2007 or 5 days after entry of a protective order, whichever last occurs.

**8.   Discovery:**

**Plaintiff's Statement:**

No discovery has been taken.  Plaintiff anticipates serving document requests, interrogatories and requests for admissions on Tripod and taking depositions of Tripod's employees, former employees and Tripods designees under Federal Rules of Civil Procedure 30(b)(6).  Plaintiff may also take the depositions of and seek production of documents from Tripod's customers identified in Paragraphs 19 and 21 of the complaint and Tripod's subcontractors.  No issues have been identified regarding electronically stored information. Plaintiff proposes May 1, 2008 as the discovery cut off date.  Plaintiff does not request phased discovery.

**Defendant's Statement:**

Defendant's discovery will mirror the types of discovery referred to above and will focus primarily on plaintiff's claims of alleged statements/promises which are not contained in the written agreement between the parties and plaintiff's calculation of alleged damages**.** Because Tripod is located in Taiwan, and it is possible that this will present logistical difficulties in completing discovery, defendant requests a discovery cutoff date of July 31, 2008.

**9.   Class Actions:**

Not applicable.

**10.   Related Cases:**

Not applicable.

- 5 -
JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] DISCOVERY PLAN
C 07 03702 JW

**11.    Relief:**

**Plaintiff's Statement:**

Bay Sales seeks an accounting and compensatory damages according to proof, treble damages, attorneys' fees and exemplary damages and costs.  Compensatory damages are to be calculated as follows:

1) Five percent (5%) of Tripod's sales revenues (at present unknown to plaintiff) from the customers listed in paragraph 19 of the complaint, received in or attributable to the period ending September 25, 2006;

2) Tripod's sales revenues (at present unknown to plaintiff) through the date of trial received from San Disk, nVidia, Dell and Jabil Worldwide times the percentages stated in paragraph 21 of the complaint;

3) Interest on the above amounts at the legal rate;

4) Present value of Tripod's future revenues from San Disk, nVidia, Dell and Jabil Worldwide times the percentages stated in paragraph 21 of the complaint for a reasonable period, at least through September 2011; and

5) Damages for quantum meruit, calculated as set forth above, or alternatively by Bay Sales losses incurred in reliance on Tripods agreements and promises.

**Defendant's Statement:**

Defendant does not assert a counterclaim at this time and, therefore, does not currently seek any affirmative relief and/or damages. Defendant reserves the right to seek attorneys fees and/or costs as may be appropriate.

**12.    Settlement and ADR:**

The parties request that the matter be assigned to mediation under the Court's ADR program.

**Consent to Magistrate Judge for All Purposes:**

Tripod refused to consent to a magistrate judge for all purposes.

**13.    Other References:**

**Plaintiff's Statement:**

Not suitable for reference.

**Defendant's Statement:**

Because there are numerous and substantial accounting issues in the case, including a specific claim for an accounting, defendant reserves the right to move for the appointment of a special master in connection with these accounting issues. Defendant does not believe it will be able to determine the necessity and/or efficiency of such a special master until after initial discovery.

**14.    Narrowing of Issues:**

**Plaintiff's Statement:**

None have been identified. Plaintiff does not request bifurcation of any issues, claims or defenses.

**Defendant's Statement:**

As noted in response to Section 4 above, defendant reserves the right to request bifurcation of accounting issues and the issue of contract terms.

**15.    Expedited Schedule:**

**Plaintiff's Statement:**

Not applicable.

**Defendant's Statement:**

Not applicable.

**16.    Scheduling:**

**Plaintiff's Statement:**

Plaintiff proposes the following schedule:

    Designation of experts – March 1, 2008

    Discovery cutoff – May 1, 2008

    Hearing on dispositive motions – May 15, 2008

    Pre-trial Conference – May 15, 2008

       Trial – June 1, 2008

**Defendant's Statement:**

    Defendant proposes the following dates:

        Designation of experts—May 1, 2008

        Discovery cutoff—July 31, 2008

        Hearing on dispositive motions—September 15, 2008

        Pre Trial Conference--- October 6, 2008

        Trial—October 27, 2008

    **17.**    **Trial:**

**Plaintiff's Statement:**

    Plaintiff's has demanded a trial by jury and estimates a length of 10 days.

**Defendant's Statement:**

    Defendant has not requested a jury trial. Defendant also reserves the right to move to strike plaintiff's demand for a jury trial both because plaintiff's request was untimely (FRCP 38) and because numerous issues of law and equitable claims for relief must be tried to the court.

    **18.**    **Disclosure of Non-party Interested Entities or Persons:**

**Plaintiff's Statement:**

    Plaintiff has filed a certificate under civil local rule 3-16 disclosing Donald Phillips and Katherine Aghassi as executives and principal shareholders of Bay Sales.

**Defendant's Statement:**

    Defendant has filed a certificate under civil local rule 3-16 which disclosed no persons or entities other than the defendant itself and defendant currently has no further disclosures in this regard.

Dated: October 29, 2007                BERGESON, LLP


                                       By:_____/s/_____
                                              John W. Fowler
                                              Donald P. Gagliardi

                                       Attorneys for Plaintiff
                                       BAY SALES, INC.


Dated: October 29, 2007                MAHER, RENZI & MAHER


                                       By:_____/s/_____
                                              Michael K. Maher
                                              MAHER, RENZI & MAHER

                                       Attorneys for Defendant
                                       TRIPOD TECHNOLOGY CORPORATION