1  MAHER, RENZI & MAHER
   Michael K. Maher, Esq. (SBN 064355)
2  4175 E. La Palma Ave #205
   Anaheim, CA 92807
3  (714) 986-1600
   (714) 998-6961  Fax
4  mmaher@maherlaw.com

5  Attorneys for Defendant
   TRIPOD TECHNOLOGY CORPORATION
6

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                          SAN JOSE DIVISION

11

12  BAY SALES INC., a California corporation  )  Case No. C 07 03702 JW
                                             )
13              Plaintiff,                    )  **ANSWER OF DEFENDANT TRIPOD**
                                             )  **TECHNOLOGY CORPORATION TO**
14       v.                                   )  **COMPLAINT**
                                             )
15                                            )
16  TRIPOD TECHNOLOGY CORPORATION,  )
    a Taiwanese corporation and DOES 1 to 10  )
17                                            )
18              Defendants.                    )
                                             )
19                                            )
                                             )
20  _____ )

21          Defendant Tripod Technology Corporation ("Tripod") answers the complaint of Plaintiff

22  Bay Sales Inc. ("Bay Sales"), which was originally filed in the Superior Court of the State

23  California for the County of Santa Clara on June 19, 2007, and which was subsequently removed

24  to this Court, and admits, denies, and alleges as follows:

25

26          1.  Answering Paragraph 1, Tripod admits that it is a Taiwan based manufacturer of

27  printed circuit boards and it further admits that it entered into a written contract with plaintiff

28
                                           -1-
                    **ANSWER OF DEFENDANT TRIPOD TECHNOLOGY**
                    **CORPORATION TO COMPLAINT**
                    **CASE NO. 07 03702 JW**

pursuant to which Bay Sales was to act as Tripod's non exclusive sales representative for certain accounts and for which Bay Sales was to be compensated for sales that were effected under the agreement by a payment of commission.  Except as expressly admitted herein, Tripod denies each and every other allegation contained in paragraph 1.

2.   Answering Paragraph 2, Tripod admits that Bay Sales sold, or attempted to sell, Tripod products to Dell, nVidia, SanDisk, Motorola and Jabil. Except as expressly admitted herein, Tripod denies each and every other allegation contained in paragraph 2.

3.   Answering Paragraph 3, Tripod denies each and every allegation contained in paragraph 3.

4.   Answering Paragraph 4, Tripod admits that, almost 1 year after the termination of the contract between the parties, Bay Sales made a demand for further commissions. Except as expressly admitted herein, Tripod denies each and every other allegation, if any, of said paragraph, further denies that it has acted wrongfully and further denies that Bay Sales has suffered any damages whatsoever, substantial or at all.  Tripod further denies that it has wrongfully failed to pay commissions to Bay Sales.

5.   Answering Paragraph 5, Tripod admits that Bay Sales is a California corporation with its principal place of business in the County of Santa Clara, State of California.  Except as expressly admitted herein, Tripod is without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations contained in said paragraph and, on that basis, denies same.

6.   Answering Paragraph 6, Tripod denies that it has "substantial" sales in California.

-2-

**ANSWER OF DEFENDANT TRIPOD TECHNOLOGY**
**CORPORATION TO COMPLAINT**
**CASE NO. 07 03702 JW**

1  Except as expressly denied herein, Tripod admits the allegations of such paragraph.

2

3      7.    Answering Paragraphs 7 and 8, Tripod is without sufficient knowledge or information

4  to form a belief as to the truth of the allegations contained in said paragraphs and, on that basis,

5  denies same.

6

7      8.    Answering Paragraph 9, Tripod denies that this court has jurisdiction of this matter

8  pursuant to California CCP § 410.10 and/or California Civil Code § 1738.14.

9

10     9.    Answering Paragraph 10, Tripod denies that venue is proper in the California

11 Superior Court pursuant to California Code of Civil Procedure § 395.

12

13     10.   Answering Paragraph 11, Tripod admits that it entered into a written Sales

14 Representation Agreement with Bay Sales.  Tripod alleges that such agreement speaks for itself

15 and is the best evidence of the terms and conditions thereof.  Except as expressly admitted

16 herein, Tripod denies each and every other allegation, if any, of said paragraph.

17

18     11.   Answering Paragraphs 12, 13, 14, and 15, Tripod alleges that the written agreement

19 between the parties speaks for itself and is the best evidence of the terms and conditions thereof.

20 Tripod admits that the contract contained provisions authorizing Bay Sales to sell Tripod's

21 printed circuit boards to mutually agreed upon customers, that Bay Sales would be compensated

22 for its efforts by the payment of a commission on accepted orders, that Tripod had the right to

23 terminate the contract at any time without cause and that Bay Sales was entitled to commissions

24 on orders accepted by Tripod within 30 days of the date of termination Except as expressly

25 alleged and/or admitted herein, Tripod denies each and every other allegation, if any, of said

26 paragraphs.

27

28

-3-

**ANSWER OF DEFENDANT TRIPOD TECHNOLOGY**
**CORPORATION TO COMPLAINT**
**CASE NO. 07 03702 JW**

1    12.  Answering Paragraph 16, Tripod admits that the parties entered into an addendum to

2   the written sales representation agreement which identified the commission to be paid for certain

3   additional specified customers.  Tripod alleges that the addendum speaks for itself and is the best

4   evidence of the terms and conditions thereof.  Except as expressly admitted and/or alleged

5   herein, Tripod denies each and every other allegation contained in paragraph 16.

6

7    13.  Answering Paragraph 17, Tripod denies each and every allegation contained in such

8   paragraph

9

10    14.  Answering Paragraph 18, Tripod admits that Bay Sales received commissions for

11   certain products sold to Motorola and Dell.  Except as expressly admitted herein, Tripod denies

12   each and every other allegation contained in such paragraph.

13

14    15.  Answering Paragraph 19, Tripod admits that it terminated the agreement between the

15   parties on or about April 28, 2006. Except as expressly admitted herein, Tripod denies each and

16   every other allegation contained in paragraph 19.

17

18

19    16.  Answering Paragraph 20, Tripod admits that the written sales representation

20   agreement contains provisions with respect to the documentation of sales orders and

21   commissions and the time for payment of commissions.  Tripod alleges that the written sales

22   representation agreement speaks for itself and is the best evidence of the terms and conditions

23   thereof. Except as expressly admitted herein, Tripod denies each and every other allegation

24   contained in paragraph 20.

25

26    17.  Answering Paragraph 21, Tripod admits that the amount of commission to be paid is

27   set forth in the sales representation agreement and/or the written attachments thereto and/or a

28

-4-

**ANSWER OF DEFENDANT TRIPOD TECHNOLOGY**
**CORPORATION TO COMPLAINT**
**CASE NO. 07 03702 JW**

written addendum thereto. Tripod alleges that the written sales representation agreement, and any attachments and/or addendum thereto speak for themselves and are the best evidence of the terms and conditions thereof. Except as expressly admitted and/or alleged herein, Tripod denies each and every other allegation contained in paragraph 21.

18. Answering Paragraph 22, Tripod incorporates herein by this reference paragraphs 1 through 17 of its Answer above.

19. Answering Paragraph 23, Tripod denies each and every allegation contained in said paragraph

20. Answering Paragraph 24, Tripod denies each and every allegation contained in said paragraph

21. Answering Paragraph 25, Tripod denies that plaintiff Bay Sales has been damaged in any sum, sums, or all and further denies that plaintiff is entitled to an award of damages in any amount whatsoever and further denies that plaintiff is entitled to an award of interest and/or its costs of suit.

22. Answering Paragraph 26, Tripod incorporates herein by this reference paragraphs 1 through 21 of its Answer above.

23. Answering Paragraph 26 (sic), Tripod denies each and every allegation contained in said paragraph.

24. Answering Paragraph 27, Tripod denies each and every allegations set forth in said

-5-

1   paragraph.

2

3       25.  Answering Paragraph 28, Tripod denies each and every allegation set forth in said

4   paragraph.

5

6       26.  Answering Paragraph 29, Tripod denies that Bay Sales has been damaged in any

7   sum, sums, or all and further denies that plaintiff is entitled to an award of damages in any

8   amount whatsoever.

9

10      27.  Answering Paragraph 30, Tripod incorporates herein by this reference paragraphs 1

11  through 26 of its Answer above.

12

13      28.  Answering Paragraph 31, Tripod denies each and every allegation contained in such

14  paragraph.

15

16

17      29.  Answering Paragraph 32, Tripod denies that any promises were made other than as

18  set forth in the written agreements between the parties and further denies each and every other

19  allegation contained in such paragraph.

20

21      30.  Answering Paragraph 33, Tripod denies each and every allegation contained in such

22  paragraph.

23

24      31.  Answering Paragraphs 34 and 35, Tripod denies each and every allegation contained

25  in such paragraph and further denies that Bay Sales has been damaged in any sum, sums, or all

26  and further denies that plaintiff is entitled to an award of damages in any amount whatsoever and

27  further denies that plaintiff is entitled to an award of interest and/or its costs of suit and further

28

-6-

**ANSWER OF DEFENDANT TRIPOD TECHNOLOGY
CORPORATION TO COMPLAINT
CASE NO. 07 03702 JW**

denies that Bay Sales is entitled to any damages pursuant to California Civil Code section 3294 and/or pursuant to any other law, state or federal.

32.  Answering Paragraph 36, Tripod incorporates herein by this reference paragraphs 1 through 31 of its answer above.

33.  Answering Paragraph 37, Tripod admits that it had a written contract with Bay Sales, the terms and conditions of which are set forth in a writing between the parties, which is the best evidence thereof. Except as expressly admitted herein, Tripod denies each and every other allegation contained in paragraph 37.

34.  Answering Paragraph 38, Tripod admits that there was a written contract in effect between the parties and that Tripod performed all duties and obligations required of it pursuant to said contract. Except as expressly admitted herein, Tripod denies each and every other allegation contained in paragraph 38.

35.  Answering Paragraph 39, Tripod denies each and every allegation contained in said paragraph.

36.  Answering Paragraph 40, Tripod denies each and every allegation contained in said paragraph and further denies it has breached the written contract between the parties and/or any oral and/or written modifications of same, including but not limited to any alleged failure or breach to pay Bay Sales in full for any amounts which Bay Sales was entitled to under the written contract between the parties and/or any modifications thereof which the court may find to exist.

-7-

37.  Answering Paragraph 41, Tripod denies each and every allegation contained in such paragraph. Tripod further alleges that the services allegedly performed by plaintiff had no fair and/or reasonable value beyond the amount actually paid by Tripod to Bay Sales for such services.

38.  Answering Paragraph 42, Tripod denies each and every allegation contained in said paragraph and further denies that plaintiff has "repeatedly demanded" payment from Tripod and further denies that Tripod has failed to pay the full amount owing to Bay Sales under the agreement.  Further, Tripod denies that Bay Sales has been damaged in any sum, sums, or at all and further denies that plaintiff is entitled to an award of damages in any amount whatsoever.

39.  Answering Paragraph 43, Tripod incorporates herein by this reference paragraphs 1 through 38 of its answer above.

40.  Answering Paragraph 44, Tripod denies each and every allegation contained in such paragraph.

41.  Answering Paragraph 45, Tripod denies each and every allegation contained in such paragraph.

42.  Answering Paragraph 46, Tripod denies each and every allegation contained in such paragraph and further denies that Bay Sales has been damaged in any sum, sums, or all and further denies that plaintiff is entitled to an award of treble damages and further denies that plaintiff is entitled to recover its attorneys fees pursuant to California Civil Code Section 1738.6 and/or 1738.7

43.  Answering Paragraph 47, Tripod incorporates herein by this reference paragraphs 1

-8-

through 42 of its Answer above.

44. Answering Paragraph 48, Tripod admits that the law of the State of California implies a covenant of good faith and fair dealing in every contract. Except as expressly admitted herein, Tripod denies each and every other allegation contained in paragraph 48.

45. Answering Paragraph 49, Tripod admits that it maintains financial books and records with respect to its business and that Bay Sales has no right to access same except as set forth in the written contract between the parties. Except as expressly admitted herein, Tripod denies each and every other allegation contained in paragraph 49.

46. Answering Paragraph 50, Tripod denies each and every allegation contained in such paragraph.

47. Answering Paragraph 51, Tripod denies each and every allegation contained in such paragraph and further denies that Bay Sales is entitled to any sum, sums, or all and further denies that Bay Sales is entitled to an accounting.

48. Answering Paragraphs 52 and 53, Tripod alleges that it has provided Bay Sales any and all accountings as may be required pursuant to the written contract between the parties. Except as expressly admitted and/or alleged herein, Tripod denies each and every other allegation contained in paragraphs 52 and 53.

**ANSWER OF DEFENDANT TRIPOD TECHNOLOGY**
**CORPORATION TO COMPLAINT**
**CASE NO. 07 03702 JW**

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

49.    Each and every alleged cause of action of the complaint on file herein fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

50.    Tripod alleges that California Civil Code section 1738 .10 is unconstitutional as being in violation of the interstate commerce and/or due process and/or equal protection clauses of the United States Constitution and the due process and/or equal protection clauses of the California Constitution.

### THIRD AFFIRMATIVE DEFENSE

51.    Defendant alleges that Plaintiff, by its actions or failure to act, has failed to mitigate its damages, and that, by this failure to mitigate, responsibility for any injury or damage must necessarily fall upon Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

52.    Any amounts owed by Defendant to Plaintiff are offset by amounts owed to Defendant by Plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

53.    Plaintiff's claims are barred by the doctrine of commercial frustration.

### SIXTH AFFIRMATIVE DEFENSE

54.    The complaint, and each cause of action therein, is barred by the failure of conditions precedent.

-10-

1

## SEVENTH AFFIRMATIVE DEFENSE

2

55.     Plaintiff breached material terms and conditions of the subject contract.  As a

3

result, the contract terminated as a matter of law and/or Defendant was no longer obligated to

4

make payments thereunder.

5

6

## EIGHTH AFFIRMATIVE DEFENSE

7

56.     Defendant alleges that it fully performed all obligations required of it pursuant to

8

the agreement between the parties and, therefore, defendant is not liable to plaintiff for the

9

payment of any further sums under the agreement.

10

11

## NINTH AFFIRMATIVE DEFENSE

12

57.     Defendant alleges that any remaining obligations which it had under the

13

agreement between the parties were excused and/or discharged as the result of plaintiff's acts

14

which constituted a breach of the agreement and/or prevented defendant's performance thereof.

15

16

## TENTH AFFIRMATIVE DEFENSE

17

58.     The complaint, and each cause of action therein, is barred by the doctrine of

18

waiver.

19

20

## ELEVENTH  AFFIRMATIVE DEFENSE

21

59.     The complaint, and each cause of action therein, is barred by the doctrine of

22

23

laches.

24

25

## TWELFTH AFFIRMATIVE DEFENSE

26

60.     Any oral contract, and/ or any oral modification to any written contact between the

27

parties, is unenforceable because it is in violation of the Statute of Frauds.  Cal. Civil Code

28

§1624.

-11-

**ANSWER OF DEFENDANT TRIPOD TECHNOLOGY
CORPORATION TO COMPLAINT
CASE NO. 07 03702 JW**

1         Wherefore Defendant Tripod Technology Corporation respectfully prays that

2    Plaintiff Bay Sales Inc. take nothing by virtue of its complaint on file herein, that judgment be

3    entered in favor of Defendant Tripod and against Plaintiff Bay Sales, and that Defendant Tripod

4    be awarded its costs of suit incurred herein.

5

6    Dated: October 26, 2007                                        MAHER, RENZI & MAHER

7                                                                           MICHAEL K. MAHER

8

9

10                                                                  _____

11                                                                   Michael K. Maher
                                                                     Attorneys for Defendant
                                                                     TRIPOD TECHNOLOGY CORPORATION
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-12-

**ANSWER OF DEFENDANT TRIPOD TECHNOLOGY
CORPORATION TO COMPLAINT
CASE NO. 07 03702 JW**