1   JOHN W. FOWLER, Bar No. 037463
    jfowler@be-law.com
2   DONALD P. GAGLIARDI, Bar No. 138979
    dgagliardi@be-law.com
3   COLIN MCCARTHY, Bar No. 191410
    cmccarthy@be-law.com
4   BERGESON, LLP
    303 Almaden Boulevard, Suite 500
5   San Jose, CA 95110-2712
    Telephone:  (408) 291-6200
6   Facsimile:  (408) 297-6000

7   Attorneys for Plaintiff
    BAY SALES, INC.

8

9

10                  UNITED STATES DISTRICT COURT

11               NORTHERN DISTRICT OF CALIFORNIA

12                      SAN JOSE DIVISION

13

14   BAY SALES, INC., a California corporation     Case No.  C 07 03702 JW (PVT)

15        Plaintiff,                               **BAY SALES' NOTICE OF MOTION AND
                                                   MOTION TO COMPEL DISCOVERY
16        vs.                                      RESPONSES FROM DEFENDANT
                                                   TRIPOD; SUPPORTING
17   TRIPOD TECHNOLOGY CORPORATION, a              MEMORANDUM OF POINTS AND
     Taiwanese corporation and DOES 1 to 10,       AUTHORITIES**
18
          Defendants.                              Date:   June 3, 2008
19                                                 Time:   10:00 A.M.
                                                   Judge:  Magistrate Trumbull
20                                                 Dept:   Courtroom 5  (Fourth Floor)

21

22

23                                                 Complaint Filed:    June 19, 2007
                                                   Trial Date:         None Set
24

25

26

27

28

1

## NOTICE OF MOTION AND MOTION

2    TO DEFENDANT AND ITS ATTORNEYS OF RECORD:

3         PLEASE TAKE NOTICE that, on Tuesday, June 3, 2008, at 10:00 a.m., or as soon

4    thereafter as the matter may be heard, in the courtroom of the Honorable Patricia V. Trumbull,

5    United States Magistrate Judge, in the United States District Court for the Northern District of

6    California, San Jose Division, 280 South First Street, San Jose, California, plaintiff Bay Sales, Inc.

7    ("Bay Sales"), shall and hereby does move the Court for an order compelling defendant Tripod

8    Technology Corporation ("Tripod") to produce discovery responses and for the right to

9    supplement its expert report in light of Tripod's failure to respond to discovery.

10    

### STATEMENT OF ISSUES

11    (N.D. Cal. Civil L.R. 7-4 (a) (3))

12         1.    Whether Defendant Tripod is required to produce in discovery information and

13    documents establishing sales data which may support Bay Sales' claims and damages in its

14    lawsuit for breach of contract, fraud, promissory estoppel, quantum meruit, accounting, and

15    violation of California's Independent Wholesale Representatives Contractual Relations Act.

16         2.    Whether by reason of its failure to produce these documents and information in

17    discovery, Bay Sales can supplement its expert report on damages after production is ordered and

18    completed.

19    

### MEMORANDUM OF POINTS AND AUTHORITIES

20    

### I.    INTRODUCTION

21         Bay Sales is a locally owned and operated wholesale representative which was engaged by

22    Defendant Tripod, a Taiwanese Company, to help it procure sales of its printed circuit boards

23    ("PCBs").  Pursuant to the parties' agreements, Bay Sales' only compensation was a commission

24    on every purchase of PCBs by companies which were assigned to it by Tripod.  Under the

25    operative agreements, these reserved companies became Bay Sales' exclusive "Territories" once

26    that company purchased Tripod PCBs.  Over the course of their relationship, Bay Sales facilitated

27

28

NOTICE OF MOTION AND MOTION TO COMPEL DISCOVERY RESPONSES
C07 03702 JW (PVT)

1 the sale of Tripod PCBs to Jabil, nVidia, SanDisk, Dell and Motorola[1] (collectively "Territories").

2 Tripod did not pay commissions for the sale of such PCBs to Dell. Instead, once Bay Sales

3 secured Dell's purchase orders for Tripod PCBs, and after Tripod accepted the purchase orders,

4 Tripod served notice of its intent to terminate its agreements with Bay Sales. Tripod then failed to

5 pay commissions owed to Bay Sales on Dell and the rest of the Territories.

6     Bay Sales' requested production of sales documents and information related to the

7 Territories, and companies reserved to Bay Sales. To the extent Tripod accepted purchase orders

8 from any reserved company, it became a territory and Bay Sales is entitled to commissions. To

9 the extent Tripod did not terminate the Territories, Bay Sales is owed commissions on sales to

10 these Territories at least through trial. The information and documents requested are reasonably

11 calculated to lead to the discovery of admissible evidence. They will show that Tripod breached

12 its agreement (by not paying commissions) and it will help Bay Sales establish damages (by

13 showing amounts owed). The sales data is also relevant to the computation of damages under the

14 other causes of action, including Bay Sales' claims for fraud and deceit, and quantum meruit. This

15 Court should thus order its production. Because Tripod has never provided substantive responses,

16 Bay Sales should be entitled to supplement its expert report after Tripod's production.

17     **II.     FACTS AND PROCEDURAL BACKGROUND**

18     On June 11, 2002, Bay Sales and Defendant Tripod entered into a "Sales Representation

19 Agreement" which was later modified, amended, and supplemented ("SRA"). Under the

20 agreements Bay Sales promoted Defendant Tripod's PCBs to identified potential customers.

21 These companies were reserved exclusively to Bay Sales, usually for a certain period of time.

22 Tripod had to pay Bay Sales a commission on every purchase order Tripod accepted from these

23 companies. Once a particular purchase order was accepted by Tripod, that company became a

24 Bay Sales "Territory." Bay Sales' rights to commissions from Territories could not be terminated

25 except per paragraph 2(b) of the agreement, when there was no activity in the Territory for six

26 months. Tripod accepted purchase orders from Bay Sales reserved companies San Disk, nVidia,

27 _____

28 [1] Bay Sales agreed to give up the rights to Motorola in exchange for the exclusive rights to Dell.

1   Dell, and Jabil.  These companies thus became Bay Sales' exclusive worldwide Territories. For

2   every purchase order accepted by Tripod for any of these Territories, Tripod owed Bay Sales a

3   commission of between 1.5% and 5% of the net invoice price, unless a Territory had no activity

4   for six months.   Thus sales data for these Territories through trial is relevant to and may be

5   admissible on Bay Sales' contract, promissory estoppel, and quantum meruit claims.

6       Sales data regarding Jabil, Motorola and Dell through trial is also relevant to the damages

7   under the fraud and deceit claim.  Tripod falsely promised that Dell would be Bay Sales exclusive

8   reserved company if Bay Sales would give up its commissions for purchase orders from Motorola

9   and Jabil.

10      Dell was Bay Sales company because Tripod asked Bay Sales to give up Jabil and

11  Motorola in exchange for the rights to Dell.  On April 28, 2006, not long after Bay Sales had

12  assented to Tripod's request, Tripod accepted Dell's purchase order for PCB's from Tripod.

13  Tripod then served notice of its intent to terminate the SRA.  The SRA provided that Tripod owed

14  commissions on any purchase order placed by a reserved company within 150 days of

15  termination.[2]  Tripod thus may owe Bay Sales commissions on all its sales to Bay Sales' reserved

16  customers through September 25, 2006, which is 150 days after April 28, 2006.  The SRA also

17  provided that the already established Territories will not terminate unless there has been no

18  activity in those Territories for six months.  Tripod thus also owes commissions on all sales to San

19  Disk, nVidia, Dell, and Jabil up to and including the present, unless discovery of these documents

20  shows that no purchase orders were placed with any of the Territories for a six month period.[3]

21      When Tripod failed to pay Bay Sales commissions for these Territories, Bay Sales sued

22  Tripod.  Bay Sales has alleged that Tripod breached the SRA by failing to pay commissions on

23  sales to potential customers within 150 days after termination of the SRA, as well as by failing to

24  pay commissions on the Territories up to the present.  Tripod further owes Bay Sales commissions

25  on Motorola and Jabil because Bay Sales gave up these Territories in reliance on Tripod's

26  _____

27  [2] 150 days is the agreed period for a company placing an order on the 30th day after notice of termination.
    [3] Plaintiff's discovery requests sought information and documents through the end of 2007, when response was due,
28  but is updating its requests.  It will supplement its request for information up to the end of discovery and through trial.

1    fraudulent promises for the rights to Dell. (Promissory estoppel and fraud.) Tripod's willful

2    failure to pay agreed upon commissions is also a violation of the California Independent

3    Wholesale Representatives Contractual Relations Act (Civil Code §§ 1738.16 and 1738.17). Bay

4    Sales also requested an accounting.

5         Bay Sales served Tripod with the discovery requests reprinted in Attachment A to this

6    motion. When Tripod refused to produce documents or answer interrogatories, Bay Sales met and

7    conferred. Bay Sales went so far as to send a specific table with the companies' sales information

8    and the dates through which that data was requested. (Exhibit "D" to Declaration of Colin G.

9    McCarthy ("McCarthy Declaration")). Without justification, Tripod unilaterally abandoned those

10    efforts. This motion follows.

11         **III.**     **ARGUMENT**

12      **A.**    **MEET AND CONFER EFFORTS NARROWED THE ISSUES**

13         The parties had tentatively agreed that Tripod would produce sales documents and

14    information for both reserved companies and Territories. They were unable to reach agreement on

15    what period of time such sales documents and information should be produced. Pursuant to

16    Tripod's request, Bay Sales provided documentation of the companies being reserved for Bay

17    Sales. Tripod had tentatively agreed to provide these documents and information, but the issue

18    was through which date. For reserved companies (which were reserved exclusively for Bay Sales

19    as of the April 28, 2006 notice of termination, but which had not been established as a Territory

20    through a confirmed purchase order), Bay Sales sought sales data at the latest through the end of

21    2006. (See *April 17, 2008 Correspondence and Table*, Exhibit "D" to McCarthy Declaration.)

22    Tripod never provided a written response to the submitted table and supporting evidence.

23         For the Territories, Bay Sales sought information and documents through the time

24    discovery responses were due, December 31, 2007. Tripod never agreed to produce through that

25    date, arguing that discovery of this relevant information was not warranted because the parties'

26    agreements were terminated. Tripod thus contends that Bay Sales is not entitled to discovery of

27    this information which will substantiate its claims and damages against defendant because the

28

NOTICE OF MOTION AND MOTION TO COMPEL DISCOVERY RESPONSES
C07 03702 JW (PVT)

1  causes of action have no merit.

2  **B. DEFENDANT'S OBJECTIONS ON THE MERITS DO NOT BEAR ON**
3  **WHETHER BAY SALES IS ENTITLED TO THE DISCOVERY**

4      Tripod cannot deny discovery by arguing against the merits of Bay Sales' complaint.  Bay

5  Sales is entitled to "discovery regarding any nonprivileged matter that is relevant to any party's

6  claim or defense – including the existence, description, nature, custody, condition, and location of

7  any document…" even if the information is not admissible at trial so long as "the discovery

8  appears reasonably calculated to lead to the discovery of admissible evidence." FRCP 26 (b)(1).

9  Relevant discovery is any discovery which is "germane" to the issues framed by the pleadings.

10  *Oppenheimer Fund, Inc. v. Sanders* (1978) 437 U.S.340, 351.  Evidence need not be admissible to

11  be relevant, and hence discoverable.  *United States v. R& F Properties of Lake County, Inc.* (11th

12  Cir. 2005) 433 F.3d 1349, 1359.  Unless it is clear that the discovery sought has no possible

13  bearing on the subject matter, the discovery is relevant and should be had.  *Paulsen v. Case Corp.*

14  (C.D. Cal. 1996) 168 F.R.D. 285, 288.

15      The sales documentation here fits squarely within the claims framed by Bay Sales'

16  complaint.  They are thus relevant and likely to lead to the discovery of admissible evidence.  To

17  the extent Tripod would deny discovery on the grounds that Bay Sales' theories have no merit,

18  Tripod puts the cart before the horse.  The proper procedure for testing the veracity of Bay Sales'

19  theories is in a dispositive motion, not in discovery.   Any argument that Bay Sales' contract

20  interpretation is unsupported by the law and facts is a matter to be brought in trial, or under Rule

21  12 or Rule 56.   Until there is a ruling that Bay Sales' causes of action are without merit, sales

22  documents and information for the territories and companies is relevant and Bay Sales is entitled

23  to the discovery.  Accordingly, Bay Sales is entitled to the discovery in Appendix A.  Bay Sales is

24  willing to accept cut off dates specified in the table attached as Exhibit "D" to the McCarthy

25  Declaration (and specified in its Proposed Order).

26  **C.    SUPPLEMENTAL EXPERT DISCLOSURE IS APPROPRIATE BECAUSE**
27  **TRIPOD HAS NOT PROVIDED ANY RESPONSE**

28

1         Bay Sales has engaged in a patient and sometimes promising meet and confer effort prior

2   to the filing of this motion. (McCarthy Declaration, ¶ ¶ 2-8, and Exhibits A-G).   The parties were

3   near agreement and Bay Sales had provided requested documentation to substantiate time

4   parameters on reserved companies, and were waiting for a response on the period of time for

5   which Tripod would be willing to provide sales information for Territories.   After Bay Sales

6   provided the requested documentation, Tripod, without justification, withdrew from a scheduled

7   meet and confer telephone conference and never provided a promised reply to the submission on

8   the companies.   Requests for further response were met with silence, necessitating this motion.

9   Tripod's failure to produce the documents and information before the expert disclosure cut-off has

10   required Bay Sales to submit a report without it, and Bay Sales thus respectfully requests that the

11   Court issue an order allowing Bay Sales to supplement its expert report after production.

12              **IV.**   **CONCLUSION**

13         Discovery of Tripod's sales information and documents related to the companies and

14   territories is reasonably calculated to lead to admissible evidence.   Tripod has failed to produce

15   the discovery, and without any justification, withdrawn from the meet and confer process.   An

16   order for the discovery, as well as allowing Bay Sales to supplement its expert report with the

17   produced discovery is appropriate.

18   Dated: April 29, 2008            BERGESON, LLP

19

20                       By:_____

21                           Colin G. McCarthy
                        Attorneys for Plaintiff
                        BAY SALES, INC.

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION TO COMPEL DISCOVERY RESPONSES
C07 03702 JW (PVT)