1

## APPENDIX A – PURSUANT TO LOCAL RULE 37-2

2

3

## **PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**

4      In addition to the specific points raised below in response to specific requests, each request

5 for DOCUMENTS seeks documents which directly relate to the contractual, promissory estoppel,

6 fraud and deceit, quantum meruit, California's Independent Wholesale Representatives

7 Contractual Relations Act, and Accounting causes of actions in the complaint.   Without reference

8
9 to the specific factual disputes raised by Defendant, and addressed below, good cause exists on the

10 basis of each request's direct bearing on these causes of action.

11      REQUEST NO. 1

12      1.      All DOCUMENTS referring or relating to BAY SALES, including all

13 communications to or from BAY SALES.

14      Defendant's Response:

15      1.      This request is not set forth with "reasonable particularity" as required by FRCP

16 34(b);

17      2.      Neither this Request nor the Definitions or Instructions which precede it specify the

18 "time, place and manner of making the inspection and performing the related acts" as required by

19 FRCP 34(b);

20      3.      This request is overbroad, burdensome and oppressive in that it purports to seek

21 "all documents referring or relating to Bay Sales" without limitation or restriction of any kind,

22 without reference to any time frame and without reference to any particular subject matter.

23 Further, this Request incorporates a definition of "document" and a definition of "Bay Sales"

24 which are excessively broad in and of themselves, and such are separately objected to below.  The

25 parties to this litigation began their business relationship in June, 2002 and terminated same in

26 April, 2006.  The contract provided that termination could be made at any time and with no

27 liability except for payment of commissions through a maximum 120 days after termination.  Such

28 120 day period would have expired in August, 2006.  If Tripod attempted to literally comply with

1   this request, it would have to search every single document, including all of its accounting records

2   and all of its computer files, which it generated or which came into its possession in connection

3   with any of its business activities at any time in its history to determine whether Bay Sales was

4   mentioned in such document.  Since Tripod is one of the ten largest manufacturers of printed

5   circuit boards in the world and has numerous employees and offices worldwide, such task would

6   consume thousands of hours and tens of thousands of dollars of expense.  This is a violation of

7   FRCP 26(b)(2)(C) which prohibits any proposed discovery where the "burden and expense of such

8   proposed discovery outweighs its likely benefit, taking into account the needs of the case, the

9   importance of the issues at stake in the litigation and the importance of the proposed discovery in

10  resolving the issues."  Further, this is a violation of FRCP 26(b)(2)(B) which provides that a party

11  need not provide discovery of electronically stored information…[which is] not reasonably

12  accessible."

13          4.      The definition of "Documents," incorporated into this request, is overbroad,

14  burdensome and oppressive and seeks to impermissibly impose a requirement to produce

15  documents which are not currently in Tripod's possession, custody or control.  "Document" is

16  defined to include a document that "was" in Tripod's possession, custody or control, even if it no

17  longer is in Tripod's possession, custody or control."  Further, the definition purports to

18  impermissibly require the production of documents which were under the "constructive" rather

19  than the actual possession of Tripod, although the term "constructive" is not defined and is,

20  therefore, vague, ambiguous and uncertain.

21          5.      The definition of "Bay Sales" incorporated in this request is overbroad because it

22  purports to require Tripod to search not only for references to Bay Sales but also to any reference

23  to Bay Sales' past and present employees, agents, officers and directors."  However, the definition

24  does not list who such persons are.  To the extent that Tripod has no knowledge of who those

25  persons are, it cannot be required to investigate and search for such names.  To the extent that

26  Tripod has some knowledge of who such persons are, their omnibus inclusion in this definition

27  impermissibly expands the scope of this request and imposes even greater burden and expense.

28

1    6.    This request, as currently phrased, and because of its overbreadth, impermissibly

2    seeks the production of matter which is not "relevant to the claim or defense of any party" in

3    violation of FRCP 26(b)(1) because such request seeks documents related to Bay Sales

4    irrespective of whether such documents are related to any subject matter or issue which is in

5    dispute in this litigation

6    7.    The purported Instructions preceding this request are in violation of FRCP 26 and

7    34 in that they purport to impose requirements on the manner of the production of documents

8    and/or the assertion of privileges which are not "reasonable" and which otherwise violate such

9    rules, including but not limited to purported requirements for privilege logs which are in excess of

10   the information required by FRCP 26(b)(5), purported requirements that Tripod identify the

11   history and disposition of documents that may have been responsive but are no longer in Tripod's

12   possession, custody, or control and purported requirements that Tripod identify the persons

13   responsible for, and the circumstances surrounding, such disposition.  As such, these Instructions

14   constitute interrogatories and should be set forth as same.

15   8.    This Request impermissibly attempts to commence discovery in violation of FRCP

16   26(d) prior to the time that Plaintiff has made a good faith effort to comply with its duties of initial

17   disclosure, as required by FRCP 26(f).

18   Tripod is willing to meet and confer with Bay Sales in an effort to modify this Request into

19   a form in which Tripod can respond.  Further, Tripod is voluntarily producing documents as part

20   of its Initial Disclosures which may be responsive to a proper request to produce documents.

21   Plaintiff's Basis for Further Response:  RFP No. 1 is reasonably calculated to lead to the

22   discovery of admissible evidence in that it seeks documents which will evidence the circumstances

23   leading to the formation of BAY SALES' contractual relationship with Defendant TRIPOD.  The

24   Sales Representation Agreement of June 11, 2002 (the "SRA") is ambiguous regarding the

25   payment of commissions to BAY SALES after attempted termination.  (See SRA at ¶10.)  Parol

26   evidence can thus be used to interpret and explain the parties' agreement.  Thus even though

27   TRIPOD has produced the SRA in its Rule 26 initial disclosure, BAYSALES is entitled to all

28

1  DOCUMENTS relating to BAY SALES as they may bear on the issue of contract formation and

2  interpretation, as well as the parties' respective performance of the SRA and related agreements.

3       To the extent the parties' relationship was limited to the contractual relationships that are

4  the subject matter of this lawsuit, the request for all DOCUMENTS concerning BAY SALES

5  seeks documents which directly relate to the contractual, promissory estoppel, fraud and deceit,

6  quantum meruit, California's Independent Wholesale Representatives Contractual Relations Act,

7  and Accounting causes of actions in the complaint.

8       It also complies with FRCP 26 (b)(2) because only TRIPOD has custody, control or

9  possession of its files concerning BAYSALES.   BAY SALES may be willing to hold this request

10  in abeyance to the extent DOCUMENTS responsive to Requests 3-8 are provided by TRIPOD.

11       REQUEST NO. 2

12       2.     All DOCUMENTS referring or relating to actual or prospective SALES of PCB's

13  by or authorized by TRIPOD from June 11, 2002 to December 31, 2008.

14       Defendant's Response:

15       1.     This request is not set forth with "reasonable particularity" as required by FRCP

16  34(b);

17       2.     Neither this Request nor the Definitions or Instructions which precede it specify the

18  "time, place and manner of making the inspection and performing the related acts" as required by

19  FRCP 34(b);

20       3.     This request is overbroad, burdensome and oppressive in that it purports to seek

21  "all documents referring or relating to Bay Sales" without limitation or restriction of any kind,

22  without reference to any time frame and without reference to any particular subject matter.

23  Further, this Request incorporates a definition of "document" and a definition of "Bay Sales"

24  which are excessively broad in and of themselves, and such are separately objected to below.  The

25  parties to this litigation began their business relationship in June, 2002 and terminated same in

26  April, 2006.  The contract provided that termination could be made at any time and with no

27  liability except for payment of commissions through a maximum 120 days after termination.  Such

28

1   120 day period would have expired in August, 2006.  If Tripod attempted to literally comply with

2   this request, it would have to search every single document, including all of its accounting records

3   and all of its computer files, which it generated or which came into its possession in connection

4   with any of its business activities at any time in its history to determine whether Bay Sales was

5   mentioned in such document.  Since Tripod is one of the ten largest manufacturers of printed

6   circuit boards in the world and has numerous employees and offices worldwide, such task would

7   consume thousands of hours and tens of thousands of dollars of expense.  This is a violation of

8   FRCP 26(b)(2)(C) which prohibits any proposed discovery where the "burden and expense of such

9   proposed discovery outweighs its likely benefit, taking into account the needs of the case, the

10  importance of the issues at stake in the litigation and the importance of the proposed discovery in

11  resolving the issues."  Further, this is a violation of FRCP 26(b)(2)(B) which provides that a party

12  need not provide discovery of electronically stored information...[which is] not reasonably

13  accessible."

14      4.    The definition of "Documents," incorporated into this request, is overbroad,

15  burdensome and oppressive and seeks to impermissibly impose a requirement to produce

16  documents which are not currently in Tripod's possession, custody or control.  "Document" is

17  defined to include a document that "was" in Tripod's possession, custody or control, even if it no

18  longer is in Tripod's possession, custody or control."  Further, the definition purports to

19  impermissibly require the production of documents which were under the "constructive" rather

20  than the actual possession of Tripod, although the term "constructive" is not defined and is,

21  therefore, vague, ambiguous and uncertain.

22      5.    The definition of "sales" incorporated in this request is overbroad and vague,

23  ambiguous and uncertain in that the definition purports to require Tripod to identify "indirect"

24  sales without defining same.

25      6.    The definition of PCBs incorporated in this Request is overbroad, vague, and

26  ambiguous because it purports to require the identification not only of sales made by Tripod but

27  "on behalf of Tripod."

28

1    7.    This Request is vague, ambiguous and uncertain in that the use of the terms

2 "prospective" sales and sales not only made by Tripod but "authorized by Tripod" have no

3 recognized meaning.

4    8.    This request, as currently phrased, and because of its over breadth, impermissibly

5 seeks the production of matter which is not "relevant to the claim or defense of any party" in

6 violation of FRCP 26(b)(1) because such request seeks documents related to Bay Sales

7 irrespective of whether such documents are related to any subject matter or issue which is in

8 dispute in this litigation

9    9.    The purported Instructions preceding this request are in violation of FRCP 26 and

10 34 in that they purport to impose requirements on the manner of the production of documents

11 and/or the assertion of privileges which are not "reasonable" and which otherwise violate such

12 rules, including but not limited to purported requirements for privilege logs which are in excess of

13 the information required by FRCP 26(b)(5), purported requirements that Tripod identify the

14 history and disposition of documents that may have been responsive but are no longer in Tripod's

15 possession, custody, or control and purported requirements that Tripod identify the persons

16 responsible for, and the circumstances surrounding, such disposition.  As such, these Instructions

17 constitute interrogatories and should be set forth as same.

18    10.    This Request impermissibly attempts to commence discovery in violation of FRCP

19 26(d) prior to the time that Plaintiff has made a good faith effort to comply with its duties of initial

20 disclosure, as required by FRCP 26(f).

21    Tripod is willing to meet and confer with Bay Sales in an effort to modify this Request into

22 a form in which Tripod can respond.  Further, Tripod is voluntarily producing documents as part

23 of its Initial Disclosures which may be responsive to a proper request to produce documents.

24    Plaintiff's Basis for Further Response:  RFP No. 2 is reasonably calculated to lead to the

25 discovery of admissible evidence in that it seeks documents which will evidence whether TRIPOD

26 fulfilled its obligations under the controlling agreement(s).  Such DOCUMENTS will show

27 TRIPOD's sales to BAY SALES' COMPANIES and/or TERRITORIES.  They will evidence

28

1    TRIPOD's compliance with its contractual duty to pay BAY SALES commissions from the

2    inception of the underlying agreement(s) through the present.

3        TRIPOD's primary objection is to the time period of documents requested. That time

4    period is appropriate and relevant to the lawsuit because BAY SALES still has rights to its

5    TERRITORIES under the controlling agreements, as TRIPOD has not elected to "terminate such

6    assigned territories from Representative." (SRA, ¶ 2 (b).)  At the very least BAY SALES right to

7    commissions from those territories has not terminated as the SRA is ambiguous or silent on

8    payment of commission from TERRITORIES after the contract is terminated. (SRA, ¶ 2 (b) and

9    ¶10.)  Moreover, the time period is appropriate as the DOCUMENTS evidence sales to

10    COMPANIES which will show whether TRIPOD has complied with its contractual duty to pay

11    commissions on all sales, including those to customers within 30 days of the April 28, 2006 notice

12    of termination of the agreement.

13        This request complies with FRCP 26 (b)(2) because it seeks DOCUMENTS  from

14    TRIPOD which BAY SALES does not have and over which TRIPOD has exclusive possession,

15    custody, or control.  BAY SALES could potentially get such documents from COMPANIES and

16    TERRITORIES through third party subpoenas, but this request to a party is less intrusive and less

17    expensive.  BAY SALES may be willing to hold this request in abeyance to the extent

18    DOCUMENTS responsive to Requests 3-8 are provided by TRIPOD.

19        REQUEST NO. 3

20        3.      All DOCUMENTS referring or relating to actual or prospective SALES of PCB's

21    by or authorized by TRIPOD to TERRITORIES from June 11, 2002 to December 31, 2007.

22        Defendant's Response:

23        1.      This request is not set forth with "reasonable particularity" as required by FRCP

24    34(b);

25        2.      Neither this Request nor the Definitions or Instructions which precede it specify the

26    "time, place and manner of making the inspection and performing the related acts" as required by

27    FRCP 34(b);

28

1    3.    This request is overbroad, burdensome and oppressive in that it purports to seek

2    "all documents referring or relating to Bay Sales" without limitation or restriction of any kind,

3    without reference to any time frame and without reference to any particular subject matter.

4    Further, this Request incorporates a definition of "document" and a definition of "Bay Sales"

5    which are excessively broad in and of themselves, and such are separately objected to below.  The

6    parties to this litigation began their business relationship in June, 2002 and terminated same in

7    April, 2006.  The contract provided that termination could be made at any time and with no

8    liability except for payment of commissions through a maximum 120 days after termination.  Such

9    120 day period would have expired in August, 2006.  If Tripod attempted to literally comply with

10   this request, it would have to search every single document, including all of its accounting records

11   and all of its computer files, which it generated or which came into its possession in connection

12   with any of its business activities at any time in its history to determine whether Bay Sales was

13   mentioned in such document.  Since Tripod is one of the ten largest manufacturers of printed

14   circuit boards in the world and has numerous employees and offices worldwide, such task would

15   consume thousands of hours and tens of thousands of dollars of expense.  This is a violation of

16   FRCP 26(b)(2)(C) which prohibits any proposed discovery where the "burden and expense of such

17   proposed discovery outweighs its likely benefit, taking into account the needs of the case, the

18   importance of the issues at stake in the litigation and the importance of the proposed discovery in

19   resolving the issues."  Further, this is a violation of FRCP 26(b)(2)(B) which provides that a party

20   need not provide discovery of electronically stored information…[which is] not reasonably

21   accessible."

22   4.    The definition of "Documents," incorporated into this request, is overbroad,

23   burdensome and oppressive and seeks to impermissibly impose a requirement to produce

24   documents which are not currently in Tripod's possession, custody or control.  "Document" is

25   defined to include a document that "was" in Tripod's possession, custody or control, even if it no

26   longer is in Tripod's possession, custody or control."  Further, the definition purports to

27   impermissibly require the production of documents which were under the "constructive" rather

28

1    than the actual possession of Tripod, although the term "constructive" is not defined and is,

2    therefore, vague, ambiguous and uncertain.

3        5.    The definition of "Sales" incorporated in this request is overbroad and vague,

4    ambiguous and uncertain in that the definition purports to require Tripod to identify "indirect"

5    sales without defining same.

6        6.    The definition of PCBs incorporated in this Request is overbroad, vague, and

7    ambiguous because it purports to require the identification not only of sales made by Tripod but

8    "on behalf of Tripod."

9        7.    The definition of "Territories" is overbroad, burdensome and oppressive, and made

10    vague, ambiguous and uncertain in that the Request no only seeks documents with respect to

11    entities identified in the Complaint, but in addition, with respect to all of their "past and present

12    subsidiaries, divisions, affiliates, parents contractors, contract manufacturers, original design

13    manufacturers, suppliers, agents, licensees, design licensees, predecessors, and successors in

14    interest."

15        8.    This Request is vague, ambiguous and uncertain in that the use of the terms

16    "prospective" sales and sales not only made by Tripod but "authorized by Tripod" have no

17    recognized meaning.

18        9.    This request, as currently phrased, and because of its overbreadth, impermissibly

19    seeks the production of matter which is not "relevant to the claim or defense of any party" in

20    violation of FRCP 26(b)(1) because such request seeks documents related to Bay Sales

21    irrespective of whether such documents are related to any subject matter or issue which is in

22    dispute in this litigation

23        10.    The purported Instructions preceding this request are in violation of FRCP 26 and

24    34 in that they purport to impose requirements on the manner of the production of documents

25    and/or the assertion of privileges which are not "reasonable" and which otherwise violate such

26    rules, including but not limited to purported requirements for privilege logs which are in excess of

27    the information required by FRCP 26(b)(5), purported requirements that Tripod identify the

28

1  history and disposition of documents that may have been responsive but are no longer in Tripod's

2  possession, custody, or control and purported requirements that Tripod identify the persons

3  responsible for, and the circumstances surrounding, such disposition. As such, these Instructions

4  constitute interrogatories and should be set forth as same.

5      11.    This Request impermissibly attempts to commence discovery in violation of FRCP

6  26(d) prior to the time that Plaintiff has made a good faith effort to comply with its duties of initial

7  disclosure, as required by FRCP 26(f).

8      Tripod is willing to meet and confer with Bay Sales in an effort to modify this Request into

9  a form in which Tripod can respond. Further, Tripod is voluntarily producing documents as part

10  of its Initial Disclosures which may be responsive to a proper request to produce documents.

11      Plaintiff's Basis for Further Response:

12      Defendant has invoked boilerplate objections without reference to the specific questions

13  asked. Such objections are not well taken. "Boilerplate, generalized objections are inadequate

14  and tantamount to not making any objection at all" and Defendant must show a particular harm

15  suffered from producing responses to the discovery. *Walker v. Lakewood Condo Ass'n* (C.D. Cal.

16  1999) 186 F.R.D. 584, 586-7. Defendant makes the conclusory claim that the requests seek

17  documents with broad definitions which requires it to search 'every single document' it owns.

18  Clearly this is an unfounded objection.

19      Like RFP No. 2, these Requests are reasonably calculated to lead to the discovery of

20  admissible evidence in that each seeks documents which will show that TRIPOD did not fulfill its

21  obligations under the controlling agreement(s). The SRA requires TRIPOD to pay BAY SALES

22  commissions on "invoices pertaining to Representative's orders." (SRA ¶ 5 (a).) Order means

23  "any purchase order/commitment to purchase [TRIPOD]'s product that is generated from within

24  [BAY SALES]' territory." (SRA ¶ 5 (e).) A territory is "a company … which places a purchase

25  order, which is accepted by the [TRIPOD]." (SRA ¶ 2 (a).) Thus these requested DOCUMENTS

26  pertain to matters relating to BAY SALES owed commissions and TRIPOD's breach of its

27  agreement(s) with BAY SALES. Unless it is clear that these requests the documents sought have

28

1   no possibility of bearing on the subject matter of the action, the discovery is relevant and should

2   be had. *Paulsen v. Case Corp.* (C.D. Cal. 1996) 168 F.R.D. 285, 288.

3        The requests do not become protected from discovery due to the referenced time period.

4   That period is appropriate and relevant to the lawsuit because BAY SALES still has rights to its

5   TERRITORIES under the controlling agreements, which survive any attempted termination of the

6   agreement. (SRA ¶ 2 (b).)  To the extent the DOCUMENTS evidence sales to TERRITORIES,

7   those will show whether TRIPOD has complied with its contractual duty to pay commissions on

8   all such sales.  Furthermore TRIPOD owes commissions on all purchase orders placed until 30

9   days after termination.  To the extent that purportedly occurred on April 28, 2006, the requested

10  DOCUMENTS will evidence whether any such sales occurred such as to trigger TRIPOD's

11  obligations under the agreement(s).

12       The requested time period as to COMPANIES does not make the request overbroad.  Even

13  if the obligation to pay commissions on COMPANIES terminated in August, 2006, which BAY

14  SALES does not concede, BAY SALES is entitled to review the requested documents to see

15  whether TRIPOD accepted purchase orders and thereby created BAY SALES owed commissions

16  on any such sales during the time period.  Further time beyond the claimed September 23, 2006

17  end date is reasonable and necessary to investigate whether accounting irregularities will evidence

18  owed commissions which were triggered within the contractual time lines.

19       That said sales were "prospective" or "authorized by Tripod" does not take the request

20  outside the controlling agreement(s).  (See SRA, ¶ ¶ 5 (e) and 6.)  BAY SALES is furthermore

21  entitled to these DOCUMENTS to verify whether TRIPOD has manipulated its accountings to

22  avoid paying BAY SALES legitimately earned commissions on purchase order and commitments

23  made within 30 days of the alleged notice of termination.

24       The request also complies with FRCP 26 (b)(2) because it seeks DOCUMENTS from

25  TRIPOD in which it authorized SALES of its PCB's, of which it would have exclusive possession,

26  custody, or control.  BAY SALES could potentially get such documents from COMPANIES and

27  TERRITORIES through third party subpoenas, but this request to a party is less intrusive and less

28

1  expensive.

2  REQUEST NO. 4:

3      4.    All DOCUMENTS referring or relating to actual or prospective SALES of PCB's

4  by or authorized by TRIPOD to COMPANIES from June 11, 2002 to January 31, 2007.

5  Defendant's Response:

6      1.    This request is not set forth with "reasonable particularity" as required by FRCP

7  34(b);

8      2.    Neither this Request nor the Definitions or Instructions which precede it specify the

9  "time, place and manner of making the inspection and performing the related acts" as required by

10  FRCP 34(b);

11      3.    This request is overbroad, burdensome and oppressive in that it purports to seek

12  "all documents referring or relating to Bay Sales" without limitation or restriction of any kind,

13  without reference to any time frame and without reference to any particular subject matter.

14  Further, this Request incorporates a definition of "document" and a definition of "Bay Sales"

15  which are excessively broad in and of themselves, and such are separately objected to below. The

16  parties to this litigation began their business relationship in June, 2002 and terminated same in

17  April, 2006. The contract provided that termination could be made at any time and with no

18  liability except for payment of commissions through a maximum 120 days after termination. Such

19  120 day period would have expired in August, 2006. If Tripod attempted to literally comply with

20  this request, it would have to search every single document, including all of its accounting records

21  and all of its computer files, which it generated or which came into its possession in connection

22  with any of its business activities at any time in its history to determine whether Bay Sales was

23  mentioned in such document. Since Tripod is one of the ten largest manufacturers of printed

24  circuit boards in the world and has numerous employees and offices worldwide, such task would

25  consume thousands of hours and tens of thousands of dollars of expense. This is a violation of

26  FRCP 26(b)(2)(C) which prohibits any proposed discovery where the "burden and expense of such

27  proposed discovery outweighs its likely benefit, taking into account the needs of the case, the

28

1  importance of the issues at stake in the litigation and the importance of the proposed discovery in

2  resolving the issues." Further, this is a violation of FRCP 26(b)(2)(B) which provides that a party

3  need not provide discovery of electronically stored information…[which is] not reasonably

4  accessible."

5      4.    The definition of "Documents," incorporated into this request, is overbroad,

6  burdensome and oppressive and seeks to impermissibly impose a requirement to produce

7  documents which are not currently in Tripod's possession, custody or control. "Document" is

8  defined to include a document that "was" in Tripod's possession, custody or control, even if it no

9  longer is in Tripod's possession, custody or control." Further, the definition purports to

10 impermissibly require the production of documents which were under the "constructive" rather

11 than the actual possession of Tripod, although the term "constructive" is not defined and is,

12 therefore, vague, ambiguous and uncertain.

13     5.    The definition of "Sales" incorporated in this request is overbroad and vague,

14 ambiguous and uncertain in that the definition purports to require Tripod to identify "indirect"

15 sales without defining same.

16     6.    The definition of PCBs incorporated in this Request is overbroad, vague, and

17 ambiguous because it purports to require the identification not only of sales made by Tripod but

18 "on behalf of Tripod."

19     7.    The definition of "Companies" is overbroad, burdensome and oppressive, and

20 renders the Request vague, ambiguous and uncertain in that the Request not only seeks documents

21 with respect to entities identified in the Complaint, but in addition, with respect to all of their "past

22 and present subsidiaries, divisions, affiliates, parents contractors, contract manufacturers, original

23 design manufacturers, suppliers, agents, licensees, design licensees, predecessors, and successors

24 in interest."

25     8.    This Request is vague, ambiguous and uncertain in that the use of the terms

26 "prospective" sales and sales not only made by Tripod but "authorized by Tripod" have no

27 recognized meaning.

28

1    9.    This request, as currently phrased, and because of its overbreadth, impermissibly

2    seeks the production of matter which is not "relevant to the claim or defense of any party" in

3    violation of FRCP 26(b)(1) because such request seeks documents related to Bay Sales

4    irrespective of whether such documents are related to any subject matter or issue which is in

5    dispute in this litigation

6    10.    The purported Instructions preceding this request are in violation of FRCP 26 and

7    34 in that they purport to impose requirements on the manner of the production of documents

8    and/or the assertion of privileges which are not "reasonable" and which otherwise violate such

9    rules, including but not limited to purported requirements for privilege logs which are in excess of

10   the information required by FRCP 26(b)(5), purported requirements that Tripod identify the

11   history and disposition of documents that may have been responsive but are no longer in Tripod's

12   possession, custody, or control and purported requirements that Tripod identify the persons

13   responsible for, and the circumstances surrounding, such disposition.  As such, these Instructions

14   constitute interrogatories and should be set forth as same.

15   11.    This Request impermissibly attempts to commence discovery in violation of FRCP

16   26(d) prior to the time that Plaintiff has made a good faith effort to comply with its duties of initial

17   disclosure, as required by FRCP 26(f).

18   Tripod is willing to meet and confer with Bay Sales in an effort to modify this Request into

19   a form in which Tripod can respond.  Further, Tripod is voluntarily producing documents as part

20   of its Initial Disclosures which may be responsive to a proper request to produce documents.

21   Plaintiff's Basis for Further Response:

22   Defendant has invoked boilerplate objections without reference to the specific questions

23   asked.  Such objections are not well taken.  "Boilerplate, generalized objections are inadequate

24   and tantamount to not making any objection at all" and Defendant must show a particular harm

25   suffered from producing responses to the discovery.  *Walker v. Lakewood Condo Ass'n* (C.D. Cal.

26   1999) 186 F.R.D. 584, 586-7.  Defendant makes the conclusory claim that the requests seek

27   documents with broad definitions which requires it to search 'every single document' it owns.

28

NOTICE OF MOTION AND MOTION TO COMPEL DISCOVERY RESPONSES
C07 03702 JW (PVT)

1   Clearly this is an unfounded objection.

2       Like RFP No. 2, these Requests are reasonably calculated to lead to the discovery of

3   admissible evidence in that each seeks documents which will show that TRIPOD did not fulfill its

4   obligations under the controlling agreement(s).  The SRA requires TRIPOD to pay BAY SALES

5   commissions on "invoices pertaining to Representative's orders."  (SRA ¶ 5 (a).) Order means

6   "any purchase order/commitment to purchase [TRIPOD]'s product that is generated from within

7   [BAY SALES]' territory."  (SRA ¶ 5 (e).) A territory is "a company … which places a purchase

8   order, which is accepted by the [TRIPOD]."  (SRA ¶ 2 (a).)  Thus these requested DOCUMENTS

9   pertain to matters relating to BAY SALES owed commissions and TRIPOD's breach of its

10  agreement(s) with BAY SALES.  Unless it is clear that these requests the documents sought have

11  no possibility of bearing on the subject matter of the action, the discovery is relevant and should

12  be had.  *Paulsen v. Case Corp.* (C.D. Cal. 1996) 168 F.R.D. 285, 288.

13      The requests do not become protected from discovery due to the referenced time period.

14  That period is appropriate and relevant to the lawsuit because BAY SALES still has rights to its

15  TERRITORIES under the controlling agreements, which survive any attempted termination of the

16  agreement. (SRA ¶ 2 (b).)  To the extent the DOCUMENTS evidence sales to TERRITORIES,

17  those will show whether TRIPOD has complied with its contractual duty to pay commissions on

18  all such sales.  Furthermore TRIPOD owes commissions on all purchase orders placed until 30

19  days after termination.  To the extent that purportedly occurred on April 28, 2006, the requested

20  DOCUMENTS will evidence whether any such sales occurred such as to trigger TRIPOD's

21  obligations under the agreement(s).

22      The requested time period as to COMPANIES does not make the request overbroad.  Even

23  if the obligation to pay commissions on COMPANIES terminated in August, 2006, which BAY

24  SALES does not concede, BAY SALES is entitled to review the requested documents to see

25  whether TRIPOD accepted purchase orders and thereby created BAY SALES owed commissions

26  on any such sales during the time period.  Further time beyond the claimed September 23, 2006

27  end date is reasonable and necessary to investigate whether accounting irregularities will evidence

28

1   owed commissions which were triggered within the contractual time lines.

2      That said sales were "prospective" or "authorized by Tripod" does not take the request

3   outside the controlling agreement(s). (See SRA, ¶ ¶ 5 (e) and 6.)  BAY SALES is furthermore

4   entitled to these DOCUMENTS to verify whether TRIPOD has manipulated its accountings to

5   avoid paying BAY SALES legitimately earned commissions on purchase order and commitments

6   made within 30 days of the alleged notice of termination.

7      The request also complies with FRCP 26 (b)(2) because it seeks DOCUMENTS from

8   TRIPOD in which it authorized SALES of its PCB's, of which it would have exclusive possession,

9   custody, or control.  BAY SALES could potentially get such documents from COMPANIES and

10   TERRITORIES through third party subpoenas, but this request to a party is less intrusive and less

11   expensive.

12    REQUEST NO. 5

13      5.     All DOCUMENTS referring to or relating to revenues received by or on behalf of

14   TRIPOD in connection with SALES or prospective SALES to TERRITORIES from June 11, 2002

15   to January 31, 2007.

16    Defendant's Response:

17      1.     This request is not set forth with "reasonable particularity" as required by FRCP

18   34(b);

19      2.     Neither this Request nor the Definitions or Instructions which precede it specify the

20   "time, place and manner of making the inspection and performing the related acts" as required by

21   FRCP 34(b);

22      3.     This request is overbroad, burdensome and oppressive in that it purports to seek

23   "all documents referring or relating to Bay Sales" without limitation or restriction of any kind,

24   without reference to any time frame and without reference to any particular subject matter.

25   Further, this Request incorporates a definition of "document" and a definition of "Bay Sales"

26   which are excessively broad in and of themselves, and such are separately objected to below.  The

27   parties to this litigation began their business relationship in June, 2002 and terminated same in

28

1    April, 2006.  The contract provided that termination could be made at any time and with no

2    liability except for payment of commissions through a maximum 120 days after termination.  Such

3    120 day period would have expired in August, 2006.  If Tripod attempted to literally comply with

4    this request, it would have to search every single document, including all of its accounting records

5    and all of its computer files, which it generated or which came into its possession in connection

6    with any of its business activities at any time in its history to determine whether Bay Sales was

7    mentioned in such document.  Since Tripod is one of the ten largest manufacturers of printed

8    circuit boards in the world and has numerous employees and offices worldwide, such task would

9    consume thousands of hours and tens of thousands of dollars of expense.  This is a violation of

10   FRCP 26(b)(2)(C) which prohibits any proposed discovery where the "burden and expense of such

11   proposed discovery outweighs its likely benefit, taking into account the needs of the case, the

12   importance of the issues at stake in the litigation and the importance of the proposed discovery in

13   resolving the issues."  Further, this is a violation of FRCP 26(b)(2)(B) which provides that a party

14   need not provide discovery of electronically stored information…[which is] not reasonably

15   accessible."

16        4.    The definition of "Documents," incorporated into this request, is overbroad,

17   burdensome and oppressive and seeks to impermissibly impose a requirement to produce

18   documents which are not currently in Tripod's possession, custody or control.  "Document" is

19   defined to include a document that "was" in Tripod's possession, custody or control, even if it no

20   longer is in Tripod's possession, custody or control."  Further, the definition purports to

21   impermissibly require the production of documents which were under the "constructive" rather

22   than the actual possession of Tripod, although the term "constructive" is not defined and is,

23   therefore, vague, ambiguous and uncertain.

24        5.    The definition of "Sales" incorporated in this request is overbroad and vague,

25   ambiguous and uncertain in that the definition purports to require Tripod to identify "indirect"

26   sales without defining same.

27        6.    The definition of "Territories" is overbroad, burdensome and oppressive, and made

28

1  vague, ambiguous and uncertain in that the Request no only seeks documents with respect to
2  entities identified in the Complaint, but in addition, with respect to all of their "past and present
3  subsidiaries, divisions, affiliates, parents contractors, contract manufacturers, original design
4  manufacturers, suppliers, agents, licensees, design licensees, predecessors, and successors in
5  interest."

6      7.    This Request is vague, ambiguous and uncertain in that the use of the terms
7  "prospective" sales and sales not only made by Tripod but "authorized by Tripod" have no
8  recognized meaning.

9      8.    This Request is duplicative of Request No. 3 because "sales" and "revenues" are
10 closely intertwined and often are identical.

11     9.    This request, as currently phrased, and because of its overbreadth, impermissibly
12 seeks the production of matter which is not "relevant to the claim or defense of any party" in
13 violation of FRCP 26(b)(1) because such request seeks documents related to Bay Sales
14 irrespective of whether such documents are related to any subject matter or issue which is in
15 dispute in this litigation

16     10.   The purported Instructions preceding this request are in violation of FRCP 26 and
17 34 in that they purport to impose requirements on the manner of the production of documents
18 and/or the assertion of privileges which are not "reasonable" and which otherwise violate such
19 rules, including but not limited to purported requirements for privilege logs which are in excess of
20 the information required by FRCP 26(b)(5), purported requirements that Tripod identify the
21 history and disposition of documents that may have been responsive but are no longer in Tripod's
22 possession, custody, or control and purported requirements that Tripod identify the persons
23 responsible for, and the circumstances surrounding, such disposition.  As such, these Instructions
24 constitute interrogatories and should be set forth as same.

25     11.   This Request impermissibly attempts to commence discovery in violation of FRCP
26 26(d) prior to the time that Plaintiff has made a good faith effort to comply with its duties of initial
27 disclosure, as required by FRCP 26(f).

28

1   Tripod is willing to meet and confer with Bay Sales in an effort to modify this Request into

2   a form in which Tripod can respond. Further, Tripod is voluntarily producing documents as part

3   of its Initial Disclosures which may be responsive to a proper request to produce documents.

4   <u>Plaintiff's Basis for Further Response:</u>

5   Defendant has invoked boilerplate objections without reference to the specific questions

6   asked. Such objections are not well taken. "Boilerplate, generalized objections are inadequate

7   and tantamount to not making any objection at all" and Defendant must show a particular harm

8   suffered from producing responses to the discovery. *Walker v. Lakewood Condo Ass'n* (C.D. Cal.

9   1999) 186 F.R.D. 584, 586-7. Defendant makes the conclusory claim that the requests seek

10  documents with broad definitions which requires it to search 'every single document' it owns.

11  Clearly this is an unfounded objection.

12  Like RFP No. 2, these Requests are reasonably calculated to lead to the discovery of

13  admissible evidence in that each seeks documents which will show that TRIPOD did not fulfill its

14  obligations under the controlling agreement(s). The SRA requires TRIPOD to pay BAY SALES

15  commissions on "invoices pertaining to Representative's orders." (SRA ¶ 5 (a).) Order means

16  "any purchase order/commitment to purchase [TRIPOD]'s product that is generated from within

17  [BAY SALES]' territory." (SRA ¶ 5 (e).) A territory is "a company … which places a purchase

18  order, which is accepted by the [TRIPOD]." (SRA ¶ 2 (a).) Thus these requested DOCUMENTS

19  pertain to matters relating to BAY SALES owed commissions and TRIPOD's breach of its

20  agreement(s) with BAY SALES. Unless it is clear that these requests the documents sought have

21  no possibility of bearing on the subject matter of the action, the discovery is relevant and should

22  be had. *Paulsen v. Case Corp.* (C.D. Cal. 1996) 168 F.R.D. 285, 288.

23  The requests do not become protected from discovery due to the referenced time period.

24  That period is appropriate and relevant to the lawsuit because BAY SALES still has rights to its

25  TERRITORIES under the controlling agreements, which survive any attempted termination of the

26  agreement. (SRA ¶ 2 (b).) To the extent the DOCUMENTS evidence sales to TERRITORIES,

27  those will show whether TRIPOD has complied with its contractual duty to pay commissions on

28

1   all such sales.  Furthermore TRIPOD owes commissions on all purchase orders placed until 30

2   days after termination.  To the extent that purportedly occurred on April 28, 2006, the requested

3   DOCUMENTS will evidence whether any such sales occurred such as to trigger TRIPOD's

4   obligations under the agreement(s).

5        The requested time period as to COMPANIES does not make the request overbroad.  Even

6   if the obligation to pay commissions on COMPANIES terminated in August, 2006, which BAY

7   SALES does not concede, BAY SALES is entitled to review the requested documents to see

8   whether TRIPOD accepted purchase orders and thereby created BAY SALES owed commissions

9   on any such sales during the time period.  Further time beyond the claimed September 23, 2006

10  end date is reasonable and necessary to investigate whether accounting irregularities will evidence

11  owed commissions which were triggered within the contractual time lines.

12       That said sales were "prospective" or "authorized by Tripod" does not take the request

13  outside the controlling agreement(s).  (See SRA, ¶ ¶ 5 (e) and 6.)  BAY SALES is furthermore

14  entitled to these DOCUMENTS to verify whether TRIPOD has manipulated its accountings to

15  avoid paying BAY SALES legitimately earned commissions on purchase order and commitments

16  made within 30 days of the alleged notice of termination.

17       The request also complies with FRCP 26 (b)(2) because it seeks DOCUMENTS from

18  TRIPOD in which it authorized SALES of its PCB's, of which it would have exclusive possession,

19  custody, or control.  BAY SALES could potentially get such documents from COMPANIES and

20  TERRITORIES through third party subpoenas, but this request to a party is less intrusive and less

21  expensive.

22       REQUEST NO. 6:

23       6.      All DOCUMENTS referring to or relating to revenues received by or on behalf of

24  TRIPOD in connection with SALES or prospective SALES to COMPANIES from June 11, 2002

25  to December 31, 2007.

26       Defendant's Response:

27       1.      This request is not set forth with "reasonable particularity" as required by FRCP

28

1  34(b);

2      2.    Neither this Request nor the Definitions or Instructions which precede it specify the

3  "time, place and manner of making the inspection and performing the related acts" as required by

4  FRCP 34(b);

5      3.    This request is overbroad, burdensome and oppressive in that it purports to seek

6  "all documents referring or relating to Bay Sales" without limitation or restriction of any kind,

7  without reference to any time frame and without reference to any particular subject matter.

8  Further, this Request incorporates a definition of "document" and a definition of "Bay Sales"

9  which are excessively broad in and of themselves, and such are separately objected to below. The

10  parties to this litigation began their business relationship in June, 2002 and terminated same in

11  April, 2006. The contract provided that termination could be made at any time and with no

12  liability except for payment of commissions through a maximum 120 days after termination. Such

13  120 day period would have expired in August, 2006. If Tripod attempted to literally comply with

14  this request, it would have to search every single document, including all of its accounting records

15  and all of its computer files, which it generated or which came into its possession in connection

16  with any of its business activities at any time in its history to determine whether Bay Sales was

17  mentioned in such document. Since Tripod is one of the ten largest manufacturers of printed

18  circuit boards in the world and has numerous employees and offices worldwide, such task would

19  consume thousands of hours and tens of thousands of dollars of expense. This is a violation of

20  FRCP 26(b)(2)(C) which prohibits any proposed discovery where the "burden and expense of such

21  proposed discovery outweighs its likely benefit, taking into account the needs of the case, the

22  importance of the issues at stake in the litigation and the importance of the proposed discovery in

23  resolving the issues." Further, this is a violation of FRCP 26(b)(2)(B) which provides that a party

24  need not provide discovery of electronically stored information...[which is] not reasonably

25  accessible."

26      4.    The definition of "Documents," incorporated into this request, is overbroad,

27  burdensome and oppressive and seeks to impermissibly impose a requirement to produce

28

documents which are not currently in Tripod's possession, custody or control. "Document" is defined to include a document that "was" in Tripod's possession, custody or control, even if it no longer is in Tripod's possession, custody or control." Further, the definition purports to impermissibly require the production of documents which were under the "constructive" rather than the actual possession of Tripod, although the term "constructive" is not defined and is, therefore, vague, ambiguous and uncertain.

5.     The definition of "Sales" incorporated in this request is overbroad and vague, ambiguous and uncertain in that the definition purports to require Tripod to identify "indirect" sales without defining same.

6.     The definition of "Companies" is overbroad, burdensome and oppressive, and made vague, ambiguous and uncertain in that the Request no only seeks documents with respect to entities identified in the Complaint, but in addition, with respect to all of their "past and present subsidiaries, divisions, affiliates, parents contractors, contract manufacturers, original design manufacturers, suppliers, agents, licensees, design licensees, predecessors, and successors in interest."

7.     This Request is vague, ambiguous and uncertain in that the use of the terms "prospective" sales and sales not only made by Tripod but "authorized by Tripod" have no recognized meaning.

8.     This Request is duplicative of Request No. 3 because "sales" and "revenues" are closely intertwined and often are identical.

9.     This request, as currently phrased, and because of its overbreadth, impermissibly seeks the production of matter which is not "relevant to the claim or defense of any party" in violation of FRCP 26(b)(1) because such request seeks documents related to Bay Sales irrespective of whether such documents are related to any subject matter or issue which is in dispute in this litigation.

10.     To the extent that Bay Sales seeks documents in this category because of its claim for punitive damages, such discovery is premature and prohibited by California Civil Code §3295.

1          11.    The purported Instructions preceding this request are in violation of FRCP 26 and

2    34 in that they purport to impose requirements on the manner of the production of documents

3    and/or the assertion of privileges which are not "reasonable" and which otherwise violate such

4    rules, including but not limited to purported requirements for privilege logs which are in excess of

5    the information required by FRCP 26(b)(5), purported requirements that Tripod identify the

6    history and disposition of documents that may have been responsive but are no longer in Tripod's

7    possession, custody, or control and purported requirements that Tripod identify the persons

8    responsible for, and the circumstances surrounding, such disposition.  As such, these Instructions

9    constitute interrogatories and should be set forth as same.

10          12.    This Request impermissibly attempts to commence discovery in violation of FRCP

11    26(d) prior to the time that Plaintiff has made a good faith effort to comply with its duties of initial

12    disclosure, as required by FRCP 26(f).

13          Tripod is willing to meet and confer with Bay Sales in an effort to modify this Request into

14    a form in which Tripod can respond.  Further, Tripod is voluntarily producing documents as part

15    of its Initial Disclosures which may be responsive to a proper request to produce documents.

16          <u>Plaintiff's Basis for Further Response:</u>

17          Defendant has invoked boilerplate objections without reference to the specific questions

18    asked.  Such objections are not well taken.  "Boilerplate, generalized objections are inadequate

19    and tantamount to not making any objection at all" and Defendant must show a particular harm

20    suffered from producing responses to the discovery.  *Walker v. Lakewood Condo Ass'n* (C.D. Cal.

21    1999) 186 F.R.D. 584, 586-7.  Defendant makes the conclusory claim that the requests seek

22    documents with broad definitions which requires it to search 'every single document' it owns.

23    Clearly this is an unfounded objection.

24          Like RFP No. 2, these Requests are reasonably calculated to lead to the discovery of

25    admissible evidence in that each seeks documents which will show that TRIPOD did not fulfill its

26    obligations under the controlling agreement(s).  The SRA requires TRIPOD to pay BAY SALES

27    commissions on "invoices pertaining to Representative's orders."  (SRA ¶ 5 (a).) Order means

28

NOTICE OF MOTION AND MOTION TO COMPEL DISCOVERY RESPONSES
C07 03702 JW (PVT)

1  "any purchase order/commitment to purchase [TRIPOD]'s product that is generated from within

2  [BAY SALES]' territory." (SRA ¶ 5 (e).) A territory is "a company … which places a purchase

3  order, which is accepted by the [TRIPOD]." (SRA ¶ 2 (a).)  Thus these requested DOCUMENTS

4  pertain to matters relating to BAY SALES owed commissions and TRIPOD's breach of its

5  agreement(s) with BAY SALES.  Unless it is clear that these requests the documents sought have

6  no possibility of bearing on the subject matter of the action, the discovery is relevant and should

7  be had.  *Paulsen v. Case Corp.* (C.D. Cal. 1996) 168 F.R.D. 285, 288.

8      The requests do not become protected from discovery due to the referenced time period.

9  That period is appropriate and relevant to the lawsuit because BAY SALES still has rights to its

10  TERRITORIES under the controlling agreements, which survive any attempted termination of the

11  agreement. (SRA ¶ 2 (b).)  To the extent the DOCUMENTS evidence sales to TERRITORIES,

12  those will show whether TRIPOD has complied with its contractual duty to pay commissions on

13  all such sales.  Furthermore TRIPOD owes commissions on all purchase orders placed until 30

14  days after termination.  To the extent that purportedly occurred on April 28, 2006, the requested

15  DOCUMENTS will evidence whether any such sales occurred such as to trigger TRIPOD's

16  obligations under the agreement(s).

17      The requested time period as to COMPANIES does not make the request overbroad.  Even

18  if the obligation to pay commissions on COMPANIES terminated in August, 2006, which BAY

19  SALES does not concede, BAY SALES is entitled to review the requested documents to see

20  whether TRIPOD accepted purchase orders and thereby created BAY SALES owed commissions

21  on any such sales during the time period.  Further time beyond the claimed September 23, 2006

22  end date is reasonable and necessary to investigate whether accounting irregularities will evidence

23  owed commissions which were triggered within the contractual time lines.

24      That said sales were "prospective" or "authorized by Tripod" does not take the request

25  outside the controlling agreement(s).  (See SRA, ¶ ¶ 5 (e) and 6.)  BAY SALES is furthermore

26  entitled to these DOCUMENTS to verify whether TRIPOD has manipulated its accountings to

27

28

1    avoid paying BAY SALES legitimately earned commissions on purchase order and commitments

2    made within 30 days of the alleged notice of termination.

3        The request also complies with FRCP 26 (b)(2) because it seeks DOCUMENTS from

4    TRIPOD in which it authorized SALES of its PCB's, of which it would have exclusive possession,

5    custody, or control.  BAY SALES could potentially get such documents from COMPANIES and

6    TERRITORIES through third party subpoenas, but this request to a party is less intrusive and less

7    expensive.

8        REQUEST NO. 7:

9        7.    All DOCUMENTS referring or relating to marking or labeling of printed circuit

10   boards manufactured by PCB Square Corp., Ltd. for TRIPOD, or any of the COMPANIES or

11   TERRITORIES.

12       Defendant's Response:

13       1.    This request is not set forth with "reasonable particularity" as required by FRCP

14   34(b);

15       2.    Neither this Request nor the Definitions or Instructions which precede it specify the

16   "time, place and manner of making the inspection and performing the related acts" as required by

17   FRCP 34(b);

18       3.    This request is overbroad, burdensome and oppressive in that it purports to seek

19   "all documents referring or relating to Bay Sales" without limitation or restriction of any kind,

20   without reference to any time frame and without reference to any particular subject matter.

21   Further, this Request incorporates a definition of "document" and a definition of "Bay Sales"

22   which are excessively broad in and of themselves, and such are separately objected to below.  The

23   parties to this litigation began their business relationship in June, 2002 and terminated same in

24   April, 2006.  The contract provided that termination could be made at any time and with no

25   liability except for payment of commissions through a maximum 120 days after termination.  Such

26   120 day period would have expired in August, 2006.  If Tripod attempted to literally comply with

27   this request, it would have to search every single document, including all of its accounting records

28

1   and all of its computer files, which it generated or which came into its possession in connection

2   with any of its business activities at any time in its history to determine whether Bay Sales was

3   mentioned in such document.  Since Tripod is one of the ten largest manufacturers of printed

4   circuit boards in the world and has numerous employees and offices worldwide, such task would

5   consume thousands of hours and tens of thousands of dollars of expense.  This is a violation of

6   FRCP 26(b)(2)(C) which prohibits any proposed discovery where the "burden and expense of such

7   proposed discovery outweighs its likely benefit, taking into account the needs of the case, the

8   importance of the issues at stake in the litigation and the importance of the proposed discovery in

9   resolving the issues."  Further, this is a violation of FRCP 26(b)(2)(B) which provides that a party

10  need not provide discovery of electronically stored information…[which is] not reasonably

11  accessible."

12          4.      The definition of "Documents," incorporated into this request, is overbroad,

13  burdensome and oppressive and seeks to impermissibly impose a requirement to produce

14  documents which are not currently in Tripod's possession, custody or control.  "Document" is

15  defined to include a document that "was" in Tripod's possession, custody or control, even if it no

16  longer is in Tripod's possession, custody or control."  Further, the definition purports to

17  impermissibly require the production of documents which were under the "constructive" rather

18  than the actual possession of Tripod, although the term "constructive" is not defined and is,

19  therefore, vague, ambiguous and uncertain.

20          5.      The definition of "Companies" incorporated in this Request is overbroad, vague,

21  and ambiguous and oppressive in that the Request not only seeks documents with respect to

22  entities identified in the Complaint but in addition, with respect to all of their "past and present

23  subsidiaries, divisions, affiliates, parents contractors, contract manufacturers, original design

24  manufacturers, suppliers, agents, licensees, design licensees, predecessors, and successors in

25  interest."

26          6.      This request, as currently phrased, and because of its overbreadth, and lack of any

27  time frame and excessive scope impermissibly seeks the production of matter which is not

28

1  "relevant to the claim or defense of any party" in violation of FRCP 26(b)(1) because such request

2  seeks documents related to an alleged entity which is not a party and is not referenced in the

3  Complaint and for an indefinite period of time.

4        7.    The purported Instructions preceding this request are in violation of FRCP 26 and

5  34 in that they purport to impose requirements on the manner of the production of documents

6  and/or the assertion of privileges which are not "reasonable" and which otherwise violate such

7  rules, including but not limited to purported requirements for privilege logs which are in excess of

8  the information required by FRCP 26(b)(5), purported requirements that Tripod identify the

9  history and disposition of documents that may have been responsive but are no longer in Tripod's

10  possession, custody, or control and purported requirements that Tripod identify the persons

11  responsible for, and the circumstances surrounding, such disposition.  As such, these Instructions

12  constitute interrogatories and should be set forth as same.

13        8.    This Request impermissibly attempts to commence discovery in violation of FRCP

14  26(d) prior to the time that Plaintiff has made a good faith effort to comply with its duties of initial

15  disclosure, as required by FRCP 26(f).

16        Tripod is willing to meet and confer with Bay Sales in an effort to modify this Request into

17  a form in which Tripod can respond.  Further, Tripod is voluntarily producing documents as part

18  of its Initial Disclosures which may be responsive to a proper request to produce documents.

19        Plaintiff's Basis for Further Response:  BAY SALES incorporates its previous responses to

20  Defendant's failure to respond to requests 2-6 as if set forth herein.  Further, TRIPOD has alleged

21  that it had good cause to terminate its agreement with BAY SALES (Answer, Affirmative Defense

22  Seven.)  The documents herein requested will help establish that in fact, in addition to its desire to

23  deprive BAY SALES of legitimately earned commissions, TRIPOD terminated BAY SALES

24  without cause and because it disagreed with BAY SALES related to an issue on marking or

25  labeling of printed circuit boards manufactured by PCB Square Corp., Ltd. for TRIPOD.  It thus is

26  relevant to disprove TRIPOD's seventh affirmative defense.

27

28

1    REQUEST NO. 8:

2        8.      All DOCUMENTS referring or relating to pricing of printed circuit boards sold for

3    use in Dell's products.

4        Defendant's Response:

5        1.      This request is not set forth with "reasonable particularity" as required by FRCP

6    34(b);

7        2.      Neither this Request nor the Definitions or Instructions which precede it specify the

8    "time, place and manner of making the inspection and performing the related acts" as required by

9    FRCP 34(b);

10       3.      This request is overbroad, burdensome and oppressive in that it purports to seek

11   "all documents referring or relating to Bay Sales" without limitation or restriction of any kind,

12   without reference to any time frame and without reference to any particular subject matter.

13   Further, this Request incorporates a definition of "document" and a definition of "Bay Sales"

14   which are excessively broad in and of themselves, and such are separately objected to below.  The

15   parties to this litigation began their business relationship in June, 2002 and terminated same in

16   April, 2006.  The contract provided that termination could be made at any time and with no

17   liability except for payment of commissions through a maximum 120 days after termination.  Such

18   120 day period would have expired in August, 2006.  If Tripod attempted to literally comply with

19   this request, it would have to search every single document, including all of its accounting records

20   and all of its computer files, which it generated or which came into its possession in connection

21   with any of its business activities at any time in its history to determine whether Bay Sales was

22   mentioned in such document.  Since Tripod is one of the ten largest manufacturers of printed

23   circuit boards in the world and has numerous employees and offices worldwide, such task would

24   consume thousands of hours and tens of thousands of dollars of expense.  This is a violation of

25   FRCP 26(b)(2)(C) which prohibits any proposed discovery where the "burden and expense of such

26   proposed discovery outweighs its likely benefit, taking into account the needs of the case, the

27   importance of the issues at stake in the litigation and the importance of the proposed discovery in

28

1    resolving the issues." Further, this is a violation of FRCP 26(b)(2)(B) which provides that a party

2    need not provide discovery of electronically stored information…[which is] not reasonably

3    accessible."

4        4.    The definition of "Documents," incorporated into this request, is overbroad,

5    burdensome and oppressive and seeks to impermissibly impose a requirement to produce

6    documents which are not currently in Tripod's possession, custody or control. "Document" is

7    defined to include a document that "was" in Tripod's possession, custody or control, even if it no

8    longer is in Tripod's possession, custody or control." Further, the definition purports to

9    impermissibly require the production of documents which were under the "constructive" rather

10   than the actual possession of Tripod, although the term "constructive" is not defined and is,

11   therefore, vague, ambiguous and uncertain.

12       5.    This request, as currently phrased, and because of its overbreadth, and lack of any

13   time frame and excessive scope impermissibly seeks the production of matter which is not

14   "relevant to the claim or defense of any party" in violation of FRCP 26(b)(1) because such request

15   seeks documents related to an alleged entity which is not a party and is not referenced in the

16   Complaint and for an indefinite period of time.

17       6.    The purported Instructions preceding this request are in violation of FRCP 26 and

18   34 in that they purport to impose requirements on the manner of the production of documents

19   and/or the assertion of privileges which are not "reasonable" and which otherwise violate such

20   rules, including but not limited to purported requirements for privilege logs which are in excess of

21   the information required by FRCP 26(b)(5), purported requirements that Tripod identify the

22   history and disposition of documents that may have been responsive but are no longer in Tripod's

23   possession, custody, or control and purported requirements that Tripod identify the persons

24   responsible for, and the circumstances surrounding, such disposition. As such, these Instructions

25   constitute interrogatories and should be set forth as same.

26       7.    This Request impermissibly attempts to commence discovery in violation of FRCP

27   26(d) prior to the time that Plaintiff has made a good faith effort to comply with its duties of initial

28

---

1  disclosure, as required by FRCP 26(f).

2      Tripod is willing to meet and confer with Bay Sales in an effort to modify this Request into

3  a form in which Tripod can respond.  Further, Tripod is voluntarily producing documents as part

4  of its Initial Disclosures which may be responsive to a proper request to produce documents.

5      Plaintiff's Basis for Further Response:  BAY SALES incorporates its previous responses to

6  Defendant's failure to respond to requests 2-7 as if set forth herein.  Further, TRIPOD has alleged

7  that it had good cause to terminate its agreement with BAY SALES (Answer, Affirmative Defense

8  Seven.)  The documents herein requested will help establish that in fact, in addition to its desire to

9  deprive BAY SALES of legitimately earned commissions, TRIPOD terminated BAY SALES

10  without cause and because BAY SALES objected to TRIPOD's breach of its NDA with DELL

11  when TRIPOD shared DELL pricing information with other manufacturers of PCB's.  It thus is

12  relevant to disprove TRIPOD's seventh affirmative defense.

13                    **SPECIAL INTERROGATORIES**

14      **SPECIAL INTERROGATORIES 1 and 2:**

15      1.    IDENTIFY each SALE of PCB's to each of the COMPANIES from June 11, 2002

16  through January 30, 2007.

17      2.    IDENTIFY each SALE of PCB's to each of the TERRITORIES from June 11,

18  2002 through December 31, 2007.

19      Defendant's Response:  Objections in the same vein as to those for documents requests on

20  the same subject matter.  They are boilerplate and verbose, and to the extent those responses are

21  attached their entirety in Exhibit "I" to the Declaration of Colin G. McCarthy in support hereof,

22  they are hereby incorporated by reference.

23      Plaintiff's Basis For Further Response:  Plaintiff hereby incorporates its basis for further

24  response to Requests for Production 3-6, above.    This information helps establish breach, fraud,

25  and quantum meruit claims, as well as associated damages.  To the extent the documents are

26  produced in response to RFP 3-6, Plaintiff may be able to hold these interrogatories in abeyance.

27

28

**SPECIAL INTERROGATORIES 3 and 4:**

3.      For each SALE to the Dell TERRITORY state which SALES were for: (a) desktop computers and (b) laptop computers.

4.      For each Sale to the nVidia TERRITORY state which SALES were to or for use by an nVidia design licensee or design licensee.

Defendant's Response:  Objections in the same vein as to those for documents requests on the same subject matter.  They are boilerplate and verbose, and to the extent those responses are attached their entirety in Exhibit "I" to the Declaration of Colin G. McCarthy in support hereof, they are hereby incorporated by reference.

Plaintiff's Basis For Further Response:  The information is necessary to establish damages consistent with the parties' agreement with respect to each company pro-rating commissions based on whether the sales were for laptops or desktop computers.  Neither interrogatory contains impermissible subparts.  Defendant's boilerplate objections are not well taken.  *Walker*, supra, 186 F.R.D. at 586-7.

Defendant's contention that the information sought applies to all sales, worldwide, and it is therefore both irrelevant and burdensome, misses the point.  DELL and nVidia are BAY SALES TERRITORIES, and as defined by the contract the territory is the company, not constrained by any geographical limit.  TRIPOD has not terminated the assigned territory pursuant to the contract terms.  As such the information on world wide sales, without limitation on time, is likely to lead to the discovery of admissible information and discoverable.  FRCP 26 (b)(1); *Paulsen,* supra,  168 F.R.D. at 288.  Furthermore the distinction between laptop and desktop computers bears on the commission to be earned, per the parties' agreement.

**SPECIAL INTERROGATORY NO. 5:**

5.      IDENTIFY all DOCUMENTS relating or referring to the Sales Representation Agreement between BAY SALES and TRIPOD including any drafts, modification, amendments, addenda, related agreements and negotiations therefore.

Defendant's Response:  Tripod objects to this interrogatory on each of the following

1    grounds:

2         1.      This Interrogatory, on its face, requires Tripod to answer not just one but a series of

3    questions which are distinct and each of which involves a separate, distinct and independent

4    investigation.  Further, when considered in light of the Definitions which are incorporated in the

5    Interrogatory, hundreds, if not thousands of additional subparts are required.  For example, the

6    term "Identify" as to documents is defined to require 8 separate pieces of information; the term

7    "Identify" as to persons is defined to include 3 separate pieces of information; the term "Sales"

8    requires analysis of 2 categories of sales – direct and indirect;  "Document" requires the

9    identification of documents which are currently in Tripod's possession, custody and control as

10   well as documents which are no longer in its possession, custody and control and further requires

11   the identification of documents in Tripod's actual possession, custody and control as well as its

12   constructive possession, custody and control; "Bay Sales" is defined to include not just Bay Sales

13   the entity but all of its past and present employees, officers, directors and agents; "PCBs" is

14   defined to include both products sold "by" Tripod as well as products sold "on behalf of" Tripod";

15   "Companies is defined to include not only 17 named entities but also all the "past and present

16   subsidiaries, divisions, affiliates, parents contractors, contract manufacturers, original design

17   manufacturers, suppliers, agents, licensees, design licensees, predecessors, and successors in

18   interest" of each of those categories; "Territory" is defined to include 5 specific entities plus all the

19   general category entities set forth with respect to "companies".  As such, this Interrogatory

20   includes discrete subparts which, in aggregate, and considered with the definitions and all other

21   interrogatories in this set, substantially exceed the permissible number of 25 interrogatories

22   allowed pursuant to FRCP 33 (a).

23        2.      The definition of "Documents," incorporated into this Interrogatory, is overbroad,

24   burdensome and oppressive and seeks to impermissibly impose a requirement to identify

25   documents which are not currently in Tripod's possession, custody or control.  "Document" is

26   defined to include a document that "was" in Tripod's possession, custody or control, even if it no

27   longer is in Tripod's possession, custody or control."  Further, the definition purports to

28

1  impermissibly require the production of documents which were under the "constructive" rather

2  than the actual possession of Tripod, although the term "constructive" is not defined and is,

3  therefore, vague, ambiguous and uncertain.

4     Plaintiff's Basis For Further Response:  Plaintiff hereby incorporates its basis for further

5  response to Requests for Production 1, above.   That this information is reasonably calculated to

6  lead to the discovery of admissible evidence in this breach of contract action is self-evident.

7  Defendant's boilerplate objections are unfounded. *Walker,* supra, 186 F.R.D. at 586-7.

8     **SPECIAL INTERROGATORIES 6-9:**

9        6.     IDENTIFY all DOCUMENTS referring or relating to actual or prospective SALES

10  of PCBs to the COMPANIES from June 11, 2002 through January 30, 2007.

11       7.     IDENTIFY all DOCUMENTS referring or relating to actual or prospective SALES

12  of PCBs to the TERRITORIES from June 11, 2002 through December 31, 2007.

13       8.     IDENTIFY all DOCUMENTS referring or relating to marking or labeling of

14  printed circuit boards manufactured by PCB Square Corp., Ltd. For TRIPOD, or any of the

15  COMPANIES or TERRITORIES.

16       9.     IDENTIFY all DOCUMENTS referring or relating to pricing of printed circuit

17  boards sold for use in Dell's products.

18     Defendant's Response:  Boilerplate objections in the same vein as to those for documents

19  requests (3-8) on the same subject matter.

20     Plaintiff's Basis For Further Response:  Plaintiff hereby incorporates its basis for further

21  response to Requests for Production 3-8, above.  If Defendant produces responsive documents to

22  those requests Plaintiff is willing to hold these requests in abeyance.

23     **SPECIAL INTERROGATORY NO. 10:**

24       10.    IDENTIFY all PERSONS who have acted as a sales representative of TRIPOD in

25  the United States since January 11, 2002.

26     Defendant's Response:   Tripod objects to this interrogatory on each of the following

27  grounds:

28

1         1.     This Interrogatory, on its face, requires Tripod to answer not just one but a series of

2    questions which are distinct and each of which involves a separate, distinct and independent

3    investigation.  Further, when considered in light of the Definitions which are incorporated in the

4    Interrogatory, hundreds, if not thousands of additional subparts are required.  For example, the

5    term "Identify" as to documents is defined to require 8 separate pieces of information; the term

6    "Identify" as to persons is defined to include 3 separate pieces of information; the term "Sales"

7    requires analysis of 2 categories of sales – direct and indirect;  "Document" requires the

8    identification of documents which are currently in Tripod's possession, custody and control as

9    well as documents which are no longer in its possession, custody and control and further requires

10   the identification of documents in Tripod's actual possession, custody and control as well as its

11   constructive possession, custody and control; "Bay Sales" is defined to include not just Bay Sales

12   the entity but all of its past and present employees, officers, directors and agents; "PCBs" is

13   defined to include both products sold "by" Tripod as well as products sold "on behalf of" Tripod";

14   "Companies is defined to include not only 17 named entities but also all the "past and present

15   subsidiaries, divisions, affiliates, parents contractors, contract manufacturers, original design

16   manufacturers, suppliers, agents, licensees, design licensees, predecessors, and successors in

17   interest" of each of those categories; "Territory" is defined to include 5 specific entities plus all the

18   general category entities set forth with respect to "companies".  As such, this Interrogatory

19   includes discrete subparts which, in aggregate, and considered with the definitions and all other

20   interrogatories in this set, substantially exceed the permissible number of 25 interrogatories

21   allowed pursuant to FRCP 33 (a).

22        2.     This Interrogatory, as currently phrased, and because of its overbreadth, and lack of

23   any time frame and excessive scope of time impermissibly seeks the production of matter which is

24   not "relevant to the claim or defense of any party" in violation of FRCP 26(b)(1) because such

25   Interrogatory seeks documents related to PCB sales irrespective of whether such documents are

26   related to any subject matter or issue which is in dispute in this litigation.

27        3.     This request impermissibly attempts to commence discovery in violation of FRCP

28

1  26(d) prior to the time that Plaintiff has made a good faith effort to comply with its duties of initial

2  disclosure, as required by FRCP 26 (f).

3  Tripod is willing to meet and confer with Bay Sales in an effort to modify this

4  Interrogatory into a form in which Tripod can respond.  Further, Tripod is voluntarily producing

5  documents as part of its Initial Disclosure which may be responsive to a proper interrogatory.

6  Plaintiff's Basis For Further Response:  Again, the boilerplate objections on impermissible

7  subparts and relevancy are not well taken. Plaintiff is entitled to learn the identity of similarly

8  situated sales representative companies during the relevant time period.  The discovery of such

9  information can lead to the discovery of admissible evidence by way of establishing breach of the

10  contract if these representatives received commissions in BAY SALES TERRITORIES OR

11  COMPANIES.  Further these representatives may have knowledge of the circumstances

12  surrounding TRIPOD's attempted termination of the agreements, its fraudulent induction of BAY

13  SALES to give up the MOTOROLA TERRITORY, and establishment of sales with BAY SALES

14  COMPANIES and TERRITORIES after TRIPOD stopped paying it commissions.

15

16

17

18

19

20

21

22

23

24

25

26

27

28