JOHN W. FOWLER, Bar No. 037463
jfowler@be-law.com
DONALD P. GAGLIARDI, Bar No. 138979
dgagliardi@be-law.com
COLIN McCARTHY, Bar No. 191410
cmccarthy@be-law.com
BERGESON, LLP
303 Almaden Boulevard, Suite 500
San Jose, CA 95110-2712
Telephone:  (408) 291-6200
Facsimile:  (408) 297-6000

Attorneys for Plaintiff
BAY SALES, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| BAY SALES, INC., a California corporation | Case No.  C 07 03702 JW (PVT) |
| Plaintiff, | **DECLARATION OF COLIN G. MCCARTHY IN SUPPORT OF MOTION TO COMPEL** |
| vs. | |
| TRIPOD TECHNOLOGY CORPORATION, a Taiwanese corporation and DOES 1 to 10, | Date:  June 3, 2008<br>Time:  10:00 A.M.<br>Judge: Magistrate Trumbull<br>Dept:  Courtroom 5  (Fourth Floor) |
| Defendants. | |
| | Complaint Filed:  June 19, 2007<br>Trial Date:  None Set |

1     1.     I am an attorney licensed to practice law before all of the courts of the State of

2    California.  I am an associate in the law firm of Bergeson, LLP, counsel of record for Plaintiff Bay

3    Sales, Inc. ("Bay Sales") in the above-captioned action.  I have personal knowledge of the facts set

4    forth in this declaration, and, if called to do so, I could and would competently testify thereto.

5     2.     Attached hereto as Exhibit "A" is a true and correct copy of the April 4, 2008 meet

6    and confer letter I authored and caused to be sent to Michael Maher, counsel for Defendant Tripod

7    on that date in the manner prescribed.

8     3.     On April 9, 2008, Mr. Maher for Defendant Tripod, and John Fowler, Esq. and I for

9    Bay Sales had a telephone conference to meet and confer on the discovery issues.  Attached hereto

10   as Exhibit "B" is a true and correct copy of the April 9, 2008 confirming e-mail I authored and

11   caused to be sent to Mr. Maher on that date.

12    4.     On April 15, 2008, Mr. Maher for Defendant Tripod, and John Fowler, Esq. and I

13   for Bay Sales had a follow-up telephone conference to meet and confer on the discovery issues.

14   Attached hereto as Exhibit "C" is a true and correct copy of the April 15, 2008 confirming e-mail I

15   authored and caused to be sent to Mr. Maher on that date.

16    5.     Attached hereto as Exhibit "D" is a true and correct copy of the April 17, 2008

17   meet and confer letter relating to companies for which Bay Sales required sales documents which I

18   authored, prepared and caused to be sent to Michael Maher, counsel for Defendant Tripod on that

19   date in the manner prescribed.

20    6.     Mr. Maher cancelled a follow-up telephone conference concerning Exhibit "D".

21   Attached hereto as Exhibit "E" is a true and correct copy of his cancellation e-mail which I

22   received and caused to be saved to this file.

23    7.     I sent Mr. Maher several follow-up emails seeking to re-engage the meet and confer

24   process, true and correct copies of which are attached hereto as Exhibit "F".  Mr. Maher never sent

25   the reply document to my April 17, 2008 meet and confer table. (Exhibit "D").

26    8.     I sent to Mr. Maher an e-mail and fax advising of the proposed hearing date and

27   never heard a response from him.

28

DECLARATION OF COLIN G. MCCARTHY IN SUPPORT OF MOTION TO COMPEL
C07 03702 JW (PVT)

1    9.    Neither I nor any other attorney at this office has received substantive responses to

2  the Requests for Production or Special Interrogatories Bay Sales served on Defendant Tripod.

3    10.    The only responses given to these requests were objections.

4    I declare under penalty of perjury under the laws of the United States of America that the

5  foregoing is true and correct and that this declaration was executed this _29th_ day of April 2008 at

6  San Jose, California.

7

8    _____
       Colin G. McCarthy

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF COLIN G. MCCARTHY IN SUPPORT OF MOTION TO COMPEL
C07 03702 JW (PVT)

**EXHIBIT A**

**BERGESON, LLP**

ATTORNEYS AT LAW
303 ALMADEN BOULEVARD, SUITE 500
SAN JOSE, CALIFORNIA 95110
TELEPHONE (408) 291-6200
FACSIMILE (408) 297-6000
WWW.BE-LAW.COM

April 4, 2008

*Via E-mail and Federal Express*

Michael K. Maher
Maher, Renzi & Maher
4175 E. La Palma Ave., Suite 205
Anaheim, CA 92807

      Re: *Bay Sales, Inc. vs. Tripod Technology Corporation* Case No. C 07 03702
      PVT, U.S. District Course, Northern District of California

Dear Mr. Maher:

      This is a follow up to Mr. Fowler's voicemail to you of last week and my email to you dated March 27, 2008 in which we requested that you provide me with your availability this week to meet-and-confer regarding your client's discovery responses.

      Since I have not had a response to these inquiries to you, I have taken the liberty of setting forth Bay Sales, Inc.'s position to Tripod's responses below, and we propose scheduling a telephonic conference for Tuesday, April 8 at 1:00 pm. We will call you at your office at that time unless in the interim we hear from you to the contrary.

      If you have any questions or concerns, please do not hesitate to contact me.

      Sincerely,

      COLIN G. McCARTHY

AFFILIATED COUNSEL:

ANTHONY M. GLASSMAN      BERGESON & CAMPBELL      MARK E. FOSTER
BEVERLY HILLS, CA 90210      WASHINGTON, D.C. 20005      SAN JOSE, CA 95110

Michael K. Maher
April 4, 2008
Page 2

## PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE

In addition to the specific points raised below in response to specific requests, each request for DOCUMENTS seeks documents which directly relate to the contractual, promissory estoppel, fraud and deceit, quantum meruit, California's Independent Wholesale Representatives Contractual Relations Act, and Accounting causes of actions in the complaint.   Without reference to the specific factual disputes raised by Defendant, and addressed below, good cause exists on the basis of each request's direct bearing on these causes of action.

REQUEST NO. 1

1.      All DOCUMENTS referring or relating to BAY SALES, including all communications to or from BAY SALES.

Defendant's Response:

1.      This request is not set forth with "reasonable particularity" as required by FRCP 34(b);

2.      Neither this Request nor the Definitions or Instructions which precede it specify the "time, place and manner of making the inspection and performing the related acts" as required by FRCP 34(b);

3.      This request is overbroad, burdensome and oppressive in that it purports to seek "all documents referring or relating to Bay Sales" without limitation or restriction of any kind, without reference to any time frame and without reference to any particular subject matter.  Further, this Request incorporates a definition of "document" and a definition of "Bay Sales" which are excessively broad in and of themselves, and such are separately objected to below.  The parties to this litigation began their business

Michael K. Maher
April 4, 2008
Page 3

relationship in June, 2002 and terminated same in April, 2006. The contract provided

that termination could be made at any time and with no liability except for payment of

commissions through a maximum 120 days after termination. Such 120 day period

would have expired in August, 2006. If Tripod attempted to literally comply with this

request, it would have to search every single document, including all of its accounting

records and all of its computer files, which it generated or which came into its possession

in connection with any of its business activities at any time in its history to determine

whether Bay Sales was mentioned in such document. Since Tripod is one of the ten

largest manufacturers of printed circuit boards in the world and has numerous employees

and offices worldwide, such task would consume thousands of hours and tens of

thousands of dollars of expense. This is a violation of FRCP 26(b)(2)(C) which prohibits

any proposed discovery where the "burden and expense of such proposed discovery

outweighs its likely benefit, taking into account the needs of the case, the importance of

the issues at stake in the litigation and the importance of the proposed discovery in

resolving the issues." Further, this is a violation of FRCP 26(b)(2)(B) which provides

that a party need not provide discovery of electronically stored information…[which is]

not reasonably accessible."

     4.     The definition of "Documents," incorporated into this request, is

overbroad, burdensome and oppressive and seeks to impermissibly impose a requirement

to produce documents which are not currently in Tripod's possession, custody or control.

"Document" is defined to include a document that "was" in Tripod's possession, custody

or control, even if it no longer is in Tripod's possession, custody or control." Further, the

definition purports to impermissibly require the production of documents which were

Michael K. Maher
April 4, 2008
Page 4

under the "constructive" rather than the actual possession of Tripod, although the term
"constructive" is not defined and is, therefore, vague, ambiguous and uncertain.

      5.      The definition of "Bay Sales" incorporated in this request is overbroad
because it purports to require Tripod to search not only for references to Bay Sales but
also to any reference to Bay Sales' past and present employees, agents, officers and
directors." However, the definition does not list who such persons are.  To the extent that
Tripod has no knowledge of who those persons are, it cannot be required to investigate
and search for such names.  To the extent that Tripod has some knowledge of who such
persons are, their omnibus inclusion in this definition impermissibly expands the scope of
this request and imposes even greater burden and expense.

      6.      This request, as currently phrased, and because of its overbreadth,
impermissibly seeks the production of matter which is not "relevant to the claim or
defense of any party" in violation of FRCP 26(b)(1) because such request seeks
documents related to Bay Sales irrespective of whether such documents are related to any
subject matter or issue which is in dispute in this litigation

      7.      The purported Instructions preceding this request are in violation of FRCP
26 and 34 in that they purport to impose requirements on the manner of the production of
documents and/or the assertion of privileges which are not "reasonable" and which
otherwise violate such rules, including but not limited to purported requirements for
privilege logs which are in excess of the information required by FRCP 26(b)(5),
purported requirements that Tripod identify the history and disposition of documents that
may have been responsive but are no longer in Tripod's possession, custody, or control
and purported requirements that Tripod identify the persons responsible for, and the

Michael K. Maher
April 4, 2008
Page 5

circumstances surrounding, such disposition. As such, these Instructions constitute

interrogatories and should be set forth as same.

        8.     This Request impermissibly attempts to commence discovery in violation

of FRCP 26(d) prior to the time that Plaintiff has made a good faith effort to comply with

its duties of initial disclosure, as required by FRCP 26(f).

       Tripod is willing to meet and confer with Bay Sales in an effort to modify this

Request into a form in which Tripod can respond. Further, Tripod is voluntarily

producing documents as part of its Initial Disclosures which may be responsive to a

proper request to produce documents.

       <u>Plaintiff's Basis for Further Response</u>: RFP No. 1 is reasonably calculated to lead

to the discovery of admissible evidence in that it seeks documents which will evidence

the circumstances leading to the formation of BAY SALES' contractual relationship with

Defendant TRIPOD. The Sales Representation Agreement of June 11, 2002 (the "SRA")

is ambiguous regarding the payment of commissions to BAY SALES after attempted

termination. (See SRA at ¶10.) Parol evidence can thus be used to interpret and explain

the parties' agreement. Thus even though TRIPOD has produced the SRA in its Rule 26

initial disclosure, BAY SALES is entitled to all DOCUMENTS relating to BAY SALES

as they may bear on the issue of contract formation and interpretation, as well as the

parties' respective performance of the SRA and related agreements.

       To the extent the parties' relationship was limited to the contractual relationships

that are the subject matter of this lawsuit, the request for all DOCUMENTS concerning

BAY SALES seeks documents which directly relate to the contractual, promissory

estoppel, fraud and deceit, quantum meruit, California's Independent Wholesale

Michael K. Maher
April 4, 2008
Page 6

Representatives Contractual Relations Act, and Accounting causes of actions in the

complaint.

It also complies with FRCP 26 (b)(2) because only TRIPOD has custody, control

or possession of its files concerning BAYSALES.   BAY SALES may be willing to hold

this request in abeyance to the extent DOCUMENTS responsive to Requests 3-8 are

provided by TRIPOD.

REQUEST NO. 2

2.      All DOCUMENTS referring or relating to actual or prospective SALES of

PCB's by or authorized by TRIPOD from June 11, 2002 to December 31, 2008.

Defendant's Response:  Except for concerns related to definitions underlying this

discovery request, Defendant's boilerplate objection and response is virtually identical to

that given to Plaintiff's Request for Production No. 1.  In the interest of cost and

expediency, they will not, therefore, be repeated here.

Plaintiff's Basis for Further Response:  RFP No. 2 is reasonably calculated to lead

to the discovery of admissible evidence in that it seeks documents which will evidence

whether TRIPOD fulfilled its obligations under the controlling agreement(s).  Such

DOCUMENTS will show TRIPOD's sales to BAY SALES' COMPANIES and/or

TERRITORIES.  They will evidence TRIPOD's compliance with its contractual duty to

pay BAY SALES commissions from the inception of the underlying agreement(s)

through the present.

TRIPOD's primary objection is to the time period of documents requested.  That

time period is appropriate and relevant to the lawsuit because BAY SALES still has

rights to its TERRITORIES under the controlling agreements, as TRIPOD has not elected

to "terminate such assigned territories from Representative." (SRA, ¶ 2 (b).)  At the very

Michael K. Maher
April 4, 2008
Page 7

least BAY SALES right to commissions from those territories has not terminated as the

SRA is ambiguous or silent on payment of commission from TERRITORIES after the

contract is terminated. (SRA, ¶ 2 (b) and ¶10.)   Moreover, the time period is appropriate

as the DOCUMENTS evidence sales to COMPANIES which will show whether

TRIPOD has complied with its contractual duty to pay commissions on all sales,

including those to customers within 30 days of the April 28, 2006 notice of termination of

the agreement.

This request complies with FRCP 26 (b)(2) because it seeks DOCUMENTS  from

TRIPOD which BAY SALES does not have and over which TRIPOD has exclusive

possession, custody, or control.  BAY SALES could potentially get such documents from

COMPANIES and TERRITORIES through third party subpoenas, but this request to a

party is less intrusive and less expensive.  BAY SALES may be willing to hold this

request in abeyance to the extent DOCUMENTS responsive to Requests 3-8 are provided

by TRIPOD.

REQUESTS NO. 3 and 4

3.    All DOCUMENTS referring or relating to actual or prospective SALES of

PCB's by or authorized by TRIPOD to TERRITORIES from June 11, 2002 to December

31, 2007.

Defendant's Response:  Except for concerns related to definitions underlying this

discovery request, Defendant's boilerplate objection and response is virtually identical to

that given to Plaintiff's Request for Production No. 1.  In the interest of cost and

expediency, they will not, therefore, be repeated here.

Michael K. Maher
April 4, 2008
Page 8

4.      All DOCUMENTS referring or relating to actual or prospective SALES of

PCB's by or authorized by TRIPOD to COMPANIES from June 11, 2002 to January 31,

2007.

Defendant's Response:  Except for concerns related to definitions underlying this

discovery request, Defendant's boilerplate objection and response is virtually identical to

that given to Plaintiff's Request for Production No. 1.  In the interest of cost and

expediency, they will not, therefore, be repeated here.

Plaintiff's Basis for Further Response:

Defendant has invoked boilerplate objections without reference to the specific

questions asked.  Such objections are not well taken.  "Boilerplate, generalized objections

are inadequate and tantamount to not making any objection at all" and Defendant must

show a particular harm suffered from producing responses to the discovery.  *Walker v.*

*Lakewood Condo Ass'n* (C.D. Cal. 1999) 186 F.R.D. 584, 586-7.  Defendant makes the

conclusory claim that the requests seek documents with broad definitions which requires

it to search 'every single document' it owns.  Clearly this is an unfounded objection.

Like RFP No. 2, these Requests are reasonably calculated to lead to the discovery

of admissible evidence in that each seeks documents which will show that TRIPOD did

not fulfill its obligations under the controlling agreement(s).  The SRA requires TRIPOD

to pay BAY SALES commissions on "invoices pertaining to Representative's orders."

(SRA ¶ 5 (a).) Order means "any purchase order/commitment to purchase [TRIPOD]'s

product that is generated from within [BAY SALES]' territory."  (SRA ¶ 5 (e).) A

territory is "a company ... which places a purchase order, which is accepted by the

[TRIPOD]."  (SRA ¶ 2 (a).)  Thus these requested DOCUMENTS pertain to matters

relating to BAY SALES owed commissions and TRIPOD's breach of its agreement(s)

Michael K. Maher
April 4, 2008
Page 9

with BAY SALES. Unless it is clear that these requests the documents sought have no possibility of bearing on the subject matter of the action, the discovery is relevant and should be had. *Paulsen v. Case Corp.* (C.D. Cal. 1996) 168 F.R.D. 285, 288.

The requests do not become protected from discovery due to the referenced time period. That period is appropriate and relevant to the lawsuit because BAY SALES still has rights to its TERRITORIES under the controlling agreements, which survive any attempted termination of the agreement. (SRA ¶ 2 (b).) To the extent the DOCUMENTS evidence sales to TERRITORIES, those will show whether TRIPOD has complied with its contractual duty to pay commissions on all such sales. Furthermore TRIPOD owes commissions on all purchase orders placed until 30 days after termination. To the extent that purportedly occurred on April 28, 2006, the requested DOCUMENTS will evidence whether any such sales occurred such as to trigger TRIPOD's obligations under the agreement(s).

The requested time period as to COMPANIES does not make the request overbroad. Even if the obligation to pay commissions on COMPANIES terminated in August, 2006, which BAY SALES does not concede, BAY SALES is entitled to review the requested documents to see whether TRIPOD accepted purchase orders and thereby created BAY SALES owed commissions on any such sales during the time period. Further time beyond the claimed September 23, 2006 end date is reasonable and necessary to investigate whether accounting irregularities will evidence owed commissions which were triggered within the contractual time lines.

That said sales were "prospective" or "authorized by Tripod" does not take the request outside the controlling agreement(s). (See SRA, ¶ ¶ 5 (e) and 6.) BAY SALES is furthermore entitled to these DOCUMENTS to verify whether TRIPOD has manipulated

Michael K. Maher
April 4, 2008
Page 10

its accountings to avoid paying BAY SALES legitimately earned commissions on

purchase order and commitments made within 30 days of the alleged notice of

termination.

The request also complies with FRCP 26 (b)(2) because it seeks DOCUMENTS

from TRIPOD in which it authorized SALES of its PCB's, of which it would have

exclusive possession, custody, or control. BAY SALES could potentially get such

documents from COMPANIES and TERRITORIES through third party subpoenas, but

this request to a party is less intrusive and less expensive.

REQUESTS NO. 5 and 6

5.    All DOCUMENTS referring to or relating to revenues received by or on

behalf of TRIPOD in connection with SALES or prospective SALES to TERRITORIES

from June 11, 2002 to January 31, 2007.

Defendant's Response: Except for concerns related to definitions underlying this

discovery request, Defendant's boilerplate objection and response is virtually identical to

that given to Plaintiff's Request for Production No. 1. In the interest of cost and

expediency, they will not, therefore, be repeated here.

6.    All DOCUMENTS referring to or relating to revenues received by or on

behalf of TRIPOD in connection with SALES or prospective SALES to COMPANIES

from June 11, 2002 to December 31, 2007.

Defendant's Response: Except for concerns related to definitions underlying this

discovery request, Defendant's boilerplate objection and response is virtually identical to

that given to Plaintiff's Request for Production No. 1. In the interest of cost and

expediency, they will not, therefore, be repeated here.

Michael K. Maher
April 4, 2008
Page 11

<u>Plaintiff's Basis for Further Response:</u>

Defendant has again invoked invalid boilerplate objections without reference to the specific questions asked. *Walker*, supra, 186 F.R.D. at 586-7. (See Response to 3 and 4 above.)

Like previous requests which Defendant did not answer, these Requests are reasonably calculated to lead to the discovery of admissible evidence. BAY SALES hereby incorporates its response to Defendant's failure to respond to Requests 2-4 as if set forth herein. While these are similar to Requests Three and Four, these requested DOCUMENTS will show TRIPOD's actual receipts and revenues related to TRIPOD's sales BAY SALES' COMPANIES and TERRITORIES. This was allowed pursuant to the agreement (SRA ¶5 (b)) and it will allow BAY SALES to determine whether TRIPOD paid commissions owed under the agreement. BAY SALES right to commissions on TRIPOD's sales in an established TERRITORY could not be terminated under the agreement except pursuant to paragraph 2 (b) of the SRA. Thus these requested DOCUMENTS pertain to matters relating to BAY SALES owed commissions and TRIPOD's breach of its agreement(s) with BAY SALES. Again, since it is clear that these requests the documents sought have a mere possibility of bearing on the subject matter of the action, the discovery is relevant and should be had. *Paulsen,* supra, 168 F.R.D. at 288.

The request also complies with FRCP 26 (b)(2) because it seeks DOCUMENTS from TRIPOD in which it authorized SALES of its PCB's, of which it would have exclusive possession, custody, or control. BAY SALES could potentially get such documents from COMPANIES and TERRITORIES through third party subpoenas, but this request to a party is less intrusive and less expensive.

Michael K. Maher
April 4, 2008
Page 12

REQUEST NO. 7:

7.        All DOCUMENTS referring or relating to marking or labeling of printed

circuit boards manufactured by PCB Square Corp., Ltd. for TRIPOD, or any of the

COMPANIES or TERRITORIES.

Defendant's Response:  Except for concerns related to definitions underlying this

discovery request, Defendant's boilerplate objection and response is virtually identical to

that given to Plaintiff's Request for Production No. 1.  In the interest of cost and

expediency, they will not, therefore, be repeated here.

Plaintiff's Basis for Further Response:  BAY SALES incorporates its previous

responses to Defendant's failure to respond to requests 2-6 as if set forth herein.  Further,

TRIPOD has alleged that it had good cause to terminate its agreement with BAY SALES

(Answer, Affirmative Defense Seven.)  The documents herein requested will help

establish that in fact, in addition to its desire to deprive BAY SALES of legitimately

earned commissions, TRIPOD terminated BAY SALES without cause and because it

disagreed with BAY SALES related to an issue on marking or labeling of printed circuit

boards manufactured by PCB Square Corp., Ltd. for TRIPOD.  It thus is relevant to

disprove TRIPOD's seventh affirmative defense.

8.        All DOCUMENTS referring or relating to pricing of printed circuit boards

sold for use in Dell's products.

Defendant's Response:  TRIPOD's Objections to these Requests are virtually

identical to those made in objection to RFP No. 1, and the interest of expediency and

cost, those will not be repeated here.

Plaintiff's Basis for Further Response:  BAY SALES incorporates its previous

responses to Defendant's failure to respond to requests 2-7 as if set forth herein.  Further,

Michael K. Maher
April 4, 2008
Page 13

TRIPOD has alleged that it had good cause to terminate its agreement with BAY SALES
(Answer, Affirmative Defense Seven.)  The documents herein requested will help
establish that in fact, in addition to its desire to deprive BAY SALES of legitimately
earned commissions, TRIPOD terminated BAY SALES without cause and because BAY
SALES objected to TRIPOD's breach of its NDA with DELL when TRIPOD shared
DELL pricing information with other manufacturers of PCB's.  It thus is relevant to
disprove TRIPOD's seventh affirmative defense.

### SPECIAL INTERROGATORIES

### SPECIAL INTERROGATORIES 1 and 2:

1.      IDENTIFY each SALE of PCB's to each of the COMPANIES from June
11, 2002 through January 30, 2007.

2.      IDENTIFY each SALE of PCB's to each of the TERRITORIES from June
11, 2002 through December 31, 2007.

Defendant's Response:  Objections in the same vein as to those for documents
requests on the same subject matter.  They will not be repeated here.

Plaintiff's Basis For Further Response:  Plaintiff hereby incorporates its basis for
further response to Requests for Production 3-6, above.   This information helps establish
breach, fraud, and quantum meruit claims, as well as associated damages.  To the extent
the documents are produced in response to RFP 3-6, Plaintiff's may be able to hold this
request in abeyance.

### SPECIAL INTERROGATORIES 3 and 4:

3.      For each SALE to the Dell TERRITORY state which SALES were for: (a)
desktop computers and (b) laptop computers.

Michael K. Maher
April 4, 2008
Page 14

4.    For each Sale to the nVidia TERRITORY state which SALES were to or for use by an nVidia design licensee or design licensee.

Defendant's Response:  Except for concerns related to definitions underlying this discovery request, Defendant's boilerplate objection and response is virtually identical to that given to Plaintiff's Request for Production No. 1.  In the interest of cost and expediency, they will not, therefore, be repeated here.

Plaintiff's Basis For Further Response:  The information is necessary to establish damages consistent with the parties' agreement with respect to each company pro-rating commissions based on whether the sales were for laptops or desktop computers.  Neither interrogatory contains impermissible subparts.  Defendant's boilerplate objections are not well taken.  *Walker*, supra, 186 F.R.D. at 586-7.

Defendant's contention that the information sought applies to all sales, worldwide, and it is therefore both irrelevant and burdensome, misses the point.  DELL and nVidia are BAY SALES TERRITORIES, and as defined by the contract the territory is the company, not constrained by any geographical limit.  TRIPOD has not terminated the assigned territory pursuant to the contract terms.  As such the information on world wide sales, without limitation on time, is likely to lead to the discovery of admissible information and discoverable.  FRCP 26 (b)(1); *Paulsen*, supra,  168 F.R.D. at 288.

SPECIAL INTERROGATORY NO. 5:

5.    IDENTIFY all DOCUMENTS relating or referring to the Sales Representation Agreement between BAY SALES and TRIPOD including any drafts, modification, amendments, addenda, related agreements and negotiations therefore.

Defendant's Response:  Except for concerns related to definitions underlying this discovery request, Defendant's boilerplate objection and response is virtually identical to

Michael K. Maher
April 4, 2008
Page 15

that given to Plaintiff's Request for Production No. 1.  In the interest of cost and

expediency, they will not, therefore, be repeated here.

    <u>Plaintiff's Basis For Further Response</u>:  Plaintiff hereby incorporates its basis for

further response to Requests for Production 1, above.    That this information is

reasonably calculated to lead to the discovery of admissible evidence in this breach of

contract action is self-evident.  Defendant's boilerplate objections are unfounded.

*Walker,* supra, 186 F.R.D. at 586-7.

    SPECIAL INTERROGATORIES 6-9:

    6.    IDENTIFY all DOCUMENTS referring or relating to actual or

prospective SALES of PCBs to the COMPANIES  from June 11, 2002 through January

30, 2007.

    7.    IDENTIFY all DOCUMENTS referring or relating to actual or

prospective SALES of PCBs to the TERRITORIES from June 11, 2002 through

December 31, 2007.

    8.    IDENTIFY all DOCUMENTS referring or relating to marking or labeling

of printed circuit boards manufactured by PCB Square Corp., Ltd. For TRIPOD, or any

of the COMPANIES or TERRITORIES.

    9.    IDENTIFY all DOCUMENTS referring or relating to pricing of printed

circuit boards sold for use in Dell's products.

    <u>Defendant's Response</u>:  Boilerplate objections in the same vein as to those for

documents request on the same subject matter.

    <u>Plaintiff's Basis For Further Response</u>:  Plaintiff hereby incorporates its basis for

further response to Requests for Production 3-8, above.  If Defendant produces

Michael K. Maher
April 4, 2008
Page 16

responsive documents to those requests Plaintiff is willing to hold these requests in

abeyance.

SPECIAL INTERROGATORY NO. 10:

10.    IDENTIFY all PERSONS who have acted as a sales representative of

TRIPOD in the United States since January 11, 2002.

Defendant's Response:  Except for concerns related to definitions underlying this

discovery request, Defendant's boilerplate objection and response is virtually identical to

that given to Plaintiff's Request for Production No. 1.  In the interest of cost and

expediency, they will not, therefore, be repeated here.

Plaintiff's Basis For Further Response:  Again, the boilerplate objections on

impermissible subparts and relevancy are not well taken. Plaintiff is entitled to learn the

identity of similarly situated sales representative companies during the relevant time

period.  The discovery of such information can lead to the discovery of admissible

evidence by way of establishing breach of the contract if these representatives received

commissions in BAY SALES TERRITORIES OR COMPANIES.  Further these

representatives may have knowledge of the circumstances surrounding TRIPOD's

attempted termination of the agreements, its fraudulent induction of BAY SALES to give

up the MOTOROLA TERRITORY, and establishment of sales with BAY SALES

COMPANIES and TERRITORIES after TRIPOD stopped paying it commissions.

**EXHIBIT B**

## Virginia Ross

**From:**    Colin McCarthy
**Sent:**    Wednesday, April 09, 2008 11:18 AM
**To:**      Michael K Maher
**Cc:**      John Fowler; Shauna Walker; Virginia Ross
**Subject:** Bay Sales v. Tripod

Mike:

This correspondence follows the meet and confer telephone conference we had today with Mr. Fowler. In that conference we discussed and reached agreement on further action on the following issues:

1)   Requests for Production of Documents concerning SALES to COMPANIES. (Requests 4 and 6). Plaintiff will accept all SALES documents to the 15 COMPANIES listed in paragraph 19 through December 31, 2006. COMPANIES means not just the listed company, but any company that was a "conduit/licensee" of each. You indicated you thought this would be acceptable but needed to check with your client.

2)   Requests for Production of Documents concerning SALES to TERRITORIES. (Requests 3 and 5). Plaintiff will not accept any time limitation on these documents as the SRA does not provide for termination of the TERRITORIES absent specific events which have not occurred. Plaintiff thus will accept documents concerning the four TERRITORIES (nVidia, Jabil, Dell, and SanDisk) through the dates listed in the discovery requests (December 31, 2007) and Plaintiff will supplement for documents through the time of trial. TERRITORIES means also any "conduit/licensee" of each. You disagreed that production was warranted based simply on our pleading of this theory in the complaint, indicating you disagreed with the theory itself. If the theory is not valid, you indicated, discovery is not warranted. You indicated you would check with your client as to whether they would be willing to produce these documents instead of respond to a motion to compel.

3)   Requests for Production of Documents concerning labeling and Dell Pricing. (Requests 7 and 8). Plaintiff will accept all documents responsive to these requests. You indicated that you did not see the relevance given there is no requirement for cause to terminate the contract, but were not willing to waive affirmative defenses that reference cause and breach by Plaintiffs as a basis for terminating the agreement. You will check with your client as to whether there are any documents responsive to this request.

We agreed to "circle back" on these issues on Monday, April 14, 2008 at 1:30 p.m. My assistant Virginia will set a conference and circulate details via e-mail. If you do not hear from her with call-in information by Friday, please contact me.

We also agreed to extend the time in which to submit expert disclosures and reports. Originally due on Monday, April 14, 2008, per our agreement and subject to the Court's approval, these disclosures are now due April 28, 2008.

I have tried to restate the discussion as accurately as possible. If I have not done so, please let me know immediately so that I can correct it.

Thank you for your time and attention to these matters.

Colin G. McCarthy, Esq.

4/9/2008

Bergeson, LLP
303 Almaden Blvd.
Suite 500
San Jose, CA 95110-2712
Main:  408 291-6200
Direct: 408 291-2764
Fax: 408 297-6000
Email: cmccarthy@be-law.com

The information transmitted in this e-mail (including any attachments) is a private communication for the sole use of the above individual or entity and may contain privileged and/or confidential information that may be exempt from disclosure under law.  If you are not an intended recipient, do not forward this email.  Interception of this message may be a federal crime.  Any unauthorized dissemination, distribution, or copy of this communication (including any attachments) is strictly prohibited.  If this e-mail has been transmitted to you in error, please notify the person listed above immediately, and delete the original message (including any attachments).

IRS Circular 230 Disclosure: To ensure compliance with requirements posed by the IRS, we inform you that any U.S. federal tax advice in this communication (including attachments) is not intended or written by Bergeson, LLP to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.  2008 Bergeson, LLP [All Rights Reserved].

4/9/2008

**EXHIBIT C**

## Virginia Ross

| | |
|---|---|
| **From:** | Colin McCarthy |
| **Sent:** | Tuesday, April 15, 2008 3:48 PM |
| **To:** | Michael K Maher |
| **Cc:** | John Fowler; Shauna Walker; Virginia Ross |
| **Subject:** | BaySales: 4-15-08 Meet and Confer Follow-up |

Mike:

This follows today's meet and confer discussions. We will have another telephone conference on Thursday, also at 1:30 p.m. which my assistant Virginia will set up and of which she will give you call in information. Below I summarize our discussion points and further action:

1) Defendant Tripod has agreed to produce all sales documents related to the companies listed in the summary spreadsheet at p. TID-33 of Tripod's initial disclosure through the date of December 31, 2006, irrespective of whether they are defined as TERRITORIES or COMPANIES. With respect to those COMPANIES at paragraph 19 of the complaint, Bay Sales has agreed it will narrow the list to those COMPANIES for which we have documents evidencing Tripod's assignment of said company to BaySales. Tripod agreed, tentatively and subject to client approval, to produce all sales documents related to such documented COMPANIES through three months after termination. BaySales has two exceptions to this time limitation: as for Jabil and Motorola, BaySales requires documents through December 31, 2006 based on the fact that BaySales was asked to forego both companies in exchange for receipt of the Dell territory. You indicated you would discuss this with your client and get back to us.

2) The parties were unable, at this time, to reach agreement on the time period for production of sales documents for the TERRITORIES (nVidia, SanDisk, and Dell). BaySales is entitled to the documents through the time of trial (and for the purposes of the current discovery dispute – through December 31, 2007) based on the fact that the TERRITORIES have not been terminated. Tripod disputes BaySales contract interpretation and contends that simply because that is our interpretation, does not mean discovery can be had. The interpretation, Tripod suggests, must be sustainable in order for there to be discovery. The parties may have to "agree to disagree" on this issue and bring it before the Court for resolution, but you were going to approach Tripod again to see if there position will change.

3) Regarding production of documents 7&8 on labeling and Dell pricing disclosures, the parties agreed to that production will be provided concerning the specific sub-contractor which labeled PCB's in violation of UL standards and respecting the pricing disclosures, all documents for the relevant time period which we think, at this time, is late 2005 and early 2006.

We also agreed that Tripod can disclose experts by Monday, April 21, 2008 and BaySales can offer rebuttal designations no later than two weeks after that, May 5, 2008. A formal letter confirming that will follow this e-mail, along with a courtesy copy of our expert report via overnight mail.

Thank you, and please advise if I have inadvertently misconstrued our discussion today.

Yours,

Colin G. McCarthy, Esq.
Bergeson, LLP
303 Almaden Blvd.
Suite 500
San Jose, CA 95110-2712
Main: 408 291-6200
Direct: 408 291-2764

4/16/2008

Fax: 408 297-6000
Email: cmccarthy@be-law.com

The information transmitted in this e-mail (including any attachments) is a private communication for the sole use of the above individual or entity and may contain privileged and/or confidential information that may be exempt from disclosure under law. If you are not an intended recipient, do not forward this email. Interception of this message may be a federal crime. Any unauthorized dissemination, distribution, or copy of this communication (including any attachments) is strictly prohibited. If this e-mail has been transmitted to you in error, please notify the person listed above immediately, and delete the original message (including any attachments).

IRS Circular 230 Disclosure: To ensure compliance with requirements posed by the IRS, we inform you that any U.S. federal tax advice in this communication (including attachments) is not intended or written by Bergeson, LLP to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein. 2008 Bergeson, LLP [All Rights Reserved].

4/16/2008

**EXHIBIT D**

**BERGESON, LLP**

ATTORNEYS AT LAW
303 ALMADEN BOULEVARD, SUITE 500.
SAN JOSE, CALIFORNIA 95110
TELEPHONE (408) 291-6200
FACSIMILE (408) 297-6000
WWW.BE-LAW.COM

April 17, 2008

*VIA E-MAIL AND FACSIMILE*

Michael K. Maher
Maher, Renzi & Maher
4175 E. La Palma Ave., Suite 205
Anaheim, CA 92807

Re: *Bay Sales, Inc. vs. Tripod Technology Corporation* Case No. C 07 03702
PVT, U.S. District Course, Northern District of California

Dear Mr. Maher:

In follow-up to Tuesday's and today's meet and confer, and in anticipation of tomorrow's meet and confer, enclosed please find a list of companies for which Bay Sales will require sales documents. The "Sales Cut Off Date" is the date through which Bay Sales will require documents for each company. Supporting documentation establishing these as reserved companies is also enclosed, per your request.

The call-in information for tomorrow's 1:30 p.m. telephone conference is 1-888-296-1938. You will be asked to enter your participant code number (577828). You will be automatically joined to the conference call. Should you need assistance during the conference call, please press # then 0 for a list of menu options.

Sincerely,

Colin G. McCarthy

Enclosures
CGM:vr

ANTHONY M. GLASSMAN
BEVERLY HILLS, CA 90210

AFFILIATED COUNSEL:
BERGESON & CAMPBELL
WASHINGTON, D.C. 20005

MARK E. FOSTER
SAN JOSE, CA 95110

BAY SALES, INC. RESERVED COMPANIES – SALES INFORMATION

| COMPANY | RESERVATION END-DATE | SALES DATA CUT OFF DATE | SOURCE |
|---|---|---|---|
| Alcatel-Lucent | No end date | December 31, 2006 | 4-28-03 E-mail from Sally @ Tripod reserving Lucent for Bay Sales (B0006) |
| Delphi World and North America | January 1, 2006 | May 30, 2006 | Addendum A (B0001) |
| Good Technology | No end date | December 31, 2006 | E-mail 11-5-02 from Sally @ Tripod reserving Good Technology for Bay Sales (B0005) |
| Hewlett Packard | January 1, 2006 | May 30, 2006 | Addendum A (B0001) |
| Hitachi | January 1, 2006 | May 30, 2006 | Addendum A (B0001) |
| International Business Machines | No end date | December 31, 2006 | E-mail 03-08-2004 from Sally @ Tripod reserving IBM for Bay Sales (B0002) |
| Jabil Worldwide* | Relinquished in reliance on fraudulent promises re: Dell Territory | December 31, 2007 | Addendum A (B0001) |
| Plantronics | January 1, 2006 | May 30, 2006 | Addendum A (B0001) |
| Qualcomm | No end date | December 31, 2006 | E-mail 5-12-2002 from Gary @ Bay Sales Taiwan showing Paul @ Tripod reserved Qualcom for Bay Sales (B0003) |
| Research in Motion | No end date | December 31, 2006 | E-mail 11-05-2002 from Paul @ Tripod reserving RIM for Bay Sales (B0005) |
| Solectron (Flextronics acquired them) | January 1, 2006 | May 30, 2006 | Addendum A (B0001) |

| COMPANY | RESERVATION END-DATE | SALES DATA CUT OFF DATE | SOURCE |
|---|---|---|---|
| Trimble Navigation | January 1, 2006 | May 30, 2006 | Addendum A (B0001) |
| Motorola* | January 1, 2006 (Relinquished in reliance on fraudulent promise of Dell Territory) | December 31, 2006 | Addendum A (B0001) |

*Bay Sales reserves the right to seek production of Sales information through trial for Jabil, Dell, SanDisk, nVidia, and Motorola.

ADDENDUM A

# Account List

**Bay Sales, Inc.**

394 Martin Ave. Santa Clara, California 95050 USA
Tel: (408) 919-6600   Fax: (408) 919-2803

Kaye Aghassi
Cell: (408) 807-7857
E-mail: kaye_aghassi@baysales1.com

Don Phillips
Cell: (408) 799-7035
E-mail: don_phillips@baysales1.com

* Exisiting Customers

| Customer Name | Location | Remark |
|---|---|---|
| SanDisk | Sunnyvale, Ca. | |
| Nvidia | Santa Clara, CA | |

* Potential Customers

| Customer Name | Location | Reservation Period | |
|---|---|---|---|
| Jabil-WW | Worldwide | 01/01/2004~01/01/2006 | |
| Inkra | | 04/01/2003 ~ 03/30/2004 | Please remove |
| Roche | | 04/01/2003 ~ 03/30/2004 | Please remove |
| Xentex | | 04/01/2003 ~ 03/30/2004 | Please remove |
| Tarari | San Diego, Ca | 01/01/2004~01/01/2006 | |
| Delphi Automotive | | 01/01/2004~01/01/2006 | |
| Canopus USA | | 01/01/2004~01/01/2006 | |
| Hitachi/IBM | San Jose, CA | 01/01/2004~01/01/2006 | |
| Selectron | USA & Europe | 01/01/2004~01/01/2006 | |
| Plantronics | Santa Cruz, CA | 01/01/2004~01/01/2006 | |
| HP | Fort Collins, CO, US | 01/01/2004~01/01/2006 | |
| HPQ | Houston, TX, USA | 01/01/2004~01/01/2006 | |
| Motorola WW | | 01/01/2004~01/01/2006 | |
| Trimble Navigation | Sunnyvale, CA | 01/01/2004~01/01/2006 | |
| Xilinx | San Jose, CA | 01/01/2004~01/01/2006 | |

B00001



行銷 Sally Chen 陳聰珠
<Sally_Chen@tripod-tech.co
m>
03/08/2004 06:19 PM

To  "Don Phillips" <Don_Phillips@baysales1.com>, "Kaye
     Aghassi" <Kaye_Aghassi@baysales1.com>
cc  "Leo Chiang" <leoc@tripod-tech.com>, "Sam Black"
     <SamChen@tripod-tech.com>
bcc
Subject  FW: Accounts

Dear Don & Kaye,

Xilinx - As we discuss during your recent visit  Kaye and I know and worked with the entire Xilinx  BGA
Substrate Design Group. This entire group originally was with Unicap and worked at Apler in our Offices.
Xilinx hired the entire group after Peter Kuo left Unicap. We also know the Groups manager  Abu Eghan
Sr. Manager Packing Development Engineering. This would be a natural synergistic sell as we are already
doing Proto type PCB business with three Xilinx Units, High End Technology, Desk Top Products and the
Xilinx Lab in Canada.
(Sally) Okay to open this account to Bay Sales. . Please help to develop this account for TRIPOD.

IBM - Again form our discussion you are aware that Mike Bitner and I made several strong contacts not
only with IBM but also Intel during the PCB Symposium. In each case the contacts are part of the PCB .
Commodity Team responsible for vendor selection and approval.  Additional IBM is currently looking for a
Supplier or Suppliers to fill a technology gap that they feel exists today. The best tim to approach Ahmad
is now while the PCB Symposium/CAT results are still fresh in his mind.
(Sally) Also, this account has been reserved to Bay Sales and hope we'll be successful very soon.......


Best Regards,
Sally

**From:** Don Phillips [mailto:DonPhillips@baysales1.com]
**Sent:** Friday, March 05, 2004 8:56 AM
**To:** 管理 Leo Chiang 蔣決決
**Subject:** Accounts
Hello Leo


We wanted to take a moment to follow-up on our discussions regarding accounts, but first  we would like .
to thank you and the team for the support on Trimble, thanks.  Please let us know if you would like a
conference call with Mike, Kaye and myself to discuss Xilinx & IBM in greater detail.


Xilinx - As we discuss during your recent visit  Kaye and I know and worked with the entire Xilinx  BGA
Substrate Design Group. This entire group originally was with Unicap and worked at Apler in our Offices.
Xilinx hired the entire group after Peter Kuo left Unicap. We also know the Groups manager  Abu Eghan
Sr. Manager Packing Development Engineering. This would be a natural  synergistic sell as we are
already doing Proto type PCB business with three Xilinx Units, High End Technology, Desk Top Products
and the Xilinx Lab in Canada.


IBM - Again form our discussion you are aware that Mike Bitner and I made several strong contacts not
only with IBM but also Intel during the PCB Symposium. In each case the contacts are part of the PCB
Commodity Team responsible for vendor selection and approval.  Additional IBM is currently looking for a
Supplier or Suppliers to fill a technology gap that they feel exists today. The best time to approach Ahmad

B00002

 **Gary Feng**
05/13/2002 05:40 AM

To: Kaye Aghassi/Apler@Apler, Don Phillips/Apler@Apler
cc:
Subject: RE: Tripod Agreement

Hi Kaye,

Paul added their additional comment in red for the agreement. Please advise if you have any comment. Thanks.

Gary Feng
— Forwarded by Gary Feng/Apler on 2002/05/12 08:31 PM —

 行銷 Paul Li 李賣任
<lip@tripod-tech.com>
2002/05/11 12:08 PM

To: Gary Feng <Gary_Feng@baysales1.com>
cc: 管理 Leo Chiang 蔣汱汱 <leoc@tripod-tech.com>
Subject: RE: Tripod Agreement

```
Dear Gary,
     I add Qualcomm onto the customer list.
Best Regards,
Paul Li

-------Original Message-----
From: 行銷 Paul Li 李賣任
Sent: Saturday, May 11, 2002 12:51 PM
To: 'Gary Feng'
Cc: 管理 Leo Chiang 蔣汱汱
Subject: RE: Tripod Agreement


Dear Gary,
     Attached file is our formal reply for the agreement between our future
cooperation, I did add some sentences inside the agreement shown in RED
character. Please be kindly let me know if there is any concern or comment.
Thanks a lot.
Best Regards,
Paul Li

-----Original Message-----
From: Gary Feng [mailto:Gary_Feng@baysales1.com]
Sent: Tuesday, May 07, 2002 2:31 PM
To: 行銷 Paul Li 李賣任
Cc: 管理 Leo Chiang 蔣汱汱
Subject: Tripod Agreement


Hi Paul,

Attached please find the contract for your reviewing, please advise if you
have any problem.

Gary Feng

----- Forwarded by Gary Feng/Apler on 2002/05/07 02:16 PM -----


               Kaye Aghassi
```

**B00003**

Fax: + 886-3-4699925
E-mail: sally_chen@tripod-tech.com
Hand Phone: +886-925-037399

-----Original Message-----
From: Don Phillips [mailto:Don_Phillips@baysales1.com]
Sent: Thursday, October 24, 2002 6:16 AM
To: 行銷 Sally Chen 陳曉萍; 行銷 Paul Li 李賢任
Cc: Kaye Aghassi
Subject: Research In Motion (RIM)

Hi Sally

Please let me know if Research In Motion (RIM) is an available account.
Per my understanding RIM is not working with a Asian base PCB supplier.

PCB technology:
Higher end technology
High Tg 150 C
Blind & Buried vias
Micro vias requiring laser aberration
RF critical designs
Requires dielectric consistency, key point.  According to Dave @ RIM not
many suppliers are capable
Assume  4 mil lines and spacing at this time
(TRIPOD)-IS-OKAY-TO-RESERVE-THIS-ACCOUNT FOR BAY SALES.

Please advise your experience level with working with RF sensitive
(designs) parts and material. Please express this in sq ft/month or as a %
of total monthly sales. This answer and the answers to the following 5
questions will be key to getting Dave's attention.

1. What % of the total sales $ or sq. ft. is produced with Micro Vias
2. What % of the total sales $ or sq. ft. is produced with Sequential
lamination, blind & buried vias
    (TRIPOD) AROUND 38,600SF/MONTH, WHICH IS LESS THAN 10% OF OUR TOTAL
PRODUCTION
                         CAPACITY.  50% FOR SEQUENTIAL, 50% FOR BLIND & BURIED.

3. What % of the total sales $ or sq. ft. is produced on laminate with a Tg
=> 150 C Tg?
    (TRIPOD) APPROX. 5 %

4. What % of the total sales or sq. ft. is produced using laser drills
    (TRIPOD) APPROX. 5%

5. Number of laser drills at each location that may be considered for
manufacturing their products.
    (TRIPOD) CURRENT OWNS 2 SETS IN TRIPOD TAIWAN.  WE USE SOME SUB-CON
       . WHICH HAVE 10 SETS.  ALSO, IF BUSINESS IS SOLID, WE MAY
CONSIDER
                    TO PURCHASE NEW LASER DRILLER (TAIWAN AT LEAST UNTIL END OF
2003)
                    L/T IS 45 DAYS FROM PO TO RECEIVE!!

Research In Motion is a world leader in mobile communication market and has
a history of developing breakthrough wireless solutions.

RIM's portfolio of award-winning products, services and embedded
technoloiges are used be thousands of organizations around the world and

B00004



行給 Sally Chen 陳曉萍
<sally_chen@tripod-tec
h.com>

To: Don Phillips <Don_Phillips@baysales1.com>
cc: 行給 Paul Li 李寶任 <lp@tripod-tech.com>, Katy Tsay
       <katytsay@tripod-tech.com>
Subject: RE: Good Technology

11/05/2002 06:12 PM

Hi Don,

Okay to reserve this account to Bay Sales....

Best Regards,
Sally Chen
Sales & Marketing Dept./Tripod Technology Corp.
Tel:  +886-3-4195678, Ext. #725
Fax: + 886-3-4699925
E-mail: sally_chen@tripod-tech.com
Hand Phone: +886-925-037399

-----Original Message-----
From: Don Phillips [mailto:Don_Phillips@baysales1.com]
Sent: Wednesday, November 06, 2002 2:28 AM
To: 行給 Sally Chen 陳曉萍
Cc: 行給 Paul Li 李寶任
Subject: Good Technology

Hi Sally

I'm going into a new potential account tomorrow Good Technology in
Sunnyvale, Ca and would like to know if Tripod is already working with them
or not. This companies products are similar to RIM.

thanks

Don Phillips
Bay Sales, Inc.
394 Martin Ave.
Santa Clara, Ca 95050
(408) 919-6600 Office
(408) 919-2803 FAX
(408) 799-7035 Mobil

This email may contain confidential and privileged material for the sole
use of the intended recipient.  Any review or distribution by others is
strictly prohibited.  If you are not the intended recipient please contact
the sender and delete all copies.

B00005



行銷 Sally Chen 度聰萍
&lt;Sally_Chen@tripod-tec.
h.com&gt;

04/28/2003.08:22 PM

To: Don Phillips &lt;Don_Phillips@baysales1.com&gt;
cc: Kaye Aghassi &lt;Kaye_Aghassi@baysales1.com&gt;, Leo Chiang
&lt;leoc@tripod-tech.com&gt;, Maggie Teng
&lt;maggie_teng@tripod-tech.com&gt;
Subject: RE: Tripod / Lucent Quote

Hi Don,

Because of this situation, I've also reserved Lucent for Bay Sales.
Please be informed.

Best Regards,
Sally Chen
Sales & Marketing Division/TRIPOD Technology Corp.
Tel: +886-3-4195678, Ext. #725
Fax: +886-3-4699925
Cell: +886-925037399
E-Mail: sally_chen@tripod-tech.com

-----Original Message-----
From: Don Phillips [mailto:Don_Phillips@baysales1.com]
Sent: Tuesday, April 29, 2003 5:47 AM
To: Jimmy_Ooi@jabil.com; Julie_Ooi@jabil.com
Cc: mark_revitzer@jabil.com; 行銷 Sally Chen 度聰萍
Subject: Tripod / Lucent Quote

Hi

I'm please to introduce Bay Sales and myself as Tripod's Global Agent for
Jabil. Personally I've worked with Jabil for many years, mainly in the
Americas, Mexico and Scotland, and I'm very please to continue my
association by representing Tripod. During our initial meeting last Friday
with Mark Revitzer, Bob Davidson and Don Providence Mark advised us that he
had requested a Lucent quote package be sent to Tripod via my attention.
As I haven't received the quote package and Gerber yet we would like to
suggest that the package be sent to Tripod attention Sally Chen and copy me
until we have our local support in place. Sally's and my contact
information is listed below. In addition to my contact info below I can
also be reached after hours at my home phone (650) 559-0671.

Sally Chen
Sales & Marketing Division/TRIPOD Technology Corp
Tel: +886-3-4195678, Ext. #725
Fax: +886-3-4699925
Cell: +886-925037399
E-Mail: sally_chen@tripod-tech.com

Thanks,

Don Phillips
Bay Sales, Inc.
394 Martin Ave.
Santa Clara, Ca 95050
(408) 919-6600 Office
(408) 919-2803 FAX
(408) 799-7035 Mobil

B00006

**EXHIBIT E**

**From:** Michael K Maher [mailto:mmaher@maherlaw.com]
**Sent:** Friday, April 18, 2008 1:14 PM
**To:** Colin McCarthy
**Cc:** John Fowler
**Subject:** Bay Sales

    Thank you for your letter of yesterday. I am in the process of preparing a written reply which I hope to have to you by mid afternoon. I was hoping to complete it before our call but the press of other business got in the way of that goal. I believe it would be more productive to defer our conference call today until after you have received and reviewed the letter I am working on. Accordingly, I will not be calling in at 1:30 today. Please contact me after you have had an opportunity to review my letter. E-mail is fine for this purpose or you may call me on my direct line which is 714 998 6341. Thank you.
    Mike Maher

**EXHIBIT F**

# Shauna Walker

**From:** Colin McCarthy
**Sent:** Tuesday, April 22, 2008 1:09 PM
**To:** Michael K Maher
**Cc:** John Fowler; Shauna Walker; Virginia Ross
**Subject:** RE: Bay Sales

Mike:

Can you provide me with a status on this reply to our e-mail of last Friday? We need that response or we will have to make a motion. We would rather not, but we will if we have to. Thanks in advance.

Colin G. McCarthy, Esq.
Bergeson, LLP
303 Almaden Blvd.
Suite 500
San Jose, CA 95110-2712
Main: 408 291-6200
Direct: 408 291-2764
Fax: 408 297-6000
Email: cmccarthy@be-law.com

The information transmitted in this e-mail (including any attachments) is a private communication for the sole use of the above individual or entity and may contain privileged and/or confidential information that may be exempt from disclosure under law. If you are not an intended recipient, do not forward this email. Interception of this message may be a federal crime. Any unauthorized dissemination, distribution, or copy of this communication (including any attachments) is strictly prohibited. If this e-mail has been transmitted to you in error, please notify the person listed above immediately, and delete the original message (including any attachments).

IRS Circular 230 Disclosure: To ensure compliance with requirements posed by the IRS, we inform you that any U.S. federal tax advice in this communication (including attachments) is not intended or written by Bergeson, LLP to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein. 2008 Bergeson, LLP [All Rights Reserved].

**From:** Michael K Maher [mailto:mmaher@maherlaw.com]
**Sent:** Monday, April 21, 2008 9:29 AM
**To:** Colin McCarthy
**Subject:** RE: Bay Sales

Be patient. I am still working on it. As far as I know, there is no time limit on a bringing a motion to compel so I don't believe you are prejudiced by the extra day or so. However, I am willing to extend whatever deadline you believe to be applicable and/or of concern in order for us to complete the meet and confer process which we so productively started last week.I know of no obstacle preventing us from completing same this week.
Mike Maher

**From:** Colin McCarthy [mailto:CMcCarthy@be-law.com]
**Sent:** Monday, April 21, 2008 8:50 AM
**To:** Michael K Maher
**Cc:** John Fowler
**Subject:** RE: Bay Sales

4/22/2008

Mike:

I never got that reply that you were writing. We will need that today because the time for a motion to compel is getting short. We will need to file soon if we cannot resolve our issues.

Colin G. McCarthy, Esq.
Bergeson, LLP
303 Almaden Blvd.
Suite 500
San Jose, CA 95110-2712
Main: 408 291-6200
Direct: 408 291-2764
Fax: 408 297-6000
Email: cmccarthy@be-law.com

The information transmitted in this e-mail (including any attachments) is a private communication for the sole use of the above individual or entity and may contain privileged and/or confidential information that may be exempt from disclosure under law. If you are not an intended recipient, do not forward this email. Interception of this message may be a federal crime. Any unauthorized dissemination, distribution, or copy of this communication (including any attachments) is strictly prohibited. If this e-mail has been transmitted to you in error, please notify the person listed above immediately, and delete the original message (including any attachments).

IRS Circular 230 Disclosure: To ensure compliance with requirements posed by the IRS, we inform you that any U.S. federal tax advice in this communication (including attachments) is not intended or written by Bergeson, LLP to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein. 2008 Bergeson, LLP [All Rights Reserved].

**From:** Michael K Maher [mailto:mmaher@maherlaw.com]
**Sent:** Friday, April 18, 2008 1:14 PM
**To:** Colin McCarthy
**Cc:** John Fowler
**Subject:** Bay Sales

Thank you for your letter of yesterday. I am in the process of preparing a written reply which I hope to have to you by mid afternoon. I was hoping to complete it before our call but the press of other business got in the way of that goal. I believe it would be more productive to defer our conference call today until after you have received and reviewed the letter I am working on. Accordingly, I will not be calling in at 1:30 today. Please contact me after you have had an opportunity to review my letter. E-mail is fine for this purpose or you may call me on my direct line which is 714 998 6341. Thank you.
Mike Maher

**EXHIBIT G**

## Virginia Ross

**From:** Colin McCarthy
**Sent:** Wednesday, April 23, 2008 4:25 PM
**To:** Michael K Maher
**Cc:** John Fowler; Shauna Walker; Virginia Ross
**Subject:** Bay Sales: Motion to Compel Date

Mr. Maher:

We have not yet received the substantive response to our meet and confer submission on companies, nor have we heard back from you on whether Territories sales documents will be produced through the end of 2007, despite repeated requests for the same.  Pursuant to a local standing order, please advise it will cause you undue prejudice if we set our motion to compel for June 3, 2008.

Virginia: please fax this e-mail to Mr. Maher.

Colin G. McCarthy, Esq.
Bergeson, LLP
303 Almaden Blvd.
Suite 500
San Jose, CA 95110-2712
Main:  408 291-6200
Direct: 408 291-2764
Fax: 408 297-6000
Email: cmccarthy@be-law.com

The information transmitted in this e-mail (including any attachments) is a private communication for the sole use of the above individual or entity and may contain privileged and/or confidential information that may be exempt from disclosure under law.  If you are not an intended recipient, do not forward this email.  Interception of this message may be a federal crime.  Any unauthorized dissemination, distribution, or copy of this communication (including any attachments) is strictly prohibited.  If this e-mail has been transmitted to you in error, please notify the person listed above immediately, and delete the original message (including any attachments).

IRS Circular 230 Disclosure: To ensure compliance with requirements posed by the IRS, we inform you that any U.S. federal tax advice in this communication (including attachments) is not intended or written by Bergeson, LLP to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.  2008 Bergeson, LLP [All Rights Reserved].