1  JOHN W. FOWLER, Bar No. 037463
   jfowler@be-law.com
2  COLIN McCARTHY, Bar No. 191410
   cmccarthy@be-law.com
3  BERGESON, LLP
   303 Almaden Boulevard, Suite 500
4  San Jose, CA 95110-2712
   Telephone:  (408) 291-6200
5  Facsimile:   (408) 297-6000

6  Attorneys for Plaintiff
   BAY SALES, INC.

7

8

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11                  SAN JOSE DIVISION

12

13  BAY SALES, INC., a California corporation          Case No.  C 07 03702 JW (PVT)

14       Plaintiff,                                    **SUPPLEMENTAL DECLARATION OF
                                                       JOHN W. FOWLER IN SUPPORT OF
15            vs.                                      MOTION TO COMPEL**

16  TRIPOD TECHNOLOGY CORPORATION, a                   Date:   July 22, 2008
    Taiwanese corporation and DOES 1 to 10,            Time:   10:00 A.M.
17                                                     Judge: Magistrate Trumbull
         Defendants.                                   Dept:   Courtroom 5  (Fourth Floor)
18

19

20                                                     Complaint Filed:     June 19, 2007
                                                       Trial Date:          None Set
21

22

23

24

25

26

27

28

1.      I am an attorney licensed to practice law before all of the courts of the State of California and this Court. I am a partner in the law firm of Bergeson, LLP, counsel of record for Plaintiff Bay Sales, Inc. ("Bay Sales") in the above-captioned action. I have personal knowledge of the facts set forth in this declaration, and, if called to do so, I could and would competently testify thereto.

2.      I submit this declaration in support of the Bay Sales' Notice Of Motion And Motion To Compel Discovery Responses From Defendant Tripod ("Motion"). The Motion seeks an order compelling defendant Tripod Technology Corporation ("Tripod") to produce documents, and to respond to Special Interrogatories. The Motion was first filed on April 29, 2008 and was set for hearing on June 3, 2008. After Bay Sales filed and served the Motion the parties again met and conferred and then entered into an agreement in which Tripod agreed to produce documents partially responsive to Request Nos. 1-6, and responsive to Request Nos. 6 and 7. In return Bay Sales agreed to take the Motion off calendar and not to renew it until after June 16, 2008. That date was agreed by the parties to be the last date for Tripod to file a dispositive motion on the issues relating to the Tripod sales information sought in this motion. A copy of the Stipulation and Order specifying the June 16 date is attached hereto as Exhibit 1.

3.      Tripod provided documents responsive to Requests 6 and 7, mooting the Motion with respect to those document requests. Tripod also produced some documents relating to Request Nos. 1-6 for a limited period through the end of 2006 but refused to produce the documents relating to sales of PCB's after 2006 and also refused to produce documents for Dell products other than desktop computers. Tripod has not provided further responses to the Special Interrogatories. Bay Sales also agreed to limit its requests for sales information to sales relating to Jabil, Dell, nVidia and San Disk.

4.      On June 17, 2008 I spoke with counsel for Tripod, Michael Maher, regarding our unresolved Requests and Special Interrogatories. I advised him that since Tripod had not filed a dispositive motion by June 16 as specified in Exhibit 1, Bay Sales had set a hearing on the Motion for June 15. On June 22, counsel for Tripod and I agreed to change the hearing date to July 22,

1  and entered into a Stipulation and Proposed Order that was accepted by the Court on June 23,

2  2008, a copy of which is attached as Exhibit 2.

3       5.      Only Request for Production of Documents Nos. 1, 2 , 3 and 5 are part of the

4  Motion,  Request Nos. 4, 6, 7, and 8 are no longer part of the Motion.

5       6.      Only Special Interrogatory Nos. 1, 2, 3, 4, 5 and 10 are part of the Motion.  Special

6  Interrogatory Nos. 6,7,8 and 9 are no longer part of the Motion

7       7.      For the convenience of the court I have attached as Exhibit 3 hereto a copy of

8  APPENDIX A of the Motion on which I have added the notation " MOTION WITHDRAWN" or

9  "JABIL, DELL, NVIDIA and SAN DISK only" after the title of each Request and Special

10  Interrogatory to show the new limits to Bay Sales' Motion.

11       8.      Attached as Exhibit 4 is a Proposed Order Granting Plaintiff Bay Sales, Inc.'s

12  Motion To Compel which reflects the withdrawals and limitations noted in Exhibit 3.

13       I declare under penalty of perjury under the laws of the United States of America that the

14  foregoing is true and correct and that this declaration was executed this 24th day of June 2008 at

15  San Jose, California.

16

17                                              John W. Fowler

18

19

20

21

22

23

24

25

26

27

28

- 2 -
SUPPLEMENTAL DECLARATION OF JOHN W. FOWLER IN SUPPORT OF MOTION TO COMPEL
C07 03702 JW (PVT)

# EXHIBIT 1

1    JOHN W. FOWLER, Bar No. 037463
    jfowler@be-law.com
2    DONALD P. GAGLIARDI, Bar No. 138979
    dgagliardi@be-law.com
3    COLIN McCARTHY, Bar No. 191410
    cmccarthy@be-law.com
4    BERGESON, LLP
    303 Almaden Boulevard, Suite 500
5    San Jose, CA 95110-2712
    Telephone: (408) 291-6200
6    Facsimile: (408) 297-6000

7    Attorneys for Plaintiff
    BAY SALES, INC.

8

9             UNITED STATES DISTRICT COURT

10           NORTHERN DISTRICT OF CALIFORNIA

11                SAN JOSE DIVISION

12

13    BAY SALES, INC., a California corporation,      Case No.  C 07 03702 JW (PVT)

14                  Plaintiff(s),    **STIPULATION AND [PROPOSED] ORDER**

15      vs.

16    TRIPOD TECHNOLOGY CORPORATION, a
    Taiwanese corporation and DOES 1 to 10,

17                 Defendant(s).

18

19

20

21

22

23

24

25

26

27

28

1    WHEREAS the parties hereto had a discovery dispute concerning the production of

2    documents and responses to special interrogatories concerning sales data and other documents

3    from Defendant Tripod;

4    WHEREAS the parties hereto met and conferred regarding the discovery dispute but were

5    unable to finalize an agreement before Plaintiff Bay Sales, Inc. had to file a motion to protect time

6    under the current discovery cut off deadline of June 16, 2008 as set forth in the current Scheduling

7    Order;

8    WHEREAS the parties reached an agreement resolving the discovery dispute after Plaintiff

9    Bay Sales, Inc. filed its motion to compel;

10    WHEREAS the discovery agreement reached and memorialized in the correspondence

11    attached hereto as Exhibit "A" requires certain of the Court ordered deadline dates to be extended;

12    WHEREAS the parties agreed that the discovery cutoff and damages expert disclosures

13    shall be extended to allow Bay Sales to seek discovery after the dispositive motion cutoff date of

14    June 16, 2008 and prior to the Pre Trial Conference of October 20, 2008 and to allow the parties'

15    experts to review additional data and/or modify their reports;

16    WHEREAS further the parties desire to participate in Court ordered mediation before the

17    Preliminary Pretrial Conference on October 20, 2008;

18    IT IS HEREBY STIPULATED that

19    1.    The close of all discovery be extended from June 16, 2008 to July 31, 2008;

20    2.    Plaintiff Bay Sales, Inc. shall have until September 19, 2008 to modify its expert

21    report and Defendant Tripod shall have until September 26, 2008 to designate a

22    rebuttal expert and provide the required expert report;

23    3.    No depositions of expert witnesses shall take place until Tripod designates its

24    rebuttal expert and provides its expert report;

25    4.    Expert depositions shall be completed by October 10, 2008, the last date to submit

26    Pretrial Conference Statements; and

27    5.    The parties are hereby ordered to mediation and shall complete said mediation by

28    October 10, 2008.

1

1   IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD, DATED:

2   DATED: May 6, 2008                    /s/

3                                          John W. Fowler

4                              Attorneys for Plaintiff
5                              BAY SALES, INC.

6   DATED: May 6, 2008                    /s/

7                                          Michael K. Maher

8                              Attorneys for Defendant
9                              TRIPOD TECHNOLOGY CORPORATION

10  **IT IS SO ORDERED AS MODIFIED:**  The Court approves the parties' above stipulation to modify the
11  November 1, 2008 Scheduling Order.  It is further ordered that the parties' are to contact the Court's
    ADR program to set up mediation proceedings.

12  DATED:  May 21, 2008

13                                          Honorable James Ware
                                            United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                         2
                         STIPULATION AND [PROPOSED] ORDER
                                 C07-03702 JW (PVT)

# EXHIBIT 2

1  JOHN W. FOWLER, Bar No. 037463
   jfowler@be-law.com
2  COLIN McCARTHY, Bar No. 191410
   cmccarthy@be-law.com
3  BERGESON, LLP
   303 Almaden Boulevard, Suite 500
4  San Jose, CA 95110-2712
   Telephone:  (408) 291-6200
5  Facsimile:   (408) 297-6000

6  Attorneys for Plaintiff
   BAY SALES, INC.
7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10                  SAN JOSE DIVISION

11

12  BAY SALES, INC., a California corporation,        Case No.  C 07 03702 JW (PVT)

13                          Plaintiff(s),            **STIPULATION AND [PROPOSED]
                                                     ORDER RE HEARING ON BAY SALES'
14        vs.                                        MOTION TO COMPEL DISCOVERY
                                                     FROM DEFENDANT TRIPOD**
15  TRIPOD TECHNOLOGY CORPORATION, a
    Taiwanese corporation and DOES 1 to 10,          Date:   July 22, 2008
16                                                   Time:   10:00 A.M.
                            Defendant(s).            Judge:  Magistrate Trumbull
17                                                   Dept:   Courtroom 5  (Fourth Floor)

18

19

20

21

22

23

24

25

26

27

28

1   IT IS HEREBY STIPULATED by and between Plaintiff Bay Sales, Inc. ("Bay Sales") and

2 Tripod Technology Corporation ("Tripod") through their respective counsel of record that:

3   1. the hearing on Bay Sales' Motion to Compel noticed for July 15, 2008 at 10:00

4 a.m. may be set for July 22, 2008 at 10:00 a.m.;

5   2. Bay Sales may serve a Supplemental Declaration on or before June 25, 2008; and

6   3. Tripod may file and serve its opposition on or before July 3, 2008 and Bay Sales

7 may file and serve its reply on or before July 8, 2008.

8 DATED: June 23, 2008

9           John W. Fowler

10

11         Attorneys for Plaintiff
          BAY SALES, INC.

12 DATED: June 23, 2008

13

14         Michael K. Maher

15         Attorneys for Defendant
         TRIPOD TECHNOLOGY CORPORATION

16

17 SO ORDERED:

18 DATED: June 24, 2008

19         Magistrate Judge Patricia V. Trumbull
         United States District Court

20

21

22

23

24

25

26

27

28

# EXHIBIT 3

<u>APPENDIX A – PURSUANT TO LOCAL RULE 37-2</u>

**<u>PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE</u>**

In addition to the specific points raised below in response to specific requests, each request

for DOCUMENTS seeks documents which directly relate to the contractual, promissory estoppel,

fraud and deceit, quantum meruit, California's Independent Wholesale Representatives

Contractual Relations Act, and Accounting causes of actions in the complaint.  Without reference

to the specific factual disputes raised by Defendant, and addressed below, good cause exists on the

basis of each request's direct bearing on these causes of action.

<u>REQUEST NO. 1</u>

1.      All DOCUMENTS referring or relating to BAY SALES, including all

communications to or from BAY SALES.

<u>Defendant's Response</u>:

1.      This request is not set forth with "reasonable particularity" as required by FRCP

34(b);

2.      Neither this Request nor the Definitions or Instructions which precede it specify the

"time, place and manner of making the inspection and performing the related acts" as required by

FRCP 34(b);

3.      This request is overbroad, burdensome and oppressive in that it purports to seek

"all documents referring or relating to Bay Sales" without limitation or restriction of any kind,

without reference to any time frame and without reference to any particular subject matter.

Further, this Request incorporates a definition of "document" and a definition of "Bay Sales"

which are excessively broad in and of themselves, and such are separately objected to below.  The

parties to this litigation began their business relationship in June, 2002 and terminated same in

April, 2006.  The contract provided that termination could be made at any time and with no

liability except for payment of commissions through a maximum 120 days after termination.  Such

120 day period would have expired in August, 2006.  If Tripod attempted to literally comply with

1  this request, it would have to search every single document, including all of its accounting records

2  and all of its computer files, which it generated or which came into its possession in connection

3  with any of its business activities at any time in its history to determine whether Bay Sales was

4  mentioned in such document. Since Tripod is one of the ten largest manufacturers of printed

5  circuit boards in the world and has numerous employees and offices worldwide, such task would

6  consume thousands of hours and tens of thousands of dollars of expense. This is a violation of

7  FRCP 26(b)(2)(C) which prohibits any proposed discovery where the "burden and expense of such

8  proposed discovery outweighs its likely benefit, taking into account the needs of the case, the

9  importance of the issues at stake in the litigation and the importance of the proposed discovery in

10  resolving the issues." Further, this is a violation of FRCP 26(b)(2)(B) which provides that a party

11  need not provide discovery of electronically stored information...[which is] not reasonably

12  accessible."

13      4.    The definition of "Documents," incorporated into this request, is overbroad,

14  burdensome and oppressive and seeks to impermissibly impose a requirement to produce

15  documents which are not currently in Tripod's possession, custody or control. "Document" is

16  defined to include a document that "was" in Tripod's possession, custody or control, even if it no

17  longer is in Tripod's possession, custody or control." Further, the definition purports to

18  impermissibly require the production of documents which were under the "constructive" rather

19  than the actual possession of Tripod, although the term "constructive" is not defined and is,

20  therefore, vague, ambiguous and uncertain.

21      5.    The definition of "Bay Sales" incorporated in this request is overbroad because it

22  purports to require Tripod to search not only for references to Bay Sales but also to any reference

23  to Bay Sales' past and present employees, agents, officers and directors." However, the definition

24  does not list who such persons are. To the extent that Tripod has no knowledge of who those

25  persons are, it cannot be required to investigate and search for such names. To the extent that

26  Tripod has some knowledge of who such persons are, their omnibus inclusion in this definition

27  impermissibly expands the scope of this request and imposes even greater burden and expense.

28

6.    This request, as currently phrased, and because of its overbreadth, impermissibly seeks the production of matter which is not "relevant to the claim or defense of any party" in violation of FRCP 26(b)(1) because such request seeks documents related to Bay Sales irrespective of whether such documents are related to any subject matter or issue which is in dispute in this litigation

7.    The purported Instructions preceding this request are in violation of FRCP 26 and 34 in that they purport to impose requirements on the manner of the production of documents and/or the assertion of privileges which are not "reasonable" and which otherwise violate such rules, including but not limited to purported requirements for privilege logs which are in excess of the information required by FRCP 26(b)(5), purported requirements that Tripod identify the history and disposition of documents that may have been responsive but are no longer in Tripod's possession, custody, or control and purported requirements that Tripod identify the persons responsible for, and the circumstances surrounding, such disposition. As such, these Instructions constitute interrogatories and should be set forth as same.

8.    This Request impermissibly attempts to commence discovery in violation of FRCP 26(d) prior to the time that Plaintiff has made a good faith effort to comply with its duties of initial disclosure, as required by FRCP 26(f).

Tripod is willing to meet and confer with Bay Sales in an effort to modify this Request into a form in which Tripod can respond. Further, Tripod is voluntarily producing documents as part of its Initial Disclosures which may be responsive to a proper request to produce documents.

Plaintiff's Basis for Further Response: RFP No. 1 is reasonably calculated to lead to the discovery of admissible evidence in that it seeks documents which will evidence the circumstances leading to the formation of BAY SALES' contractual relationship with Defendant TRIPOD. The Sales Representation Agreement of June 11, 2002 (the "SRA") is ambiguous regarding the payment of commissions to BAY SALES after attempted termination. (See SRA at ¶10.) Parol evidence can thus be used to interpret and explain the parties' agreement. Thus even though TRIPOD has produced the SRA in its Rule 26 initial disclosure, BAYSALES is entitled to all

1  DOCUMENTS relating to BAY SALES as they may bear on the issue of contract formation and
2  interpretation, as well as the parties' respective performance of the SRA and related agreements.
3      To the extent the parties' relationship was limited to the contractual relationships that are
4  the subject matter of this lawsuit, the request for all DOCUMENTS concerning BAY SALES
5  seeks documents which directly relate to the contractual, promissory estoppel, fraud and deceit,
6  quantum meruit, California's Independent Wholesale Representatives Contractual Relations Act,
7  and Accounting causes of actions in the complaint.
8      It also complies with FRCP 26 (b)(2) because only TRIPOD has custody, control or
9  possession of its files concerning BAYSALES.   BAY SALES may be willing to hold this request
10  in abeyance to the extent DOCUMENTS responsive to Requests 3-8 are provided by TRIPOD.
11      <u>REQUEST NO. 2</u>   JABIL,DELL, NVIDIA and SAN DISK only
12      2.   All DOCUMENTS referring or relating to actual or prospective SALES of PCB's
13  by or authorized by TRIPOD from June 11, 2002 to December 31, 2008.
14      <u>Defendant's Response:</u>
15      1.   This request is not set forth with "reasonable particularity" as required by FRCP
16  34(b);
17      2.   Neither this Request nor the Definitions or Instructions which precede it specify the
18  "time, place and manner of making the inspection and performing the related acts" as required by
19  FRCP 34(b);
20      3.   This request is overbroad, burdensome and oppressive in that it purports to seek
21  "all documents referring or relating to Bay Sales" without limitation or restriction of any kind,
22  without reference to any time frame and without reference to any particular subject matter.
23  Further, this Request incorporates a definition of "document" and a definition of "Bay Sales"
24  which are excessively broad in and of themselves, and such are separately objected to below.  The
25  parties to this litigation began their business relationship in June, 2002 and terminated same in
26  April, 2006.  The contract provided that termination could be made at any time and with no
27  liability except for payment of commissions through a maximum 120 days after termination.  Such
28

1   120 day period would have expired in August, 2006. If Tripod attempted to literally comply with

2   this request, it would have to search every single document, including all of its accounting records

3   and all of its computer files, which it generated or which came into its possession in connection

4   with any of its business activities at any time in its history to determine whether Bay Sales was

5   mentioned in such document. Since Tripod is one of the ten largest manufacturers of printed

6   circuit boards in the world and has numerous employees and offices worldwide, such task would

7   consume thousands of hours and tens of thousands of dollars of expense. This is a violation of

8   FRCP 26(b)(2)(C) which prohibits any proposed discovery where the "burden and expense of such

9   proposed discovery outweighs its likely benefit, taking into account the needs of the case, the

10  importance of the issues at stake in the litigation and the importance of the proposed discovery in

11  resolving the issues." Further, this is a violation of FRCP 26(b)(2)(B) which provides that a party

12  need not provide discovery of electronically stored information…[which is] not reasonably

13  accessible."

14          4.      The definition of "Documents," incorporated into this request, is overbroad,

15  burdensome and oppressive and seeks to impermissibly impose a requirement to produce

16  documents which are not currently in Tripod's possession, custody or control. "Document" is

17  defined to include a document that "was" in Tripod's possession, custody or control, even if it no

18  longer is in Tripod's possession, custody or control." Further, the definition purports to

19  impermissibly require the production of documents which were under the "constructive" rather

20  than the actual possession of Tripod, although the term "constructive" is not defined and is,

21  therefore, vague, ambiguous and uncertain.

22          5.      The definition of "sales" incorporated in this request is overbroad and vague,

23  ambiguous and uncertain in that the definition purports to require Tripod to identify "indirect"

24  sales without defining same.

25          6.      The definition of PCBs incorporated in this Request is overbroad, vague, and

26  ambiguous because it purports to require the identification not only of sales made by Tripod but

27  "on behalf of Tripod."

28

---

NOTICE OF MOTION AND MOTION TO COMPEL DISCOVERY RESPONSES
C07 03702 JW (PVT)

1         7.      This Request is vague, ambiguous and uncertain in that the use of the terms

2 "prospective" sales and sales not only made by Tripod but "authorized by Tripod" have no

3 recognized meaning.

4         8.      This request, as currently phrased, and because of its over breadth, impermissibly

5 seeks the production of matter which is not "relevant to the claim or defense of any party" in

6 violation of FRCP 26(b)(1) because such request seeks documents related to Bay Sales

7 irrespective of whether such documents are related to any subject matter or issue which is in

8 dispute in this litigation

9         9.      The purported Instructions preceding this request are in violation of FRCP 26 and

10 34 in that they purport to impose requirements on the manner of the production of documents

11 and/or the assertion of privileges which are not "reasonable" and which otherwise violate such

12 rules, including but not limited to purported requirements for privilege logs which are in excess of

13 the information required by FRCP 26(b)(5), purported requirements that Tripod identify the

14 history and disposition of documents that may have been responsive but are no longer in Tripod's

15 possession, custody, or control and purported requirements that Tripod identify the persons

16 responsible for, and the circumstances surrounding, such disposition. As such, these Instructions

17 constitute interrogatories and should be set forth as same.

18         10.      This Request impermissibly attempts to commence discovery in violation of FRCP

19 26(d) prior to the time that Plaintiff has made a good faith effort to comply with its duties of initial

20 disclosure, as required by FRCP 26(f).

21         Tripod is willing to meet and confer with Bay Sales in an effort to modify this Request into

22 a form in which Tripod can respond. Further, Tripod is voluntarily producing documents as part

23 of its Initial Disclosures which may be responsive to a proper request to produce documents.

24         <u>Plaintiff's Basis for Further Response</u>: RFP No. 2 is reasonably calculated to lead to the

25 discovery of admissible evidence in that it seeks documents which will evidence whether TRIPOD

26 fulfilled its obligations under the controlling agreement(s). Such DOCUMENTS will show

27 TRIPOD's sales to BAY SALES' COMPANIES and/or TERRITORIES. They will evidence

28

1   TRIPOD's compliance with its contractual duty to pay BAY SALES commissions from the

2   inception of the underlying agreement(s) through the present.

3         TRIPOD's primary objection is to the time period of documents requested. That time

4   period is appropriate and relevant to the lawsuit because BAY SALES still has rights to its

5   TERRITORIES under the controlling agreements, as TRIPOD has not elected to "terminate such

6   assigned territories from Representative." (SRA, ¶ 2 (b).) At the very least BAY SALES right to

7   commissions from those territories has not terminated as the SRA is ambiguous or silent on

8   payment of commission from TERRITORIES after the contract is terminated. (SRA, ¶ 2 (b) and

9   ¶10.) Moreover, the time period is appropriate as the DOCUMENTS evidence sales to

10   COMPANIES which will show whether TRIPOD has complied with its contractual duty to pay

11   commissions on all sales, including those to customers within 30 days of the April 28, 2006 notice

12   of termination of the agreement.

13         This request complies with FRCP 26 (b)(2) because it seeks DOCUMENTS from

14   TRIPOD which BAY SALES does not have and over which TRIPOD has exclusive possession,

15   custody, or control. BAY SALES could potentially get such documents from COMPANIES and

16   TERRITORIES through third party subpoenas, but this request to a party is less intrusive and less

17   expensive. BAY SALES may be willing to hold this request in abeyance to the extent

18   DOCUMENTS responsive to Requests 3-8 are provided by TRIPOD.

19         <u>REQUEST NO. 3</u>    JABIL, DELL,NVIDIA and SAN DISK only

20         3.     All DOCUMENTS referring or relating to actual or prospective SALES of PCB's

21   by or authorized by TRIPOD to TERRITORIES from June 11, 2002 to December 31, 2007.

22         <u>Defendant's Response:</u>

23         1.     This request is not set forth with "reasonable particularity" as required by FRCP

24   34(b);

25         2.    Neither this Request nor the Definitions or Instructions which precede it specify the

26   "time, place and manner of making the inspection and performing the related acts" as required by

27   FRCP 34(b);

28

1       3.     This request is overbroad, burdensome and oppressive in that it purports to seek

2 "all documents referring or relating to Bay Sales" without limitation or restriction of any kind,

3 without reference to any time frame and without reference to any particular subject matter.

4 Further, this Request incorporates a definition of "document" and a definition of "Bay Sales"

5 which are excessively broad in and of themselves, and such are separately objected to below. The

6 parties to this litigation began their business relationship in June, 2002 and terminated same in

7 April, 2006. The contract provided that termination could be made at any time and with no

8 liability except for payment of commissions through a maximum 120 days after termination. Such

9 120 day period would have expired in August, 2006. If Tripod attempted to literally comply with

10 this request, it would have to search every single document, including all of its accounting records

11 and all of its computer files, which it generated or which came into its possession in connection

12 with any of its business activities at any time in its history to determine whether Bay Sales was

13 mentioned in such document. Since Tripod is one of the ten largest manufacturers of printed

14 circuit boards in the world and has numerous employees and offices worldwide, such task would

15 consume thousands of hours and tens of thousands of dollars of expense. This is a violation of

16 FRCP 26(b)(2)(C) which prohibits any proposed discovery where the "burden and expense of such

17 proposed discovery outweighs its likely benefit, taking into account the needs of the case, the

18 importance of the issues at stake in the litigation and the importance of the proposed discovery in

19 resolving the issues." Further, this is a violation of FRCP 26(b)(2)(B) which provides that a party

20 need not provide discovery of electronically stored information…[which is] not reasonably

21 accessible."

22       4.     The definition of "Documents," incorporated into this request, is overbroad,

23 burdensome and oppressive and seeks to impermissibly impose a requirement to produce

24 documents which are not currently in Tripod's possession, custody or control. "Document" is

25 defined to include a document that "was" in Tripod's possession, custody or control, even if it no

26 longer is in Tripod's possession, custody or control." Further, the definition purports to

27 impermissibly require the production of documents which were under the "constructive" rather

28

1  than the actual possession of Tripod, although the term "constructive" is not defined and is,

2  therefore, vague, ambiguous and uncertain.

3       5.    The definition of "Sales" incorporated in this request is overbroad and vague,

4  ambiguous and uncertain in that the definition purports to require Tripod to identify "indirect"

5  sales without defining same.

6       6.    The definition of PCBs incorporated in this Request is overbroad, vague, and

7  ambiguous because it purports to require the identification not only of sales made by Tripod but

8  "on behalf of Tripod."

9       7.    The definition of "Territories" is overbroad, burdensome and oppressive, and made

10 vague, ambiguous and uncertain in that the Request no only seeks documents with respect to

11 entities identified in the Complaint, but in addition, with respect to all of their "past and present

12 subsidiaries, divisions, affiliates, parents contractors, contract manufacturers, original design

13 manufacturers, suppliers, agents, licensees, design licensees, predecessors, and successors in

14 interest."

15      8.    This Request is vague, ambiguous and uncertain in that the use of the terms

16 "prospective" sales and sales not only made by Tripod but "authorized by Tripod" have no

17 recognized meaning.

18      9.    This request, as currently phrased, and because of its overbreadth, impermissibly

19 seeks the production of matter which is not "relevant to the claim or defense of any party" in

20 violation of FRCP 26(b)(1) because such request seeks documents related to Bay Sales

21 irrespective of whether such documents are related to any subject matter or issue which is in

22 dispute in this litigation

23      10.   The purported Instructions preceding this request are in violation of FRCP 26 and

24 34 in that they purport to impose requirements on the manner of the production of documents

25 and/or the assertion of privileges which are not "reasonable" and which otherwise violate such

26 rules, including but not limited to purported requirements for privilege logs which are in excess of

27 the information required by FRCP 26(b)(5), purported requirements that Tripod identify the

28

1    history and disposition of documents that may have been responsive but are no longer in Tripod's

2    possession, custody, or control and purported requirements that Tripod identify the persons

3    responsible for, and the circumstances surrounding, such disposition. As such, these Instructions

4    constitute interrogatories and should be set forth as same.

5          11.      This Request impermissibly attempts to commence discovery in violation of FRCP

6    26(d) prior to the time that Plaintiff has made a good faith effort to comply with its duties of initial

7    disclosure, as required by FRCP 26(f).

8          Tripod is willing to meet and confer with Bay Sales in an effort to modify this Request into

9    a form in which Tripod can respond. Further, Tripod is voluntarily producing documents as part

10    of its Initial Disclosures which may be responsive to a proper request to produce documents.

11    <u>Plaintiff's Basis for Further Response:</u>

12          Defendant has invoked boilerplate objections without reference to the specific questions

13    asked. Such objections are not well taken. "Boilerplate, generalized objections are inadequate

14    and tantamount to not making any objection at all" and Defendant must show a particular harm

15    suffered from producing responses to the discovery. *Walker v. Lakewood Condo Ass'n* (C.D. Cal.

16    1999) 186 F.R.D. 584, 586-7. Defendant makes the conclusory claim that the requests seek

17    documents with broad definitions which requires it to search 'every single document' it owns.

18    Clearly this is an unfounded objection.

19          Like RFP No. 2, these Requests are reasonably calculated to lead to the discovery of

20    admissible evidence in that each seeks documents which will show that TRIPOD did not fulfill its

21    obligations under the controlling agreement(s). The SRA requires TRIPOD to pay BAY SALES

22    commissions on "invoices pertaining to Representative's orders." (SRA ¶ 5 (a).) Order means

23    "any purchase order/commitment to purchase [TRIPOD]'s product that is generated from within

24    [BAY SALES]' territory." (SRA ¶ 5 (e).) A territory is "a company … which places a purchase

25    order, which is accepted by the [TRIPOD]." (SRA ¶ 2 (a).) Thus these requested DOCUMENTS

26    pertain to matters relating to BAY SALES owed commissions and TRIPOD's breach of its

27    agreement(s) with BAY SALES. Unless it is clear that these requests the documents sought have

28

1   no possibility of bearing on the subject matter of the action, the discovery is relevant and should

2   be had. *Paulsen v. Case Corp.* (C.D. Cal. 1996) 168 F.R.D. 285, 288.

3       The requests do not become protected from discovery due to the referenced time period.

4   That period is appropriate and relevant to the lawsuit because BAY SALES still has rights to its

5   TERRITORIES under the controlling agreements, which survive any attempted termination of the

6   agreement. (SRA ¶ 2 (b).) To the extent the DOCUMENTS evidence sales to TERRITORIES,

7   those will show whether TRIPOD has complied with its contractual duty to pay commissions on

8   all such sales. Furthermore TRIPOD owes commissions on all purchase orders placed until 30

9   days after termination. To the extent that purportedly occurred on April 28, 2006, the requested

10   DOCUMENTS will evidence whether any such sales occurred such as to trigger TRIPOD's

11   obligations under the agreement(s).

12       The requested time period as to COMPANIES does not make the request overbroad. Even

13   if the obligation to pay commissions on COMPANIES terminated in August, 2006, which BAY

14   SALES does not concede, BAY SALES is entitled to review the requested documents to see

15   whether TRIPOD accepted purchase orders and thereby created BAY SALES owed commissions

16   on any such sales during the time period. Further time beyond the claimed September 23, 2006

17   end date is reasonable and necessary to investigate whether accounting irregularities will evidence

18   owed commissions which were triggered within the contractual time lines.

19       That said sales were "prospective" or "authorized by Tripod" does not take the request

20   outside the controlling agreement(s). (See SRA, ¶ ¶ 5 (e) and 6.) BAY SALES is furthermore

21   entitled to these DOCUMENTS to verify whether TRIPOD has manipulated its accountings to

22   avoid paying BAY SALES legitimately earned commissions on purchase order and commitments

23   made within 30 days of the alleged notice of termination.

24       The request also complies with FRCP 26 (b)(2) because it seeks DOCUMENTS from

25   TRIPOD in which it authorized SALES of its PCB's, of which it would have exclusive possession,

26   custody, or control. BAY SALES could potentially get such documents from COMPANIES and

27   TERRITORIES through third party subpoenas, but this request to a party is less intrusive and less

28

1    expensive.

2    <u>REQUEST NO. 4:</u>    MOTION WITHDRAWN

3        4.    All DOCUMENTS referring or relating to actual or prospective SALES of PCB's

4    by or authorized by TRIPOD to COMPANIES from June 11, 2002 to January 31, 2007.

5        <u>Defendant's Response:</u>

6        1.    This request is not set forth with "reasonable particularity" as required by FRCP

7    34(b);

8        2.    Neither this Request nor the Definitions or Instructions which precede it specify the

9    "time, place and manner of making the inspection and performing the related acts" as required by

10    FRCP 34(b);

11        3.    This request is overbroad, burdensome and oppressive in that it purports to seek

12    "all documents referring or relating to Bay Sales" without limitation or restriction of any kind,

13    without reference to any time frame and without reference to any particular subject matter.

14    Further, this Request incorporates a definition of "document" and a definition of "Bay Sales"

15    which are excessively broad in and of themselves, and such are separately objected to below. The

16    parties to this litigation began their business relationship in June, 2002 and terminated same in

17    April, 2006. The contract provided that termination could be made at any time and with no

18    liability except for payment of commissions through a maximum 120 days after termination. Such

19    120 day period would have expired in August, 2006. If Tripod attempted to literally comply with

20    this request, it would have to search every single document, including all of its accounting records

21    and all of its computer files, which it generated or which came into its possession in connection

22    with any of its business activities at any time in its history to determine whether Bay Sales was

23    mentioned in such document. Since Tripod is one of the ten largest manufacturers of printed

24    circuit boards in the world and has numerous employees and offices worldwide, such task would

25    consume thousands of hours and tens of thousands of dollars of expense. This is a violation of

26    FRCP 26(b)(2)(C) which prohibits any proposed discovery where the "burden and expense of such

27    proposed discovery outweighs its likely benefit, taking into account the needs of the case, the

28

1  importance of the issues at stake in the litigation and the importance of the proposed discovery in

2  resolving the issues." Further, this is a violation of FRCP 26(b)(2)(B) which provides that a party

3  need not provide discovery of electronically stored information…[which is] not reasonably

4  accessible."

5       4.     The definition of "Documents," incorporated into this request, is overbroad,

6  burdensome and oppressive and seeks to impermissibly impose a requirement to produce

7  documents which are not currently in Tripod's possession, custody or control. "Document" is

8  defined to include a document that "was" in Tripod's possession, custody or control, even if it no

9  longer is in Tripod's possession, custody or control." Further, the definition purports to

10  impermissibly require the production of documents which were under the "constructive" rather

11  than the actual possession of Tripod, although the term "constructive" is not defined and is,

12  therefore, vague, ambiguous and uncertain.

13       5.     The definition of "Sales" incorporated in this request is overbroad and vague,

14  ambiguous and uncertain in that the definition purports to require Tripod to identify "indirect"

15  sales without defining same.

16       6.     The definition of PCBs incorporated in this Request is overbroad, vague, and

17  ambiguous because it purports to require the identification not only of sales made by Tripod but

18  "on behalf of Tripod."

19       7.     The definition of "Companies" is overbroad, burdensome and oppressive, and

20  renders the Request vague, ambiguous and uncertain in that the Request not only seeks documents

21  with respect to entities identified in the Complaint, but in addition, with respect to all of their "past

22  and present subsidiaries, divisions, affiliates, parents contractors, contract manufacturers, original

23  design manufacturers, suppliers, agents, licensees, design licensees, predecessors, and successors

24  in interest."

25       8.     This Request is vague, ambiguous and uncertain in that the use of the terms

26  "prospective" sales and sales not only made by Tripod but "authorized by Tripod" have no

27  recognized meaning.

28

9.    This request, as currently phrased, and because of its overbreadth, impermissibly seeks the production of matter which is not "relevant to the claim or defense of any party" in violation of FRCP 26(b)(1) because such request seeks documents related to Bay Sales irrespective of whether such documents are related to any subject matter or issue which is in dispute in this litigation

10.    The purported Instructions preceding this request are in violation of FRCP 26 and 34 in that they purport to impose requirements on the manner of the production of documents and/or the assertion of privileges which are not "reasonable" and which otherwise violate such rules, including but not limited to purported requirements for privilege logs which are in excess of the information required by FRCP 26(b)(5), purported requirements that Tripod identify the history and disposition of documents that may have been responsive but are no longer in Tripod's possession, custody, or control and purported requirements that Tripod identify the persons responsible for, and the circumstances surrounding, such disposition.  As such, these Instructions constitute interrogatories and should be set forth as same.

11.    This Request impermissibly attempts to commence discovery in violation of FRCP 26(d) prior to the time that Plaintiff has made a good faith effort to comply with its duties of initial disclosure, as required by FRCP 26(f).

Tripod is willing to meet and confer with Bay Sales in an effort to modify this Request into a form in which Tripod can respond.  Further, Tripod is voluntarily producing documents as part of its Initial Disclosures which may be responsive to a proper request to produce documents.

Plaintiff's Basis for Further Response:

Defendant has invoked boilerplate objections without reference to the specific questions asked.  Such objections are not well taken.  "Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all" and Defendant must show a particular harm suffered from producing responses to the discovery.  *Walker v. Lakewood Condo Ass'n* (C.D. Cal. 1999) 186 F.R.D. 584, 586-7.  Defendant makes the conclusory claim that the requests seek documents with broad definitions which requires it to search 'every single document' it owns.

1    Clearly this is an unfounded objection.

2        Like RFP No. 2, these Requests are reasonably calculated to lead to the discovery of

3    admissible evidence in that each seeks documents which will show that TRIPOD did not fulfill its

4    obligations under the controlling agreement(s). The SRA requires TRIPOD to pay BAY SALES

5    commissions on "invoices pertaining to Representative's orders." (SRA ¶ 5 (a).) Order means

6    "any purchase order/commitment to purchase [TRIPOD]'s product that is generated from within

7    [BAY SALES]' territory." (SRA ¶ 5 (e).) A territory is "a company ... which places a purchase

8    order, which is accepted by the [TRIPOD]." (SRA ¶ 2 (a).) Thus these requested DOCUMENTS

9    pertain to matters relating to BAY SALES owed commissions and TRIPOD's breach of its

10   agreement(s) with BAY SALES. Unless it is clear that these requests the documents sought have

11   no possibility of bearing on the subject matter of the action, the discovery is relevant and should

12   be had. *Paulsen v. Case Corp.* (C.D. Cal. 1996) 168 F.R.D. 285, 288.

13       The requests do not become protected from discovery due to the referenced time period.

14   That period is appropriate and relevant to the lawsuit because BAY SALES still has rights to its

15   TERRITORIES under the controlling agreements, which survive any attempted termination of the

16   agreement. (SRA ¶ 2 (b).) To the extent the DOCUMENTS evidence sales to TERRITORIES,

17   those will show whether TRIPOD has complied with its contractual duty to pay commissions on

18   all such sales. Furthermore TRIPOD owes commissions on all purchase orders placed until 30

19   days after termination. To the extent that purportedly occurred on April 28, 2006, the requested

20   DOCUMENTS will evidence whether any such sales occurred such as to trigger TRIPOD's

21   obligations under the agreement(s).

22       The requested time period as to COMPANIES does not make the request overbroad. Even

23   if the obligation to pay commissions on COMPANIES terminated in August, 2006, which BAY

24   SALES does not concede, BAY SALES is entitled to review the requested documents to see

25   whether TRIPOD accepted purchase orders and thereby created BAY SALES owed commissions

26   on any such sales during the time period. Further time beyond the claimed September 23, 2006

27   end date is reasonable and necessary to investigate whether accounting irregularities will evidence

28

1   owed commissions which were triggered within the contractual time lines.

2         That said sales were "prospective" or "authorized by Tripod" does not take the request

3   outside the controlling agreement(s). (See SRA, ¶ ¶ 5 (e) and 6.)  BAY SALES is furthermore

4   entitled to these DOCUMENTS to verify whether TRIPOD has manipulated its accountings to

5   avoid paying BAY SALES legitimately earned commissions on purchase order and commitments

6   made within 30 days of the alleged notice of termination.

7         The request also complies with FRCP 26 (b)(2) because it seeks DOCUMENTS from

8   TRIPOD in which it authorized SALES of its PCB's, of which it would have exclusive possession,

9   custody, or control.  BAY SALES could potentially get such documents from COMPANIES and

10  TERRITORIES through third party subpoenas, but this request to a party is less intrusive and less

11  expensive.

12        REQUEST NO. 5    JABIL, DELL,NVIDIA and SAN DISK only

13        5.    All DOCUMENTS referring to or relating to revenues received by or on behalf of

14  TRIPOD in connection with SALES or prospective SALES to TERRITORIES from June 11, 2002

15  to January 31, 2007.

16        Defendant's Response:

17        1.    This request is not set forth with "reasonable particularity" as required by FRCP

18  34(b);

19        2.    Neither this Request nor the Definitions or Instructions which precede it specify the

20  "time, place and manner of making the inspection and performing the related acts" as required by

21  FRCP 34(b);

22        3.    This request is overbroad, burdensome and oppressive in that it purports to seek

23  "all documents referring or relating to Bay Sales" without limitation or restriction of any kind,

24  without reference to any time frame and without reference to any particular subject matter.

25  Further, this Request incorporates a definition of "document" and a definition of "Bay Sales"

26  which are excessively broad in and of themselves, and such are separately objected to below.  The

27  parties to this litigation began their business relationship in June, 2002 and terminated same in

28

1  April, 2006. The contract provided that termination could be made at any time and with no

2  liability except for payment of commissions through a maximum 120 days after termination. Such

3  120 day period would have expired in August, 2006. If Tripod attempted to literally comply with

4  this request, it would have to search every single document, including all of its accounting records

5  and all of its computer files, which it generated or which came into its possession in connection

6  with any of its business activities at any time in its history to determine whether Bay Sales was

7  mentioned in such document. Since Tripod is one of the ten largest manufacturers of printed

8  circuit boards in the world and has numerous employees and offices worldwide, such task would

9  consume thousands of hours and tens of thousands of dollars of expense. This is a violation of

10  FRCP 26(b)(2)(C) which prohibits any proposed discovery where the "burden and expense of such

11  proposed discovery outweighs its likely benefit, taking into account the needs of the case, the

12  importance of the issues at stake in the litigation and the importance of the proposed discovery in

13  resolving the issues." Further, this is a violation of FRCP 26(b)(2)(B) which provides that a party

14  need not provide discovery of electronically stored information…[which is] not reasonably

15  accessible."

16        4.     The definition of "Documents," incorporated into this request, is overbroad,

17  burdensome and oppressive and seeks to impermissibly impose a requirement to produce

18  documents which are not currently in Tripod's possession, custody or control. "Document" is

19  defined to include a document that "was" in Tripod's possession, custody or control, even if it no

20  longer is in Tripod's possession, custody or control." Further, the definition purports to

21  impermissibly require the production of documents which were under the "constructive" rather

22  than the actual possession of Tripod, although the term "constructive" is not defined and is,

23  therefore, vague, ambiguous and uncertain.

24        5.     The definition of "Sales" incorporated in this request is overbroad and vague,

25  ambiguous and uncertain in that the definition purports to require Tripod to identify "indirect"

26  sales without defining same.

27        6.     The definition of "Territories" is overbroad, burdensome and oppressive, and made

28

1 vague, ambiguous and uncertain in that the Request no only seeks documents with respect to

2 entities identified in the Complaint, but in addition, with respect to all of their "past and present

3 subsidiaries, divisions, affiliates, parents contractors, contract manufacturers, original design

4 manufacturers, suppliers, agents, licensees, design licensees, predecessors, and successors in

5 interest."

6      7.    This Request is vague, ambiguous and uncertain in that the use of the terms

7 "prospective" sales and sales not only made by Tripod but "authorized by Tripod" have no

8 recognized meaning.

9      8.    This Request is duplicative of Request No. 3 because "sales" and "revenues" are

10 closely intertwined and often are identical.

11      9.    This request, as currently phrased, and because of its overbreadth, impermissibly

12 seeks the production of matter which is not "relevant to the claim or defense of any party" in

13 violation of FRCP 26(b)(1) because such request seeks documents related to Bay Sales

14 irrespective of whether such documents are related to any subject matter or issue which is in

15 dispute in this litigation

16      10.    The purported Instructions preceding this request are in violation of FRCP 26 and

17 34 in that they purport to impose requirements on the manner of the production of documents

18 and/or the assertion of privileges which are not "reasonable" and which otherwise violate such

19 rules, including but not limited to purported requirements for privilege logs which are in excess of

20 the information required by FRCP 26(b)(5), purported requirements that Tripod identify the

21 history and disposition of documents that may have been responsive but are no longer in Tripod's

22 possession, custody, or control and purported requirements that Tripod identify the persons

23 responsible for, and the circumstances surrounding, such disposition. As such, these Instructions

24 constitute interrogatories and should be set forth as same.

25      11.    This Request impermissibly attempts to commence discovery in violation of FRCP

26 26(d) prior to the time that Plaintiff has made a good faith effort to comply with its duties of initial

27 disclosure, as required by FRCP 26(f).

28

1    Tripod is willing to meet and confer with Bay Sales in an effort to modify this Request into

2   a form in which Tripod can respond. Further, Tripod is voluntarily producing documents as part

3   of its Initial Disclosures which may be responsive to a proper request to produce documents.

4        Plaintiff's Basis for Further Response:

5        Defendant has invoked boilerplate objections without reference to the specific questions

6   asked. Such objections are not well taken. "Boilerplate, generalized objections are inadequate

7   and tantamount to not making any objection at all" and Defendant must show a particular harm

8   suffered from producing responses to the discovery. *Walker v. Lakewood Condo Ass'n* (C.D. Cal.

9   1999) 186 F.R.D. 584, 586-7. Defendant makes the conclusory claim that the requests seek

10   documents with broad definitions which requires it to search 'every single document' it owns.

11   Clearly this is an unfounded objection.

12        Like RFP No. 2, these Requests are reasonably calculated to lead to the discovery of

13   admissible evidence in that each seeks documents which will show that TRIPOD did not fulfill its

14   obligations under the controlling agreement(s). The SRA requires TRIPOD to pay BAY SALES

15   commissions on "invoices pertaining to Representative's orders." (SRA ¶ 5 (a).) Order means

16   "any purchase order/commitment to purchase [TRIPOD]'s product that is generated from within

17   [BAY SALES]' territory." (SRA ¶ 5 (e).) A territory is "a company … which places a purchase

18   order, which is accepted by the [TRIPOD]." (SRA ¶ 2 (a).) Thus these requested DOCUMENTS

19   pertain to matters relating to BAY SALES owed commissions and TRIPOD's breach of its

20   agreement(s) with BAY SALES. Unless it is clear that these requests the documents sought have

21   no possibility of bearing on the subject matter of the action, the discovery is relevant and should

22   be had. *Paulsen v. Case Corp.* (C.D. Cal. 1996) 168 F.R.D. 285, 288.

23        The requests do not become protected from discovery due to the referenced time period.

24   That period is appropriate and relevant to the lawsuit because BAY SALES still has rights to its

25   TERRITORIES under the controlling agreements, which survive any attempted termination of the

26   agreement. (SRA ¶ 2 (b).) To the extent the DOCUMENTS evidence sales to TERRITORIES,

27   those will show whether TRIPOD has complied with its contractual duty to pay commissions on

28

1  all such sales. Furthermore TRIPOD owes commissions on all purchase orders placed until 30

2  days after termination. To the extent that purportedly occurred on April 28, 2006, the requested

3  DOCUMENTS will evidence whether any such sales occurred such as to trigger TRIPOD's

4  obligations under the agreement(s).

5       The requested time period as to COMPANIES does not make the request overbroad. Even

6  if the obligation to pay commissions on COMPANIES terminated in August, 2006, which BAY

7  SALES does not concede, BAY SALES is entitled to review the requested documents to see

8  whether TRIPOD accepted purchase orders and thereby created BAY SALES owed commissions

9  on any such sales during the time period. Further time beyond the claimed September 23, 2006

10  end date is reasonable and necessary to investigate whether accounting irregularities will evidence

11  owed commissions which were triggered within the contractual time lines.

12       That said sales were "prospective" or "authorized by Tripod" does not take the request

13  outside the controlling agreement(s). (See SRA, ¶ ¶ 5 (e) and 6.) BAY SALES is furthermore

14  entitled to these DOCUMENTS to verify whether TRIPOD has manipulated its accountings to

15  avoid paying BAY SALES legitimately earned commissions on purchase order and commitments

16  made within 30 days of the alleged notice of termination.

17       The request also complies with FRCP 26 (b)(2) because it seeks DOCUMENTS from

18  TRIPOD in which it authorized SALES of its PCB's, of which it would have exclusive possession,

19  custody, or control. BAY SALES could potentially get such documents from COMPANIES and

20  TERRITORIES through third party subpoenas, but this request to a party is less intrusive and less

21  expensive.

22       REQUEST NO. 6:    MOTION WITHDRAWN

23       6.    All DOCUMENTS referring to or relating to revenues received by or on behalf of

24  TRIPOD in connection with SALES or prospective SALES to COMPANIES from June 11, 2002

25  to December 31, 2007.

26       Defendant's Response:

27       1.    This request is not set forth with "reasonable particularity" as required by FRCP

28

1   34(b);

2          2.      Neither this Request nor the Definitions or Instructions which precede it specify the

3   "time, place and manner of making the inspection and performing the related acts" as required by

4   FRCP 34(b);

5          3.      This request is overbroad, burdensome and oppressive in that it purports to seek

6   "all documents referring or relating to Bay Sales" without limitation or restriction of any kind,

7   without reference to any time frame and without reference to any particular subject matter.

8   Further, this Request incorporates a definition of "document" and a definition of "Bay Sales"

9   which are excessively broad in and of themselves, and such are separately objected to below.  The

10  parties to this litigation began their business relationship in June, 2002 and terminated same in

11  April, 2006.  The contract provided that termination could be made at any time and with no

12  liability except for payment of commissions through a maximum 120 days after termination.  Such

13  120 day period would have expired in August, 2006.  If Tripod attempted to literally comply with

14  this request, it would have to search every single document, including all of its accounting records

15  and all of its computer files, which it generated or which came into its possession in connection

16  with any of its business activities at any time in its history to determine whether Bay Sales was

17  mentioned in such document.  Since Tripod is one of the ten largest manufacturers of printed

18  circuit boards in the world and has numerous employees and offices worldwide, such task would

19  consume thousands of hours and tens of thousands of dollars of expense.  This is a violation of

20  FRCP 26(b)(2)(C) which prohibits any proposed discovery where the "burden and expense of such

21  proposed discovery outweighs its likely benefit, taking into account the needs of the case, the

22  importance of the issues at stake in the litigation and the importance of the proposed discovery in

23  resolving the issues."  Further, this is a violation of FRCP 26(b)(2)(B) which provides that a party

24  need not provide discovery of electronically stored information…[which is] not reasonably

25  accessible."

26         4.      The definition of "Documents," incorporated into this request, is overbroad,

27  burdensome and oppressive and seeks to impermissibly impose a requirement to produce

28

1  documents which are not currently in Tripod's possession, custody or control. "Document" is

2  defined to include a document that "was" in Tripod's possession, custody or control, even if it no

3  longer is in Tripod's possession, custody or control." Further, the definition purports to

4  impermissibly require the production of documents which were under the "constructive" rather

5  than the actual possession of Tripod, although the term "constructive" is not defined and is,

6  therefore, vague, ambiguous and uncertain.

7       5.    The definition of "Sales" incorporated in this request is overbroad and vague,

8  ambiguous and uncertain in that the definition purports to require Tripod to identify "indirect"

9  sales without defining same.

10       6.    The definition of "Companies" is overbroad, burdensome and oppressive, and

11  made vague, ambiguous and uncertain in that the Request no only seeks documents with respect to

12  entities identified in the Complaint, but in addition, with respect to all of their "past and present

13  subsidiaries, divisions, affiliates, parents contractors, contract manufacturers, original design

14  manufacturers, suppliers, agents, licensees, design licensees, predecessors, and successors in

15  interest."

16       7.    This Request is vague, ambiguous and uncertain in that the use of the terms

17  "prospective" sales and sales not only made by Tripod but "authorized by Tripod" have no

18  recognized meaning.

19       8.    This Request is duplicative of Request No. 3 because "sales" and "revenues" are

20  closely intertwined and often are identical.

21       9.    This request, as currently phrased, and because of its overbreadth, impermissibly

22  seeks the production of matter which is not "relevant to the claim or defense of any party" in

23  violation of FRCP 26(b)(1) because such request seeks documents related to Bay Sales

24  irrespective of whether such documents are related to any subject matter or issue which is in

25  dispute in this litigation.

26       10.    To the extent that Bay Sales seeks documents in this category because of its claim

27  for punitive damages, such discovery is premature and prohibited by California Civil Code §3295.

28

1    11.    The purported Instructions preceding this request are in violation of FRCP 26 and

2    34 in that they purport to impose requirements on the manner of the production of documents

3    and/or the assertion of privileges which are not "reasonable" and which otherwise violate such

4    rules, including but not limited to purported requirements for privilege logs which are in excess of

5    the information required by FRCP 26(b)(5), purported requirements that Tripod identify the

6    history and disposition of documents that may have been responsive but are no longer in Tripod's

7    possession, custody, or control and purported requirements that Tripod identify the persons

8    responsible for, and the circumstances surrounding, such disposition.  As such, these Instructions

9    constitute interrogatories and should be set forth as same.

10    12.    This Request impermissibly attempts to commence discovery in violation of FRCP

11    26(d) prior to the time that Plaintiff has made a good faith effort to comply with its duties of initial

12    disclosure, as required by FRCP 26(f).

13    Tripod is willing to meet and confer with Bay Sales in an effort to modify this Request into

14    a form in which Tripod can respond.  Further, Tripod is voluntarily producing documents as part

15    of its Initial Disclosures which may be responsive to a proper request to produce documents.

16    Plaintiff's Basis for Further Response:

17    Defendant has invoked boilerplate objections without reference to the specific questions

18    asked.  Such objections are not well taken.  "Boilerplate, generalized objections are inadequate

19    and tantamount to not making any objection at all" and Defendant must show a particular harm

20    suffered from producing responses to the discovery.  *Walker v. Lakewood Condo Ass'n* (C.D. Cal.

21    1999) 186 F.R.D. 584, 586-7.  Defendant makes the conclusory claim that the requests seek

22    documents with broad definitions which requires it to search 'every single document' it owns.

23    Clearly this is an unfounded objection.

24    Like RFP No. 2, these Requests are reasonably calculated to lead to the discovery of

25    admissible evidence in that each seeks documents which will show that TRIPOD did not fulfill its

26    obligations under the controlling agreement(s).  The SRA requires TRIPOD to pay BAY SALES

27    commissions on "invoices pertaining to Representative's orders."  (SRA ¶ 5 (a).) Order means

28

1    "any purchase order/commitment to purchase [TRIPOD]'s product that is generated from within

2    [BAY SALES]' territory." (SRA ¶ 5 (e).) A territory is "a company ... which places a purchase

3    order, which is accepted by the [TRIPOD]." (SRA ¶ 2 (a).) Thus these requested DOCUMENTS

4    pertain to matters relating to BAY SALES owed commissions and TRIPOD's breach of its

5    agreement(s) with BAY SALES. Unless it is clear that these requests the documents sought have

6    no possibility of bearing on the subject matter of the action, the discovery is relevant and should

7    be had. *Paulsen v. Case Corp.* (C.D. Cal. 1996) 168 F.R.D. 285, 288.

8        The requests do not become protected from discovery due to the referenced time period.

9    That period is appropriate and relevant to the lawsuit because BAY SALES still has rights to its

10    TERRITORIES under the controlling agreements, which survive any attempted termination of the

11    agreement. (SRA ¶ 2 (b).) To the extent the DOCUMENTS evidence sales to TERRITORIES,

12    those will show whether TRIPOD has complied with its contractual duty to pay commissions on

13    all such sales. Furthermore TRIPOD owes commissions on all purchase orders placed until 30

14    days after termination. To the extent that purportedly occurred on April 28, 2006, the requested

15    DOCUMENTS will evidence whether any such sales occurred such as to trigger TRIPOD's

16    obligations under the agreement(s).

17        The requested time period as to COMPANIES does not make the request overbroad. Even

18    if the obligation to pay commissions on COMPANIES terminated in August, 2006, which BAY

19    SALES does not concede, BAY SALES is entitled to review the requested documents to see

20    whether TRIPOD accepted purchase orders and thereby created BAY SALES owed commissions

21    on any such sales during the time period. Further time beyond the claimed September 23, 2006

22    end date is reasonable and necessary to investigate whether accounting irregularities will evidence

23    owed commissions which were triggered within the contractual time lines.

24        That said sales were "prospective" or "authorized by Tripod" does not take the request

25    outside the controlling agreement(s). (See SRA, ¶ ¶ 5 (e) and 6.) BAY SALES is furthermore

26    entitled to these DOCUMENTS to verify whether TRIPOD has manipulated its accountings to

27

28

1  avoid paying BAY SALES legitimately earned commissions on purchase order and commitments

2  made within 30 days of the alleged notice of termination.

3        The request also complies with FRCP 26 (b)(2) because it seeks DOCUMENTS from

4  TRIPOD in which it authorized SALES of its PCB's, of which it would have exclusive possession,

5  custody, or control.  BAY SALES could potentially get such documents from COMPANIES and

6  TERRITORIES through third party subpoenas, but this request to a party is less intrusive and less

7  expensive.

8        REQUEST NO. 7:  MOTION WITHDRAWN

9        7.    All DOCUMENTS referring or relating to marking or labeling of printed circuit

10  boards manufactured by PCB Square Corp., Ltd. for TRIPOD, or any of the COMPANIES or

11  TERRITORIES.

12        Defendant's Response:

13        1.    This request is not set forth with "reasonable particularity" as required by FRCP

14  34(b);

15        2.    Neither this Request nor the Definitions or Instructions which precede it specify the

16  "time, place and manner of making the inspection and performing the related acts" as required by

17  FRCP 34(b);

18        3.    This request is overbroad, burdensome and oppressive in that it purports to seek

19  "all documents referring or relating to Bay Sales" without limitation or restriction of any kind,

20  without reference to any time frame and without reference to any particular subject matter.

21  Further, this Request incorporates a definition of "document" and a definition of "Bay Sales"

22  which are excessively broad in and of themselves, and such are separately objected to below.  The

23  parties to this litigation began their business relationship in June, 2002 and terminated same in

24  April, 2006.  The contract provided that termination could be made at any time and with no

25  liability except for payment of commissions through a maximum 120 days after termination.  Such

26  120 day period would have expired in August, 2006.  If Tripod attempted to literally comply with

27  this request, it would have to search every single document, including all of its accounting records

28

1    and all of its computer files, which it generated or which came into its possession in connection

2    with any of its business activities at any time in its history to determine whether Bay Sales was

3    mentioned in such document.  Since Tripod is one of the ten largest manufacturers of printed

4    circuit boards in the world and has numerous employees and offices worldwide, such task would

5    consume thousands of hours and tens of thousands of dollars of expense.  This is a violation of

6    FRCP 26(b)(2)(C) which prohibits any proposed discovery where the "burden and expense of such

7    proposed discovery outweighs its likely benefit, taking into account the needs of the case, the

8    importance of the issues at stake in the litigation and the importance of the proposed discovery in

9    resolving the issues."  Further, this is a violation of FRCP 26(b)(2)(B) which provides that a party

10   need not provide discovery of electronically stored information…[which is] not reasonably

11   accessible."

12        4.      The definition of "Documents," incorporated into this request, is overbroad,

13   burdensome and oppressive and seeks to impermissibly impose a requirement to produce

14   documents which are not currently in Tripod's possession, custody or control.  "Document" is

15   defined to include a document that "was" in Tripod's possession, custody or control, even if it no

16   longer is in Tripod's possession, custody or control."  Further, the definition purports to

17   impermissibly require the production of documents which were under the "constructive" rather

18   than the actual possession of Tripod, although the term "constructive" is not defined and is,

19   therefore, vague, ambiguous and uncertain.

20        5.      The definition of "Companies" incorporated in this Request is overbroad, vague,

21   and ambiguous and oppressive in that the Request not only seeks documents with respect to

22   entities identified in the Complaint but in addition, with respect to all of their "past and present

23   subsidiaries, divisions, affiliates, parents contractors, contract manufacturers, original design

24   manufacturers, suppliers, agents, licensees, design licensees, predecessors, and successors in

25   interest."

26        6.      This request, as currently phrased, and because of its overbreadth, and lack of any

27   time frame and excessive scope impermissibly seeks the production of matter which is not

28

1   "relevant to the claim or defense of any party" in violation of FRCP 26(b)(1) because such request

2   seeks documents related to an alleged entity which is not a party and is not referenced in the

3   Complaint and for an indefinite period of time.

4          7.     The purported Instructions preceding this request are in violation of FRCP 26 and

5   34 in that they purport to impose requirements on the manner of the production of documents

6   and/or the assertion of privileges which are not "reasonable" and which otherwise violate such

7   rules, including but not limited to purported requirements for privilege logs which are in excess of

8   the information required by FRCP 26(b)(5), purported requirements that Tripod identify the

9   history and disposition of documents that may have been responsive but are no longer in Tripod's

10  possession, custody, or control and purported requirements that Tripod identify the persons

11  responsible for, and the circumstances surrounding, such disposition. As such, these Instructions

12  constitute interrogatories and should be set forth as same.

13         8.     This Request impermissibly attempts to commence discovery in violation of FRCP

14  26(d) prior to the time that Plaintiff has made a good faith effort to comply with its duties of initial

15  disclosure, as required by FRCP 26(f).

16         Tripod is willing to meet and confer with Bay Sales in an effort to modify this Request into

17  a form in which Tripod can respond. Further, Tripod is voluntarily producing documents as part

18  of its Initial Disclosures which may be responsive to a proper request to produce documents.

19         <u>Plaintiff's Basis for Further Response</u>: BAY SALES incorporates its previous responses to

20  Defendant's failure to respond to requests 2-6 as if set forth herein. Further, TRIPOD has alleged

21  that it had good cause to terminate its agreement with BAY SALES (Answer, Affirmative Defense

22  Seven.) The documents herein requested will help establish that in fact, in addition to its desire to

23  deprive BAY SALES of legitimately earned commissions, TRIPOD terminated BAY SALES

24  without cause and because it disagreed with BAY SALES related to an issue on marking or

25  labeling of printed circuit boards manufactured by PCB Square Corp., Ltd. for TRIPOD. It thus is

26  relevant to disprove TRIPOD's seventh affirmative defense.

27

28

1    REQUEST NO. 8:    MOTION WITHDRAWN

2         8.    All DOCUMENTS referring or relating to pricing of printed circuit boards sold for

3    use in Dell's products.

4    Defendant's Response:

5         1.    This request is not set forth with "reasonable particularity" as required by FRCP

6    34(b);

7         2.    Neither this Request nor the Definitions or Instructions which precede it specify the

8    "time, place and manner of making the inspection and performing the related acts" as required by

9    FRCP 34(b);

10        3.    This request is overbroad, burdensome and oppressive in that it purports to seek

11   "all documents referring or relating to Bay Sales" without limitation or restriction of any kind,

12   without reference to any time frame and without reference to any particular subject matter.

13   Further, this Request incorporates a definition of "document" and a definition of "Bay Sales"

14   which are excessively broad in and of themselves, and such are separately objected to below. The

15   parties to this litigation began their business relationship in June, 2002 and terminated same in

16   April, 2006. The contract provided that termination could be made at any time and with no

17   liability except for payment of commissions through a maximum 120 days after termination. Such

18   120 day period would have expired in August, 2006. If Tripod attempted to literally comply with

19   this request, it would have to search every single document, including all of its accounting records

20   and all of its computer files, which it generated or which came into its possession in connection

21   with any of its business activities at any time in its history to determine whether Bay Sales was

22   mentioned in such document. Since Tripod is one of the ten largest manufacturers of printed

23   circuit boards in the world and has numerous employees and offices worldwide, such task would

24   consume thousands of hours and tens of thousands of dollars of expense. This is a violation of

25   FRCP 26(b)(2)(C) which prohibits any proposed discovery where the "burden and expense of such

26   proposed discovery outweighs its likely benefit, taking into account the needs of the case, the

27   importance of the issues at stake in the litigation and the importance of the proposed discovery in

28

1   resolving the issues." Further, this is a violation of FRCP 26(b)(2)(B) which provides that a party

2   need not provide discovery of electronically stored information…[which is] not reasonably

3   accessible."

4        4.     The definition of "Documents," incorporated into this request, is overbroad,

5   burdensome and oppressive and seeks to impermissibly impose a requirement to produce

6   documents which are not currently in Tripod's possession, custody or control. "Document" is

7   defined to include a document that "was" in Tripod's possession, custody or control, even if it no

8   longer is in Tripod's possession, custody or control." Further, the definition purports to

9   impermissibly require the production of documents which were under the "constructive" rather

10  than the actual possession of Tripod, although the term "constructive" is not defined and is,

11  therefore, vague, ambiguous and uncertain.

12       5.     This request, as currently phrased, and because of its overbreadth, and lack of any

13  time frame and excessive scope impermissibly seeks the production of matter which is not

14  "relevant to the claim or defense of any party" in violation of FRCP 26(b)(1) because such request

15  seeks documents related to an alleged entity which is not a party and is not referenced in the

16  Complaint and for an indefinite period of time.

17       6.     The purported Instructions preceding this request are in violation of FRCP 26 and

18  34 in that they purport to impose requirements on the manner of the production of documents

19  and/or the assertion of privileges which are not "reasonable" and which otherwise violate such

20  rules, including but not limited to purported requirements for privilege logs which are in excess of

21  the information required by FRCP 26(b)(5), purported requirements that Tripod identify the

22  history and disposition of documents that may have been responsive but are no longer in Tripod's

23  possession, custody, or control and purported requirements that Tripod identify the persons

24  responsible for, and the circumstances surrounding, such disposition. As such, these Instructions

25  constitute interrogatories and should be set forth as same.

26       7.     This Request impermissibly attempts to commence discovery in violation of FRCP

27  26(d) prior to the time that Plaintiff has made a good faith effort to comply with its duties of initial

28

1  disclosure, as required by FRCP 26(f).

2       Tripod is willing to meet and confer with Bay Sales in an effort to modify this Request into

3  a form in which Tripod can respond. Further, Tripod is voluntarily producing documents as part

4  of its Initial Disclosures which may be responsive to a proper request to produce documents.

5       <u>Plaintiff's Basis for Further Response</u>: BAY SALES incorporates its previous responses to

6  Defendant's failure to respond to requests 2-7 as if set forth herein. Further, TRIPOD has alleged

7  that it had good cause to terminate its agreement with BAY SALES (Answer, Affirmative Defense

8  Seven.) The documents herein requested will help establish that in fact, in addition to its desire to

9  deprive BAY SALES of legitimately earned commissions, TRIPOD terminated BAY SALES

10  without cause and because BAY SALES objected to TRIPOD's breach of its NDA with DELL

11  when TRIPOD shared DELL pricing information with other manufacturers of PCB's. It thus is

12  relevant to disprove TRIPOD's seventh affirmative defense.

13  **SPECIAL INTERROGATORIES**

14  <u>**SPECIAL INTERROGATORIES 1 and 2:**</u>

15      1.    IDENTIFY each SALE of PCB's to each of the COMPANIES from June 11, 2002

16  through January 30, 2007.

17      2.    IDENTIFY each SALE of PCB's to each of the TERRITORIES from June 11,

18  2002 through December 31, 2007.

19      <u>Defendant's Response</u>: Objections in the same vein as to those for documents requests on

20  the same subject matter. They are boilerplate and verbose, and to the extent those responses are

21  attached their entirety in Exhibit "I" to the Declaration of Colin G. McCarthy in support hereof,

22  they are hereby incorporated by reference.

23      <u>Plaintiff's Basis For Further Response</u>: Plaintiff hereby incorporates its basis for further

24  response to Requests for Production 3-6, above.   This information helps establish breach, fraud,

25  and quantum meruit claims, as well as associated damages. To the extent the documents are

26  produced in response to RFP 3-6, Plaintiff may be able to hold these interrogatories in abeyance.

27

28

1    **SPECIAL INTERROGATORIES 3 and 4:**

2         3.     For each SALE to the Dell TERRITORY state which SALES were for: (a) desktop

3    computers and (b) laptop computers.

4         4.     For each Sale to the nVidia TERRITORY state which SALES were to or for use by

5    an nVidia design licensee or design licensee.

6         Defendant's Response: Objections in the same vein as to those for documents requests on

7    the same subject matter. They are boilerplate and verbose, and to the extent those responses are

8    attached their entirety in Exhibit "I" to the Declaration of Colin G. McCarthy in support hereof,

9    they are hereby incorporated by reference.

10         Plaintiff's Basis For Further Response: The information is necessary to establish damages

11    consistent with the parties' agreement with respect to each company pro-rating commissions based

12    on whether the sales were for laptops or desktop computers. Neither interrogatory contains

13    impermissible subparts. Defendant's boilerplate objections are not well taken. *Walker*, supra, 186

14    F.R.D. at 586-7.

15         Defendant's contention that the information sought applies to all sales, worldwide, and it is

16    therefore both irrelevant and burdensome, misses the point. DELL and nVidia are BAY SALES

17    TERRITORIES, and as defined by the contract the territory is the company, not constrained by

18    any geographical limit. TRIPOD has not terminated the assigned territory pursuant to the contract

19    terms. As such the information on world wide sales, without limitation on time, is likely to lead to

20    the discovery of admissible information and discoverable. FRCP 26 (b)(1); *Paulsen,* supra,  168

21    F.R.D. at 288. Furthermore the distinction between laptop and desktop computers bears on the

22    commission to be earned, per the parties' agreement.

23    **SPECIAL INTERROGATORY NO. 5:**

24         5.     IDENTIFY all DOCUMENTS relating or referring to the Sales Representation

25    Agreement between BAY SALES and TRIPOD including any drafts, modification, amendments,

26    addenda, related agreements and negotiations therefore.

27         Defendant's Response: Tripod objects to this interrogatory on each of the following

28

1  grounds:

2      1.    This Interrogatory, on its face, requires Tripod to answer not just one but a series of

3  questions which are distinct and each of which involves a separate, distinct and independent

4  investigation. Further, when considered in light of the Definitions which are incorporated in the

5  Interrogatory, hundreds, if not thousands of additional subparts are required. For example, the

6  term "Identify" as to documents is defined to require 8 separate pieces of information; the term

7  "Identify" as to persons is defined to include 3 separate pieces of information; the term "Sales"

8  requires analysis of 2 categories of sales – direct and indirect; "Document" requires the

9  identification of documents which are currently in Tripod's possession, custody and control as

10  well as documents which are no longer in its possession, custody and control and further requires

11  the identification of documents in Tripod's actual possession, custody and control as well as its

12  constructive possession, custody and control; "Bay Sales" is defined to include not just Bay Sales

13  the entity but all of its past and present employees, officers, directors and agents; "PCBs" is

14  defined to include both products sold "by" Tripod as well as products sold "on behalf of" Tripod";

15  "Companies is defined to include not only 17 named entities but also all the "past and present

16  subsidiaries, divisions, affiliates, parents contractors, contract manufacturers, original design

17  manufacturers, suppliers, agents, licensees, design licensees, predecessors, and successors in

18  interest" of each of those categories; "Territory" is defined to include 5 specific entities plus all the

19  general category entities set forth with respect to "companies". As such, this Interrogatory

20  includes discrete subparts which, in aggregate, and considered with the definitions and all other

21  interrogatories in this set, substantially exceed the permissible number of 25 interrogatories

22  allowed pursuant to FRCP 33 (a).

23      2.    The definition of "Documents," incorporated into this Interrogatory, is overbroad,

24  burdensome and oppressive and seeks to impermissibly impose a requirement to identify

25  documents which are not currently in Tripod's possession, custody or control. "Document" is

26  defined to include a document that "was" in Tripod's possession, custody or control, even if it no

27  longer is in Tripod's possession, custody or control." Further, the definition purports to

28

1 impermissibly require the production of documents which were under the "constructive" rather

2 than the actual possession of Tripod, although the term "constructive" is not defined and is,

3 therefore, vague, ambiguous and uncertain.

4    **Plaintiff's Basis For Further Response:**  Plaintiff hereby incorporates its basis for further

5 response to Requests for Production 1, above.    That this information is reasonably calculated to

6 lead to the discovery of admissible evidence in this breach of contract action is self-evident.

7 Defendant's boilerplate objections are unfounded.  *Walker*, supra, 186 F.R.D. at 586-7.

8    **SPECIAL INTERROGATORIES 6-9:**    MOTION WITHDRAWN

9    6.    IDENTIFY all DOCUMENTS referring or relating to actual or prospective SALES

10 of PCBs to the COMPANIES from June 11, 2002 through January 30, 2007.

11    7.    IDENTIFY all DOCUMENTS referring or relating to actual or prospective SALES

12 of PCBs to the TERRITORIES from June 11, 2002 through December 31, 2007.

13    8.    IDENTIFY all DOCUMENTS referring or relating to marking or labeling of

14 printed circuit boards manufactured by PCB Square Corp., Ltd. For TRIPOD, or any of the

15 COMPANIES or TERRITORIES.

16    9.    IDENTIFY all DOCUMENTS referring or relating to pricing of printed circuit

17 boards sold for use in Dell's products.

18    **Defendant's Response:**  Boilerplate objections in the same vein as to those for documents

19 requests (3-8) on the same subject matter.

20    **Plaintiff's Basis For Further Response:**  Plaintiff hereby incorporates its basis for further

21 response to Requests for Production 3-8, above.  If Defendant produces responsive documents to

22 those requests Plaintiff is willing to hold these requests in abeyance.

23    **SPECIAL INTERROGATORY NO. 10:**

24    10.    IDENTIFY all PERSONS who have acted as a sales representative of TRIPOD in

25 the United States since January 11, 2002.

26    **Defendant's Response:**  Tripod objects to this interrogatory on each of the following

27 grounds:

28

1        1.      This Interrogatory, on its face, requires Tripod to answer not just one but a series of

2    questions which are distinct and each of which involves a separate, distinct and independent

3    investigation.  Further, when considered in light of the Definitions which are incorporated in the

4    Interrogatory, hundreds, if not thousands of additional subparts are required.  For example, the

5    term "Identify" as to documents is defined to require 8 separate pieces of information; the term

6    "Identify" as to persons is defined to include 3 separate pieces of information; the term "Sales"

7    requires analysis of 2 categories of sales – direct and indirect;  "Document" requires the

8    identification of documents which are currently in Tripod's possession, custody and control as

9    well as documents which are no longer in its possession, custody and control and further requires

10   the identification of documents in Tripod's actual possession, custody and control as well as its

11   constructive possession, custody and control; "Bay Sales" is defined to include not just Bay Sales

12   the entity but all of its past and present employees, officers, directors and agents; "PCBs" is

13   defined to include both products sold "by" Tripod as well as products sold "on behalf of" Tripod";

14   "Companies is defined to include not only 17 named entities but also all the "past and present

15   subsidiaries, divisions, affiliates, parents contractors, contract manufacturers, original design

16   manufacturers, suppliers, agents, licensees, design licensees, predecessors, and successors in

17   interest" of each of those categories; "Territory" is defined to include 5 specific entities plus all the

18   general category entities set forth with respect to "companies".  As such, this Interrogatory

19   includes discrete subparts which, in aggregate, and considered with the definitions and all other

20   interrogatories in this set, substantially exceed the permissible number of 25 interrogatories

21   allowed pursuant to FRCP 33 (a).

22       2.      This Interrogatory, as currently phrased, and because of its overbreadth, and lack of

23   any time frame and excessive scope of time impermissibly seeks the production of matter which is

24   not "relevant to the claim or defense of any party" in violation of FRCP 26(b)(1) because such

25   Interrogatory seeks documents related to PCB sales irrespective of whether such documents are

26   related to any subject matter or issue which is in dispute in this litigation.

27       3.      This request impermissibly attempts to commence discovery in violation of FRCP

28

---

NOTICE OF MOTION AND MOTION TO COMPEL DISCOVERY RESPONSES
C07 03702 JW (PVT)

1    26(d) prior to the time that Plaintiff has made a good faith effort to comply with its duties of initial

2    disclosure, as required by FRCP 26 (f).

3         Tripod is willing to meet and confer with Bay Sales in an effort to modify this

4    Interrogatory into a form in which Tripod can respond.  Further, Tripod is voluntarily producing

5    documents as part of its Initial Disclosure which may be responsive to a proper interrogatory.

6         Plaintiff's Basis For Further Response:  Again, the boilerplate objections on impermissible

7    subparts and relevancy are not well taken. Plaintiff is entitled to learn the identity of similarly

8    situated sales representative companies during the relevant time period.  The discovery of such

9    information can lead to the discovery of admissible evidence by way of establishing breach of the

10   contract if these representatives received commissions in BAY SALES TERRITORIES OR

11   COMPANIES.  Further these representatives may have knowledge of the circumstances

12   surrounding TRIPOD's attempted termination of the agreements, its fraudulent induction of BAY

13   SALES to give up the MOTOROLA TERRITORY, and establishment of sales with BAY SALES

14   COMPANIES and TERRITORIES after TRIPOD stopped paying it commissions.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 4

1  JOHN W. FOWLER, Bar No. 037463
   jfowler@be-law.com
2  COLIN MCCARTHY, Bar No. 191410
   cmccarthy@be-law.com
3  BERGESON, LLP
   303 Almaden Boulevard, Suite 500
4  San Jose, CA 95110-2712
   Telephone:  (408) 291-6200
5  Facsimile:  (408) 297-6000

6  Attorneys for Plaintiff
   BAY SALES, INC.
7

8

9                 UNITED STATES DISTRICT COURT

10               NORTHERN DISTRICT OF CALIFORNIA

11                      SAN JOSE DIVISION

12

13 BAY SALES, INC., a California corporation       Case No.  C 07 03702 JW (PVT)

14      Plaintiff,                                 **[PROPOSED] ORDER GRANTING
                                                    PLAINTIFF BAY SALES, INC.'S
15      vs.                                         MOTION TO COMPEL**

16 TRIPOD TECHNOLOGY CORPORATION, a                Date:   July 22, 2008
   Taiwanese corporation and DOES 1 to 10,         Time:   10:00 A.M.
17                                                  Judge:  Magistrate Trumbull
        Defendants.                                 Dept:   Courtroom 5  (Fourth Floor)
18

19 _____              Complaint filed   June 19, 2007

20

21

22

23

24

25

26

27

28

1        This matter having come before the Court on the Motion of plaintiff Bay Sales, Inc. for an

2   Order compelling Defendants TRIPOD TECHNOLOGY CORPORATION ("TRIPOD") to

3   produce discovery responses;

4        AND, the Court having read and considered the Notice of Motion and Motion, the

5   declaration of Colin G. McCarthy, the supplemental declaration of John W. Fowler, the

6   memorandum of points and authorities submitted in support of the motion, and the arguments of

7   Counsel;

8        AND, good cause appearing;

9        **IT IS HEREBY ORDERED THAT:**

10        1.     Defendants Tripod Technology Corporation ("TRIPOD") produce discovery

11   responses and documents to Bay Sales Request for Production, Set One, Request No. 1 and

12   Request Nos. 2, 3 and 5 relating to Jabil, Dell, nVidia and San Disk and responses to Bay Sales'

13   Special Interrogatories, Set One, Nos. 1, 2, 3, 4, 5 and 10.

14        2.     By reason of its failure to produce these documents and information in discovery,

15   Bay Sales can supplement its expert report on damages within ___ days after production under

16   subsection 1, above, is completed.

17

18        **IT IS SO ORDERED.**

19   Dated: _____

20                                         Patricia V. Trumbull

                                       United States Magistrate Judge

21

22

23

24

25

26

27

28

[PROPOSED] ORDER GRANTING PLAINTIFF BAY SALES, INC.'S MOTION TO COMPEL
Case No.  C 07 03702 JW (PVT)