MAHER, RENZI & MAHER
Michael K. Maher, Esq. (SBN 064355)
4175 E. La Palma Ave #205
Anaheim, CA 92807
(714) 986-1600
(714) 998-6341  Direct
(714) 998-6961  Fax
mmaher@maherlaw.com

Attorneys for Defendant
TRIPOD TECHNOLOGY CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BAY SALES INC., a California corporation | Case No. C 07 03702 JW  (PVT) |
| Plaintiff, | **DEFENDANT TRIPOD TECHNOLOGY CORPORATION'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES** |
| v. | |
| TRIPOD TECHNOLOGY CORPORATION, a Taiwanese corporation and DOES 1 to 10 | |
| Defendants. | **[Declaration of Michael K. Maher filed concurrently herewith]** |
| | Date: July 22, 2008 |
| | Time: 10:00 a.m. |
| | Judge: Magistrate Trumbull |
| | Courtroom: 5 (Fourth Floor) |
| | Complaint Filed: June 19,2007 |
| | Trial Date:      None Set |

-1-

**DEFENDANT TRIPOD TECHNOLOGY CORPORATION'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES**
**CASE NO. 07 03702 JW**

## I.  INTRODUCTION

As set forth in the Declaration of Michael K. Maher filed concurrently herewith, the pending motion has had a long and confusing history.  As currently presented, the motion is premature, procedurally defective and substantively without merit. More importantly, the issues presented by it have been rendered moot by the voluntary productions and agreements of the parties, copies of which are attached to the accompanying declaration, and by plaintiff's pursuit of the same information it purports to seek here in deposition subpoenas which have been served on third parties. As a result, for the reasons set forth at greater length below, the present motion should either be denied without prejudice or deferred until such time as the issue of the end date for the production of sales data is properly before the Court.

## II. FACTUAL BACKGROUND/ CLAIM ALLEGATIONS

Plaintiff Bay Sales entered into a written "Sales Representation Agreement" with Defendant Tripod Technology Corporation ("Tripod")  pursuant to which Bay Sales was appointed as a nonexclusive sales representative for Tripod, which is a manufacturer of printed circuit boards for computers and other electronic devices.  The agreement was entered into in June, 2002 (Complaint, paragraph 11). There is no dispute that the agreement was terminated in April, 2006. (Complaint, paragraph 19)  Although the substance of the plaintiff's complaint is that Tripod allegedly did not perform this written agreement, plaintiff did not attach it as an exhibit to the complaint.  Accordingly, a copy of the Sales Representation Agreement is attached as Exhibit C to the Declaration of Michael K. Maher filed concurrently herewith in order that the Court can see plaintiff's allegations in context.

Section 9 of the Sales Representation Agreement clearly and unambiguously states that the agreement may be terminated by either party at any time.  There is no requirement of prior notice and no requirement of any cause for termination whatsoever.  Pursuant to Section 10 of the same agreement,  the only right which Bay Sales had upon termination was to receive

-2-

**DEFENDANT TRIPOD TECHNOLOGY CORPORATION'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES**
**CASE NO. 07 03702 JW**

commissions on orders "…placed up to 30 days following the termination date for a period of 120 after the termination date." This would place the relevant time frame end date to be no later than late August, 2006. Nonetheless, as is described in greater detail in the accompanying declaration, Tripod has voluntarily agreed to produce, and has produced, sales data through December 31, 2006.

There is no allegation in the complaint that the termination provisions of the Sales Representation Agreement were ever modified. Indeed, the only modifications which are alleged in the Complaint are that Bay Sales gave up Jabil as a customer in exchange for the right to be the "exclusive" sales representative to Dell and Motorola (Complaint, paragraph 17) and that, subsequently, Bay Sales gave up its exclusive arrangement with Motorola in order to maintain its allegedly exclusive relationship with Dell. (Complaint, paragraph 18) There is no allegation whatsoever that the Sales Representation Agreement was modified to limit either party's right to terminate same or to provide for commissions on sales beyond the 120 day period. Further, although Bay Sales' motion seeks sales data beyond 12/31/06 as to 4 entities—Jabil, Dell, nVidia and SanDisk---there are no allegations in the Complaint as to why 2 of those entities---nVidia and San Disk--- have any relevance whatsoever beyond the termination date. As set forth below, discovery must be relevant to the claims of the plaintiff. However, there are no allegations in the complaint which would support discovery beyond a reasonable time after the actual termination of the agreement in question.

### III. PROCEDURAL HISTORY OF THIS DISCOVERY MOTION

The present motion may be traced back to two written discovery requests which were propounded by Plaintiff to Defendant in January, 2008. These discovery requests were in the classic overbroad form accompanied by several pages of intricate, conflicting and burdensome definitions and instructions, and posed without any meaningful time limitations. ( See Exhibits A and B to the accompanying Declaration) Further, the document requests were procedurally

-3-

**DEFENDANT TRIPOD TECHNOLOGY CORPORATION'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES**
**CASE NO. 07 03702 JW**

defective because they did not even set forth a mechanism for the production of the documents requested, as required by FRCP 34(b).

Although Tripod timely and properly asserted objections to the discovery requests, it also simultaneously and voluntarily produced substantial documentation to Plaintiff, including but not limited to a CD which contained copies of thousands of e-mails between the parties. Defendant also engaged in good faith "meet and confer" discussions with Plaintiff which resulted in an agreement to produce additional sales data and documents.

While these meet and confer discussions were ongoing, plaintiff filed a motion to compel responses to certain of these discovery requests and set same for hearing on June 3, 2008. Within two days of the filing of this motion, the parties were able to complete their discussions and reach agreement both with respect to the issues presented by these discovery requests as well as on other discovery and scheduling issues. This agreement was memorialized in a letter from plaintiff's counsel to defense counsel dated May 1, 2008 (attached as exhibit E. to the accompanying declaration) as well as a Stipulation and Order which was submitted to the Court and subsequently executed by Judge Ware. The Stipulation recited that the parties had a discovery dispute concerning the two written discovery requests in question, and that the parties had "reached an agreement resolving the discovery dispute". (emphasis added)

This agreement provided that Tripod would provide further sales data through an end date of December 31, 2006, and that it would provide documentation with respect to certain other issues (which the parties referred to as the UL labeling and Dell pricing issues) which were the product of reworking and limiting some of the original discovery requests. As a result of the resolution of the discovery dispute between the parties with respect to the written discovery requests in question, Plaintiff took its motion to compel off calendar.

. Tripod then produced the additional documents as agreed through an end date of December 31, 2006 and Plaintiff then caused subpoenas re deposition to be served on several third-party customers of defendant Tripod -- Dell, SanDisk, nVidia, Jabil and Motorola -- which

-4-

**DEFENDANT TRIPOD TECHNOLOGY CORPORATION'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES**
CASE NO. 07 03702 JW

1   sought sales data information substantially beyond 2006. Although the subpoenas referenced

2   above sought information which Tripod believes is irrelevant to the subject matter of this action

3   and certainly is irrelevant to plaintiff's claims, Tripod did not move to quash the deposition

4   subpoenas in question because the subpoenas do not impose a direct burden on defendant.

5   Defendant understands that some of the subpoenas have already produced post 2006 sales

6   information and others are still pending.

7        The letter agreement of May 1, 2008 between the parties also specified that if Tripod had

8   not filed its proposed Motion for Summary Judgment by June 30, 2008, plaintiff could further

9   pursue the issue of obtaining sales data after December 31, 2006 directly from Tripod, and was

10  given the option of renewing a motion to compel solely related to this issue. The clear language

11  of the parties' agreement in this regard limits the scope of any new motion to the single issue of

12  the outside date that should be used for the production and sales data by Tripod. Contrary to, and

13  in violation of this letter agreement of May 1, plaintiff renoticed the present motion on June 17,

14  almost two weeks before the agreed date of June 30, and did not limit it solely to the issue of

15  whether Tripod was required to disclose sales data beyond December 31, 2006. More

16  disturbingly, plaintiff sought and obtained an extension of the hearing date for this motion and,

17  in so doing, represented to defense counsel that he would be filing a supplemental declaration

18  which would indicate the limited nature of the motion. However, the supplemental declaration

19  which was filed does not confirm the limited scope of the parties' earlier agreement but states

20  that the present motion is limited to 4 document requests and six interrogatories, several of which

21  are outside the scope of the parties' prior agreement.

22        In summary, the motion which is before the Court here is essentially the very same

23  motion that the parties resolved by their letter agreement of May 1, 2008 and the Stipulation and

24  Order filed concurrently therewith. As a result, this motion addresses discovery requests that

25  have already been resolved. More importantly, plaintiff not only filed the present motion

26  prematurely but did so by simply filing a two-page notice that incorporated the previous motion

27

28

-5-

**DEFENDANT TRIPOD TECHNOLOGY CORPORATION'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES**
**CASE NO. 07 03702 JW**

rather than crafting a specific motion to address the issue of the cut off date for the production of sales data.  Although this sales data end date issue may ultimately be properly presented to this Court, it is not properly framed for adjudication on the present motion.

## IV. STATEMENT OF ISSUES TO BE DECIDED

1.  Whether plaintiff's present discovery motion is properly before the Court and/or is in violation of the parties' mutual agreement as to the timing of same;

2.  Whether the discovery requests which are the subject of the present motion have been subsumed into, and have been made moot, by a mutual and voluntary agreement of the parties;

3. Whether plaintiff has properly brought a full and complete record of the discovery requests in question before the Court from which this court can make any rulings and/or whether defendant's objections to those portions of the discovery requests which are properly before the court are well taken;

4.  Whether the Court should defer the present motion or deny same without prejudice until all of the deposition subpoenas seeking the same information as this motion have been returned and/or until plaintiff has properly brought a motion before the Court which addresses the issue of what the outside date for the production of sales data should be.

## V. ARGUMENT

### A. The Motion Is Procedurally Defective

As presently constituted, the moving papers purport to seek an unspecified further response to request for production no. 1 and limited further responses to requests for production numbers 2,3 and 5 limited to Jabil, nVidia, SanDisk and Dell.  However, as noted above, plaintiff's original document production request was defective because it did not set forth "the time, place and manner of making the inspection" as required by FRCP 34(b).  The specified

-6-

**DEFENDANT TRIPOD TECHNOLOGY CORPORATION'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES**
**CASE NO. 07 03702 JW**

1  requests are also objectionable for the reasons set forth in Defendant's response. Finally, Plaintiff

2  filed the present motion prematurely in violation of the parties' agreement as to the timing of

3  same.

4

5      With respect to the interrogatories, it appears that plaintiff seeks further responses to

6  interrogatory numbers 1, 2, 3, 4, 5 and 10.  However, plaintiff does not set forth defendant's

7  actual response to interrogatory numbers 1,2,3 or 4 and, therefore, the Court has no adequate

8  record before it upon which to base an order with respect to these interrogatories.  As is noted in

9  the accompanying declaration, what is contained in the section entitled "Defendant's Response"

10  to these interrogatories is not defendant's actual response but a very brief, and inaccurate,

11  characterization of defendant's response.

12      Defendant's actual response to interrogatory numbers 5 and 10 are before the Court but

13  such interrogatories are objectionable for the reasons set forth therein and, more importantly,

14  relate to subject matters wholly unrelated to the issue of the date for the production of sales data

15  which was the only issue the parties potentially left open for future determination.

16

17

18      B. Plaintiff Has Failed To Meet Its Burden Of Showing Good Cause

19      On a motion to compel, the moving party bears the burden of demonstrating "a

20  plausible chain of inferences showing how discovery of the items sought would lead to

21  admissible evidence" Vardon Golf v. BBMG  (ND ILL 1994) 156 FRD 641,651. Although a

22  party has the right to discover information "relevant to the claim or defense of any party" (FRCP

23  26 (b) (1), a connection to a claim or defense must be demonstrated.  "The standard of relevancy

24  is not so liberal as to allow party to... explore matter which does not presently appear germane on

25  the theory that it might conceivably become so" Food Lion v. United Food (DC Cir 1997) 103

26  F3d 1007, 1012-1013. Defendant respectfully submits that, under this standard, discovery of

27  sales data beyond the end of 2006 as to any of the 4 listed entities simply cannot be tied to any

28

-7-

**DEFENDANT TRIPOD TECHNOLOGY CORPORATION'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES**

CASE NO. 07 03702 JW

1   allegation in plaintiff's complaint.  While plaintiff may succeed in obtaining such information

2   through the use of deposition subpoenas to third parties, such does not make the information

3   discoverable as between the parties themselves; it simply provides plaintiff an alternative to

4   obtain the information it allegedly seeks without having to burden defendant with the production

5   of irrelevant matter.

6

7                    C. Defendant's Objections Should Be Sustained

8                    The document requests and interrogatories which are the subject of this motion were

9   objected to in a timely fashion by defendant on numerous substantive grounds.  Those grounds

10  included that the document production request did not comply with FRCP 34 (b), and that, by

11  incorporating several pages of definitions and instructions, and failing to limit the request to a

12  reasonable time frame, both the requests and the interrogatories as phrased were overbroad,

13  burdensome and oppressive for the reasons set forth in defendant's response and/or that the

14  permissible number of interrogatories was exceeded.  These objections are valid and must be

15  addressed. Although the parties can voluntarily reach agreement limiting or modifying the

16  requests/interrogatories, when a motion to compel is brought, if these requests do not pass legal

17  scrutiny, plaintiff's motion must be denied. The moving party may then seek the requested

18  discovery by any other permissible avenue.

19

20

21

22  Dated: July 3, 2008                          MAHER, RENZI & MAHER

23                                               MICHAEL K. MAHER

24

25                                               _____

26                                               Michael K. Maher
                                                 Attorneys for Defendant
27                                               TRIPOD TECHNOLOGY CORPORATION

28
                                        -8-

**DEFENDANT TRIPOD TECHNOLOGY CORPORATION'S MEMORANDUM OF
POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO
COMPEL DISCOVERY RESPONSES**
                    **CASE NO. 07 03702 JW**