```
JOHN W. FOWLER, Bar No. 037463
jfowler@be-law.com
COLIN MCCARTHY, Bar No. 191410
cmccarthy@be-law.com
BERGESON, LLP
303 Almaden Boulevard, Suite 500
San Jose, CA 95110-2712
Telephone:  (408) 291-6200
Facsimile:   (408) 297-6000

Attorneys for Plaintiff
BAY SALES, INC.
```

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| BAY SALES, INC., a California corporation<br><br>     Plaintiff,<br><br>     vs.<br><br>TRIPOD TECHNOLOGY CORPORATION, a Taiwanese corporation and DOES 1 to 10,<br><br>     Defendants. | Case No.  C 07 03702 JW (PVT)<br><br>**BAY SALES' REPLY BRIEF REGARDING MOTION TO COMPEL DISCOVERY RESPONSES FROM DEFENDANT TRIPOD; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:  July 22, 2008<br>Time:  10:00 A.M.<br>Judge:  Magistrate Trumbull<br>Dept:  Courtroom 5  (Fourth Floor)<br><br><br>Complaint Filed:   June 19, 2007<br>Trial Date:           None Set |

## I. INTRODUCTION

The Complaint seeks damages for commissions due on sales to four exclusive Territories by defendant Tripod though the June 2007 filing and "in the future". Tripod should be required to produce this sales information. Tripod should also be required to produce all communications between the parties and to identify its sales representatives. The remainder of the Motion to Compel has been resolved. Furthermore, Tripod's procedural objections to the requests at issue and the timing of this motion are without merit.

## II. ARGUMENT

### A. What the Complaint Alleges

As Plaintiff shows in its opening memorandum, the scope of discovery is framed by the pleadings. Tripod's opposition ignores the allegations of the Complaint that 1) Tripod granted exclusive Territories (Dell, SanDisk, Nvidia and Jabil) to Plaintiff, which Territories could not be terminated except for a specified cause (Complaint ¶ 14); 2) Plaintiff is entitled to commissions calculated as a percentage of Tripod's sales to the date of the Complaint "and in the future" (Complaint ¶ 24, l. 4; ¶ 53); and, 3) the original agreement was modified in writing and by Tripod's promises (Complaint ¶ 16, 17, 18).  Counsel for Tripod failed to make good on his threat to move for an order cutting off all damages at 120 -150 days after notice of termination, even after Plaintif agreed to postpone this motion to allow Tripod to file a dispositive motion. Accordingly, Tripod's sales to the Territories through the present are relevant to the calculation of damages under four causes of action of the Complaint for breach of contract, promissory estoppel, fraud and quantum merit.

### B. Tripod's Procedural Contentions Are Without Merit

#### 1. Only Request 4, 6, 7 and 8 and Special Interrogatories 6, 7, 8 and 9 were dropped from the Motion

Plaintiff never agreed to drop its request relating to sales after 2006. The discovery agreement of May 1, 2007 was an interim agreement giving Tripod time to complete the production it was then willing to provide and to afford Tripod an opportunity to file a

"dispositive" motion.  The agreement expressively reserves Plaintiff's right to pursue this motion regarding post 2006 sales.  Declaration of Colin McCarthy in Support of Bay Sales Reply Brief Regarding Motion to Compel Discovery Responses ("McCarthy Reply Dec.") ¶¶2 and 3. The only requests Plaintiff agreed to drop related to Dell pricing (Request 6) and product labeling (Request 7).  Request 1 (communications between the parties) and Special Interrogatory 10 (other Sales Representatives for Tripod) were not discussed and certainly not dropped.  McCarthy Reply Dec. ¶ 3.

### 2. Plaintiff's Renewal of This Motion Was Timely

Following the May 1, 2008 letter that specified June 30, 2008 as the date for renewal of this motion, the date in the Stipulation signed by Mr. Maher on May 6, 2008 was changed to June 16, 2008.  Fowler Dec., Ex 1, Pg. 1, ll 13-15.  After this motion was reset for hearing on July 15, 2008 the parties then agreed to change the hearing to July 22, 2008.  They also agreed to a briefing schedule giving Tripod ample time to oppose a motion that was first served over two months ago.  Contrary to Mr. Maher's claim, the Supplemental Declaration of John W. Fowler in Support of Motion to Compel introduced no new arguments.  It only reduced the scope of the motion.

Mr. Maher also contends that the motion is premature based on the May 1, 2008 letter agreement.  However, Tripod can not enforce an agreement it breached when it refused to provide all records of sales of PCBs to Dell except Dell desktops. McCarthy Reply Dec. ¶¶ 4 - 7 Exs. A and B.

### 3. Tripod's Procedural Objections are Without Merit or Have Been Cured

Contrary to Tripod's contention, the Requests for Production do set forth a mechanism of production: Tripod is required to "produce for inspection and photocopying the originals, or if the originals are unavailable, copies of documents" at the Bergeson Office.

Tripod also raises the frivolous objection that the initial document requests did not specify a time for production.  This objection is no longer applicable.  The parties meet and conferred and agreed upon dates for production of certain documents.  As to the documents still at issue, Tripod

1 has refused to produce them at any time thus mooting the production date issue.  Furthermore, the
2 remedy is not denial of production but the allowance of a reasonable time for production.  Here,
3 two weeks should suffice.  Plaintiff has also failed to include in its original motion the verbatim
4 responses of Tripod to Special Interrogatories 1 - 4.  These responses have now been submitted
5 McCarthy Reply Dec ¶ 9, and Ex. C.

### III.     CONCLUSION

For over half a year Tripod has maneuvered to conceal the sales information Plaintiff needs to calculate damages.  This information is clearly relevant to the subject matter of at least four causes of action.  The Court should compel production and the responses to the Special Interrogatories.

Dated:  July 8, 2008                                   Respectfully Submitted

                                                                      BERGESON, LLP


                                                                      By:_____/s/_____
                                                                              John W. Fowler
                                                                              Attorneys for Plaintiff
                                                                              BAY SALES, INC.