1  JOHN W. FOWLER, Bar No. 037463
   jfowler@be-law.com
2  DONALD P. GAGLIARDI, Bar No. 138979
   dgagliardi@be-law.com
3  COLIN McCARTHY, Bar No. 191410
   cmccarthy@be-law.com
4  BERGESON, LLP
   303 Almaden Boulevard, Suite 500
5  San Jose, CA 95110-2712
   Telephone:  (408) 291-6200
6  Facsimile:  (408) 297-6000

7  Attorneys for Plaintiff
   BAY SALES, INC.

8

9

10              UNITED STATES DISTRICT COURT

11            NORTHERN DISTRICT OF CALIFORNIA

12                  SAN JOSE DIVISION

13

14  BAY SALES, INC., a California corporation      Case No.  C 07 03702 JW (PVT)

15       Plaintiff,                               **DECLARATION OF COLIN G.
                                                  MCCARTHY IN SUPPORT OF
16       vs.                                      PLAINTIFF BAY SALES' REPLY TO
                                                  DEFENDANT TRIPOD'S OPPOSITION
17  TRIPOD TECHNOLOGY CORPORATION, a              TO MOTION TO COMPEL**
    Taiwanese corporation and DOES 1 to 10,
18                                                Date:   July 22, 2008
         Defendants.                             Time:   10:00 A.M.
19                                               Judge:  Magistrate Trumbull
                                                 Dept:   Courtroom 5  (Fourth Floor)
20

21

22                                               Complaint Filed:    June 19, 2007
                                                 Trial Date:         None Set
23

24

25

26

27

28

1      1.      I am an attorney licensed to practice law before all of the courts of the State of

2  California.  I am an associate in the law firm of Bergeson, LLP, counsel of record for Plaintiff Bay

3  Sales, Inc. ("Bay Sales") in the above-captioned action.  I have personal knowledge of the facts set

4  forth in this declaration, and, if called to do so, I could and would competently testify thereto.

5      2.      I participated in meet and confer discussions with Defendant's counsel, Michael

6  Maher.  In a discussion at or around April 30, 2008 Mr. Maher and I discussed when Plaintiff Bay

7  Sales could file a motion to compel on pending discovery issues in the context of Defendant's

8  proposed dispositive motion.  The parties agreed that Plaintiff Bay Sales would not have to wait

9  until Defendant Tripod filed that motion to bring its motion to compel.  Accordingly, in the

10  stipulation filed with this Court, the parties agreed that Bay Sales could file its motion to compel

11  before Defendant Tripod filed any dispositive motion. Moreover, it was understood that Plaintiff

12  could re-file its motion to compel if Defendant Tripod breached the discovery agreement.

13      3.      As part of the meet and confer process, while there may have been a focus and

14  express agreement related to production of sales data by Tripod, I did not agree on behalf of Bay

15  Sales to give up its right to compel Defendant Tripod to respond to otherwise valid discovery

16  requests.

17      4.      Under the terms of the agreement, as reflected in the May 1, 2008 letter attached as

18  Exhibit E to Mr. Maher's declaration, Defendant Tripod was to produce sales documents for Dell

19  through December 31, 2006 as Dell was a company listed in TID-33.  The documents to be

20  produced under the agreement were not limited to any particular category of Product, and should

21  have included other Dell products such as laptops or notebooks as well as desktop sales, as

22  delineated in Plaintiff's Complaint .

23      5.      Attached as Exhibit "A" hereto is a true and correct copy of the email I sent to Mr.

24  Maher on June 1, 2008 in response to his May 29, 2008 e-mail to Mr. Fowler on this issue.

25      6.      A copy of Mr. Maher's May 29, 2008 e-mail is attached here to as Exhibit "B".

26      7.      I never received any written response or document production in response to my

27  June 1, 2008 email.  On information and belief, Tripod has still not produced, pursuant to the

28

1  initial discovery meet and confer agreement, any information or documents relating to Dell

2  products other than desktop sales information.

3        8.    I caused to be issued certain third party deposition subpoenas, with document

4  requests, to Dell, nVidia, SanDisk, Jabil and Motorola through the United States District Courts in

5  various states.  I engaged in meet and confer discussions with counsel for Dell regarding the

6  deposition subpoena and request for production of documents.  Counsel for Dell, in Austin, Texas,

7  has argued and continues to argue, in resisting the subpoena, that Bay Sales is not entitled to sales

8  documents from Dell for printed circuit boards sold to Dell by Tripod through the present until

9  such time as Bay Sales has tried and failed to obtain such documents from Tripod.  Dell said it

10  will not produce such sales data absent a showing that there was a motion to compel Tripod,

11  because of the alleged undue burden Bay Sales' request puts on Dell, a non-party.

12        9.    Attached as Exhibit "C" hereto is a true and correct copy of Defendant Tripod's

13  response to Bay Sales' special interrogatories, set one.  These were inadvertently omitted from my

14  initial declaration.  There was no substantive response.

15        I declare under penalty of perjury under the laws of the United States of America that the

16  foregoing is true and correct and that this declaration was executed this 8th day of July 2008 at

17  San Jose, California.

18

19                                                    _____
                                                      Colin G. McCarthy
20

21

22

23

24

25

26

27

28

DECLARATION OF COLIN G. MCCARTHY IN SUPPORT OF BAY SALES' REPLY TO DEFENDANT
TRIPOD'S OPPOSITION TO MOTION TO COMPEL
C07 03702 JW (PVT)

**EXHIBIT A**

## Colin McCarthy

**From:** Colin McCarthy
**Sent:** Monday, June 02, 2008 9:33 AM
**To:** Michael K Maher
**Cc:** John Fowler; Shauna Walker; Virginia Ross
**Subject:** Dell Discovery

Mr. Maher:

This e-mail replies to yours to Mr. Fowler of May 29, 2008 regarding whether the discovery of laptop sales information was contemplated by our discovery agreement.

Pursuant to our May 1, 2008 agreement, Tripod was to provide by May 19, 2008 all "sales data set forth for all entities shown [in TID 33] through December 31, 2006." Dell is an entity listed in TID 33 and as you know from the complaint and the underlying agreement between the parties as it relates to Dell, commissions for BaySales from sales of PCBs to Dell is tied to their use in laptops or desktops. The discovery agreement required Tripod to produce all Tripod sales data to Dell through December 31, 2006, without limitation. The sales data Tripod was to have produced to Baysales thus includes laptop information. To suggest otherwise is disingenuous and belies the spirit of discovery and our agreement.

It is immaterial whether any such sales of PCBs to laptops occurred before Tripod attempted to terminate its relationship with Baysales. It is also not relevant for our discovery agreement that we are seeking such documents from Dell. Tripod agreed to produce them and has not. Please send all Tripod sales data for Dell, including laptops, through December 31, 2006 within five days.

Colin G. McCarthy, Esq.
Bergeson, LLP
303 Almaden Blvd.
Suite 500
San Jose, CA 95110-2712
Main:  408 291-6200
Direct: 408 291-2764
Fax: 408 297-6000
Email: cmccarthy@be-law.com

The information transmitted in this e-mail (including any attachments) is a private communication for the sole use of the above individual or entity and may contain privileged and/or confidential information that may be exempt from disclosure under law. If you are not an intended recipient, do not forward this email. Interception of this message may be a federal crime. Any unauthorized dissemination, distribution, or copy of this communication (including any attachments) is strictly prohibited. If this e-mail has been transmitted to you in error, please notify the person listed above immediately, and delete the original message (including any attachments).

IRS Circular 230 Disclosure: To ensure compliance with requirements posed by the IRS, we inform you that any U.S. federal tax advice in this communication (including attachments) is not intended or written by Bergeson, LLP to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein. 2008 Bergeson, LLP [All Rights Reserved].

7/8/2008

**EXHIBIT B**

----- Original Message -----
From: Michael K Maher <mmaher@maherlaw.com>
To: John Fowler
Sent: Thu May 29 09:26:08 2008
Subject: RE: Bay Sales/Tripod

Jay

  I respectfully disagree with your interpretation of our agreement. I went back and
checked and our letter agreement is consistent with our discussions in this regard and
with my recollection of same. We were to "bring down" our original list (TID 33) to
12/31/06. The referenced document which we agreed to supplement only listed
commissions for Dell desktop sales, which is consistent with the fact that, at the time of
termination, only desktop sales were part of the agreement.  Our supplement did show all
Dell sales for desktops through 12/31/06. In fact, I believe your client will confirm that
there were no laptop sales to Dell either prior to the termination or even within several
months after that. The laptop program was not in place on Bay Sales watch.

  This may be a moot discussion since you have asked for this information directly from
Dell. Accordingly, I suggest we defer arguing about this until we see what Dell produces.

Mike

**EXHIBIT C**



1    MAHER, RENZI & MAHER
     Michael K. Maher, Esq. (SBN 064355)
2    4175 E. La Palma Ave #205
     Anaheim, CA 92807
3    (714) 986-1600
     (714) 998-6961  Fax
4    mmaher@maherlaw.com

5    Attorneys for Defendant
     TRIPOD TECHNOLOGY CORPORATION
6

7

8                    UNITED STATES DISTRICT COURT

9               NORTHERN DISTRICT OF CALIFORNIA

10                       SAN JOSE DIVISION

11

12    BAY SALES INC., a California corporation   )   Case No. C 07 03702 JW
                                        )
13                              )
               Plaintiff,          )   **RESPONSES OF DEFENDANT TRIPOD**
14                              )   **TECHNOLOGY CORPORATION TO**
           v.                   )   **"BAY SALES INC.'S WRITTEN**
15                              )   **INTERROGATORIES TO TRIPOD**
                             )   **TECHNOLOGY CORP"**
16    TRIPOD TECHNOLOGY CORPORATION,   )
     a Taiwanese corporation and DOES 1 to 10   )
17                              )
           Defendants.        )
18                              )
19                              )
20    _____ )

21          Defendant Tripod Technology Corporation ("Tripod") herby responds to "Bay Sales

22    Inc.'s Written Interrogatories to Tripod Technology Corp" served by mail in this action on

23    January 30,2008.

24

25          1. IDENTIFY each SALE of PCB's to each of the COMPANIES from June 11, 2002

26    through January 30, 2007.

27          RESPONSE: Tripod objects to this interrogatory on each of the following grounds:

28

                                         -1-

1.   This Interrogatory, on its face, requires Tripod to answer not just one but a series of questions which are distinct and each of which involves a separate, distinct and independent investigation. Further, when considered in light of the Definitions which are incorporated in the Interrogatory, hundreds, if not thousands of additional subparts are required. For example, the term "Identify" as to documents is defined to require 8 separate pieces of information; the term "Identify" as to persons is defined to include 3 separate pieces of information; the term "Sales" requires analysis of 2 categories of sales-- direct and indirect; "Document" requires the identification of documents which are currently in Tripod's possession, custody and control as well as documents which are no longer in its possession, custody and control and further requires the identification of documents in Tripod's actual possession, custody and control as well as its constructive possession, custody and control; "Bay Sales" is defined to include not just Bay Sales the entity but all of its past and present employees, officers, directors and agents; "PCBs" is defined to include both products sold "by" Tripod as well as products sold "on behalf of Tripod"; "Companies" is defined to include not only 17 named entities but also all the "past and present subsidiaries, divisions, affiliates, parents, suppliers, contractors, contract manufacturers, original design manufactures agents, predecessors and successors in interest" of each of those 17 entities; "Territory" is defined to include 5 specific entities plus all the general category entities set forth with respect to "Companies". As such, this interrogatory includes discrete subparts which, in the aggregate, and considered with the definitions and all other interrogatories in this set, substantially exceed the permissible number of 25 Interrogatories allowed pursuant to FRCP 33(a);

2.   This request is burdensome and oppressive in that it purports to require Tripod to set forth the same information in response to this interrogatory that is contained in documents which Bay Sales has requested that Tripod produce in the accompanying Request For Production of Documents. This is a violation of FRCP 26(b)(2) ( C) which prohibits any proposed discovery where the "burden and expense of such proposed discovery outweighs its likely benefit, taking into account the needs of the case, …the importance of the issues at stake in the litigation and the

**RESPONSES OF DEFENDANT TRIPOD TECHNOLOGY CORPORATION TO "BAY SALES INC.'S WRITTEN INTERROGATORIES TO TRIPOD TECHNOLOGY CORP"**
**CASE NO. 07 03702 JW**

1  importance of the proposed discovery in resolving the issues". Further, this is a violation of

2  FRCP 26(b)(2)(B) which provides that a party need not provide discovery of electronically

3  stored information…[which is] not reasonably accessible"

4      3.  This Interrogatory is overbroad, burdensome and oppressive in that it purports to seek

5  the identification of at least 8 items of information for each sale for a six year period. Further,

6  this Interrogatory incorporates definitions of "sales", "PCB's" and "Companies" which are

7  excessively broad in and of themselves, and such are separately objected to below." The parties

8  to this litigation began their business relationship in June, 2002 and terminated same in April,

9  2006. The contract provided that termination could be made at any time and with no liability

10  except for payment of commissions through a maximum 120 days after termination. Such 120

11  day period would have expired in August, 2006. If Tripod attempted to literally comply with this

12  Interrogatory, it would have to search every single document, including all of its accounting

13  records and all of its computer files, which it generated or which came into its possession in

14  connection with any of its business activities for more than a six year period to determine sales

15  of PCBs to customers, irrespective of whether it involved Bay Sales and irrespective of whether

16  Bay Sales even contends that it was entitled to a commission on such sales. Since Tripod is one

17  of the ten largest manufacturers of printed circuit boards in the world and has numerous

18  employees and offices worldwide, such a task would consume thousands of hours and tens of

19  thousands of dollars of expense. This is a violation of FRCP 26(b)(2) ( C) which prohibits any

20  proposed discovery where the "burden and expense of such proposed discovery outweighs its

21  likely benefit, taking into account the needs of the case, …the importance of the issues at stake in

22  the litigation and the importance of the proposed discovery in resolving the issues". Further, this

23  is a violation of FRCP 26(b)(2)(B) which provides that a party need not provide discovery of

24  electronically stored information…[which is] not reasonably accessible"

25      4.  The definition of "Sales" incorporated in this Interrogatory is overbroad and vague,

26  ambiguous and uncertain in that the definition purports to require Tripod to identify "indirect"

27  sales without defining same.

28

-3-

**RESPONSES OF DEFENDANT TRIPOD TECHNOLOGY CORPORATION TO "BAY SALES INC.'S WRITTEN INTERROGATORIES TO TRIPOD TECHNOLOGY CORP"**
**CASE NO. 07 03702 JW**

5. The definition of "PCBs" incorporated in this Interrogatory is overbroad, vague, and ambiguous because it purports to require the identification not only of sales made by Tripod but "on behalf of Tripod".

6. The definition of "Companies" is overbroad, burdensome and oppressive, and renders the Interrogatory vague, ambiguous and uncertain in that the Interrogatory not only seeks documents with respect to entities identified in the Complaint but, in addition, with respect to all of their "past and present subsidiaries, divisions, affiliates, parents, suppliers,contractors, contract manufacturers, original design manufacturers, agents, predecessors and successors in interest".

7. This Interrogatory, as currently phrased, and because of its overbreadth, and its excessive scope of time, as discussed above, impermissibly seeks the production of matter which is not "relevant to the claim or defense of any party" in violation of FRCP 26(b) (1) because such interrogatory seeks documents related to PCB sales irrespective of whether such documents are related to any subject matter or issue which is in dispute in this litigation.

8. This Request impermissibly attempts to commence discovery in violation of FRCP 26(d) prior to the time that Plaintiff has made a good faith effort to comply with its duties of initial disclosure, as required by FRCP 26(f).

Tripod is willing to meet and confer with Bay Sales in an effort to modify this Interrogatory into a form in which Tripod can respond. Further, Tripod is voluntarily producing documents as part of its Initial Disclosures which may be responsive to a proper interrogatory.

2. IDENTIFY each SALE of PCB's to each of the TERRITORIES from June 11, 2002 through December 31, 2007.

RESPONSE: Tripod objects to this interrogatory on each of the following grounds:

1. This Interrogatory, on its face, requires Tripod to answer not just one but a series of questions which are distinct and each of which involves a separate, distinct and independent

-4-

**RESPONSES OF DEFENDANT TRIPOD TECHNOLOGY CORPORATION TO "BAY SALES INC.'S WRITTEN INTERROGATORIES TO TRIPOD TECHNOLOGY CORP"**
**CASE NO. 07 03702 JW**

1   investigation. Further, when considered in light of the Definitions which are incorporated in the

2   Interrogatory, hundreds, if not thousands of additional subparts are required. For example, the

3   term "Identify" as to documents is defined to require 8 separate pieces of information; the term

4   "Identify" as to persons is defined to include 3 separate pieces of information; the term "Sales"

5   requires analysis of 2 categories of sales-- direct and indirect; "Document" requires the

6   identification of documents which are currently in Tripod's possession, custody and control as

7   well as documents which are no longer in its possession, custody and control and further requires

8   the identification of documents in Tripod's actual possession, custody and control as well as its

9   constructive possession, custody and control; "Bay Sales" is defined to include not just Bay

10  Sales the entity but all of its past and present employees, officers, directors and agents; "PCBs"

11  is defined to include both products sold "by" Tripod as well as products sold "on behalf of

12  Tripod"; "Companies" is defined to include not only 17 named entities but also all the "past and

13  present subsidiaries, divisions, affiliates, parents, suppliers, contractors, contract manufacturers,

14  original design manufactures agents, predecessors and successors in interest" of each of those 17

15  entities; "Territory" is defined to include 5 specific entities plus all the general category entities

16  set forth with respect to "Companies". As such, this interrogatory includes discrete subparts

17  which, in the aggregate, and considered with the definitions and all other interrogatories in this

18  set, substantially exceed the permissible number of 25 Interrogatories allowed pursuant to FRCP

19  33(a);

20       2.  This request is burdensome and oppressive in that it purports to require Tripod to set

21  forth the same information in response to this interrogatory that is contained in documents which

22  Bay Sales has requested that Tripod produce in the accompanying Request For Production of

23  Documents. This is a violation of FRCP 26(b)(2) ( C) which prohibits any proposed discovery

24  where the "burden and expense of such proposed discovery outweighs its likely benefit, taking

25  into account the needs of the case, …the importance of the issues at stake in the litigation and the

26  importance of the proposed discovery in resolving the issues". Further, this is a violation of

27

28

-5-

**RESPONSES OF DEFENDANT TRIPOD TECHNOLOGY CORPORATION TO "BAY SALES INC.'S WRITTEN INTERROGATORIES TO TRIPOD TECHNOLOGY CORP"**
**CASE NO. 07 03702 JW**

1   FRCP 26(b) (2) (B) which provides that a party need not provide discovery of electronically

2   stored information…[which is] not reasonably accessible"

3       3.  This Interrogatory is overbroad, burdensome and oppressive in that it purports to seek

4   the identification of at least 8 items of information for each sale for a six year period. Further,

5   this Interrogatory incorporates definitions of "sales", "PCB's" and "Companies" which are

6   excessively broad in and of themselves, and such are separately objected to below." The parties

7   to this litigation began their business relationship in June, 2002 and terminated same in April,

8   2006. The contract provided that termination could be made at any time and with no liability

9   except for payment of commissions through a maximum 120 days after termination. Such 120

10  day period would have expired in August, 2006. If Tripod attempted to literally comply with this

11  Interrogatory, it would have to search every single document, including all of its accounting

12  records and all of its computer files, which it generated or which came into its possession in

13  connection with any of its business activities for more than a six year period to determine sales

14  of PCBs to customers, irrespective of whether it involved Bay Sales and irrespective of whether

15  Bay Sales even contends that it was entitled to a commission on such sales. Since Tripod is one

16  of the ten largest manufacturers of printed circuit boards in the world and has numerous

17  employees and offices worldwide, such a task would consume thousands of hours and tens of

18  thousands of dollars of expense. This is a violation of FRCP 26(b)(2) ( C) which prohibits any

19  proposed discovery where the "burden and expense of such proposed discovery outweighs its

20  likely benefit, taking into account the needs of the case, …the importance of the issues at stake in

21  the litigation and the importance of the proposed discovery in resolving the issues". Further, this

22  is a violation of FRCP 26(b)(2)(B) which provides that a party need not provide discovery of

23  electronically stored information…[which is] not reasonably accessible"

24      4.  The definition of "Sales" incorporated in this Interrogatory is overbroad and vague,

25  ambiguous and uncertain in that the definition purports to require Tripod to identify "indirect"

26  sales without defining same.

-6-

**RESPONSES OF DEFENDANT TRIPOD TECHNOLOGY CORPORATION TO "BAY
SALES INC.'S WRITTEN INTERROGATORIES TO TRIPOD TECHNOLOGY CORP"**
**CASE NO. 07 03702 JW**

5.  The definition of "PCBs" incorporated in this Interrogatory is overbroad, vague, and ambiguous because it purports to require the identification not only of sales made by Tripod but "on behalf of Tripod".

6.  The definition of "Territories" is overbroad, burdensome and oppressive, and renders the Interrogatory vague, ambiguous and uncertain in that the Interrogatory not only seeks documents with respect to entities identified in the Complaint but, in addition, with respect to all of their "past and present subsidiaries, divisions, affiliates, parents, suppliers,contractors, contract manufacturers, original design manufacturers, agents, predecessors and successors in interest".

7.  This Interrogatory, as currently phrased, and because of its overbreadth, and its excessive scope of time, as discussed above, impermissibly seeks the production of matter which is not "relevant to the claim or defense of any party" in violation of FRCP 26(b) (1) because such interrogatory seeks documents related to PCB sales irrespective of whether such documents are related to any subject matter or issue which is in dispute in this litigation.

8.  This Request impermissibly attempts to commence discovery in violation of FRCP 26(d) prior to the time that Plaintiff has made a good faith effort to comply with its duties of initial disclosure, as required by FRCP 26(f).

Tripod is willing to meet and confer with Bay Sales in an effort to modify this Interrogatory into a form in which Tripod can respond. Further, Tripod is voluntarily producing documents as part of its Initial Disclosures which may be responsive to a proper interrogatory.


3. For each SALE to the Dell TERRITORY state which SALES were for: (a)desktop computers and (b) laptop computers.

RESPONSE: Tripod objects to this interrogatory on each of the following grounds:

1. This Interrogatory, on its face, requires Tripod to answer not just one but a series of questions which are distinct and each of which involves a separate, distinct and independent

-7-

1   investigation. Further, when considered in light of the Definitions which are incorporated in the

2   Interrogatory, hundreds, if not thousands of additional subparts are required. For example, the

3   term "Identify" as to documents is defined to require 8 separate pieces of information; the term

4   "Identify" as to persons is defined to include 3 separate pieces of information; the term "Sales"

5   requires analysis of 2 categories of sales-- direct and indirect; "Document" requires the

6   identification of documents which are currently in Tripod's possession, custody and control as

7   well as documents which are no longer in its possession, custody and control and further requires

8   the identification of documents in Tripod's actual possession, custody and control as well as its

9   constructive possession, custody and control; "Bay Sales" is defined to include not just Bay

10  Sales the entity but all of its past and present employees, officers, directors and agents; "PCBs"

11  is defined to include both products sold "by" Tripod as well as products sold "on behalf of

12  Tripod"; "Companies" is defined to include not only 17 named entities but also all the "past and

13  present subsidiaries, divisions, affiliates, parents, suppliers, contractors, contract manufacturers,

14  original design manufactures agents, predecessors and successors in interest" of each of those 17

15  entities; "Territory" is defined to include 5 specific entities plus all the general category entities

16  set forth with respect to "Companies". As such, this interrogatory includes discrete subparts

17  which, in the aggregate, and considered with the definitions and all other interrogatories in this

18  set, substantially exceed the permissible number of 25 Interrogatories allowed pursuant to FRCP

19  33(a);

20

21      2. This request is burdensome and oppressive in that it purports to require Tripod to set

22  forth the same information in response to this interrogatory that is contained in documents which

23  Bay Sales has requested that Tripod produce in the accompanying Request For Production of

24  Documents. This is a violation of FRCP 26(b)(2) ( C) which prohibits any proposed discovery

25  where the "burden and expense of such proposed discovery outweighs its likely benefit, taking

26  into account the needs of the case, ...the importance of the issues at stake in the litigation and the

27  importance of the proposed discovery in resolving the issues". Further, this is a violation of

28

-8-

**RESPONSES OF DEFENDANT TRIPOD TECHNOLOGY CORPORATION TO "BAY SALES INC.'S WRITTEN INTERROGATORIES TO TRIPOD TECHNOLOGY CORP"**
**CASE NO. 07 03702 JW**

FRCP 26(b)(2)(B) which provides that a party need not provide discovery of electronically stored information…[which is] not reasonably accessible"

3. This Interrogatory is overbroad, burdensome and oppressive in that it purports to seek the identification of at least 8 items of information for each sale for an indefinite time period. If Tripod attempted to literally comply with this Interrogatory, it would have to search every single document, including all of its accounting records and all of its computer files, which it generated or which came into its possession in connection with any of its business activities for its entire history to determine its type of product sales to Dell, irrespective of whether they involved Bay Sales and irrespective of whether Bay Sales even contends that it was entitled to a commission on such sales. Since Tripod is one of the ten largest manufacturers of printed circuit boards in the world and has numerous employees and offices worldwide, such a task would consume thousands of hours and tens of thousands of dollars of expense. This is a violation of FRCP 26(b)(2) ( C) which prohibits any proposed discovery where the "burden and expense of such proposed discovery outweighs its likely benefit, taking into account the needs of the case, …the importance of the issues at stake in the litigation and the importance of the proposed discovery in resolving the issues". Further, this is a violation of FRCP 26(b)(2)(B) which provides that a party need not provide discovery of electronically stored information…[which is] not reasonably accessible"

4. The definition of "Sale" incorporated in this Interrogatory is overbroad and vague, ambiguous and uncertain in that the definition purports to require Tripod to identify "indirect" sales without defining same.

5.. This Interrogatory, as currently phrased, and because of its overbreadth, and its excessive scope of time, as discussed above, impermissibly seeks the production of matter which is not "relevant to the claim or defense of any party" in violation of FRCP 26(b) (1) because such interrogatory seeks documents related to PCB sales irrespective of whether such documents are related to any subject matter or issue which is in dispute in this litigation.

-9-

6. This Request impermissibly attempts to commence discovery in violation of FRCP 26(d) prior to the time that Plaintiff has made a good faith effort to comply with its duties of initial disclosure, as required by FRCP 26(f).

Tripod is willing to meet and confer with Bay Sales in an effort to modify this Interrogatory into a form in which Tripod can respond. Further, Tripod is voluntarily producing documents as part of its Initial Disclosures which may be responsive to a proper interrogatory.

4. For each Sale to the nVidia TERRITORY state which SALES were to or for use by an nVidia design licensee or design licensee.

RESPONSE: Tripod objects to this interrogatory on each of the following grounds:

1. This Interrogatory, on its face, requires Tripod to answer not just one but a series of questions which are distinct and each of which involves a separate, distinct and independent investigation. Further, when considered in light of the Definitions which are incorporated in the Interrogatory, hundreds, if not thousands of additional subparts are required. For example, the term "Identify" as to documents is defined to require 8 separate pieces of information; the term "Identify" as to persons is defined to include 3 separate pieces of information; the term "Sales" requires analysis of 2 categories of sales-- direct and indirect; "Document" requires the identification of documents which are currently in Tripod's possession, custody and control as well as documents which are no longer in its possession, custody and control and further requires the identification of documents in Tripod's actual possession, custody and control as well as its constructive possession, custody and control; "Bay Sales" is defined to include not just Bay Sales the entity but all of its past and present employees, officers, directors and agents; "PCBs" is defined to include both products sold "by" Tripod as well as products sold "on behalf of Tripod"; "Companies" is defined to include not only 17 named entities but also all the "past and present subsidiaries, divisions, affiliates, parents, suppliers, contractors, contract manufacturers, original design manufactures agents, predecessors and successors in interest" of each of those 17

-10-

1  entities; "Territory" is defined to include 5 specific entities plus all the general category entities

2  set forth with respect to "Companies". As such, this interrogatory includes discrete subparts

3  which, in the aggregate, and considered with the definitions and all other interrogatories in this

4  set, substantially exceed the permissible number of 25 Interrogatories allowed pursuant to FRCP

5  33(a);

6      2.  This request is burdensome and oppressive in that it purports to require Tripod to set

7  forth the same information in response to this interrogatory that is contained in documents which

8  Bay Sales has requested that Tripod produce in the accompanying Request For Production of

9  Documents. This is a violation of FRCP 26(b)(2) ( C) which prohibits any proposed discovery

10  where the "burden and expense of such proposed discovery outweighs its likely benefit, taking

11  into account the needs of the case, …the importance of the issues at stake in the litigation and the

12  importance of the proposed discovery in resolving the issues". Further, this is a violation of

13  FRCP 26(b)(2)(B) which provides that a party need not provide discovery of electronically

14  stored information…[which is] not reasonably accessible"

15

16      3.  This Interrogatory is overbroad, burdensome and oppressive in that it purports to seek

17  the identification of at least 8 items of information for each sale for an indefinite time period. If

18  Tripod attempted to literally comply with this Interrogatory, it would have to search every single

19  document, including all of its accounting records and all of its computer files, which it generated

20  or which came into its possession in connection with any of its business activities for its entire

21  history to determine its type of product sales to nVidia, irrespective of whether they involved

22  Bay Sales and irrespective of whether Bay Sales even contends that it was entitled to a

23  commission on such sales. Since Tripod is one of the ten largest manufacturers of printed circuit

24  boards in the world and has numerous employees and offices worldwide, such a task would

25  consume thousands of hours and tens of thousands of dollars of expense. This is a violation of

26  FRCP 26(b)(2) ( C) which prohibits any proposed discovery where the "burden and expense of

27  such proposed discovery outweighs its likely benefit, taking into account the needs of the case,

28  …the importance of the issues at stake in the litigation and the importance of the proposed

-11-

discovery in resolving the issues". Further, this is a violation of FRCP 26(b)(2)(B) which provides that a party need not provide discovery of electronically stored information…[which is] not reasonably accessible"

4.  The definition of "Sale" incorporated in this Interrogatory is overbroad and vague, ambiguous and uncertain in that the definition purports to require Tripod to identify "indirect" sales without defining same.

5..  This Interrogatory, as currently phrased, and because of its overbreadth, and its excessive scope of time, as discussed above, impermissibly seeks the production of matter which is not "relevant to the claim or defense of any party" in violation of FRCP 26(b) (1) because such interrogatory seeks documents related to PCB sales irrespective of whether such documents are related to any subject matter or issue which is in dispute in this litigation.

6.  This Request impermissibly attempts to commence discovery in violation of FRCP 26(d) prior to the time that Plaintiff has made a good faith effort to comply with its duties of initial disclosure, as required by FRCP 26(f).

7. As currently phrased, this Interrogatory is unintelligible.

Tripod is willing to meet and confer with Bay Sales in an effort to modify this Interrogatory into a form in which Tripod can respond. Further, Tripod is voluntarily producing documents as part of its Initial Disclosures which may be responsive to a proper interrogatory.


5. IDENTIFY all DOCUMENTS relating or referring to the Sales Representation Agreement between BAY SALES and TRIPOD including any drafts, modification, amendments, addenda, related agreements and negotiations therefore.

RESPONSE: Tripod objects to this interrogatory on each of the following grounds:

1. This Interrogatory, on its face, requires Tripod to answer not just one but a series of questions which are distinct and each of which involves a separate, distinct and independent investigation. Further, when considered in light of the Definitions which are incorporated in the

-12-

**RESPONSES OF DEFENDANT TRIPOD TECHNOLOGY CORPORATION TO "BAY SALES INC.'S WRITTEN INTERROGATORIES TO TRIPOD TECHNOLOGY CORP"**
**CASE NO. 07 03702 JW**

1  Interrogatory, hundreds, if not thousands of additional subparts are required. For example, the

2  term "Identify" as to documents is defined to require 8 separate pieces of information; the term

3  "Identify" as to persons is defined to include 3 separate pieces of information; the term "Sales"

4  requires analysis of 2 categories of sales-- direct and indirect; "Document" requires the

5  identification of documents which are currently in Tripod's possession, custody and control as

6  well as documents which are no longer in its possession, custody and control and further requires

7  the identification of documents in Tripod's actual possession, custody and control as well as its

8  constructive possession, custody and control; "Bay Sales" is defined to include not just Bay

9  Sales the entity but all of its past and present employees, officers, directors and agents; "PCBs"

10 is defined to include both products sold "by" Tripod as well as products sold "on behalf of

11 Tripod"; "Companies" is defined to include not only 17 named entities but also all the "past and

12 present subsidiaries, divisions, affiliates, parents, suppliers, contractors, contract manufacturers,

13 original design manufactures agents, predecessors and successors in interest" of each of those 17

14 entities; "Territory" is defined to include 5 specific entities plus all the general category entities

15 set forth with respect to "Companies". As such, this interrogatory includes discrete subparts

16 which, in the aggregate, and considered with the definitions and all other interrogatories in this

17 set, substantially exceed the permissible number of 25 Interrogatories allowed pursuant to FRCP

18 33(a);

19     2.  The definition of "Documents", incorporated into this Interrogatory, is overbroad,

20 burdensome and oppressive and seeks to impermissibly impose a requirement to identify

21 documents which are not currently in Tripod's possession, custody or control. "Document" is

22 defined to include a document that "was" in Tripod's possession, custody or control, even if it no

23 longer is in Tripod's possession, custody or control". Further, the definition purports to

24 impermissibly require the identification of documents which were under the "constructive"

25 rather than the actual possession of Tripod, although the term "constructive" is not defined and

26 is, therefore, vague, ambiguous and uncertain.

-13-

**RESPONSES OF DEFENDANT TRIPOD TECHNOLOGY CORPORATION TO "BAY SALES INC.'S WRITTEN INTERROGATORIES TO TRIPOD TECHNOLOGY CORP"**
**CASE NO. 07 03702 JW**

6. IDENTIFY all DOCUMENTS referring or relating to actual or prospective SALES of PCBs to the COMPANIES from June 11, 2002 through January 30, 2007.

RESPONSE: Tripod objects to this interrogatory on each of the following grounds:

1. This Interrogatory, on its face, requires Tripod to answer not just one but a series of questions which are distinct and each of which involves a separate, distinct and independent investigation. Further, when considered in light of the Definitions which are incorporated in the Interrogatory, hundreds, if not thousands of additional subparts are required. For example, the term "Identify" as to documents is defined to require 8 separate pieces of information; the term "Identify" as to persons is defined to include 3 separate pieces of information; the term "Sales" requires analysis of 2 categories of sales-- direct and indirect; "Document" requires the identification of documents which are currently in Tripod's possession, custody and control as well as documents which are no longer in its possession, custody and control and further requires the identification of documents in Tripod's actual possession, custody and control as well as its constructive possession, custody and control; "Bay Sales" is defined to include not just Bay Sales the entity but all of its past and present employees, officers, directors and agents; "PCBs" is defined to include both products sold "by" Tripod as well as products sold "on behalf of Tripod"; "Companies" is defined to include not only 17 named entities but also all the "past and present subsidiaries, divisions, affiliates, parents, suppliers, contractors, contract manufacturers, original design manufactures agents, predecessors and successors in interest" of each of those 17 entities; "Territory" is defined to include 5 specific entities plus all the general category entities set forth with respect to "Companies". As such, this interrogatory includes discrete subparts which, in the aggregate, and considered with the definitions and all other interrogatories in this set, substantially exceed the permissible number of 25 Interrogatories allowed pursuant to FRCP 33(a);

2. This request is burdensome and oppressive in that it purports to require Tripod to set forth the same information in response to this interrogatory that is contained in documents which

-14-

1   Bay Sales has requested that Tripod produce in the accompanying Request For Production of

2   Documents. This is a violation of FRCP 26(b)(2) ( C) which prohibits any proposed discovery

3   where the "burden and expense of such proposed discovery outweighs its likely benefit, taking

4   into account the needs of the case, …the importance of the issues at stake in the litigation and the

5   importance of the proposed discovery in resolving the issues". Further, this is a violation of

6   FRCP 26(b)(2)(B) which provides that a party need not provide discovery of electronically

7   stored information…[which is] not reasonably accessible"

8       3.  This Interrogatory is overbroad, burdensome and oppressive in that it purports to seek

9   the identification of at least 8 items of information for each sale for a six year period. Further,

10  this Interrogatory incorporates definitions of "sales", "PCB's" and "Companies" which are

11  excessively broad in and of themselves, and such are separately objected to below." The parties

12  to this litigation began their business relationship in June, 2002 and terminated same in April,

13  2006. The contract provided that termination could be made at any time and with no liability

14  except for payment of commissions through a maximum 120 days after termination. Such 120

15  day period would have expired in August, 2006. If Tripod attempted to literally comply with this

16  Interrogatory, it would have to search every single document, including all of its accounting

17  records and all of its computer files, which it generated or which came into its possession in

18  connection with any of its business activities for more than a six year period to determine sales

19  of PCBs to customers, irrespective of whether it involved Bay Sales and irrespective of whether

20  Bay Sales even contends that it was entitled to a commission on such sales. Since Tripod is one

21  of the ten largest manufacturers of printed circuit boards in the world and has numerous

22  employees and offices worldwide, such a task would consume thousands of hours and tens of

23  thousands of dollars of expense. This is a violation of FRCP 26(b)(2) ( C) which prohibits any

24  proposed discovery where the "burden and expense of such proposed discovery outweighs its

25  likely benefit, taking into account the needs of the case, …the importance of the issues at stake in

26  the litigation and the importance of the proposed discovery in resolving the issues". Further, this

27

28

-15-

**RESPONSES OF DEFENDANT TRIPOD TECHNOLOGY CORPORATION TO "BAY SALES INC.'S WRITTEN INTERROGATORIES TO TRIPOD TECHNOLOGY CORP"**
**CASE NO. 07 03702 JW**

1   is a violation of FRCP 26(b)(2)(B) which provides that a party need not provide discovery of

2   electronically stored information…[which is] not reasonably accessible"

3       4.   The definition of "Sales" incorporated in this Interrogatory is overbroad and vague,

4   ambiguous and uncertain in that the definition purports to require Tripod to identify "indirect"

5   sales without defining same.

6       5.   The definition of "PCBs" incorporated in this Interrogatory is overbroad, vague, and

7   ambiguous because it purports to require the identification not only of sales made by Tripod but

8   "on behalf of Tripod".

9       6.   The definition of "Companies" is overbroad, burdensome and oppressive, and renders

10  the Interrogatory vague, ambiguous and uncertain in that the Interrogatory not only seeks

11  documents with respect to entities identified in the Complaint but, in addition, with respect to all

12  of their "past and present subsidiaries, divisions, affiliates, parents, suppliers,contractors,

13  contract manufacturers, original design manufacturers, agents, predecessors and successors in

14  interest".

15      7.   The definition of "Documents", incorporated into this Interrogatory, is overbroad,

16  burdensome and oppressive and seeks to impermissibly impose a requirement to identify

17  documents which are not currently in Tripod's possession, custody or control. "Document" is

18  defined to include a document that "was" in Tripod's possession, custody or control, even if it no

19  longer is in Tripod's possession, custody or control". Further, the definition purports to

20  impermissibly require the identification of documents which were under the "constructive"

21  rather than the actual possession of Tripod, although the term "constructive" is not defined and

22  is, therefore, vague, ambiguous and uncertain.

23      8.   This Request is vague, ambiguous and uncertain in that the use of the terms

24  "prospective" sales and sales not only made by Tripod but "authorized by Tripod" have no

25  recognized meaning.

26      9. This Interrogatory, as currently phrased, and because of its overbreadth, and its

27  excessive scope of time, as discussed above, impermissibly seeks the production of matter which

28  -16-

---

**RESPONSES OF DEFENDANT TRIPOD TECHNOLOGY CORPORATION TO "BAY SALES INC.'S WRITTEN INTERROGATORIES TO TRIPOD TECHNOLOGY CORP"**
**CASE NO. 07 03702 JW**

is not "relevant to the claim or defense of any party" in violation of FRCP 26(b) (1) because such interrogatory seeks documents related to PCB sales irrespective of whether such documents are related to any subject matter or issue which is in dispute in this litigation.

10.. This Request impermissibly attempts to commence discovery in violation of FRCP 26(d) prior to the time that Plaintiff has made a good faith effort to comply with its duties of initial disclosure, as required by FRCP 26(f).

Tripod is willing to meet and confer with Bay Sales in an effort to modify this Interrogatory into a form in which Tripod can respond. Further, Tripod is voluntarily producing documents as part of its Initial Disclosures which may be responsive to a proper interrogatory.

7. IDENTIFY all DOCUMENTS referring or relating to actual or prospective SALES of PCBs to the TERRITORIES from June 11, 2002 through December 31, 2007.

RESPONSE: Tripod objects to this interrogatory on each of the following grounds:

1. This Interrogatory, on its face, requires Tripod to answer not just one but a series of questions which are distinct and each of which involves a separate, distinct and independent investigation. Further, when considered in light of the Definitions which are incorporated in the Interrogatory, hundreds, if not thousands of additional subparts are required. For example, the term "Identify" as to documents is defined to require 8 separate pieces of information; the term "Identify" as to persons is defined to include 3 separate pieces of information; the term "Sales" requires analysis of 2 categories of sales-- direct and indirect; "Document" requires the identification of documents which are currently in Tripod's possession, custody and control as well as documents which are no longer in its possession, custody and control and further requires the identification of documents in Tripod's actual possession, custody and control as well as its constructive possession, custody and control; "Bay Sales" is defined to include not just Bay Sales the entity but all of its past and present employees, officers, directors and agents; "PCBs" is defined to include both products sold "by" Tripod as well as products sold "on behalf of

-17-

Tripod"; "Companies" is defined to include not only 17 named entities but also all the "past and present subsidiaries, divisions, affiliates, parents, suppliers, contractors, contract manufacturers, original design manufactures agents, predecessors and successors in interest" of each of those 17 entities; "Territory" is defined to include 5 specific entities plus all the general category entities set forth with respect to "Companies". As such, this interrogatory includes discrete subparts which, in the aggregate, and considered with the definitions and all other interrogatories in this set, substantially exceed the permissible number of 25 Interrogatories allowed pursuant to FRCP 33(a);

2.  This request is burdensome and oppressive in that it purports to require Tripod to set forth the same information in response to this interrogatory that is contained in documents which Bay Sales has requested that Tripod produce in the accompanying Request For Production of Documents. This is a violation of FRCP 26(b)(2) ( C) which prohibits any proposed discovery where the "burden and expense of such proposed discovery outweighs its likely benefit, taking into account the needs of the case, …the importance of the issues at stake in the litigation and the importance of the proposed discovery in resolving the issues". Further, this is a violation of FRCP 26(b)(2)(B) which provides that a party need not provide discovery of electronically stored information…[which is] not reasonably accessible"

3.  This Interrogatory is overbroad, burdensome and oppressive in that it purports to seek the identification of at least 8 items of information for each sale for a six year period. Further, this Interrogatory incorporates definitions of "sales", "PCB's" and "Territories" which are excessively broad in and of themselves, and such are separately objected to below." The parties to this litigation began their business relationship in June, 2002 and terminated same in April, 2006. The contract provided that termination could be made at any time and with no liability except for payment of commissions through a maximum 120 days after termination. Such 120 day period would have expired in August, 2006. If Tripod attempted to literally comply with this Interrogatory, it would have to search every single document, including all of its accounting

-18-

records and all of its computer files, which it generated or which came into its possession in connection with any of its business activities for more than a six year period to determine sales of PCBs to customers, irrespective of whether it involved Bay Sales and irrespective of whether Bay Sales even contends that it was entitled to a commission on such sales. Since Tripod is one of the ten largest manufacturers of printed circuit boards in the world and has numerous employees and offices worldwide, such a task would consume thousands of hours and tens of thousands of dollars of expense. This is a violation of FRCP 26(b)(2) ( C) which prohibits any proposed discovery where the "burden and expense of such proposed discovery outweighs its likely benefit, taking into account the needs of the case, …the importance of the issues at stake in the litigation and the importance of the proposed discovery in resolving the issues". Further, this is a violation of FRCP 26(b)(2)(B) which provides that a party need not provide discovery of electronically stored information…[which is] not reasonably accessible"

4.   The definition of "Sales" incorporated in this Interrogatory is overbroad and vague, ambiguous and uncertain in that the definition purports to require Tripod to identify "indirect" sales without defining same.

5.   The definition of "PCBs" incorporated in this Interrogatory is overbroad, vague, and ambiguous because it purports to require the identification not only of sales made by Tripod but "on behalf of Tripod".

6.    The definition of "Territories" is overbroad, burdensome and oppressive, and renders the Interrogatory vague, ambiguous and uncertain in that the Interrogatory not only seeks documents with respect to entities identified in the Complaint but, in addition, with respect to all of their "past and present subsidiaries, divisions, affiliates, parents, suppliers,contractors, contract manufacturers, original design manufacturers, agents, predecessors and successors in interest".

7.   The definition of "Documents", incorporated into this Interrogatory, is overbroad, burdensome and oppressive and seeks to impermissibly impose a requirement to identify documents which are not currently in Tripod's possession, custody or control. "Document" is

-19-

**RESPONSES OF DEFENDANT TRIPOD TECHNOLOGY CORPORATION TO "BAY SALES INC.'S WRITTEN INTERROGATORIES TO TRIPOD TECHNOLOGY CORP"**
**CASE NO. 07 03702 JW**

defined to include a document that "was" in Tripod's possession, custody or control, even if it no longer is in Tripod's possession, custody or control". Further, the definition purports to impermissibly require the identification of documents which were under the "constructive" rather than the actual possession of Tripod, although the term "constructive" is not defined and is, therefore, vague, ambiguous and uncertain.

    8.    This Request is vague, ambiguous and uncertain in that the use of the terms "prospective" sales and sales not only made by Tripod but "authorized by Tripod" have no recognized meaning.

    9. This Interrogatory, as currently phrased, and because of its overbreadth, and its excessive scope of time, as discussed above, impermissibly seeks the production of matter which is not "relevant to the claim or defense of any party" in violation of FRCP 26(b) (1) because such interrogatory seeks documents related to PCB sales irrespective of whether such documents are related to any subject matter or issue which is in dispute in this litigation.

    10..  This Request impermissibly attempts to commence discovery in violation of FRCP 26(d) prior to the time that Plaintiff has made a good faith effort to comply with its duties of initial disclosure, as required by FRCP 26(f).

    Tripod is willing to meet and confer with Bay Sales in an effort to modify this Interrogatory into a form in which Tripod can respond. Further, Tripod is voluntarily producing documents as part of its Initial Disclosures which may be responsive to a proper interrogatory.


    8. IDENTIFY all DOCUMENTS referring or relating to marking or labeling of printed circuit boards manufactured by PCB Square Corp., Ltd. For TRIPOD, or any of the COMPANIES or TERRITORIES.

    RESPONSE: Tripod objects to this interrogatory on each of the following grounds:

    1. This Interrogatory, on its face, requires Tripod to answer not just one but a series of questions which are distinct and each of which involves a separate, distinct and independent

-20-

investigation. Further, when considered in light of the Definitions which are incorporated in the

Interrogatory, hundreds, if not thousands of additional subparts are required. For example, the

term "Identify" as to documents is defined to require 8 separate pieces of information; the term

"Identify" as to persons is defined to include 3 separate pieces of information; the term "Sales"

requires analysis of 2 categories of sales-- direct and indirect; "Document" requires the

identification of documents which are currently in Tripod's possession, custody and control as

well as documents which are no longer in its possession, custody and control and further requires

the identification of documents in Tripod's actual possession, custody and control as well as its

constructive possession, custody and control; "Bay Sales" is defined to include not just Bay

Sales the entity but all of its past and present employees, officers, directors and agents; "PCBs"

is defined to include both products sold "by" Tripod as well as products sold "on behalf of

Tripod"; "Companies" is defined to include not only 17 named entities but also all the "past and

present subsidiaries, divisions, affiliates, parents, suppliers, contractors, contract manufacturers,

original design manufactures agents, predecessors and successors in interest" of each of those 17

entities; "Territory" is defined to include 5 specific entities plus all the general category entities

set forth with respect to "Companies". As such, this interrogatory includes discrete subparts

which, in the aggregate, and considered with the definitions and all other interrogatories in this

set, substantially exceed the permissible number of 25 Interrogatories allowed pursuant to FRCP

33(a);

  2.  This request is burdensome and oppressive in that it purports to require Tripod to set

forth the same information in response to this interrogatory that is contained in documents which

Bay Sales has requested that Tripod produce in the accompanying Request For Production of

Documents. This is a violation of FRCP 26(b)(2) ( C) which prohibits any proposed discovery

where the "burden and expense of such proposed discovery outweighs its likely benefit, taking

into account the needs of the case, …the importance of the issues at stake in the litigation and the

importance of the proposed discovery in resolving the issues". Further, this is a violation of

-21-

FRCP 26(b)(2)(B) which provides that a party need not provide discovery of electronically stored information…[which is] not reasonably accessible"

3.    This interrogatory is overbroad, burdensome and oppressive in that it purports to seek the identification of all documents referring or relating to marking or labeling of printed circuit boards manufactured by PCB Square Corp Ltd for Tripod without limitation or restriction of any kind, without reference to any time frame and without reference to any particular subject matter. Further, this Request incorporates a definition of "document" and a definition of "Companies" and "Territories" which are excessively broad in and of themselves, and such are separately objected to below. The parties to this litigation began their business relationship in June, 2002 and terminated same in April, 2006. The contract provided that termination could be made at any time and with no liability except for payment of commissions through a maximum 120 days after termination. Such 120 day period would have expired in August, 2006. If Tripod attempted to literally comply with this request, it would have to search every single document, including all of its accounting records and all of its computer files, which it generated or which came into its possession in connection with any of its business activities over its entire history to determine whether PCB Square was mentioned in such document. Since Tripod is one of the ten largest manufacturers of printed circuit boards in the world and has numerous employees and offices worldwide, such a task would consume thousands of hours and tens of thousands of dollars of expense. This is a violation of FRCP 26(b)(2) ( C) which prohibits any proposed discovery where the "burden and expense of such proposed discovery outweighs its likely benefit, taking into account the needs of the case, …the importance of the issues at stake in the litigation and the importance of the proposed discovery in resolving the issues". Further, this is a violation of FRCP 26(b)(2)(B) which provides that a party need not provide discovery of electronically stored information…[which is] not reasonably accessible"

4. The definition of "Companies" and "Territories" is overbroad, burdensome and oppressive, and renders the Interrogatory vague, ambiguous and uncertain in that the

-22-

Interrogatory not only seeks documents with respect to entities identified in the Complaint but, in addition, with respect to all of their "past and present subsidiaries, divisions, affiliates, parents, suppliers,contractors, contract manufacturers, original design manufacturers, agents, predecessors and successors in interest".

    5.. The definition of "Documents", incorporated into this Interrogatory, is overbroad, burdensome and oppressive and seeks to impermissibly impose a requirement to identify documents which are not currently in Tripod's possession, custody or control. "Document" is defined to include a document that "was" in Tripod's possession, custody or control, even if it no longer is in Tripod's possession, custody or control". Further, the definition purports to impermissibly require the identification of documents which were under the "constructive" rather than the actual possession of Tripod, although the term "constructive" is not defined and is, therefore, vague, ambiguous and uncertain.

    6. This Interrogatory, as currently phrased, and because of its overbreadth, and its excessive scope of time, as discussed above, impermissibly seeks the production of matter which is not "relevant to the claim or defense of any party" in violation of FRCP 26(b) (1) because such interrogatory seeks documents related to PCB Square sales irrespective of whether such documents are related to any subject matter or issue which is in dispute in this litigation.

    7. This Request impermissibly attempts to commence discovery in violation of FRCP 26(d) prior to the time that Plaintiff has made a good faith effort to comply with its duties of initial disclosure, as required by FRCP 26(f).

    Tripod is willing to meet and confer with Bay Sales in an effort to modify this Interrogatory into a form in which Tripod can respond. Further, Tripod is voluntarily producing documents as part of its Initial Disclosures which may be responsive to a proper interrogatory.

    9. IDENTIFY all DOCUMENTS referring or relating to pricing of printed circuit boards sold for use in Dell's products.

-23-

**RESPONSES OF DEFENDANT TRIPOD TECHNOLOGY CORPORATION TO "BAY SALES INC.'S WRITTEN INTERROGATORIES TO TRIPOD TECHNOLOGY CORP"**
**CASE NO. 07 03702 JW**

RESPONSE: Tripod objects to this interrogatory on each of the following grounds:

1. This Interrogatory, on its face, requires Tripod to answer not just one but a series of questions which are distinct and each of which involves a separate, distinct and independent investigation. Further, when considered in light of the Definitions which are incorporated in the Interrogatory, hundreds, if not thousands of additional subparts are required. For example, the term "Identify" as to documents is defined to require 8 separate pieces of information; the term "Identify" as to persons is defined to include 3 separate pieces of information; the term "Sales" requires analysis of 2 categories of sales-- direct and indirect; "Document" requires the identification of documents which are currently in Tripod's possession, custody and control as well as documents which are no longer in its possession, custody and control and further requires the identification of documents in Tripod's actual possession, custody and control as well as its constructive possession, custody and control; "Bay Sales" is defined to include not just Bay Sales the entity but all of its past and present employees, officers, directors and agents; "PCBs" is defined to include both products sold "by" Tripod as well as products sold "on behalf of Tripod"; "Companies" is defined to include not only 17 named entities but also all the "past and present subsidiaries, divisions, affiliates, parents, suppliers, contractors, contract manufacturers, original design manufactures agents, predecessors and successors in interest" of each of those 17 entities; "Territory" is defined to include 5 specific entities plus all the general category entities set forth with respect to "Companies". As such, this interrogatory includes discrete subparts which, in the aggregate, and considered with the definitions and all other interrogatories in this set, substantially exceed the permissible number of 25 Interrogatories allowed pursuant to FRCP 33(a);

2. This request is burdensome and oppressive in that it purports to require Tripod to set forth the same information in response to this interrogatory that is contained in documents which Bay Sales has requested that Tripod produce in the accompanying Request For Production of Documents. This is a violation of FRCP 26(b)(2) ( C) which prohibits any proposed discovery

-24-

**RESPONSES OF DEFENDANT TRIPOD TECHNOLOGY CORPORATION TO "BAY SALES INC.'S WRITTEN INTERROGATORIES TO TRIPOD TECHNOLOGY CORP"**
**CASE NO. 07 03702 JW**

where the "burden and expense of such proposed discovery outweighs its likely benefit, taking into account the needs of the case, ...the importance of the issues at stake in the litigation and the importance of the proposed discovery in resolving the issues". Further, this is a violation of FRCP 26(b)(2)(B) which provides that a party need not provide discovery of electronically stored information...[which is] not reasonably accessible"

3.    This interrogatory is overbroad, burdensome and oppressive in that it purports to seek the identification of all documents referring or relating to pricing of printed circuit boards sold for use in Dell's products without limitation or restriction of any kind, without reference to any time frame and without reference to any particular subject matter. Further, this interrogatory incorporates a definition of "document" which is excessively broad in and of itself and such is separately objected to below. The parties to this litigation began their business relationship in June, 2002 and terminated same in April, 2006. The contract provided that termination could be made at any time and with no liability except for payment of commissions through a maximum 120 days after termination. Such 120 day period would have expired in August, 2006. If Tripod attempted to literally comply with this request, it would have to search every single document, including all of its accounting records and all of its computer files, which it generated or which came into its possession in connection with any of its business activities at any time in its history to locate reference to Dell Computers one of the world's leading computer manufacturers. Since Tripod is one of the ten largest manufacturers of printed circuit boards in the world and has numerous employees and offices worldwide, such a task would consume thousands of hours and tens of thousands of dollars of expense. This is a violation of FRCP 26(b)(2) ( C) which prohibits any proposed discovery where the "burden and expense of such proposed discovery outweighs its likely benefit, taking into account the needs of the case, ...the importance of the issues at stake in the litigation and the importance of the proposed discovery in resolving the issues". Further, this is a violation of FRCP 26(b)(2)(B) which provides that a party need not provide discovery of electronically stored information...[which is] not reasonably accessible"

-25-

**RESPONSES OF DEFENDANT TRIPOD TECHNOLOGY CORPORATION TO "BAY SALES INC.'S WRITTEN INTERROGATORIES TO TRIPOD TECHNOLOGY CORP"**
**CASE NO. 07 03702 JW**

4. The definition of "Companies" and "Territories" is overbroad, burdensome and oppressive, and renders the Interrogatory vague, ambiguous and uncertain in that the Interrogatory not only seeks documents with respect to entities identified in the Complaint but, in addition, with respect to all of their "past and present subsidiaries, divisions, affiliates, parents, suppliers,contractors, contract manufacturers, original design manufacturers, agents, predecessors and successors in interest".

5.. The definition of "Documents", incorporated into this Interrogatory, is overbroad, burdensome and oppressive and seeks to impermissibly impose a requirement to identify documents which are not currently in Tripod's possession, custody or control. "Document" is defined to include a document that "was" in Tripod's possession, custody or control, even if it no longer is in Tripod's possession, custody or control". Further, the definition purports to impermissibly require the identification of documents which were under the "constructive" rather than the actual possession of Tripod, although the term "constructive" is not defined and is, therefore, vague, ambiguous and uncertain.

6. This Interrogatory, as currently phrased, and because of its overbreadth, and its excessive scope of time, as discussed above, impermissibly seeks the production of matter which is not "relevant to the claim or defense of any party" in violation of FRCP 26(b) (1) because such interrogatory seeks documents related to PCB Square sales irrespective of whether such documents are related to any subject matter or issue which is in dispute in this litigation.

7. This Request impermissibly attempts to commence discovery in violation of FRCP 26(d) prior to the time that Plaintiff has made a good faith effort to comply with its duties of initial disclosure, as required by FRCP 26(f).

Tripod is willing to meet and confer with Bay Sales in an effort to modify this Interrogatory into a form in which Tripod can respond. Further, Tripod is voluntarily producing documents as part of its Initial Disclosures which may be responsive to a proper interrogatory.

-26-

1     10. IDENTIFY all PERSONS who have acted as a sales representative of TRIPOD in

2    the United States since January 11, 2002.

3         RESPONSE: Tripod objects to this interrogatory on each of the following grounds:

4         1. This Interrogatory, on its face, requires Tripod to answer not just one but a series of

5    questions which are distinct and each of which involves a separate, distinct and independent

6    investigation. Further, when considered in light of the Definitions which are incorporated in the

7    Interrogatory, hundreds, if not thousands of additional subparts are required. For example, the

8    term "Identify" as to documents is defined to require 8 separate pieces of information; the term

9    "Identify" as to persons is defined to include 3 separate pieces of information; the term "Sales"

10   requires analysis of 2 categories of sales-- direct and indirect; "Document" requires the

11   identification of documents which are currently in Tripod's possession, custody and control as

12   well as documents which are no longer in its possession, custody and control and further requires

13   the identification of documents in Tripod's actual possession, custody and control as well as its

14   constructive possession, custody and control; "Bay Sales" is defined to include not just Bay

15   Sales the entity but all of its past and present employees, officers, directors and agents; "PCBs"

16   is defined to include both products sold "by" Tripod as well as products sold "on behalf of

17   Tripod"; "Companies" is defined to include not only 17 named entities but also all the "past and

18   present subsidiaries, divisions, affiliates, parents, suppliers, contractors, contract manufacturers,

19   original design manufactures agents, predecessors and successors in interest" of each of those 17

20   entities; "Territory" is defined to include 5 specific entities plus all the general category entities

21   set forth with respect to "Companies". As such, this interrogatory includes discrete subparts

22   which, in the aggregate, and considered with the definitions and all other interrogatories in this

23   set, substantially exceed the permissible number of 25 Interrogatories allowed pursuant to FRCP

24   33(a);

25        2. This Interrogatory, as currently phrased, and because of its overbreadth, and its

26   excessive scope of time, as discussed above, impermissibly seeks the production of matter which

27   is not "relevant to the claim or defense of any party" in violation of FRCP 26(b) (1) because such

-27-

1   interrogatory seeks documents related to PCB sales irrespective of whether such documents are

2   related to any subject matter or issue which is in dispute in this litigation.

3        3.  This Request impermissibly attempts to commence discovery in violation of FRCP

4   26(d) prior to the time that Plaintiff has made a good faith effort to comply with its duties of

5   initial disclosure, as required by FRCP 26(f).

6        Tripod is willing to meet and confer with Bay Sales in an effort to modify this Interrogatory

7   into a form in which Tripod can respond. Further, Tripod is voluntarily producing documents as

8   part of its Initial Disclosures which may be responsive to a proper interrogatory.

9

10

11

12  Dated: February 29, 2008                    MAHER, RENZI & MAHER
                                                MICHAEL K. MAHER
13

14

15                                              _____
                                                Michael K. Maher
16                                              Attorneys for Defendant
                                                TRIPOD TECHNOLOGY CORPORATION
17

18

19

20

21

22

23

24

25

26

27

28

-28-

**RESPONSES OF DEFENDANT TRIPOD TECHNOLOGY CORPORATION TO "BAY SALES INC.'S WRITTEN INTERROGATORIES TO TRIPOD TECHNOLOGY CORP"**
**CASE NO. 07 03702 JW**

**CERTIFICATE OF SERVICE**

I, Michael K. Maher, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party

to the above entitled litigation. I am an active member of the State Bar of California and of the

bar of this United States District Court. My office is located in the County of Orange, State of

California. My business address is 4175 E. La Palma Ave., Suite 205, Anaheim, CA 92807.

On March 3, 2008, I served the following document(s) on the parties in this action:

RESPONSES OF DEFENDANT TRIPOD TECHNOLOGY CORPORATION TO "BAY
SALES INC.'S WRITTEN INTERROGATORIES TO TRIPOD TECHNOLOGY CORP"

by enclosing the above referenced document in a sealed envelope addressed as follows:

John W. Fowler  Esq.                    Attorney for Plaintiff Bay Sales Inc.
Bergeson LLP
303 Almaden Blvd.  Suite 500
San Jose, CA 95110

__X__      (BY MAIL)    I sealed the envelope containing the document(s) referenced above
           and deposited it in the U.S. Mail at Anaheim, California with first class postage
           fully prepaid on the date set forth above.

_____     (BY PERSONAL SERVICE) I caused such document to be personally served on
           the above individual at the address listed above.

_____     (BY OVERNIGHT COURIER) I sealed the envelope containing the document(s)
           referenced above and deposited them on the date set forth above with FedEx, an
           overnight courier service with whom this firm maintains an account, Tracking
           Number____, with directions for delivery the next business day.

__X__      (BY FACSIMILE) I caused the above document(s) to be sent by facsimile
           transmission to (408) 297-6000 and obtained a written confirmation that such
           facsimile transmission was received at that number

_____     (BY ELECTRONIC TRANSMISSION/E-MAIL)   I caused the above referenced
           document(s) to be transmitted to the above individual as an attachment to an e-
           mail sent on the date set forth above to the e-mail address for the individual
           identified above which is set forth on the pleadings in this matter.