MAHER, RENZI & MAHER
Michael K. Maher, Esq. (SBN 064355)
4175 E. La Palma Ave #205
Anaheim, CA 92807
(714) 986-1600
(714) 998-6341  Direct
(714) 998-6961  Fax
mmaher@maherlaw.com

Attorneys for Defendant
TRIPOD TECHNOLOGY CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BAY SALES INC., a California corporation,<br><br>            Plaintiff,<br><br>      v.<br><br>TRIPOD TECHNOLOGY CORPORATION,<br>a Taiwanese corporation, and DOES 1 to 10<br><br>            Defendants. | Case No. C 07 03702 JW<br><br>**(1) DEFENDANT TRIPOD TECHNOLOGY CORPORATION'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, FOR SUMMARY ADJUDICATION OF CLAIMS;**<br><br>**(2) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**[Declaration of Leo Chiang filed concurrently herewith.]**<br><br>Date:   August 18, 2008<br>Time:  9:00 a.m.<br>Judge: Honorable James Ware<br>Courtroom: 8 (Fourth Floor)<br><br><br>Complaint Filed: June 19, 2007<br>Trial Date:        None Set |

-1-

**(1) DEFENDANT TRIPOD TECHNOLOGY CORPORATION'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, FOR SUMMARY ADJUDICATION OF CLAIMS; (2) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

**CASE NO. 07 03702 JW**

**TO PLAINTIFF BAY SALES INC AND TO ITS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on August 18, 2008, or as soon thereafter as counsel

may be heard, in the above entitled Court, located at 280 S. 1st St., San Jose, CA 95113,

Courtroom 8 (Fourth Floor), the Honorable James Ware, United States District Judge presiding,

Defendant  Tripod Technology Corporation will, and hereby does, move the court for summary

judgment or, in the alternative, for summary adjudication of claims, on the ground that there is

no genuine issue as to any material fact and that the moving party is entitled to judgment as a

matter of law.

In the alternative, Defendant will move the Court for a summary adjudication of claims

as follows:

1.      There is no genuine issue of any material fact as relates to the First Claim for

Relief (Breach of Contract);

2.      There is no genuine issue of any material fact as relates to the Second Claim for

Relief (Promissory Estoppel);

3.      There is no genuine issue of any material fact as relates to the Third Claim for

Relief (Fraud & Deceit);

4.      There is no genuine issue of any material fact as relates to the Fourth Claim for

Relief (Quantum Meruit);

5.      There is no genuine issue of any material fact as relates to the Fifth Claim for

Relief (Violation of the Independent Wholesale Sales Representative Act);

6.      There is no genuine issue of any material fact as relates to the Sixth Claim for

Relief (Accounting);

-2-

**(1) DEFENDANT TRIPOD TECHNOLOGY CORPORATION'S NOTICE OF MOTION AND
MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, FOR SUMMARY
ADJUDICATION OF CLAIMS; (2) MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT THEREOF**
**CASE NO. 07 03702 JW**

1        7.       There is no genuine issue of material fact as relates to Plaintiff's claim for

2   punitive damage.

3        8.       There is no genuine issue of material fact as relates to Plaintiff's claim for treble

4

5   damages.

6        9.       There Is No Genuine Issue of Material Fact as to the Claim For Damages For

7   Sales Made Beyond The 120 Day Post Termination Time Period Set Forth in the Contract

8          This motion is made pursuant to F.R.C.P. 56 and is based upon this Notice of Motion and

9

10  Motion, the Memorandum of Points and Authorities attached hereto, the Declaration of Leo

11  Chiang filed concurrently herewith, upon all of the pleadings, records and papers on file in this

12  action, and upon such other matters as may be presented to the court at the time of the hearing.

13  Dated: July 14, 2008                    MAHER, RENZI & MAHER

14                                            MICHAEL K. MAHER

15

16

17                          _____

                         Michael K. Maher

18                           Attorneys for Defendant

                         TRIPOD TECHNOLOGY CORPORATION

19

20

21

22

23

24

25

26

27

28
-3-

**(1) DEFENDANT TRIPOD TECHNOLOGY CORPORATION'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, FOR SUMMARY ADJUDICATION OF CLAIMS; (2) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**
**CASE NO. 07 03702 JW**

# TABLE OF CONTENTS

**Page**

Table of Authorities                                                                 6

I. Preliminary Statement                                                             8

II. Statement of Issues To Be Decided                                                9

III. Procedural History                                                              9

IV. Factual Background/Claim Allegations                                            10

V. Argument                                                                         15

    A. There Is No Genuine Issue of Material Fact as to the First Claim For
Relief For Breach Of Contract.                                                       15

    B. There Is No Genuine Issue of Material Fact as to the Second Claim For
Relief For Promissory Estoppel.                                                      16

    C. There Is No Genuine Issue of Material Fact as to the Third Claim For
Relief For Fraud.                                                                    17

    D. There Is No Genuine Issue of Material Fact as to the Fourth Claim For
Relief For Quantum Meruit.                                                           18

    E. There Is No Genuine Issue of Material Fact as to the Fifth Claim For
Relief For Violation of the Independent Wholesale Representatives Act.               20

    F. There Is No Genuine Issue of Material Fact as to the Sixth Claim For
Relief For Accounting.                                                               24

    G. There Is No Genuine Issue of Material Fact as to the Claim For
Punitive Damages.                                                                    26

    H. There Is No Genuine Issue of Material Fact as to the Claim For
Treble Damages.                                                                      27

    I. There Is No Genuine Issue of Material Fact as to the Claim For
Damages For Sales Made Beyond The 120 Day Post Termination
Time Period Set Forth in the Contract.                                               27

-4-

**(1) DEFENDANT TRIPOD TECHNOLOGY CORPORATION'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, FOR SUMMARY ADJUDICATION OF CLAIMS; (2) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

**CASE NO. 07 03702 JW**

# TABLE OF CONTENTS (cont.)

**Page**

VI. Conclusion                                                                                    28

**(1) DEFENDANT TRIPOD TECHNOLOGY CORPORATION'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, FOR SUMMARY ADJUDICATION OF CLAIMS; (2) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

**CASE NO. 07 03702 JW**

1

**TABLE OF AUTHORITIES**

2

3    **CASES**                                                                **Page**

4    American Building Maintenance v. Indemnity Insurance (1932) 214 Cal.608    16

5    Bank of America v. Pendergrass 4 Cal.2d 258                               17

6    Bank of the West v Superior Court, 2 Cal.4th 1254                    16

7    Beggerly v.Gbur (1980) 112 Cal.App.3d 180                                 16

8    City of Hope v.Genentech (2008) 43 Cal.4th 375                      25, 26

9    Civic Western Corp v. Zila Industries (1977) 66 Cal.App.3d 1             26

10   Committee on Children's Television v. General Foods (1983) 35 Cal.3d 197  24, 25

11   Healy v. Brewster (1963) 59 Cal.2d 455                                    17

12   Huskinson & Brown v. Wolf (2004) 32 Cal.4th 453, 458                      20

13   Karapetian v. Carolan (1948) 83 Cal.App.2d 344                            18

14   Kritzer v. Lancaster (1950) 96 Cal.App.2d 1                               24

15   Kwan v. Mercedes-Benz (1994) 23 Cal.App.4th 174                    22, 23

16   Maglica v. Maglica  (1998) 66 Cal.App.4th 442, 449                  20

17   Masterson v. Sine (1968) 68 Cal.2d 222                                    16

18   Persson v. Smart Inventions (2005) 125 Cal.App.4th 1141             24

19   Ramona Manor Convalescent Hospital v. Care Enterprises

20   (1986) 177 Cal.App.3d 1120                                                19

21   Shaw v. Regents 58 Cal.App.4th 44                                         15

22   Stevens  v. Marco (1956) 147 Cal.App.2d 357                               25

23   Tenzer v. Superscope (1985) 39 Cal.3d 18                                  17

24   Troensegaard v. Silvercrest Industries (1985) 175 Cal.App.3d 218         26, 27

25   Wolf v. Superior Court (2003) 107 Cal.App.4th 25                     25

26   Youngman v. Nevada Irrigation District (1969) 70 Cal.2d 240              17

27

28

**(1) DEFENDANT TRIPOD TECHNOLOGY CORPORATION'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, FOR SUMMARY ADJUDICATION OF CLAIMS; (2) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

**CASE NO. 07 03702 JW**

**STATUTES**

Cal. Civil Code §1624(a)(1)                                          16

Cal. Civil Code §1638                                                15

Cal. Civil Code §1698                                                16

Cal. Civil Code §1738.10                                             16, 20

Cal. Civil Code §1738.12                                             22

Cal. Civil Code §1738.13(a)                                          21

Cal. Civil Code §1738.15                                             21, 22

Civil Code §§1794                                                    23

Cal. Civil Code §1856                                                16

Cal. Labor Code §203                                                 23


**REGULATIONS**

8 Cal. Code of Reg. 13520                                            23


**TREATISES**

Witkin, *Summary of California Law*, Contracts, §1036                 20

-7-

**(1) DEFENDANT TRIPOD TECHNOLOGY CORPORATION'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, FOR SUMMARY ADJUDICATION OF CLAIMS; (2) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

**CASE NO. 07 03702 JW**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. PRELIMINARY STATEMENT

Despite the fact that plaintiff and defendant entered into a non exclusive, commission only, written Sales Representation Agreement that expressly and unambiguously stated that it could be terminated at any time, and without cause, despite the fact that the parties were in the business relationship created by this written agreement for 4 years, during which time plaintiff received substantial commissions, despite the fact that the written agreement expressly stated that any modification had to be in writing, despite the fact that the agreement also expressly stated, in large type bold letters, that the agency was "non exclusive" and that commissions were only paid for customers "authorized in writing by the Manufacturer for the Representative to sell to…" (emphasis added), despite the fact both parties acknowledge that the contract was, in fact, terminated, in writing, in April, 2006, and despite the fact that the contract specifically provided for commissions to be paid for 120 days after termination in order to compensate for sales in the pipeline at the time of termination, plaintiff now comes into court and claims it is entitled to commissions forever as a result of the work it did while the contract was in effect.

As will be seen, this litigation is not about whether plaintiff received all the commissions it was due under the express language of the written agreement.  Plaintiff has been paid all of those commissions and does not appear to contend to the contrary.  Rather, this litigation is about a blatant attempt to rewrite the actual contract between the parties to provide for "legacy" commissions on any existing business with which Bay Sales was involved at the time of termination.

As a sophisticated business, plaintiff understood the commercial reality that Tripod, as do

-8-

**(1) DEFENDANT TRIPOD TECHNOLOGY CORPORATION'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, FOR SUMMARY ADJUDICATION OF CLAIMS; (2) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

**CASE NO. 07 03702 JW**

most manufacturers, has numerous avenues of communication and/or solicitation with customers, both directly through its employees, through trade associations and through other outside sales representatives and that there is nothing unique about Bay Sales' communications or relationships with a customer; that Tripod's ability to produce a quality product in a specified quantity within a specified time frame is the primary reason why a customer transacts business with it, and that the identity of the sales representative is usually not a factor in the purchasing decision at all; that Tripod did not receive any long term or guaranteed contract with any customer contacted by Bay Sales or allegedly procured by Bay Sales and, accordingly, all of its sales were transaction to transaction, that all sales subsequent to the termination of the Bay Sales agreement had to be procured and serviced by someone else; that Tripod was required to pay a commission to other sales representatives for the subsequent business; and, finally, that any sales relationship with a customer has a very limited shelf life.

## II. STATEMENT OF ISSUES TO BE DECIDED.

The issues to be decided on this motion are set forth in detail in the notice of motion above.

## III. PROCEDURAL HISTORY.

This action originally was filed in a Santa Clara County Superior Court and was premised entirely on common law claims. The contract being sued upon specifies that California law applies. The action was removed to this court on the basis of diversity of citizenship; specifically that defendant Tripod is a foreign based corporation.

-9-

**(1) DEFENDANT TRIPOD TECHNOLOGY CORPORATION'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, FOR SUMMARY ADJUDICATION OF CLAIMS; (2) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

**CASE NO. 07 03702 JW**

1

### IV. FACTUAL BACKGROUND/ CLAIM ALLEGATIONS.

2

3        Plaintiff Bay Sales entered into a written "Sales Representation Agreement" with

4   Defendant Tripod Technology Corporation ("Tripod")  pursuant to which Bay Sales was

5   appointed as a nonexclusive sales representative for Tripod, which is a manufacturer of printed

6   circuit boards for computers and other electronic devices.  The agreement was entered into in

7   June, 2002 (Complaint, paragraph 11). There is no dispute that the agreement was terminated in

8   April, 2006. (Complaint, paragraph 19)  Although the substance of the plaintiff's complaint is

9   that Tripod allegedly did not perform this written agreement, plaintiff did not attach it as an

10  exhibit to the complaint.  Accordingly, a copy of the Sales Representation Agreement is attached

11  as an Exhibit to the Declaration of Leo Chiang filed concurrently herewith.

12

13       Section 9 of the Sales Representation Agreement clearly and unambiguously states that

14  the agreement may be terminated by either party at any time.  There is no requirement of prior

15  notice and no requirement of any cause for termination whatsoever.  Pursuant to Section 10 of

16  the same agreement, Bay Sales had the right upon termination to receive commissions on orders

17  "…placed up to 30 days following the termination date for a period of 120 after the termination

18  date."

19

20       There is no allegation in the complaint that the termination provisions of the Sales

21  Representation Agreement were ever modified.  Indeed, the only modifications which are alleged

22  in the Complaint are that Bay Sales gave up Jabil as a customer in exchange for the right to be

23  the "exclusive" sales representative to Dell and Motorola (Complaint, paragraph 17) and that,

24  subsequently, Bay Sales gave up its exclusive arrangement with Motorola in order to maintain its

25  allegedly exclusive relationship with Dell.  (Complaint, paragraph 18)  There is no allegation

26

27

28

-10-

**(1) DEFENDANT TRIPOD TECHNOLOGY CORPORATION'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, FOR SUMMARY ADJUDICATION OF CLAIMS; (2) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

**CASE NO. 07 03702 JW**

whatsoever that the Sales Representation Agreement was modified to limit either party's right to terminate same or to provide for commissions on sales beyond the 120 day period.

The agreement between the parties expressly states that Bay Sales was a "nonexclusive" sales representative (Section 1); that Bay Sales was only entitled to commissions on sales made to customers which were "authorized in writing by the manufacturer for the Representative to sell to..." (Section 2);  that a description of customers for whom commissions would be paid would be "included as an addendum to this agreement, by manufacturer, if agreed upon in writing by both parties" (Section 2);  that Tripod reserved the right to terminate any assigned customer (Section 2 (b));  that commissions were not earned until payment for the product was actually received by Tripod (Section 2(g));  that the agreement could be "terminated by either party in writing, by fax, or by mail, at any time from the signing of the agreement." (Section 9); and that, upon termination, Bay Sales was entitled to commissions on purchase orders placed up to 30 days following the termination date and for which payment was received up to 120 days after the termination date (Section 10).  Further, the agreement contained an integration clause stating that it was the entire understanding of the parties, and superseded any other oral or written agreements and that "it may not be modified in any way without written consent of both parties" (Section 11).  Finally, the agreement provided that it was to be construed under California law. (Section 12)

There were 3 written addenda to the agreement: April 1, 2003, September 7, 2005 and December 19, 2005.  Each of the addenda is signed by Bay Sales. Copies of the addenda are attached to Mr. Chiang's Declaration. The first addendum lists 11 potential customers and states that each of those customers may be solicited by Bay Sales through March 31, 2004. Of those 11 potential customers, Bay Sales produced no sales whatsoever as to 9 of them.  From this original

(1) DEFENDANT TRIPOD TECHNOLOGY CORPORATION'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, FOR SUMMARY ADJUDICATION OF CLAIMS; (2) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

CASE NO. 07 03702 JW

1   list of 11, only SanDisk and nVidia produced sales during the relevant time period.  As of March

2   31, 2004, the last day of the reservation period, none of the other entities, including Jabil, had

3   resulted in any sales.

4        In fact, Jabil had still not produced any sales as of February, 2005, 9 months later.  At

5   that time, Mr. Chiang of Tripod sent an e-mail to Mr. Phillips of Bay Sales, dated February 18,

6   2005, in which Mr. Chiang advised Bay Sales that it should no longer make any attempts to sell

7   to Jabil and that any future sales efforts to Jabil would be handled by Tripod directly.  A copy of

8   Mr. Chiang's e-mail is attached to his Declaration.  This was consistent with Section 2 of the

9   written agreement which stated that Tripod reserved the right to terminate customers if there had

10  been no sales activity within 6 months. In the case of Jabil, there had been no sales activity from

11  the inception of the agreement for almost 3 years prior to Mr Chiang's e-mail.

12       Accordingly, on September 7, 2005, when the second addendum was issued, all of the

13  customer entities on the initial addendum, including Jabil, were removed.  The third and final

14  addendum of December 19, 2005 is essentially the same as the second addendum and simply

15  added the parties' revised agreement as to the specific amount of commissions to be paid for the

16  identified accounts.  The third addendum is also noteworthy because it sets forth a commission

17  schedule for Dell "desktop" sales only.  There is no mention whatsoever of sales to Dell for

18  notebooks or servers.  Although plaintiff is apparently now claiming some sort of entitlement to

19  commissions for notebook and server sales, there was never any written agreement with respect

20  to same and there were no notebook or server sales to Dell prior to the time of the termination of

21  the sales representation agreement.

22       As with Jabil, there were no sales whatsoever made by Bay Sales to Motorola.

23  Accordingly, in December, 2005, Mr. Brite Lin of Tripod sent an e-mail to Don Phillips of Bay

**(1) DEFENDANT TRIPOD TECHNOLOGY CORPORATION'S NOTICE OF MOTION AND
MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, FOR SUMMARY
ADJUDICATION OF CLAIMS; (2) MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT THEREOF**

**CASE NO. 07 03702 JW**

1    Sales dated December 13, 2005, in which he advised Mr. Phillips that Motorola would be

2    handled by Tripod directly when the reservation period expired on January 1, 2006, two weeks

3    from the date of his e-mail. A copy of Mr Lin's e-mail is attached to Mr. Chiang's Declaration.

4         On April 28, 2006, after four years of the sales relationship, Tripod notified Bay Sales

5    in writing that it was terminating the agreement.  There is no dispute among the parties that this

6

7    notice was sent and received and the termination is alleged as part of plaintiff's complaint

8    (Paragraph 19).  Tripod terminated the agreement because Bay Sales' overall sales performance

9    was not satisfactory and because Bay Sales had failed to adequately support sales to Dell. In

10   particular, Bay Sales had not properly assisted in the preparation for an audit which Dell

11   conducted in Taiwan in April, 2006. This audit resulted in a lower score than required to qualify

12

13   Tripod for server and notebook business.  Contrary to Bay Sales' contention, Tripod did not

14   terminate Bay Sales to avoid paying commissions to Bay Sales on the Dell business. In fact,

15   Tripod has continued paying commissions on this business to entities other than Bay Sales and,

16

17   therefore, had no economic incentive to terminate Bay Sales for this alleged reason.

18        In an attempt to avoid the clear language of the contract, Plaintiff's complaint alleges two

19   oral modifications to the written agreement. However, neither alleged modification relates to the

20   Section 9 and the right to terminate.  The first allegation is that in early 2005 Mr. Chiang of

21

22   Tripod promised Mr. Phillips that Bay Sales would have the exclusive right to Dell and Motorola

23   if Bay Sales would give up Jabil as an account. (Complaint, Paragraph 17)  This alleged oral

24   agreement makes no sense since Jabil was not a producing customer and Bay Sales had not

25   generated any sales from Jabil as of the point in time the alleged discussion took place. More

26   importantly, the e-mail from Mr. Chiang to Mr. Phillips of February, 2005 referred to above

27

28
                                    -13-

**(1) DEFENDANT TRIPOD TECHNOLOGY CORPORATION'S NOTICE OF MOTION AND**
**MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, FOR SUMMARY**
**ADJUDICATION OF CLAIMS; (2) MEMORANDUM OF POINTS AND AUTHORITIES IN**
**SUPPORT THEREOF**
                        **CASE NO. 07 03702 JW**

1   completely undercuts such allegation.  Further, in February, 2005, at the time of the alleged

2   promise, neither Motorola nor Dell were even listed as potential customers and would not be

3   added as such until the second addendum of September, 2005.  Finally, it is clear from Mr.

4   Chiang's e-mail that Jabil was not "given up" by Bay Sales but, rather, was taken away by

5   Tripod in exercise of its right under the agreement to grant or remove customers and, in

6

7   particular, when the sales rep was not producing any sales with that customer.

8           The second and only other alleged oral modification was that, in late 2005, Bay Sales was

9   allegedly promised that it would receive commissions on all sales to Dell if Bay Sales would

10  give up Motorola as an account.  (Complaint, Paragraph 18).  Again, this allegation makes no

11  sense because Bay Sales had made no sales to Motorola. However, as can be seen from the

12  attached e-mail, Bay Sales did not "give up" Motorola; rather it was taken away by Tripod in

13  December, 2005, effective as of the expiration of the reservation which ended on January 1,

14

15  2006.  Again, the allegations of the complaint simply do not stand up to the scrutiny of the

16  written record.

17

18          The complaint is also noteworthy for what it does not allege.  The complaint does not

19  allege any oral modification of any of the essential terms of the agreement which are

20  summarized above and specifically does not allege any modification of the right to terminate the

21  agreement or the requirement that any modifications be in writing.  Tripod does not agree that

22

23  any of the oral modifications of the agreement in question as alleged by Bay Sales were made

24  and, for the reasons set forth above, specifically denies the allegations of the complaint to the

25  effect that Dell was promised to Bay Sales as an exclusive customer reserved forever.

26          Although plaintiff now claims to have been denied commissions and, in fact, defrauded,

27

28
-14-

**(1) DEFENDANT TRIPOD TECHNOLOGY CORPORATION'S NOTICE OF MOTION AND
MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, FOR SUMMARY
ADJUDICATION OF CLAIMS; (2) MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT THEREOF**

1   Bay Sales did not contact Tripod in any fashion whatsoever for over a year after the termination
2   of the contract.  It was not until April, 2007, that Tripod received any sort of complaint from Bay
3   Sales with respect to the termination.  This litigation ensued several months thereafter. Bay
4   Sales' conduct in this regard belies any sincere belief in a claim that it had been wronged or
5   harmed in any way.
6
7       **V. ARGUMENT**
8       **A. There Is No Genuine Issue of Material Fact as to the First Claim For**
9       **Relief For Breach Of Contract.**
10
11          Plaintiff's claim for breach of contract is based both on an alleged refusal to pay
12   commissions within 120 days of the termination of the agreement as well as a failure to pay
13   commissions on post termination sales to three entities—SanDisk,nVidia and Dell.  In the latter
14   situation, plaintiff contends that it is entitled to commissions virtually forever.
15
16          To the extent that the breach of contract claim is based upon an alleged failure to pay
17   commissions as expressly set forth in the written agreement for 120 days after termination, such
18   cannot be sustained.  Tripod paid all such commissions (see Declaration of Leo Chiang) and
19   Tripod does not believe that plaintiff contends to the contrary.  Accordingly, this portion of the
20   breach of contract claim may be resolved in Defendant's favor.
21
22          The second portion of plaintiff's claim-- for commissions on sales beyond the 120 day
23   termination period also cannot be supported.  There is nothing in the written agreement which
24   would allow such a recovery.  The language of the contract is to govern its interpretation if the
25   language is clear and explicit and does not lead to an absurdity (Cal.Civ.Code §1638) and the
26   court "ascertains the intent from the written terms and goes no further."  Shaw v. Regents 58
27   Cal.App.4th 44, 53.  Courts will use the plain and ordinary meaning of words in construing a
28

**(1) DEFENDANT TRIPOD TECHNOLOGY CORPORATION'S NOTICE OF MOTION AND
MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, FOR SUMMARY
ADJUDICATION OF CLAIMS; (2) MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT THEREOF
CASE NO. 07 03702 JW**

1    contract.  <u>Bank of the West v Superior Court,</u> 2 Cal.4th 1254, 1264.

2        The oral modifications which plaintiff alleges find no support in the evidence and, in fact,

3    the e-mail correspondence attached to Mr. Chiang's declaration supports the opposite conclusion.

4    Further, any such alleged modification would be barred by the parol evidence rule because the

5     terms of the alleged oral modification are directly contrary to the express written terms in the

6    agreement. (Cal.Civ.Proc.§1856; <u>Masterson v. Sine</u> (1968) 68 Cal.2d 222, 225.)  Further,

7    plaintiff cannot escape the rule that any modification to the express written contractual

8    provisions had to be in writing.  (Civ.Code§1698.)  Further, any modification would require both

9    mutual assent and must be supported by new consideration.  (<u>American Building Maintenance v.</u>

10    <u>Indemnity Insurance</u> (1932) 214 Cal.608, 615; <u>Beggerly v.Gbur</u> (1980) 112 Cal.App.3d 180,

11    190.)  Finally, any such alleged oral modification would be barred by the statute of frauds, Civil

12    Code § 1624 because, under plaintiff's interpretation of the agreement, commissions would be

13    due and payable many years after termination and, therefore, the alleged oral modification would

14    constitute an agreement that could not be performed within one year. Cal.Civ.Code §1624(a)(1).

15        Plaintiff is also seeking to enforce an oral modification despite the fact that plaintiff itself

16    contends, in the Fifth Claim for Relief of its own Complaint, that the California Independent

17    Wholesale Sales Representatives Act, Civil Code §1738.10, requires that any contractual terms

18    be in writing.

19    **B. <u>There Is No Genuine Issue Of Material Fact As To The Second Claim For</u>**

20       **<u>Relief For Promissory Estoppel.</u>**

21        Perhaps plaintiff recognizes the legal defects in its First Claim for breach of contract and,

22    as a result, attempts to circumvent them by asserting a claim for promissory estoppel.   However,

-16-

**(1) DEFENDANT TRIPOD TECHNOLOGY CORPORATION'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, FOR SUMMARY ADJUDICATION OF CLAIMS; (2) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

**CASE NO. 07 03702 JW**

1  this theory requires that plaintiff have performed some act other than that called for in the

2  original contract.  If the only claimed reliance is the performance of the act bargained for, the

3  doctrine does not apply.  Healy v. Brewster (1963) 59 Cal.2d 455, 463; Youngman v. Nevada

4  Irrigation District (1969) 70 Cal.2d 240, 249.

5

6  **C.** **There Is No Genuine Issue Of Material Fact As To The Third Claim For**

7  **Relief For Fraud.**

8  Plaintiff's fraud claim is based upon a theory of intention not to perform, sometimes

9  referred to as promissory fraud.  (Complaint, paragraph 32).  However, the promises upon which

10 the fraud claim is based are not promises contained in the written agreement but rather oral

11 promises that constitute alleged modifications to the agreement.  If these oral promises are found

12 to exist and, further are found to be enforceable, then, as noted below, plaintiff will ultimately

13 have to choose between pursuing its breach of contract claim or this fraud claim.

14

15 If the court does not find that there is sufficient evidentiary support for the existence of

16 these oral promises, then the fraud claim here must be resolved in favor of defendant because

17 there would then be no promise from which intent to perform it could even be derived.  If the

18 oral promises are found to exist and not be enforceable because of the parol evidence rule this

19 fraud claim would be barred because it would amount to an attempt to circumvent the effect of

20 that rule.  Bank of America v. Pendergrass 4 Cal.2d 258.

21

22 In order to sustain its claim, plaintiff must prove fraudulent intent.  Fraudulent intent

23 cannot be inferred from the simple failure to perform the promise.  Tenzer v. Superscope (1985)

24 39 Cal.3d 18, 30.  As the California Supreme Court stated, "If plaintiff adduces no further

25 evidence of fraudulent intent than proof of non-performance of an oral promise, he will never

26 reach a jury."  (Id.)

27

28

-17-

**(1) DEFENDANT TRIPOD TECHNOLOGY CORPORATION'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, FOR SUMMARY ADJUDICATION OF CLAIMS; (2) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

**CASE NO. 07 03702 JW**

Plaintiff also must prove reliance as part of its fraud claim. However, defendant respectfully submits that plaintiff cannot demonstrate such reliance and certainly cannot demonstrate that such reliance was reasonable. Plaintiff would have the court believe that, despite the existence of express written contractual agreements that limited plaintiff to a recovery of commissions for 120 days after termination that it was reasonable for plaintiff to rely on an alleged oral promise that was completely contrary to what was in the writing. It is simply not reasonable for a sophisticated business entity to rely on an oral promise that it is expressly contradictory to a written one. Plaintiff will not be able to produce any memo, e-mail, or any other writing which refers to these alleged promises, much less supports that they were made. Under such circumstances, proof of fraud cannot be sustained. Finally, as the Court is aware, plaintiff must prove these fraud allegations by clear and convincing evidence. Defendant respectfully submits that plaintiff could not sustain its burden by a preponderance of the evidence, much less on the higher standard.

As noted above, if the court allows this claim to stand, plaintiff eventually will be required to elect its remedy and to either affirm and sue upon the contract, or to disaffirm the contract and sue upon the fraud. (<u>Karapetian v. Carolan</u> (1948) 83 Cal.App.2d 344, 346.) Accordingly, the court may summarily adjudicate that plaintiff is only permitted to go to the jury on one of the two alternative theories.

**D. <u>There Is No Genuine Issue Of Material Fact As To The Fourth Claim For Relief For Quantum Meruit.</u>**

A claim for quantum meruit is an equitable claim which operates as an alternative theory of recovery either to plaintiff's breach of contract claim or plaintiff's fraud claim. Accordingly, if

-18-

**(1) DEFENDANT TRIPOD TECHNOLOGY CORPORATION'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, FOR SUMMARY ADJUDICATION OF CLAIMS; (2) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

**CASE NO. 07 03702 JW**

the court summarily adjudicates both of those claims in defendant's favor, then the merits of

plaintiff's claim for quantum meruit must be addressed, and Defendant does so below. However,

if the court rules that either the breach of contract claim or the fraud claim may go to trial, then

the court may summarily adjudicate the quantum meruit claim in defendant's favor because, to

leave it in the complaint, would allow plaintiff the potential for a double recovery arising out of

same set of facts. A quantum meruit recovery is denied where there is an adequate alternative

remedy, such as fraud.  Ramona Manor Convalescent Hospital v. Care Enterprises (1986) 177

Cal.App.3d 1120.

   The gist of plaintiff's allegations is that it performed services prior to the termination of

the written agreement in the "belief" that it had a written contract (Complaint, paragraph 37).

This allegation is inconsistent with the prior allegations incorporated into this claim (Complaint,

Paragraph 36) to the effect that the services were rendered pursuant to an express contract, not

just in the belief of one. Plaintiff then alleges that Tripod breached the written contract and the

oral and/or written modifications of that contract by failing to compensate plaintiff in full for the

services provided.  (Complaint, paragraph 40).  Such allegations are inconsistent with, and not

relevant to a claim of quantum meruit since, if Tripod in fact breached the contract, plaintiff will

obtain a recovery in the contract cause of action and does not need the quantum meruit cause of

action at all.

   From the allegations of this claim, it would appear that plaintiff is attempting to get two

bites at the apple and supplement its contract claim with this equitable one.  However, the

services rendered by plaintiff are the same under either theory.  Plaintiff contends that, under its

interpretation of the written contract in question or under allegedly enforceable oral

-19-

**(1) DEFENDANT TRIPOD TECHNOLOGY CORPORATION'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, FOR SUMMARY ADJUDICATION OF CLAIMS; (2) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

**CASE NO. 07 03702 JW**

1  modifications thereto, it was entitled to be compensated for commissions beyond 120 day post

2  termination period.  This claim asks for the same relief here; the only difference is that it

3  substitutes the alleged reasonable value of those services in lieu of the stated contract

4  commission percentages.  Plaintiff does not, and cannot, allege that it performed any services

5

6  after the termination of the written agreement.  Rather, all of its services were performed prior to

7  termination; it simply has a different interpretation of whether and/or how those services should

8  be compensated.  Accordingly, this claim can only be a theory of alternative recovery.

9
        A true quantum meruit claim must proceed on the premise that a contract was either

10  implied in fact or implied in law.  (Witkin, *Summary of California Law*, Contracts, §1036.)  To

11
    recover in quantum meruit, a party must show that the services were rendered under some

12  understanding or expectation of both parties that compensation therefor was to be made.

13
    (Huskinson & Brown v. Wolf (2004) 32 Cal.4th 453, 458.)  Plaintiff also must plead and prove

14  that the services requested were of a benefit to the defendant.  Maglica v. Maglica  (1998) 66

15
    Cal.App.4th 442, 449.

16

17

18        **E. There Is No Genuine Issue Of Material Fact As To The Fifth Claim For**

19            **Relief For Violation Of The Independent Wholesale Sales Representatives Act.**

20        In 1990, the California Legislature enacted the Independent Wholesale Sales

21  Representatives Act ("IWSRA"). Such is found in Civil Code§§ 1738.10 et seq. There are no

22
    California cases certified for publication or any federal case interpreting this Act.[1] However, it is

23  clear from the statute that it was primarily intended to avoid oral and informal agreements

24  between manufacturers and their sales representatives in order to avoid the unnecessary, but

25

26

27  _____
    [1]There are several federal cases dismissing claims under the act here because it was not applicable to that

28  jurisdiction or because it is barred by the statute of limitations.

20

**(1) DEFENDANT TRIPOD TECHNOLOGY CORPORATION'S NOTICE OF MOTION AND
MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, FOR SUMMARY
ADJUDICATION OF CLAIMS; (2) MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT THEREOF**
                            **CASE NO. 07 03702 JW**

frequent, disputes that arise when a contract is not reduced to writing and to give the parties a

template for such a written agreement.

Plaintiff premises its claim under the IWSRA on two alleged violations of the statute:

willful failure to enter into a written contract as required by Civil Code section1738.13(a) and

willful failure to pay commissions as agreed. (Complaint, Paragraph 45).

Section 1738.13(a) provides that a manufacturer, who retains a sales representative to

solicit orders within this state under circumstances where "..the contemplated method of payment

involves commissions….shall enter into a written contract with the sales representative".

The operative requirement of this portion of the statute is a written contract. This requirement is

easily satisfied by the formal, written, executed, 7 page, detailed Sales Representation

Agreement between the parties here, the existence of which is not only undisputed, it forms the

predicate of plaintiff's first claim for breach of written contract. In fact, the existence of this

written agreement is alleged in Paragraphs 11-14 of the First Claim which are incorporated by

Paragraph 43 into the Fifth Claim.

Nonetheless, plaintiff inexplicably alleges in the Fifth Claim that "Tripod has willfully

failed to enter into a written contract as required by Civil Code Section 1738.13(a)..."

(Complaint, Paragraph 45). Since such allegation is contrary to the undisputed evidence and,

therefore, cannot be supported factually, plaintiff's claim of a statutory violation based upon an

alleged failure to enter into a written contract must fail.

Plaintiff then alleges that Tripod "willfully failed and refused to pay commissions as

agreed" (Complaint, Paragraph 45). Although Civil Code § 1738.15 grants a private right of

action to the sales representative if the manufacturer "willfully fails to pay commissions as

-21-

**(1) DEFENDANT TRIPOD TECHNOLOGY CORPORATION'S NOTICE OF MOTION AND
MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, FOR SUMMARY
ADJUDICATION OF CLAIMS; (2) MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT THEREOF**

**CASE NO. 07 03702 JW**

provided in the written contract..." (emphasis added), and allows treble damages for such a willful violation; the operative word in this statute is "willfully." Such term is not defined in the definitions section of the act, Civil Code 1738.12. It generally has been held, however, that the requirement of willfulness can not be found where there is a genuine and good faith dispute between the parties with respect to their obligations under a contract.

In Kwan v. Mercedes-Benz (1994) 23 Cal.App.4[th] 174, the Court interpreted the term "willful" in a similar statute, the Song-Beverly Consumer Warranty Act, Civil Code §§1790 et seq. Section 1794 of the Song-Beverly Act provides for a doubling of actual damages if the buyer establishes a "willful" failure to comply. In Kwan, the court rejected a jury instruction on willfulness which did not include a reference to a good faith dispute and reversed the ensuing judgment which included penalty damages. The Court noted that, in criminal matters, willfulness necessarily requires proof that the defendant had some "…notice of the truth or falsity of representations . . ." (Id. at 182) and required that a defendant's conduct be more than simply "… negligent, inadvertent or an honest mistake, but rather was dishonest deceitful or fraudulent." (Id.)

As with the IWSRA here, the court noted that the penalty damage provisions of the statute before it were only assessed for "willful" violations. The court, noting that the doubling of damages was a penalty akin to punitive damages held:

"Neither punishment nor deterrence is ordinarily called for if the defendant's actions proceeded from an honest mistake or a sincere and reasonable difference of factual evaluation. As our Supreme Court recently observed, courts refuse to impose civil penalties against a party who acted with a good faith and reasonable belief in the

-22-

**(1) DEFENDANT TRIPOD TECHNOLOGY CORPORATION'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, FOR SUMMARY ADJUDICATION OF CLAIMS; (2) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

**CASE NO. 07 03702 JW**

legality of his or her actions [citations omitted]."

The court then concluded that, under the Song Beverly Act, a violation is not willful if the defendant's failure to replace or refund ". . . was the result of a good faith and reasonable belief - the facts imposing the statutory obligation were not present." (Id. at 185.)

Further support for this proposition can be found in wage dispute cases under Cal. Labor Code §203 which provides for a penalty in the event of a willful failure to pay wages. California Labor Code regulations expressly provide that "a good faith dispute will preclude the imposition of …penalties under Section 203." (8 CCR 13520.)

Accordingly, there can be no viable claim here for a willful failure to pay commissions. Tripod paid all the commissions which it believed were due through 120 days following the termination of the contract, as agreed to in that contract. Tripod received no complaint or objection that it had failed to pay any such sums. Rather, almost a year after the termination, Tripod received a letter demanding commissions for sales made far in excess of the 120 period set forth in the contract. While Tripod respectfully submits that plaintiff's interpretation borders on the absurd, by definition, and at a minimum, it creates a good faith dispute as to whether plaintiff was entitled to any commissions beyond the 120 day period.

There is no private right of action under the IWSRA for compensatory damages. Those may be recovered in an action on the contract, as plaintiff has asserted in the First Claim. The significance of the statutory claim is the potential trebling of actual damages which, in turn, must be based on a willful failure to pay. Since the element of willfulness is not, and cannot be, factually supported, the second part of plaintiff's Fifth Claim - for willful failure to pay commissions - also must fail.

-23-

1
2
3
4
5

Finally, for the reasons set forth in section G of this Memorandum below, plaintiff may not maintain a claim for treble damages under the IWSRA and, simultaneously, seek punitive damages in the Third Claim for Relief.  As discussed at greater length below, such punitive based damage claims are mutually exclusive.

6
7

**F. There Is No Genuine Issue Of Material Fact As To The Sixth Claim For Relief For Accounting.**

8
9
10
11
12
13
14
15
16
17

In order to state a claim for an accounting, plaintiff must allege (1) a fiduciary relationship; (2) losses in an amount that cannot be ascertained; and (3) misconduct.  <u>Kritzer v. Lancaster</u> (1950) 96 Cal.App.2d 1, 6-7.  Here, plaintiff does not, and cannot, allege a fiduciary relationship since the contractual relationship between the parties here was a simple and straightforward business contract between two corporate entities.  The parties entered into a business deal at arms length and were not fiduciaries.  They were not partners nor was either party at a disadvantage relative to the other.  Each party to the Sales Representation Agreement was a corporation which conducted its own separate and independent business.

18
19
20
21
22
23
24
25
26
27
28

Plaintiff appears to recognize this defect since no fiduciary relationship is alleged; rather plaintiff attempts to circumvent this by alleging the existence of "fiduciary duties of loyalty, good faith, candor and fair dealing" (Complaint, paragraph 48). However, whatever duties arise out of the contract between the parties are either set forth expressly in the contract or arise by operation of law.  Contractual duties, whether express or implied, are not fiduciary in nature.  For a person to be charged with a fiduciary obligation he must " … either knowingly undertake to act on the behalf and for the benefit of another or must enter into a relationship which imposes that undertaking as a matter of law."  <u>Committee on Children's Television v. General Foods</u> (1983) 35 Cal.3d 197, 221.

-24-

**(1) DEFENDANT TRIPOD TECHNOLOGY CORPORATION'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, FOR SUMMARY ADJUDICATION OF CLAIMS; (2) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**
**CASE NO. 07 03702 JW**

1    Fiduciary relationships are usually characterized four characteristics: (1) one party

2  entrusts its affairs, interests, or property to another; (2) there is a grant of broad discretion to

3  another generally because of the disparity in expertise or knowledge; (3) the two parties have an

4  asymmetrical access to information; (4) one party is vulnerable and dependent upon the other.

5  Stevens  v. Marco (1956) 147 Cal.App.2d 357, 373.  These characteristics are neither alleged nor

6  present here. Moreover, the California Supreme Court has held that even where a relationship

7  exhibits all four of these characteristics, it is not necessarily fiduciary.  Children's Television,

8  supra, at p.388.

9

10    California courts have rejected any finding of a fiduciary relationship in numerous cases

11  arising out of contractual matters. Children's Television, supra, [no fiduciary relationship

12  between commercial sellers and purchasers of breakfast cereals]; Persson v. Smart Inventions

13  (2005) 125 Cal.App.4th 1141, 1148 [50% shareholder in a close corporation did not owe

14  fiduciary duties to shareholder being bought out]; Wolf v. Superior Court (2003) 107 Cal.App.4th

15  25 [no fiduciary relationship between author of a novel and a film studio where author was to be

16  compensated based upon a percentage of future revenues]; City of Hope v.Genentech (2008) 43

17  Cal.4th  375 [no fiduciary relationship when hospital entrusted medical discovery to defendant in

18  exchange for royalties].

19

20    Indeed, in City of Hope, the California Supreme Court stated that the four characteristics

21  set forth above "… are common in many a contractual arrangement yet do not necessarily give

22  rise to a fiduciary relationship", and noted that "…every contract requires one party to repose an

23  element of trust and confidence in the other to perform [Citations omitted]; every contract calls

24  for the highest degree of good faith and honest dealing between the parties."(Id. at 389)  Even

-25-

**(1) DEFENDANT TRIPOD TECHNOLOGY CORPORATION'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, FOR SUMMARY ADJUDICATION OF CLAIMS; (2) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

**CASE NO. 07 03702 JW**

one party's "..ability to exploit a disparity of bargaining power between the parties does not

necessarily create a fiduciary relationship" (Id. at 389.)

Accounting is an "action in equity" and may only be sought where "… the accounts are

so complicated that an ordinary legal action demanding a fixed sum is impracticable..." Civic

Western Corp v. Zila Industries (1977) 66 Cal.App.3d 1, 14.  A suit for an accounting will not lie

where it appears from the complaint that none is necessary or that there is an adequate remedy at

law (Id. at 14.)  Here plaintiff's complaint does allege a sum certain (Complaint, paragraph 42)

and such paragraph is incorporated by reference into the claim for an accounting.  Even if this

were not the case, the amount allegedly owed can easily be determined in discovery. There is no

need therefore for the separate equitable action for an accounting.

**G.  There Is No Genuine Issue Of Material Fact As To The Claim For Punitive**

**Damages.**

As noted in the authorities cited above, treble damages are punitive in nature.

Accordingly, the courts have held that, where the conduct supporting an award of punitive

damages is substantially the same as the conduct supporting an award of treble damages, plaintiff

will only be permitted to recover one such form of punitive damage, not both.  There can be no

dispute that plaintiff's claims for punitive damages and treble damages arise out of substantially

the same conduct since all the allegations of the Third Claim for Relief seeking punitive damages

(Complaint, Paragraph 31-35) have been incorporated by reference into the Fifth Claim for

Relief seeking treble damages.  (Complaint, paragraph 43).

In Troensegaard v. Silvercrest Industries (1985) 175 Cal.App.3d 218, the court was faced

with a jury verdict which awarded $55,000 in punitive damages and a civil penalty of $90,000

-26-

**(1) DEFENDANT TRIPOD TECHNOLOGY CORPORATION'S NOTICE OF MOTION AND
MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, FOR SUMMARY
ADJUDICATION OF CLAIMS; (2) MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT THEREOF**

**CASE NO. 07 03702 JW**

1    for violation of a mobile home warranty law.  The court held that both constituted punitive

2    damage awards, (Id. at 226-227), that a "treble damage award is punitive in nature imposed as

3    punishment against the defendant rather than compensation to plaintiff [citation omitted]" (Id. at

4    227) and held that a defendant "has a due process right to be protected against multiple

5    punishment for the same act" because "overlapping damage awards violate that sense of

6

7    fundamental fairness which lies at the heart of constitutional due process. [Citations omitted]".

8           If the court grants summary adjudication in defendant's favor of the Third Claim for

9    Relief for fraud and, therefore, eliminates the only predicate in the complaint for punitive

10

11   damages and/or if the Court eliminates the treble damage claim in the Fifth Cause of Action,

12   then this requested summary adjudication will become moot. Otherwise, plaintiff must choose

13   which form of punitive damages it will seek.

14          **H.  There Is No Genuine Issue Of Material Fact As To The Claim For**

15               **Treble Damages.**

16

17          Although, for they reasons set forth above, summary adjudication should be granted as to

18   the entire Fifth Claim for Relief, if the court rules that some portion of that claim survives, it may

19   still summarily adjudicate the issue of plaintiff's right to treble damages.  Plaintiff cannot support

20   its claim for willfulness which is the statutory predicate for the award of any treble damages.

21

22   Accordingly the court may summarily rule that such claim cannot proceed to trial.

23          **I.  There Is No Genuine Issue of Material Fact As To The Claim For Damages For**

24               **Sales Made Beyond The 120 Day Post Termination Time Period Set Forth In The**

25               **Contract.**

26

27          If the Court does not summarily adjudicate plaintiff's First Claim for Relief for breach of

28   contract, it may, and should, summarily adjudicate that plaintiff's claim for contractual damages

---

**(1) DEFENDANT TRIPOD TECHNOLOGY CORPORATION'S NOTICE OF MOTION AND
MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, FOR SUMMARY
ADJUDICATION OF CLAIMS; (2) MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT THEREOF**

**CASE NO. 07 03702 JW**

1  is limited by the language of the written contract between the parties; to wit, for the payment of

2  all commissions on sales made during the term of the contract and within 120 days after the

3  termination thereof.  Although defendant does not believe that there are any recoverable

4  commission damages within this contractual framework, such is the only legally valid time frame

5  in which plaintiff may pursue a breach of contract damage claim and summarily adjudicating

6  such issue will substantially shorten the time necessary for the trial.

7

8  ## VI. <u>CONCLUSION</u>

9  Based on the foregoing, defendant respectfully prays that its motion for summary

10  judgment be granted or, in the alternative, that the claims and/or issues set forth above be

11  summarily adjudicated.

12

13  Dated: July 14, 2008                    MAHER, RENZI & MAHER
                                           MICHAEL K. MAHER
14

15

16                                         _____

17                                          Michael K. Maher
                                           Attorneys for Defendant
18                                         TRIPOD TECHNOLOGY CORPORATION

19

20

21

22

23

24

25

26

27

28                                -28-

**(1) DEFENDANT TRIPOD TECHNOLOGY CORPORATION'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, FOR SUMMARY ADJUDICATION OF CLAIMS; (2) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**